## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Rule 12(B)(6) Partial Motion to Dismiss, filed by defendants, Louisiana Newpack Shrimp, Inc. and Edward Lee.[1]  Longhai Desheng Seafood Stuff Co. Ltd opposes the Motion,[2] and movants have filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part and DENIED in part.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This consolidated matter arises from a failed joint venture between Louisiana Newpack Shrimp, Inc. ("Louisiana Newpack"), Ocean Feast Co., Ltd. ("Ocean Feast") and Indigo Seafood Partners, Inc. ("Indigo"), that operated between 2017 and 2019. On June 17, 2017, Louisiana Newpack, Ocean Feast and Indigo executed a Joint

---

[1] R. Doc. 55.  Unless otherwise specified, all footnotes refer to the docket of the master file, 19-cv-12948.
[2] R. Doc. 59.
[3] R. Doc. 63.

Venture Agreement, effective March 15, 2017, to purchase, import and sell seafood products from international seafood manufacturers.[4]  Edward Lee ("Lee") signed the Joint Venture Agreement as the legal representative of Louisiana Newpack, Arthur Zeng ("Zeng") signed as the legal representative of Ocean Feast, and Jeffrey G. Martinez-Malo ("Martinez-Malo") signed as the legal representative of Indigo.[5] Under the terms of the Joint Venture Agreement, Louisiana Newpack served as the financier, Ocean Feast handled procurement and quality control, and Indigo was responsible for sales and marketing.[6]  Louisiana Newpack claims that the parties created the joint venture to sell seafood under the OCEANA brand.[7]

On or about September 24, 2019, Louisiana Newpack filed a Petition for Declaratory Judgment, Suit on Open Account and Damages in Louisiana state court, asserting eleven causes of action against Ocean Feast, Indigo, Zeng and Martinez-Malo.[8]  Most of the claims stem from Louisiana Newpack's allegation that Indigo and Ocean Feast breached the Joint Venture Agreement and their fiduciary duties owed to the joint venture by procuring, marketing and selling seafood product outside of the joint venture, despite agreeing orally and in writing to the exclusive nature of the joint venture.[9]  As an example, Louisiana Newpack alleges that Ocean Feast and Indigo conspired to import and sell product from Longhai Desheng Seafood Stuff Co., Ltd. (hereafter, "Longhai"), which is one of the joint venture's largest suppliers of

---

[4] R. Doc. 1-1 at p. 3; R. Doc. 29 at pp. 3-4; R. Doc. 29-1.
[5] R. Doc. 29-1 at p. 5.
[6] *Id.* at p. 1.
[7] R. Doc. 29 at ¶ 13.
[8] R. Doc. 1-1.
[9] R. Doc. 1-1 at pp. 3-13.

crabmeat.[10]   On October 3, 2019, Zeng, Martinez-Malo, Indigo and Ocean Feast removed the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.[11]

On March 6, 2020, Longhai filed a Complaint for Breach of Contract and Claim on Open Account in this Court against Louisiana Newpack and its President, Edward Lee, in his individual capacity (collectively, "Defendants"), seeking to recover an outstanding balance of $998,188.03 allegedly owed for three lots of crabmeat that Defendants purchased from Longhai in November and December of 2018.[12]   Longhai asserts a breach of contract claim and a claim under Louisiana's Open Account Statute, La. R.S. 9:2781, against defendants Louisiana Newpack and Lee based upon their alleged breach of a sales contract for seafood product, namely crabmeat.[13]   Longhai alleges that under this contract, Louisiana Newpack ordered three lots of crabmeat in November and December 2018 for a total of $1,368,788.03, that Longhai supplied the crabmeat on a credit basis, and that Louisiana Newpack has only made partial payments for the crabmeat, leaving an outstanding balance of $998,188.03 due and payable to Longhai.[14]   Longhai also claims that it has demanded payment for the outstanding account receivable from Louisiana Newpack.[15]   Longhai asks the Court to pierce the corporate veil and hold both Lee personally liable, along with Louisiana Newpack, for the debts of Louisiana Newpack based primarily upon a

---

[10] *Id*. at pp. 4-5.
[11] R. Doc. 1.
[12] R. Doc. 1 in Civ. A. No. 20-782-WBV-KWR, *Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp Company, Inc., et al*. (hereafter, the "*Longhai* matter").
[13] *Id*. at ¶ 12.
[14] *Id*. at ¶¶ 7-8, 14.
[15] *Id*. at ¶ 9.

letter authored by Lee and dated July 11, 2019. Longhai contends that in the letter, Lee acknowledges and takes responsibility for the debt owed to Longhai and admits to overextending his bank line of credit.[16] Longhai also alleges that Lee has reportedly taken control of the crabmeat and is selling it, but diverting the proceeds to repay the debts owed to him by Louisiana Newpack, rather than paying Louisiana Newpack's creditors.[17] As such, Longhai asserts a breach of contract claim and an open account claim against both Louisiana Newpack and Lee, individually, to recover the outstanding balance of $998,188.03.[18] Longhai also seeks attorney's fees pursuant to Louisiana's Open Account Statute, La. R.S. 9:2781.[19]

On April 20, 2020, Defendants filed a Motion to Consolidate the two cases.[20] The Court granted the motion, and the cases were consolidated on May 29, 2020.[21]

Before the cases were consolidated, however, this Court issued an Order on May 14, 2020, requiring Longhai to file an amended complaint to adequately allege the citizenship of the parties for purposes of diversity jurisdiction.[22] Longhai complied with the Order, and filed an Amended Complaint for Breach of Contract and Claim on Open Account (hereafter, the "Amended Complaint") on May 19, 2020.[23] The Amended Complaint is identical to the original Complaint, with the exception of the citizenship allegations of the parties.

---

[16] *Id.* at ¶ 9.
[17] *Id.*
[18] *Id.* at ¶¶ 12-25.
[19] *Id.* at ¶ 26.
[20] R. Doc. 16 in the *Longhai* matter.
[21] R. Doc. 54; R. Doc. 36 in the *Longhai* matter.
[22] R. Doc. 29 in the *Longhai* matter.
[23] R. Doc. 30 in the *Longhai* matter.

Defendants also filed the instant Rule 12(b)(6) Partial Motion to Dismiss prior to consolidation, seeking dismissal of both claims asserted against Lee and dismissal of the open account claim against Louisiana Newpack, leaving only the breach of contract claim against Louisiana Newpack.[24]  Defendants assert that Longhai has failed to allege an independent cause of action against Lee and has failed to allege sufficient facts to support piercing the corporate veil.  Defendants point out that Longhai alleges that Louisiana Newpack purchased three lots of crabmeat in November and December 2018, that Louisiana Newpack has made certain payments, leaving a balance of $988,188.04, and that Longhai has demanded payment from Louisiana Newpack.[25]  Relying upon *FUFC, LLC v. Excel Contractors, LLC*, Defendants argue that there is no basis to pierce the corporate veil and hold Lee liable for the breach of contract claim against Louisiana Newpack because Longhai has failed to allege any facts to show that Lee had any personal involvement in the contract between Longhai and Louisiana Newpack.[26]  Defendants likewise argue that Longhai has not alleged that Lee personally did or failed to do anything that would support an open account claim against him in his individual capacity.[27]

Nonetheless, even if Longhai had alleged a valid cause of action against Lee, Defendants argue Longhai has failed to allege any facts to support piercing the corporate veil because the Complaint contains only a conclusory recitation of the

---

[24] *See*, R. Doc. 31 in the *Longhai* matter; R. Doc. 55.  The Court notes that throughout the Motion, Defendants reference the original Complaint, rather than the Amended Complaint.  *See*, R. Doc. 55-1 at pp. 2-3, 6, 7.

[25]  R. Doc. 55-1 at pp. 5-6.

[26] *Id*. at p. 6 (citing *FUFC, LLC*, Civ. A. No. 18-1095, 2020 WL 1443039, at *8-9 (M.D. La. Mar. 24, 2020)).

[27] R. Doc. 55-1 at p. 7.

factors to be considered in the veil-piercing analysis.[28]  Defendants further assert that Longhai, a Chinese entity, does not have a claim against Defendants under Louisiana's Open Account Statute, La. R.S. 9:2781, because Longhai has not shown that Louisiana law should apply under Louisiana's choice of law provisions.[29]  As such, Defendants argue that Longhai has failed to carry its burden of proof at the Rule 12(b)(6) stage, and that all but the breach of contract claim against Louisiana Newpack should be dismissed.

In response, Longhai argues that the Motion should be denied and that its claims against Lee are properly pled.[30]  Longhai asserts that it is not required to assert an independent claim against Lee as a predicate to piercing the corporate veil, and that such a requirement would render the veil-piercing theory meaningless. Longhai claims that the purpose of piercing the corporate veil is to hold an individual liable on a cause of action that otherwise only exists against the entity.[31]  Longhai further asserts that courts sitting in diversity, as in this case, routinely apply the law of the state where the defendant corporation is incorporated to determine whether to pierce the corporate veil.[32]  Because Louisiana Newpack is a Louisiana limited liability company with its domicile and principal place of business in Louisiana, Longhai asserts Louisiana law applies to its corporate veil-piercing claim.[33]

---

[28] *Id*. (*citing* R. Doc. 1 in the *Longhai* matter at ¶ 11).

[29] R. Doc. 55-1 at pp. 8-9 (*citing* La. Civ. Code art. 3537).

[30] R. Doc. 59 at p. 3.

[31] *Id*. (citation omitted).

[32] *Id*. at p.4 (citing *Lentz v. Trinchard*, 730 F. Supp. 2d 567, 581-82 (E.D. La. 2010)).

[33] R. Doc. 59 at p. 4.  The Court notes that the Amended Complaint, filed prior to the instant Motion, alleges that Louisiana Newpack is a Louisiana corporation with its principal place of business in Louisiana.  *See,* R. Doc. 30 in the *Longhai* matter at ¶ 4.

Longhai asserts that Louisiana courts apply the following five non-inclusive factors to determine whether to pierce the corporate veil: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings.[34]  Longhai argues that courts within this Circuit have held that whether to pierce the corporate veil depends upon the totality of the circumstances and that alleging two of the five non-exclusive factors may be sufficient to defeat a motion to dismiss.[35]  Longhai contends that it has alleged sufficient facts to survive dismissal because the Amended Complaint references a letter dated July 11, 2019, in which Lee personally acknowledged and took responsibility for Louisiana Newpack's debt and stated that he was overextended and out of compliance with his bank line of credit.[36]  Longhai further claims that the Amended Complaint alleges that Lee is controlling Louisiana Newpack because he is selling seafood product and diverting the proceeds to repay the debts Louisiana Newpack owes him, including paying down the line of credit at the bank, to the detriment of Longhai, an acknowledged creditor.[37]  Accepting all well-pleaded facts as true and viewing them in the light most favorable to the non-mover, Longhai, Longhai asserts that it has

---

[34] R. Doc. 59 at p. 5 (quoting *ORX Resources, Inc. v. MBW Expl., LLC*, 2009-0662 (La. App. 4 Cir. 2/10/10), 32 So.3d 931, 935) (internal quotation marks omitted).

[35] R. Doc. 59 at pp. 5-7 (citing *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, Civ. A. No. 14-2580, 2015 WL 2383841, at *5 (E.D. La. May 19, 2015); *Keybank Nat. Ass'n v. Perkins Rowe Assocs., LLC*, Civ. A. No. 09-497-JJB, 2010 WL 2838373, at *3 (M.D. La. July 19, 2010); *Cargill, Inc. v. Clark*, Civ. A. No. 10-487-JJB, 2012 WL 6115096, at *7 (M.D. La. Dec. 10, 2012)).

[36] R. Doc. 59 at pp. 7-8 (*quoting* R. Doc. 30-6) (internal quotation marks omitted).

[37] R. Doc. 59 at pp. 8-9 (*citing* R. Doc. 30-6).

alleged sufficient facts to state a plausible claim for relief against Lee under both the breach of contract and open account claims.

Longhai further asserts that it has a viable claim against Defendants under Louisiana's Open Account Statute, La. R.S. 9:2781 based upon Louisiana's choice of law provisions, La. Civ. Code arts. 3537 and 3515.[38]  Applying those statutes, Longhai claims that Louisiana law applies here because Defendants are both domiciled in Louisiana, the negotiation and formation of the contracts presumably occurred via communications between Defendants in Louisiana and Longhai in China, Louisiana Newpack's payment for the crabmeat was to be undertaken in Louisiana, the nature and purpose of the contract was for a Louisiana entity to acquire and sell crabmeat, and Longhai, a foreign plaintiff, chose to submit his claim to Defendants' home forum.[39]  Longhai notes that Defendants fail to state what law they believe applies in this matter if Louisiana law does not apply.[40]  Finally, if the Court is inclined to grant Defendants' Motion to Dismiss, Longhai requests the opportunity to amend its Amended Complaint.[41]

In response, Defendants maintain that Longhai has failed to show why the Court should pierce the corporate veil and hold Lee liable for the actions of Louisiana Newpack.[42]  Defendants contend that Longhai would only have a viable cause of action against Lee if he was personally involved in the business dealings between

---

[38] R. Doc. 59 at pp. 10-11.
[39] *Id*. at pp. 11-12 (citing *L&L Oil Co. v. Hugh Mac Towing Corp.*, 859 F. Supp. 1002, 1004-05 (E.D. La. 1994)).
[40] R. Doc. 59 at p. 11.
[41] *Id*. at p. 12.
[42] R. Doc. 63 at pp. 1-2.

Louisiana Newpack and Longhai.[43]  Defendants argue that because Longhai does not have an underlying breach of contract claim against Lee, it cannot pierce the corporate veil to hold Lee liable.  However, Defendants maintain that Longhai has also failed to allege any facts to support piercing the corporate veil.  Defendants dispute that Lee personally acknowledged the debt of Louisiana Newpack in the July 11, 2019 letter, noting that Lee signed the letter in his capacity as president of Louisiana Newpack.[44]  Defendants also claim that Longhai has failed to allege any facts to show that Lee is selling joint venture product in his individual capacity.[45]  Defendants contend that Longhai's allegations in the Complaint establish that Lee acted only in his capacity as President of Louisiana Newpack, and that dismissal of Lee is warranted.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[46]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[47]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[43] R. Doc. 63 at pp. 2-3.

[44] *Id*. at pp. 3-4 (*citing* R. Doc. 1-9 in the *Longhai* matter at p. 2).

[45] R. Doc. 63 at p. 4.

[46] Fed. R. Civ. P. 12(b)(6).

[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

liable for the misconduct alleged."[48]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[49]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[50]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[51] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[52] Nonetheless, the Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted.[53]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[54]  The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[55]

---

[48] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[49] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[50] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[51] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[52] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[53] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

[54] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[55] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004).

## III.   ANALYSIS

### A. Longhai's Claims Against Defendants under Louisiana's Open Account Statute, La. R.S. 9:2781.

#### 1.   *Applicable Law.*

Defendants assert that Longhai has failed to allege a plausible claim against Louisiana Newpack or Lee under Louisiana's Open Account Statute, La. R.S. 9:2781, because the Amended Complaint contains only conclusory allegations and because Longhai has failed to show that Louisiana law will govern its claims.[56]  The parties agree that a federal court sitting in diversity, such as this Court, applies the choice of law rules of the forum state and, further, when the contract at issue is silent as to choice of law, Louisiana Civil Code article 3537 provides the relevant factors for determining which law applies.[57]  The sales contract at issue is silent as to choice of law.  The Court, therefore, looks to Louisiana Civil Code article 3537.  According to Article 3537, "an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."[58]  Article 3537 further provides:

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning

---

[56] R. Doc. 55-1 at p. 8.

[57] *See*, R. Docs. 55-1 at pp. 8-9, 59 at pp. 10-11, 63 at pp. 7-8.

[58] La. Civ. Code art. 3537.

of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.[59]

Louisiana Civil Code article 3515 further provides, in pertinent part, that:

> An issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.[60]

For purposes of Article 3515, the word "state" includes "any foreign country or territorial subdivision thereof that has its own system of law."[61]

Applying the foregoing choice of law provisions, the Court finds that Louisiana law governs Longhai's claims against Defendants. The Court rejects Defendants' repeated assertion that "Longhai continues to assume that the Louisiana Open Account Statute applies simply because Mr. Lee and Louisiana Newpack are Louisiana citizens."[62] Contrary to Defendants' baseless assertion, Longhai argued in its Opposition brief that Louisiana law should apply because Defendants are both citizens of Louisiana, the negotiation and formation of the contracts in question were presumably by communications between Defendants in Louisiana and Longhai in China, payment for the crabmeat was to be undertaken in Louisiana, and the nature

---

[59] *Id.*
[60] La. Civ. Code art. 3515.
[61] *Mendonca v. Tidewater Inc.*, 2003-1015 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 511 (*quoting* La. Civ. Code art. 3516).
[62] R. Doc. 63 at pp. 7, 8.

and purpose of the contract was for a Louisiana entity to acquire crabmeat and sell it for profit.[63]  Longhai acknowledges that the crabmeat was not shipped directly to Louisiana, but contends that the remaining factors weigh in favor of applying Louisiana law.[64]  The Court agrees.  Considering the Louisiana contacts of the parties and the transaction, the nature of the contract and the policy of promoting multistate commercial intercourse, the Court finds that Louisiana law applies to Longhai's claims against Defendants.[65]

The Court further finds that the case relied upon by Defendants, *Mendonca v. Tidewater Inc.*, is distinguishable from this case and does not stand for the proposition for which it is cited by Defendants.  Defendants cite *Mendonca*, in both their Motion and Reply brief, as a case in which a Louisiana appellate court affirmed dismissal of a contract claim after concluding that Louisiana law did not apply because "the plaintiff was neither a citizen nor resident of Louisiana and had never worked or lived in Louisiana."[66]  While the *Mendonca* court concluded that Louisiana law did not apply to the contract claims at issue, that conclusion was not based solely upon the fact that the plaintiff was not a resident of Louisiana and had never worked in Louisiana.[67]  Instead, after noting those two facts, the *Mendonca* court held that:

> There is also insufficient evidence in the record to support a contract claim against Tidewater.  Mr. Mendonca's contractual relationship was with Al Wasl, his employer in Dubai, U.A.E., not with Tidewater.  There should be no expectation on the part of Mr. Mendonca, who is neither a United States citizen nor a resident of Louisiana, that the laws of

---

[63] R. Doc. 59 at pp. 11-12.

[64] *Id.*

[65] *Mendonca v. Tidewater Inc.*, 2003-1015 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 511 (*citing* La. Civ. Code art. 3537).

[66] R. Doc. 55-1 at pp. 9-10; R. Doc. 63 at p. 8.

[67] *Mendonca*, 2003-1015, 862 So.2d at 511.

> Louisiana would apply to a contract relating to his employment by a
> foreign company in a foreign country. Therefore, we find that the trial
> court properly granted Tidewater's exception of no right of action with
> respect to the contract claims Mr. Mendonca has asserted against
> Tidewater.[68]

Thus, contrary to Defendants' assertion, the *Mendonca* court did not dismiss the

contract claims at issue based upon Louisiana's choice of law provision; the court

dismissed the claims because the plaintiff had no cause of action against the

defendant entity that was sued in contract.  As such, *Mendonca* is distinguishable

from this case, where Longhai contracted with a Louisiana entity, namely Louisiana

Newpack.

For the foregoing reasons, the Court denies Defendants' Motion to the extent

they seek dismissal of the open account claim on the basis that Longhai has failed to

show that Louisiana law applies in this case.

### 2. *Facial Plausibility of the Open Account Claim.*

Turning to Defendants' next argument for dismissing the open account claim,

the Court agrees with Defendants that the Amended Complaint fails to allege

sufficient facts to state a plausible claim against Louisiana Newpack or Lee under

Louisiana's Open Account Statute, La. R.S. 9:2781.  Louisiana law defines an "open

account" as "any account for which a part or all of the balance is past due, whether or

not the account reflects one or more transactions and whether or not at the time of

contracting the parties expected future transactions."[69]  "When any person fails to

pay an open account within thirty days after the claimant sends written demand

---

[68] *Id.*
[69] La. R.S. 9:2781(D).

therefor correctly setting forth the amount owed, that person shall be liable to the claimant . . . when judgment on the claim is rendered in favor of the claimant."[70]  In determining whether a course of dealing qualifies as an open account, Louisiana courts consider the following factors: (1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other deadlines.[71]

In the Amended Complaint, Longhai merely alleges that Defendants had an ongoing relationship with Longhai whereby Longhai agreed to sell, and Louisiana Newpack agreed to purchase, seafood product on a credit basis in November and December 2018, that Louisiana Newpack and Lee placed three orders for crabmeat in November and December 2018, that there remains an outstanding balance of $998,188.03 due and payable to Longhai on the account, and that the foregoing allegations constitute an "open account" under La. R.S. 9:2781.[72]  Longhai then quotes the language of the statute and alleges that Louisiana Newpack and Lee, individually, are indebted to Longhai for the outstanding balance.[73]  These allegations are insufficient to state a plausible open account claim, as they fail to address the four factors required to state a claim under La. R.S. 9:2781.  As such, Defendants have shown that the open account claim must be dismissed.

---

[70] La. R.S. 9:2781(A).

[71] R. Doc. 33-1 at p. 19 (quoting *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007)) (internal quotation marks omitted); R. Doc. 37 at p. 21 (quoting *Southeast Recovery Grp., LLC v. BP Am., Inc.*, Civ. A. No. 11-823, 2011 WL 4073241, at *1 (E.D. La. Sept. 13, 2011)) (internal quotation marks omitted).

[72] R. Doc. 30 at ¶¶ 19-22.

[73] *Id*. at ¶¶ 23-25.

However, in its Opposition brief, Longhai specifically requested leave to amend its Amended Complaint under Federal Rule of Civil Procedure 15 to cure any deficiencies found by the Court.[74]  While the Court will "freely give leave [to amend] when justice so requires,"[75] leave to amend "is by no means automatic."[76]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[77] Applying those factors here, the Court will exercise its discretion and grant Longhai leave to amend its Amended Complaint under Fed. R. Civ. P. 15.  Accordingly, Defendants' Motion is granted to the extent that Defendants seek dismissal of the open account claim, which is dismissed without prejudice.  Longhai shall have fourteen days from the date of this Order to amend to cure the deficiencies of its open account claim.

## B. Longhai's Claims Against Lee in His Personal Capacity.

Although lumped together as one argument, Defendants seek to dismiss Lee from this litigation based upon the following two grounds: (1) Longhai has failed to allege an independent cause of action against Lee for breach of contract or suit on open account; and (2) Longhai has failed to allege sufficient facts to allow it to pierce

---

[74] R. Doc. 59 at p. 12.
[75] Fed. R. Civ. P. 15(a).
[76] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[77] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

the corporate veil and hold Lee personally liable for Louisiana Newpack's debts.[78]
The Court will address each argument, but in reverse order.

### 1. *Longhai has alleged sufficient facts to support its alter ego theory against Lee.*

In determining whether to dismiss Longhai's claims against Lee in his
personal capacity, the Court can consider matters outside of the pleadings, namely
the July 11, 2019 letter authored by Lee, because  it was attached as an exhibit to
and referenced in Longhai's Amended Complaint,[79] and because it is central to
Longhai's alter ego theory of recovery against Lee.[80]  To the extent Defendants seek
to dismiss Longhai's claims against Lee for failing to allege sufficient facts to pierce
the corporate veil and hold Lee liable for Louisiana Newpack's actions, the Court
finds that Longhai has alleged sufficient facts in the Amended Complaint to support
its alter ego theory of liability.  The Court has already determined that Louisiana law
applies to Longhai's claims against Defendants in this matter.   This Court has
previously recognized that, "Louisiana courts have not explicitly ruled on the
appropriate choice of law for veil piercing theories.  However, the Fifth Circuit has
predicted that Louisiana courts would look to the law of the state in which the
defendant corporation was incorporated."[81]   In the Amended Complaint, Longhai

---

[78] R. Doc. 55-1 at pp. 5-8.

[79] *See*, R. Docs. 29 & 29-1.

[80] R. Docs. 30 & 30-6.  *See*, *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[81] *Lentz v. Trinchard*, 730 F. Supp. 2d 567, 582 (E.D. La. 2010) (Africk, J.) (citing *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 647 (5th Cir. 2002)).  *See*, *Energy Coal v. CITGO Petroleum Corporation*, 836 F.3d 457, 462 (5th Cir. 2016) (reaffirming *Patin* and stating that, "Louisiana courts look to the state of incorporation not just when deciding issues involving piercing, which as noted above is a close relative of the single business enterprise theory, but also when deciding

alleges that Louisiana Newpack is a Louisiana corporation with its principal place of business in Louisiana.[82]  Defendants do not contest these allegations.[83]  Thus, the Court finds that Louisiana law applies to Longhai's veil-piercing claims.

Under Louisiana law, a corporation is a separate entity from its shareholders, and shareholders are not liable for the debts of the corporation.[84]  Louisiana courts are reluctant to allow a veil-piercing action,[85] and have held that only exceptional circumstances warrant disregarding the corporate entity as a separate entity.[86]  However, "the court may ignore the corporate fiction and hold the individual shareholders liable . . . where the corporation is found to be simply the 'alter ego' of the shareholder," which "usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation."[87]  The Fifth Circuit has further held that under Louisiana law, the corporate veil may be pierced under the alter ego doctrine when "the corporate entity is disregarded to such an extent that the affairs of the corporation are indistinguishable from the affairs of the officer or director."[88]

---

more general questions of corporate structure." (citations omitted)); *Soriano v. Gulf Coast Lift, LLC*, Civ. A. No. 12-2744, 2014 WL 949145, at *9 (E.D. La. Mar. 11, 2014) (Vance, J.) (citing *Patin, supra*).
[82] R. Doc. 30 at ¶ 4.
[83] *See generally*, R. Docs. 55-1 & 63.
[84] *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991) (citations omitted).
[85] *Martin v. Spring Break 83 Production, LLC*, 797 F.Supp.2d 719, 724 (E.D. La. 2011) (citations omitted).
[86] *Fausse Riviere, LLC,* 2016-0633, 211 So.3d at 1192 (citations omitted);  *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991).
[87] *Riggins*, 590 So.2d at 1168 (citing authority).
[88] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 478 (5th Cir. 2002) (citing *First Downtown Dev. v. Cimochowski*, 613 So.2d 671, 676 (La. App. 2 Cir. 1993)).

Further, "Louisiana law does not require a finding of fraud in order to pierce the corporate veil in a contract action."[89] However, "When fraud is not alleged, a plaintiff seeking to pierce the corporate veil bears a heavy burden of proof in demonstrating that the corporate form has been disregarded . . . ."[90] In determining whether to apply the alter ego doctrine, Louisiana courts consider the following five non-exclusive factors: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings.[91]

Here, the parties correctly note that a request to pierce the corporate veil is not an independent cause of action, but a means of imposing liability on a corporate officer for the debts of the corporation.[92] Applying the *Riggins* factors and viewing the allegations of the Amended Complaint in the light most favorable to Longhai, the Court finds that the allegations are sufficient to support its alter ego theory of recovery against Lee at this stage. The Court agrees with Defendants that some of

---

[89] *Mack Energy Company v. Red Stick Energy, LLC*, Civ. A. No. 16-1696, 2019 WL 4887410, at *8 (W.D. La. Oct. 2, 2019) (citing *Hollowell v. Orleans Regional Hosp., LLC*, 217 F.3d 379, 386 (5th Cir. 2000) ("Even if the defendants are correct that a WARN action is most akin to a contract action, they are mistaken that Louisiana law requires a finding of fraud in order to pierce the corporate veil in a contract action.")).

[90] *Mack Energy Company*, Civ. A. No. 16-1696, 2019 WL 4887410 at *8 (quoting *Hollowell*, 217 F.3d at 386) (internal quotation marks omitted); *Riggins*, 590 So.2d at 1168 (citations omitted).

[91] *ORX Resources, Inc. v. MBW Expl., LLC*, 2009-0662, p.8 (La. App. 4 Cir. 2/10/10), 32 So.3d 931, 936 (citing *Riggins*, 590 So.2d at 1168).

[92] R. Doc. 55-1 at p. 5 (citations omitted); R. Doc. 59 at p. 3 (citations omitted); *See*, *Mack Energy Company*, Civ. A. No. 16-1696, 2019 WL 4887410 at *7 (citing *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996)); *Peyton Place, Condominium Associates, Inc. v. Guastella*, 08-365 (La. App. 5 Cir. 5/29/09), 18 So.3d 132, 149.

Longhai's allegations, including the following, are a mere recitation of the *Riggins* factors:

> Edward Lee and Louisiana Newpack disregard requisite corporate formalities; Louisiana Newpack is not distinguishable from Edward Lee; Edward Lee commingles his personal funds with that of Louisiana Newpack; Edward Lee does not follow statutory formalities for incorporating and transacting corporate affairs; and Louisiana Newpack is not adequately capitalized such that Edward Lee has used Louisiana Newpack as his *alter ego* and has diverted funds and/or assets received by Louisiana Newpack for his own personal gain and to the determinant [sic] of Louisiana Newpack's creditors . . . .[93]

The Court finds such conclusory statements, without more, are insufficient to support an alter ego theory of recovery against Lee.

However, the Court further finds that Longhai's allegations regarding the July 11, 2019 letter authored by Lee provide sufficient factual support for its alter ego theory to avoid dismissal.[94] Longhai alleges in the Amended Complaint that Lee is the President, legal representative and registered agent of Louisiana Newpack, and that he acknowledged and took responsibility for the debt of Louisiana Newpack in a letter dated July 11, 2019.[95] Longhai submitted a copy of the letter as an exhibit to the Amended Complaint.[96] Longhai alleges that, "Reportedly, Mr. Lee has taken control of the crabmeat and is selling the product, but diverting the proceeds to repayment of debts Louisiana Newpack owes him rather than paying the long overdue amounts owed to Longhai, an acknowledged creditor."[97]

---

[93] R. Doc. 30 at ¶ 11 (emphasis in original).
[94] *See*, R. Doc. 30 at ¶ 10.
[95] *Id*.
[96] R. Doc. 30-6.
[97] R. Doc. 30 at ¶ 10.

The Court has reviewed the letter and finds that it supports Longhai's alter ego theory. In the letter, Lee writes, "I want you to know that it is my mistake and I am responsible. I want to assure you that you will be fully paid. I did not fully supervise my business as I should and because of this, you are hurt and I sincerely apologize for it."[98] Lee further writes, "My bank called my loan as 'not in compliance' with loan agreement. . . . Due to this situation, I have put in my personal money to satisfy the bank, but it is not enough."[99] Although Lee signed the letter in his capacity as President of Louisiana Newpack, the language used in the letter suggests that Lee took certain actions on behalf of Louisiana Newpack in his personal capacity, not in his capacity as President. The letter further supports Longhai's allegations that Louisiana Newpack was undercapitalized and that Lee commingled his personal funds with those of the entity. As such, the Court finds that Longhai has alleged sufficient facts to indicate that Lee could plausibly be considered the alter ego of Louisiana Newpack and, therefore, be held personally liable for Louisiana Newpack's debts.[100] Defendants' Motion is therefore denied to the extent that Defendants seek to dismiss Lee as a defendant based upon Longhai's allegations of the alter ego doctrine.

---

[98] R. Doc. 30-6 at p. 1.

[99] *Id.*

[100] *See, Aker Solutions, Inc. v. Shamrock Energy Solutions, LLC*, Civ. A. No. 16-2560, 2016 WL 4529828, at *3 (E.D. La. Aug. 30, 2016) (Milazzo, J.) (finding allegations of undercapitalization and president treating entity as an extension of himself sufficient for alter ego theory on motion to dismiss); *Keybank Nat. Ass'n v. Perkins Rowe Assocs., LLC*, Civ. A. No. 09-497-JJB, 2010 WL 2838373, at *3 (M.D. La. July 19, 2010) (Brady, J.) (finding that alleging two of the five non-exclusive factors was sufficient for alter ego theory to survive a motion to dismiss); *But see, Aker Solutions, Inc. v. Shamrock Energy Solutions, LLC*, Civ. A. No. 16-2560, 2019 WL 4981912, at *18 (E.D. La. Oct. 8, 2019) (Ashe, J.) (finding undercapitalization, alone, insufficient to support alter ego theory).

The Court further finds Defendants' reliance upon the Middle District of Louisiana's ruling in *FUFC, LLC v. Excel Contractors, LLC*[101] is misplaced. Initially the Court notes that *FUFC, LLC* is not binding Fifth Circuit law; instead, it is an Order from a sister court. Nonetheless, the Court does look to our sister courts' decisions when appropriate. In this case, the Court does not read the *FUFC, LLC* decision as requiring a valid, independent cause of action against the corporate officer as a predicate to piercing the corporate veil. Instead, that court concluded that there was no basis to pierce the corporate veil in that case because: (1) the plaintiff had failed to assert fraud, conversion, misappropriation, or theft against the officer, as required under La. R.S. 12:1320(D); and (2) the plaintiff had failed to satisfy pleading standards for a veil-piercing claim.[102] That court explained that the complaint referred to both the officer and the entity in nearly every allegation of fact, which made it impossible for the court to determine what claims were asserted against the officer, which facts supported those claims, and what conduct was attributable to the officer for purposes of weighing the veil-piercing factors.[103] As such, this Court rejects Defendants' assertion that the *FUFC, LLC* decision requires Lee's dismissal from this litigation.

---

[101] Civ. A. No. 18-1095, 2020 WL 1443039, at *8-9 (M.D. La. Mar. 24, 2020)).
[102] *Id*.
[103] 2020 WL 1443039 at *9.

**2. *Longhai has failed to allege sufficient facts to support a cause of action against Lee in his personal capacity for breach of contract and for suit on open account.***

The Court further finds that, to the extent Longhai seeks to hold Lee personally liable for the breach of contract and open account claims based upon actions taken by Lee in his individual capacity and not through the alter ego doctrine, the claims are not plausible on their face.  To assert a claim for breach of contract against Lee in his personal capacity, Longhai must prove both the existence of a contract and privity.[104]  Neither party disputes the existence of a sales contract in this case.[105]  As Defendants correctly point out, however, the Amended Complaint does not allege that Lee, in his personal capacity, was a party to the contract.  The Purchase Orders and Invoices attached to the Amended Complaint also do not mention Lee's name, and reference only Louisiana Newpack.[106]  In the Amended Complaint, Longhai alleges that Louisiana Newpack placed the three orders at issue,[107] that Louisiana Newpack has made partial payment for the produce,[108] and that Longhai has demanded payment from Louisiana Newpack, but to no avail.[109]  The Amended Complaint fails to allege any factual support to show that Lee was a

---

[104] *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 888 (5th Cir. 2002).

[105] Although not mentioned in its briefs, the Court notes that Defendants filed a third-party claim against Indigo, Ocean Feast, Zeng and Martinez-Malo before the two cases were consolidated and before filing the instant Motion.  *See*, R. Doc. 34 in the *Longhai* matter.  The Court further notes that while the third-party claim does not mention the three crabmeat purchases at issue in this case, placed in November and December of 2018, Defendants assert that Louisiana Newpack did not place any orders with Longhai, that there is no privity between Longhai and Louisiana Newpack, and that any orders were placed by Zeng, either in his personal capacity or on behalf of Ocean Feast.  *Id*. at pp. 15-16.

[106] R. Docs. 30-1, 30-2, 30-3.

[107] R. Doc. 30 at ¶ 7.

[108] *Id*. at ¶ 8.

[109] *Id*. at ¶ 9.

party to the contract or that Lee breached the contract.  Moreover, Longhai seemingly acknowledges in its Opposition brief that it does not have an independent claim against Lee, for breach of contract or an open account.   Specifically, Longhai addresses the purpose of piercing the corporate veil, which "furnishes a means for a complainant *to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation.*"[110]  Thus, to the extent Longhai asserts a breach of contract claim against Lee based upon his own actions and not the actions of Louisiana Newpack through the alter ego theory, the claim lacks facial plausibility and must be dismissed.

The Court reaches the same conclusion regarding Longhai's open account claim asserted against Lee for actions taken in his personal capacity and not through the alter ego theory.  The Court finds that Longhai's open account claim against Defendants is based upon the same facts alleged in support of the breach of contract claim, which concern only the actions taken by Louisiana Newpack.[111]  Thus, to the extent Longhai asserts an open account claim against Lee based upon his own actions and not through the alter ego doctrine, the claim lacks facial plausibility and must be dismissed.

Based upon the foregoing, Defendants' Motion is granted to the extent that they seek dismissal of the breach of contract and open account claims asserted against Lee in his individual capacity and not through the alter ego theory, and those claims

---

[110] R. Doc. 59 at p. 3 (quoting *In re Gulf States Long Term Acute Care of Covington, LLC*, 487 B.R. 713, 722 (Bankr. E.D. La. 2013) (internal quotation marks omitted) (emphasis added by Longhai).
[111] R. Doc. 30 at ¶ 18.

are dismissed without prejudice.  For the same reasons previously expressed, the Court will exercise its discretion under Fed. R. Civ. P. 15 and grant Longhai's request to amend its Amended Complaint to cure these deficiencies.  Longhai shall have fourteen days from the date of this Order to amend its Amended Complaint to cure the deficiencies with respect to its claims asserted against Lee in his personal capacity and not through the alter ego theory.

### C. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Louisiana Newpack's and Edward Lee's Rule 12(B)(6) Partial Motion to Dismiss [112] is **GRANTED in part and DENIED in part.**  To the extent Defendants seek to dismiss Longhai's claim under Louisiana's Open Account Statute, La. R.S. 9:2781, on the basis that Longhai has failed to show that Louisiana applies in this case, the Motion is **DENIED.**  The Motion is also **DENIED** to the extent that Defendants seek to dismiss Longhai's claims against Lee in his personal capacity based upon the alter ego theory of recovery.  To the extent Defendants seek dismissal of Longhai's open account claim for failure to state a plausible claim, the Motion is **GRANTED** and the open account claim asserted against both Defendants is **DISMISSED without prejudice**.  The Motion is also **GRANTED** to the extent Defendants seek dismissal of Longhai's breach of contract and open account claims asserted against Lee in his individual capacity and not through the alter ego theory.  However, pursuant to the

---

[112] R. Doc. 55.

Court's discretion under Fed. R. Civ. P. 15(a), Longhai shall have fourteen (14) days from the date of this Order to cure the deficiencies in its Amended Complaint.

New Orleans, Louisiana, February 11, 2021.


**WENDY B. VITTER**
**United States District Judge**