UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is Oceana Seafood Products, LLC's Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer.[1] Louisiana Newpack Shrimp, Inc. ("Louisiana Newpack") opposes the Motion,[2] and movant has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I.   FACTS AND PROCEDURAL HISTORY

The factual and procedural history of this consolidated matter (hereafter, the "Louisiana litigation"), is set forth in great detail in the Court's February 11, 2021 Order and Reasons and, for the sake of brevity, will not be repeated here.[4] Pertinent to the instant Motion to Dismiss, Louisiana Newpack initiated the Louisiana

---

[1] R. Doc. 65.
[2] R. Doc. 71.
[3] R. Doc. 74.
[4] *See*, R. Doc. 132.

litigation by filing its state court Petition for Declaratory Judgment, Suit on Open Account and Damages on or about September 26, 2019 against Ocean Feast of China, Ltd. ("Ocean Feast"), Indigo Seafood Partners, Inc. ("Indigo"), Arthur Zeng ("Zeng") and Jeffrey Martinez-Malo ("Martinez-Malo"), which was removed to this Court on October 3, 2019.[5] On March 26, 2020, Louisiana Newpack filed an Amended Complaint, adding Oceana Seafood Products, LLC ("Oceana Seafood") as a defendant.[6]

On June 19, 2020, Oceana Seafood filed the instant Motion to Dismiss, seeking to dismiss Louisiana Newpack's claims against it or, alternatively, to transfer them to the Southern District of Florida pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) due to improper venue.[7] Oceana Seafood contends that Louisiana Newpack's claims against it "overlap with an earlier-filed lawsuit by Oceana Seafood against Louisiana Newpack in the Southern District of Florida regarding the same intellectual property, and therefore the 'first-filed' rule precludes Louisiana Newpack from prosecuting its later-filed lawsuit against Oceana Seafood in this Court."[8] Oceana Seafood filed a Complaint in the Southern District of Florida (hereafter, the "Florida litigation") on February 5, 2020, asserting claims for unfair competition under federal and state law, civil conspiracy to engage in unfair competition, and tortious interference with a business relationship, all stemming from Oceana

---

[5] R. Docs. 1, 1-1.
[6] R. Doc. 29.
[7] R. Doc. 65.
[8] *Id* at p. 1; R. Doc. 65-1 at p. 2 (*citing* Civ. A. No. 20-20532-Martinez-Otazo-Reyes, *Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Co., et al.* (S.D. Fla.)).

Seafood's alleged ownership of a trademark in the OCEANA brand of seafood products.[9]  Oceana Seafood named several entities as defendants, including Louisiana Newpack and its President, Edward T.F. Lee.[10] Oceana Seafood filed its Complaint four months after Louisiana Newpack filed its state court Petition, but two months before Louisiana Newpack added Oceana Seafood as a defendant in its Amended Complaint.[11]

On March 3, 2020, the defendants in the Florida litigation filed a Motion to Dismiss, Transfer, or Stay Under Rule 12(B) and/or 28 U.S.C. § 1404(A), asking the Southern District of Florida to either: (1) transfer the case to the Eastern District of Louisiana under § 1404(a); (2) dismiss, transfer or stay the action under the "first-filed" doctrine; or (3) dismiss Oceana Seafood's claim for tortious interference with a business relationship.[12] On December 31, 2020, United States District Judge Jose E. Martinez granted the Motion in part and transferred the Florida litigation to this Court after finding the "first-filed" doctrine dispositive.[13]  Judge Martinez concluded that the Louisiana litigation commenced more than four months prior to the Florida litigation and that, despite Oceana Seafood's assertions to the contrary, the two actions involve material overlapping issues because they both involve substantially the same parties and the same underlying Joint Venture Agreement.[14]

---

[9] *See*, R. Doc. 1 in Civ. A. No. 21-00003, *Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Company, et al.* (E.D. La.) (the "*Oceana Seafood* case").
[10] *Id.*
[11] R. Doc. 29.
[12] *See*, R. Doc. 5 in the *Oceana Seafood* case.
[13] *See*, R. Docs. 5 & 32 in the *Oceana Seafood* case.
[14] *See,* R. Doc. 32 at pp. 4-5 in the *Oceana Seafood* case (citations omitted).

Judge Martinez found Oceana Seafood's "bold" statement that the Joint Venture Agreement at issue in the Louisiana litigation is irrelevant to the question of the ownership of the trademark was "patently at odds with both [Oceana Seafood's] representations in the Louisiana Litigation and the facts of the case."[15] Judge Martinez held that the dispute over trademark ownership "depends upon whether, under the Joint Venture Agreement, the Joint Venture owns the mark as opposed to [Oceana Seafood] alone."[16] Judge Martinez explained that in determining who owns the trademark, "the Court would need to consider the various rights and responsibilities under the Joint Venture contract, which is the overarching issue in the Louisiana Litigation. Indeed, [Oceana Seafood's] claims in this case largely mirror the defenses it raises in the breach of contract claim in the Louisiana Litigation."[17] Judge Martinez further held that although Oceana Seafood was not originally named as a defendant in the Louisiana litigation, "the record before the Court, including the declaration of Ms. [Ana Maria Gomez] Sampedro, indicates a substantial interrelationship between [Oceana Seafood] and Indigo, who is indeed a party to the Louisiana Litigation. And, in light of the substantial overlap in subject matter, there need not be identity of the parties to warrant transfer."[18] As such, Judge Martinez concluded that the proper course of action was to transfer the case to

---

[15] *Id.* at p. 5.
[16] *Id.* (footnote omitted).
[17] *Id.*
[18] *Id.* at pp. 5-6.

4

the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.[19]

## II. LAW AND ANALYSIS

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[20] According to the Fifth Circuit, "The 'first to file' rule is grounded in principles of comity and sound judicial administration. 'The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs.'"[21] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[22] The Fifth Circuit has clarified that the first to file rule does not require that the cases be identical, and that, "The crucial inquiry is one of 'substantial overlap.'"[23]

For the same reasons set forth in Judge Martinez's December 31, 2020 Order, this Court finds that the Louisiana litigation, which was filed and removed to this Court four months before Oceana Seafood filed its Complaint in the Florida litigation,

---

[19] *Id.* at p. 6 (quoting *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012)) (internal quotation marks omitted).
[20] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted).
[21] *Id.* (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).
[22] *Save Power Ltd.*, 121 F.3d at 950 (quoting *West Gulf*, 751 F.2d at 729) (internal quotation marks omitted).
[23] *Save Power Ltd.*, 121 F.3d at 950 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).

was the first-filed suit.  The Court agrees with Judge Martinez that the two cases involve substantially the same parties and the same underlying Joint Venture Agreement entered into between Louisiana Newpack, Indigo and Ocean Feast. Although Oceana Seafood was not named as a defendant in the Louisiana litigation until after Oceana Seafood initiated the Florida litigation, there appears to be a substantial interrelationship between Oceana Seafood and Indigo, as Jeffrey Martinez-Malo serves as a principle of both entities.  Although Oceana Seafood omits this fact from its Motion to Dismiss,[24] Oceana concedes in its Reply brief that "Indigo and Oceana Seafood share an owner (Mr. Martinez-Malo)."[25]  The Court notes that both Indigo and Martinez-Malo were named as defendants in Louisiana Newpack's state court Petition, and that Louisiana Newpack also alleged that Martinez-Malo formed Indigo.[26]  The record supports that Martinez-Malo was aware of the Louisiana litigation prior to the suit being filed in Florida.  Although Oceana Seafood named several other entities and individuals as defendants in the Florida litigation, as Judge Martinez recognized and the Fifth Circuit has held, the first to file rule does not require that the parties be identical if there is substantial overlap in the cases.[27]

The Court further agrees with Judge Martinez that there is substantial overlap in the subject matter of the Florida and Louisiana litigations.  Oceana Seafood readily admits that, "There is no question there is 'substantial overlap' between the

---

[24] *See generally*, R. Doc. 65.
[25] R. Doc. 74 at pp. 7-8.
[26] R. Doc. 1; R. Doc. 1-1 at ¶¶ 3, 5, 10.
[27] *See*, R. Doc. 32 at pp. 5-6 in the *Oceana Seafood* case; *Save Power Ltd.*, 121 F.3d at 950 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).

intellectual property claims Oceana Seafood and Louisiana Newpack assert concerning the OCEANA brand."[28] Although Oceana Seafood contends that the overlap is only between the Florida litigation and Louisiana Newpack's subsequently-filed Amended Complaint, the Court rejects that argument in favor of Judge Martinez's view that the substantial overlap is between the Florida litigation and Louisiana Newpack's original state court Petition. As Judge Martinez pointed out, the dispute between Louisiana Newpack and Oceana Seafood regarding ownership of the OCEANA trademark depends on whether, under the Joint Venture Agreement, the joint venture owns the mark or Oceana Seafood owns the mark. The Court agrees with Judge Martinez that this Court will need to consider the various rights and responsibilities of the parties to the Joint Venture Agreement in determining who owns the OCEANA trademark.[29] Thus, like Judge Martinez, this Court rejects Oceana Seafood's bold assertion that "the joint venture agreement upon which the original petition is based is irrelevant to the ownership of the OCEANA brand," and further rejects Oceana Seafood's assertion that, "Louisiana Newpack's original petition asserting claims arising out of the JVA does not 'substantially overlap' Oceana Seafood's lawsuit claiming Louisiana Newpack's wrongful use of the OCEANA brand, as is required for Louisiana Newpack's original petition to be considered the 'first-filed' case."[30]

---

[28] R. Doc. 65-1 at p. 7.
[29] *See*, R. Doc. 32 at p. 5 in the *Oceana Seafood* case.
[30] R. Doc. 65-1 at p. 11; *See*, R. Doc. 32 at p. 5 in the *Oceana Seafood* case.

Although Oceana Seafood complains that neither this Court nor the Southern District of Florida "should entertain Louisiana Newpack's gamesmanship,"[31] the Court will not tolerate gamesmanship from any party, including Oceana Seafood. The Court previously mentioned during an August 3, 2020 telephone status conference that it was deeply troubled by the gamesmanship demonstrated by ***both*** Louisiana Newpack and Oceana Seafood in this case and in the Florida litigation. Additionally, while Oceana Seafood complains that Louisiana Newpack has presented a "gross oversimplification of the claims and issues raised in the two separate matters," the Court finds that it is Oceana Seafood who has presented this Court with a gross oversimplification of the claims and issues in the two cases in an attempt to avoid litigating its trademark claims in Louisiana. As previously mentioned, Oceana Seafood was not candid about the relationship between Indigo, Oceana Seafood and Martinez-Malo in its Motion to Dismiss, and only acknowledged the relationship in response to arguments raised by Louisiana Newpack. The Court finds Oceana Seafood's actions suspect in light of the fact that Louisiana Newpack alleged in its Amended Complaint, filed three months before the instant Motion to Dismiss, that Martinez-Malo formed Indigo and Oceana Seafood.[32]

Because the rights and responsibilities of the parties to the Joint Venture Agreement form the basis of the Louisiana Newpack's state court Petition, which was filed over three months before Oceana Seafood initiated the Florida litigation, the Court finds that the Louisiana litigation was filed first under the Fifth Circuit's first

---

[31] R. Doc. 65-1 at p. 5.
[32] R. Doc. 29 at ¶¶ 6, 11, 31

to file rule. As such, this Court is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.[33] The Court finds that Oceana Seafood's trademark claims asserted in the Florida litigation should be litigated in the Eastern District of Louisiana. Accordingly, Oceana Seafood's Motion to Dismiss For Improper Venue, or Alternatively, Motion to Transfer is denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Oceana Seafood Products, LLC's Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer[34] is **DENIED.**

New Orleans, Louisiana, February 23, 2021.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[33] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted).
[34] R. Doc. 65.