## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is Third-Party Defendants' Motion to Dismiss Third-Party Demand, filed by Ocean Feast of China, Ltd., Indigo Seafood Partners, Inc., and Arthur Zeng.[1] Louisiana Newpack Shrimp, Inc. opposes the Motion,[2] and movants have filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This consolidated matter arises from a failed joint venture between Louisiana Newpack Shrimp, Inc. ("Louisiana Newpack"), Ocean Feast of China, Ltd. ("Ocean

---

[1] R. Doc. 85.  Unless otherwise specified, all footnotes refer to the docket of the master file, 19-cv-12948.
[2] R. Doc. 87.
[3] R. Doc. 91.

Feast") and Indigo Seafood Partners, Inc. ("Indigo"), that operated between 2017 and 2019.  On June 17, 2017, Louisiana Newpack, Ocean Feast and Indigo executed a Joint Venture Agreement, effective March 15, 2017, to purchase, import and sell seafood products from international seafood manufacturers.[4]  Edward Lee ("Lee") signed the Joint Venture Agreement as the legal representative of Louisiana Newpack, Arthur Zeng ("Zeng") signed as the legal representative of Ocean Feast, and Jeffrey G. Martinez-Malo ("Martinez-Malo") signed as the legal representative of Indigo.[5]  Under the terms of the Joint Venture Agreement, Louisiana Newpack served as the financier, Ocean Feast handled procurement and quality control, and Indigo was responsible for sales and marketing.[6]

On or about September 24, 2019, Louisiana Newpack filed a Petition for Declaratory Judgment, Suit on Open Account and Damages in Louisiana state court, asserting eleven causes of action against Ocean Feast, Indigo, Zeng and Martinez-Malo (hereafter, the *Louisiana Newpack case*).[7]  Most of the claims stem from Louisiana Newpack's allegation that Indigo and Ocean Feast breached the Joint Venture Agreement and their fiduciary duties owed to the joint venture by procuring, marketing and selling seafood product outside of the joint venture, despite agreeing orally and in writing to the exclusive nature of the joint venture.[8]  As an example, Louisiana Newpack alleges that Ocean Feast and Indigo conspired to import and sell

---

[4] R. Doc. 1-1 at p. 3; R. Doc. 29 at pp. 3-4; R. Doc. 29-1.
[5] R. Doc. 29-1 at p. 5.
[6] *Id.* at p. 1.
[7] R. Doc. 1-1.
[8] *Id.* at pp. 3-13.

product from Longhai Desheng Seafood Stuff Co., Ltd. (hereafter, "Longhai"), which is one of the joint venture's largest suppliers of crabmeat.[9]  On October 3, 2019, Zeng, Martinez-Malo, Indigo and Ocean Feast removed the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.[10]  On March 26, 2020, the Court granted Louisiana Newpack leave to file its First Amended Complaint for Declaratory Judgment, Suit on Open Account, and Damages (the "Amended Complaint"), which asserts 14 causes of action against Zeng, Martinez-Malo, Ocean Feast, Indigo and Oceana Seafood Products, LLC.[11]

On March 6, 2020, Longhai filed a Complaint for Breach of Contract and Claim on Open Account in this Court against Louisiana Newpack and Lee, seeking to recover an outstanding balance of $998,188.03 allegedly owed by Louisiana Newpack for three lots of crabmeat that it purchased from Longhai in November and December of 2018 (hereafter, the "*Longhai* case").[12]  On April 20, 2020, Louisiana Newpack and Lee filed a Motion to Consolidate the two cases.[13]  The Court granted the motion, and the cases were consolidated on May 29, 2020.[14]

On May 26, 2020, before the cases were consolidated, Louisiana Newpack filed a Third-Party Demand against Indigo, Ocean Feast and Zeng (collectively, "Third-Party Defendants") in the *Longhai* case, asserting that any debt sought by Longhai

---

[9] *Id*. at pp. 4-5.
[10] R. Doc. 1.
[11] R. Docs. 22 & 29.
[12] R. Doc. 1 in Civ. A. No. 20-782-WBV-KWR, *Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp Company, Inc., et al*.
[13] R. Doc. 16 in the *Longhai* case.
[14] R. Doc. 36 in the *Longhai* case; R. Doc. 54.

is owed by Ocean Feast, Indigo, and/or Zeng.[15]  Louisiana Newpack asserts three claims against Ocean Feat, Indigo and Zeng.  In Count One, Louisiana Newpack asserts a conspiracy claim against Longhai, Indigo and Ocean Feast, claiming that the three entities conspired "with specific and malicious intent to procure, sell, and resell OCEANA branded product separate and apart from the Joint Venture, effectively cutting out Louisiana Newpack."[16]  By way of example, Louisiana Newpack asserts that on or around May 1, 2019 and on or around August 24, 2019, Longhai shipped crabmeat to Indigo,[17] and that Longhai knew this additional OCEANA product was not being sold or shipped to the joint venture.[18]  In Count Three of the Third-Party Demand, Louisiana Newpack alleges that Ocean Feast or Zeng is liable for any alleged debts owed to Longhai because Louisiana Newpack did not place any orders with Longhai, issue any purchase orders, or otherwise contract with Longhai, and any such orders were placed by Zeng on behalf of Ocean Feast or in his individual capacity.[19]  In Count Four of the Third-Party Demand, Louisiana Newpack alleges, in the alternative, that to the extent any amounts are owed to Longhai, they constitute debts of the joint venture and Ocean Feast and Indigo are obligated to share equally in any losses incurred by the joint venture under Louisiana Civil Code article 2804.[20]

---

[15] R. Doc. 34 in the *Longhai* case.
[16] *Id*. at ¶ 45.
[17] *Id*. at ¶¶ 50-51 (*citing* R. Doc. 34-2).
[18] R. Doc. 34 at ¶ 52 in the *Longhai* case.
[19] *Id*. at ¶¶ 70-75.
[20] *Id*. at ¶¶ 76-90.  Although Louisiana Newpack cites Louisiana Code of Civil Procedure article 2804, this is likely an error, as the quoted text is from Louisiana Civil Code article 2804.

On August 17, 2020, Third-Party Defendants filed the instant Motion to Dismiss, seeking to dismiss Louisiana Newpack's Third-Party Demand for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [21]   Third-Party Defendants claim that Louisiana Newpack asserts the same deficient causes of action in its Third-Party Demand that it asserted against Third-Party Defendants in the *Louisiana Newpack* case, which Third-Party Defendants previously moved to dismiss.[22]  Third-Party Defendants contend that there is no question that Louisiana Newpack bought the crabmeat at issue and owes the debt to Longhai, as the purchase orders were issued on Louisiana Newpack's letterhead, the invoices were addressed to Louisiana Newpack, Louisiana Newpack paid $370,600.00 toward the debt, and Lee, Louisiana Newpack's President, acknowledged in writing Louisiana Newpack's responsibility for the debt.[23]  Third-Party Defendants assert that after being sued by Longhai for the remaining balance of $998,188.03, Louisiana Newpack filed a Third-Party Demand seeking to pass the debt onto the joint venturers.  Louisiana Newpack opposes the Motion, asserting that it has alleged sufficient facts that, if accepted as true, establish viable third-party claims that are plausible on their face.[24]  In their Reply brief, Third-Party Defendants maintain that the third-party claims must be dismissed.[25]

---

[21] R. Doc. 85.

[22] *Id*. at p. 1 (*citing* R. Doc. 33).  On February 9, 2021, the Court issued an Order and Reasons, granting in part and denying in part the motion to dismiss previously filed in the *Louisiana Newpack* case.  (R. Doc. 129).

[23] R. Doc. 85-1 at pp. 1-2 (*citing* R. Docs. 30 at ¶ 10, 30-1, 30-2, 30-3, 30-4, 30-9 in the *Longhai* case).

[24] R. Doc. 87.

[25] R. Doc. 91.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[26]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[29]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[30]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. [31] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[32] Nonetheless, the Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6)

---

[26] Fed. R. Civ. P. 12(b)(6).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[28] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[29] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[30] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[31] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

[32] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

is generally disfavored and is rarely granted.[33]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[34]  The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[35]

### III.    ANALYSIS

### A. Louisiana Newpack's Conspiracy Claim

In Count One of the Third-Party Demand, Louisiana Newpack alleges that Longhai, Ocean Feast and Indigo conspired with specific and malicious intent to procure, market and sell product outside of the joint venture and under the OCEANA brand without the knowledge or consent of Louisiana Newpack or the joint venture, effectively cutting Louisiana Newpack out.[36]  Third-Party Defendants assert that Count One is identical to the conspiracy claim asserted by Louisiana Newpack against them and other defendants in the *Louisiana Newpack* case and should be dismissed for the same reasons set forth in their motion to dismiss filed in that case.[37] Adopting the arguments asserted in their prior motion to dismiss, Third-Party Defendants maintain that conspiracy, by itself, is not actionable under Louisiana law,

---

[33] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

[34] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[35] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004).

[36] R. Doc. 34 at ¶¶ 41-56 in the *Longhai* case.

[37] R. Doc. 85-1 at p. 9 (*citing* R. Doc. 33).

and that the alleged acts underlying Louisiana Newpack's conspiracy claim – selling product outside of the joint venture – do not give rise to any liability.[38] Third-Party Defendants maintain that the conspiracy claim rests on a false premise that the Joint Venture Agreement contains an exclusivity or non-compete obligation.  Because the Joint Venture Agreement contains no such exclusivity provision, Third-Party Defendants assert that they were free to sell product outside of the joint venture and, therefore, could not breach any contractual or fiduciary duty by doing so.[39] Third-Party Defendants further assert that the two shipments of crabmeat that Louisiana Newpack claims were made outside of the joint venture were made only to mitigate the harm caused by Louisiana Newpack's failure to pay Longhai because "it allowed Indigo to sell those containers on a consignment basis because Longhai could not collect any payment from Louisiana Newpack."[40]

Louisiana Newpack, likewise adopting the arguments made in its opposition brief to the motion to dismiss filed in the *Louisiana Newpack* case, argues that its conspiracy claim is not premised on an exclusivity provision in the Joint Venture Agreement, and that it has alleged sufficient facts to state a plausible claim that Third-Party Defendants conspired to violate the Joint Venture Agreement and their obligations under Louisiana law.[41] Louisiana Newpack asserts that under Louisiana law, joint venturers owe fiduciary obligations of loyalty, good faith, fairness and

---

[38] R. Doc. 85-1 at p. 9.
[39] R. Doc. 85-1 at pp. 9-10.
[40] *Id.* at p. 11.
[41] R. Doc. 87 at pp. 2, 9.

honesty and that these obligations, by their very nature, create exclusivity.[42] Louisiana Newpack maintains that it has alleged sufficient facts that, if accepted as true, establish plausible claims that Third-Party Defendants acted in a manner that was prejudicial to the joint venture and breached obligations of loyalty, good faith, fairness and honesty.[43]   Louisiana Newpack claims that Third-Party Defendants secretly leveraged the joint venture and the relationships formed as a result thereof to acquire and sell product independently for their own mutual benefit, leaving Louisiana Newpack and the joint venture with a substantial amount of inventory that should have been sold first.[44]

In response, Third-Party Defendants assert that Louisiana Newpack's conspiracy claim fails because neither the Joint Venture Agreement nor the law imposes an exclusivity requirement, and the fiduciary duty owed among joint venturers does not equate to an exclusivity or non-compete obligation.[45]  Third-Party Defendants contend that Louisiana Newpack's allegations that there is an unidentified "oral agreement of the parties and concrete documentary evidence" demonstrating an exclusivity requirement are conclusory and insufficient to state a plausible claim for relief.[46]  Third-Party Defendants also point out that Louisiana Newpack's examples of acts constituting the alleged conspiracy – Longhai shipping crabmeat to Indigo in May and August of 2019 – do not concern the same crabmeat

---

[42] *Id.* at p. 10 (citing *Crignac v. Barranco*, 14-1578, p.10 (La. App. 1 Cir. 9/10/15), 182 So.3d 88, 95).
[43] R. Doc. 87 at p. 11.
[44] *Id.*
[45] R. Doc. 91 at p. 2.
[46] *Id.* at pp. 3-4.

for which Louisiana Newpack failed to pay Longhai, which was ordered by Louisiana Newpack in November and December of 2018.[47]  Third-Party Defendants argue that the crabmeat they purportedly sold outside of the joint venture has no bearing on the debt Louisiana Newpack owes to Longhai for the previously-ordered crabmeat.[48]  As such, Defendants maintain that the conspiracy claim should be dismissed.

As an initial matter, the Court finds that, in determining whether to grant Third-Party Defendants' Motion to Dismiss, the Court can consider matters outside of the pleadings, including the November and December 2018 invoices and purchase orders, Lee's July 11, 2019 letter, and the Joint Venture Agreement, because they were attached as exhibits to, and referenced in, Longhai's Amended Complaint and Louisiana Newpack's Third-Party Demand, and they are central to the parties' claims.[49]  The Court agrees with Third-Party Defendants that Louisiana Newpack's conspiracy claim in its Third-Party Demand is nearly identical to the conspiracy claim asserted by Louisiana Newpack against the defendants in the *Louisiana Newpack* case.[50]  On February 9, 2021, the Court issued an Order and Reasons, granting in part and denying in part the motion to dismiss referenced by Third-Party Defendants, and dismissing with prejudice Louisiana Newpack's conspiracy claim asserted in the *Louisiana Newpack* case.[51]  For the same reasons set forth in the Court's February 9, 2021 Order, the Court finds that Count One of the Third-Party

---

[47] *Id*. at p. 4.
[48] *Id*. at p. 5.
[49] *See*, R. Docs. 30 through 30-4, 30-6, 34 & 34-1 in the *Longhai* case.  *See*, *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[50] *See*, R. Doc. 29 at ¶¶ 149-155.
[51] R. Doc. 129, specifically pp. 53-57 relative to Count Fourteen.

Demand fails to state a plausible conspiracy claim against Third-Party Defendants and must be dismissed.

Louisiana Civil Code article 2324 provides that anyone who "conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."[52]  Nonetheless, "the Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law."[53]  Instead, it is "the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part" that constitutes the actionable element of a conspiracy claim.[54]  Thus, a conspiracy claim requires a plaintiff to allege, and prove, the existence of an agreement to commit an illegal or tortious act, which was actually committed, that resulted in the plaintiff's injury, and an agreement as to the intended outcome or result.[55]

The only intentional conduct alleged in Count One of the Third-Party Demand is that Longhai, Indigo and Ocean Feast acted with "specific and malicious intent" to procure, import and sell OCEANA product outside of the joint venture and without Louisiana Newpack's knowledge or consent.[56]  These alleged actions by Indigo and Ocean Feast, however, are not illegal or tortious.  This Court has already determined that the Joint Venture Agreement does not contain an exclusivity provision, and has

---

[52] La. Civ. Code art. 2324(A).

[53] *Crutcher-Tufts Resources, Inc. v. Tufts*, 07-1556, p.3 (La App. 4 Cir. 9/17/08), 992 So.2d 1091, 1094 (citing *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546).

[54] *Ross*, 2002-0299 at p.8, 828 So.2d at 552 (quoting *Butz v. Lynch*, 97-2166, p.6 (La. App. 1 Cir. 4/8/98), 710 So.2d 1171, 1174) (internal quotation marks omitted).

[55] *Crutcher-Tufts Resources, Inc.*, 07-1556 at pp. 3-4, 992 So.2d at 1094 (citing *Butz*, 97-2166, 710 So.2d at 1174).

[56] R. Doc. 34 at ¶ 45 in the *Longhai* case.

rejected Louisiana Newpack's assertion that the fiduciary obligations of the joint venturers, by their very nature, create exclusivity.[57]  The Court has also rejected Louisiana Newpack's assertion that, "the Joint Venture partners agreed both orally and in writing as to the exclusive nature of the Joint Venture, specifically agreeing that no side deals, 'commissions or kickbacks' would take place," and that, "This factual allegation is supported by oral agreement of the parties and concrete, documentary evidence that the Third-Party Defendants agreed not to engage in side dealing or accept commissions or kickbacks."[58]  No such concrete, documentary evidence has been provided to the Court, either in the Third-Party Demand or in Louisiana Newpack's Opposition brief, and Louisiana Newpack fails to attribute the quoted language to any source.  Thus, to the extent Louisiana Newpack alleges that Indigo and Ocean Feast "conspired to commit the unlawful acts,"[59] namely procuring and selling product outside of the joint venture, such allegations are insufficient to state a plausible conspiracy claim against Indigo and Ocean Feast under La. Civ. Code art. 2324.  Accordingly, the Motion to Dismiss is granted with respect to Count One, and Louisiana Newpack's conspiracy claim is dismissed as to Indigo and Ocean Feast.

---

[57] R. Doc. 129 at pp. 11-13.
[58] R. Doc. 34 at ¶ 13 in the *Longhai* case; R. Doc. 87 at p. 12.  *See*, R. Doc. 129 at pp. 12-13.
[59] R. Doc. 34 at ¶ 54 in the *Longhai* case.

### B. Louisiana Newpack's Claim That Ocean Feast or Zeng Is Liable for Any Alleged Debts Owed to Longhai.[60]

In Count Three of the Third-Party Demand, Louisiana Newpack asserts that Zeng or Ocean Feast are liable for the debt claimed by Longhai because it was Zeng, acting on his own behalf or on behalf of Ocean Feast, who ordered the crabmeat at issue.[61]  Third-Party Defendants assert that neither Ocean Feast nor Zeng are responsible for any debts owed to Longhai, and that Louisiana Newpack's conclusory allegations in Count Three must be dismissed.[62]  Third-Party Defendants argue that Louisiana Newpack's allegations are rebutted by uncontroverted documents attached to the pleadings filed in this consolidated matter, which show that Louisiana Newpack was contractually obligated to pay Longhai and admitted in writing that it owes the debt to Longhai.[63]  Third-Party Defendants note that the Court can consider these documents – the Joint Venture Agreement and a letter authored by Lee – on a Rule 12(b)(6) motion to dismiss because they are central to the parties' claims and were attached to the Complaint in the *Longhai* case and the Amended Complaint filed in the *Louisiana Newpack* case.[64]

---

[60] In Count Two of the Third-Party Demand, entitled "Negligence and Tortious Interference With Contract," Louisiana Newpack alleges that, "Longhai tortuously [sic] interfered with the Joint Venture Agreement when it sold OCEANA branded product directly to Indigo, bypassing the Joint Venture so as to increase its own profits." (R. Doc. 34 at ¶ 62 in the *Longhai* case).  Although Louisiana Newpack alleges in the final paragraph of Count Two that, "Under Louisiana Civil Code article 2315, Longhai, Ocean Feast, and Indigo are liable to Louisiana Newpack for damages" (*Id*. at ¶ 69), Louisiana Newpack does not allege that Indigo or Ocean Feast tortiously interfered with the Joint Venture Agreement.  As such, the Court construes Count Two as part of Louisiana Newpack's counterclaim against Longhai, since Louisiana Newpack combined its counterclaim and third-party demand in its Answer.  (*Id*. at pp. 6-18).

[61] R. Doc. 34 at ¶¶ 70-75 in the *Longhai* case.

[62] R. Doc. 85-1 at p. 11.

[63] *Id*. at pp. 11-12 (*citing* R. Doc. 1 &  R. Doc. 34 at ¶ 75 in the *Longhai* case; R. Doc. 29-1).

[64] R. Doc. 85-1 at p. 12, n.6 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); R. Doc. 1-9 in the *Longhai* case; R. Doc. 29-1).

Third-Party Defendants point out that the purchase orders for the crabmeat are on Louisiana Newpack's letterhead, Longhai addressed its invoices to Louisiana Newpack, neither Ocean Feast nor Zeng are identified in those documents, and Louisiana Newpack has already paid $370,600.00 toward the outstanding debt.[65] Third-Party Defendants also note that Louisiana Newpack's owner, Lee, confessed in a July 11, 2019 letter that the nonpayment to Longhai was his "mistake," that he was "responsible" for the debt, and that he wanted to "assure [Longhai] that [it] will be fully paid."[66] Third-Party Defendants claim that Lee's admissions are unsurprising, since it was Louisiana Newpack's obligation to finance the joint venture and pay suppliers pursuant to the Joint Venture Agreement.[67] Third-Party Defendants further assert that Louisiana Newpack's attempt to hold Zeng personally liable for the outstanding debt is especially specious because Zeng is an employee, not a principal, of Ocean Feast, and because Louisiana Newpack has failed to allege sufficient facts to pierce the corporate veil and hold Zeng personally liable for the acts of Ocean Feast.[68]

Relying upon the allegations contained in Count Three of the Third-Party Demand, Louisiana Newpack maintains that it has stated a plausible claim against Zeng and Ocean Feast because it has no privity of contract with Longhai, since any orders were placed by Zeng on behalf of Ocean Feast or in his individual capacity.[69]

---

[65] R. Doc. 85-1 at p. 12 (*citing* R. Docs. 30-1, 30-2, 30-3, 30-4 & 30 in the *Longhai* case).
[66] R. Doc. 85-1 at p. 12 (*citing* R. Doc. 30-9 in the *Longhai* case).
[67] R. Doc. 85-1 at p. 12 (*citing* R. Doc. 29-1 in the *Longhai* case).
[68] R. Doc. 85-1 at pp. 13-14 (citing *Riggins v. Dixie Shoring Co.*, 590 So.2d 1164, 1167 (La. 1991)).
[69] R. Doc. 87 at p. 13.

Louisiana Newpack maintains that it did not place any orders with Longhai and that neither Zeng nor Ocean Feast were authorized to contract with Longhai on Louisiana Newpack's behalf.  Louisiana Newpack argues that these allegations are sufficient to state a claim against Zeng and Ocean Feast.  Louisiana Newpack further asserts that the July 11, 2019 letter from Lee "does not alter the calculus before the Court at the Rule 12(b)(6) stage," and does not establish that Louisiana Newpack's claims against Ocean Feast and Zeng are not plausible on their face.[70]  Louisiana Newpack also claims that it is not asserting a veil-piercing claim against Zeng, and that Zeng was named in his individual capacity because Louisiana Newpack was not privy to the communications between Zeng and Longhai and cannot ascertain whether Zeng was acting on behalf of himself or Ocean Feast.[71]

In response, Third-Party Defendants assert that Louisiana Newpack's conclusory statement that there is no privity of contract between itself and Longhai ignores the overwhelming, uncontroverted documentary evidence to the contrary and fails to show that Ocean Feast or Zeng have privity with Longhai or are otherwise indebted to Longhai for the crabmeat Louisiana Newpack purchased.[72]  Although Louisiana Newpack "baldly argues" that it did not approve the purchase orders at issue, Third-Party Defendants assert that they are similar to earlier invoices and purchase orders that Louisiana Newpack always and historically paid on behalf of the joint venture.[73]  Although Ocean Feast is responsible for "procurement" and

---

[70] *Id*. at p. 14.
[71] *Id*. at p. 3, n.5.
[72] R. Doc. 91 at p. 5 (*citing* R. Doc. 29 at ¶ 24).
[73] R. Doc. 91 at p. 6.

"quality control" under the Joint Venture Agreement, Third-Party Defendants contend that role does not include paying suppliers, and that Ocean Fast has never held that responsibility, or done so, for the joint venture.[74]  Third-Party Defendants note that there are no factual allegations or evidence showing that Louisiana Newpack objected to paying any of the invoices it received in November and December of 2018 or that Louisiana Newpack did not consent to the purchase of the crabmeat at issue.[75]  They contend that the invoices and purchase orders are also consistent with Lee's July 11, 2019 letter to Longhai acknowledging Louisiana Newpack's debt.[76]  Third-Party Defendants note that the letter does not mention Ocean Feast or Zeng, and constitutes uncontroverted evidence that Louisiana Newpack is liable to Longhai.

The Court agrees with Third-Party Defendants that Count Three of the Third-Party Demand contains only a conclusory statement that any orders with Longhai were placed by Zeng on behalf of himself or Ocean Feast, without any factual support to substantiate the allegation.  According to the Fifth Circuit, this Court is not bound to accept as true conclusory allegations in the Rule 12(b)(6) context.[77]  Moreover, in addition to being conclusory, Louisiana Newpack's allegations in Count Three are contrary to, and rebutted by, the documentary evidence before the Court, namely the November and December 2018 invoices and purchase orders and Lee's July 11, 2019

---

[74] *Id.* at p. 7.
[75] *Id.* at p. 6 (*citing* R. Docs. 30-1, 30-2, 30-3, 30-4, 30-9 in the *Longhai* case); R. Doc. 91 at p. 7.
[76] R. Doc. 91 at p. 6.
[77] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

letter to Longhai. As Third-Party Defendants point out, the purchase orders are on Louisiana Newpack's letterhead, the invoices are addressed to Louisiana Newpack, and none of these documents reference Zeng or Ocean Feast. Although Louisiana Newpack alleges that Zeng ordered the crabmeat at issue, Louisiana Newpack does not address, in either Count Three of the Third-Party Demand or its Opposition brief, the fact that the purchase orders for the crabmeat are on Louisiana Newpack's letterhead. In its recitation of the facts in the Third-Party Demand, Louisiana Newpack alleges that, "[U]pon information and belief, Arthur Zeng placed certain orders with Longhai in late 2018. Upon information and belief, **_Arthur Zeng_** generated purchase orders and then sought financing for those orders from Louisiana Newpack."[78] The Court finds these conclusory statements, asserted without any factual support, are insufficient to state a plausible claim that Zeng ordered the crabmeat at issue on behalf of himself or Ocean Feast. The Court also finds that the November and December 2018 purchase orders and invoices contradict Louisiana Newpack's assertion that it lacks privity with Longhai.

The Court finds that Lee's July 11, 2019 letter further contradicts Louisiana Newpack's assertion that it lacks privity with Longhai. In the letter, Lee writes, "I want you to know that it is my mistake and I am responsible. I want to assure you that you will be fully paid. I did not fully supervise my business as I should and because of this, you are hurt and I sincerely apologize for it."[79] Lee further writes, "My bank called my loan as 'not in compliance' with loan agreement. . . . Due to this

---

[78] R. Doc. 34 at ¶¶ 26-27 in the _Longhai_ case (emphasis in original).

[79] R. Doc. 30-6 at p. 1 in the _Longhai_ case.

situation, I have put in my personal money to satisfy the bank, but it is not enough."[80]
Lee signed the letter in his capacity as President of Louisiana Newpack.[81]  Although
the letter does not specify the amount of or the basis for the debt owed to Longhai,
the language in the letter indicates that Louisiana Newpack is responsible for paying
the outstanding amount owed to Longhai.  Louisiana Newpack failed to address the
letter or the substance of Third-Party Defendants' arguments regarding the impact
of the letter in its Opposition brief.  Instead, Louisiana Newpack merely asserts that
the letter does not change the fact that it has alleged sufficient facts to state a
plausible claim against Third-Party Defendants for the outstanding debt.  The Court
disagrees, as the letter contradicts Louisiana Newpack's assertion that it lacks privity
with Longhai.

Moreover, as Third-Party Defendants point out, Louisiana Newpack paid a
portion of the outstanding debt owed to Longhai.  Specifically, Longhai has alleged
that it demanded payment from Louisiana Newpack for the November and December
2018 purchase orders, totaling $1,368,788.03, and that Louisiana Newpack paid
$370,600.00 toward the debt.[82]  In its Answer, Louisiana Newpack denies these
allegations "for lack of sufficient information to justify a belief therein."[83]  However,
in its Opposition brief, Louisiana Newpack does not dispute that it paid a portion of
the debt, nor does it address why it made partial payments of a debt that it now
claims it does not owe to Longhai.  The Court finds these partial payments contradict

---

[80] *Id.*
[81] *Id.* at p. 2.
[82] R. Doc. 30 at ¶¶ 1-9 in the *Longhai* case.
[83] R. Doc. 34 at ¶¶ 8-9 in the *Longhai* case.

Louisiana Newpack's allegations in Count Three, and support Third-Party Defendants' assertion that the outstanding debt owed to Longhai is the responsibility of Louisiana Newpack.  Louisiana Newpack has failed to offer any evidence or facts to dispute that assertion.  Thus, even viewing the facts alleged in the Third-Party Demand in the light most favorable to Louisiana Newpack, as the Court is required to do, Count Three fails to state a plausible claim against Zeng or Ocean Feast for the outstanding debt owed to Longhai.  Accordingly, Count Three of the Third-Party Demand must be dismissed.

### C. Louisiana Newpack's Alternative Argument that Ocean Feast and Indigo are Liable for Any Debts Owed to Longhai.

In Count Four of the Third-Party Demand, Louisiana Newpack alleges, alternatively, that to the extent any amount is owed to Longhai, it is a debt of the joint venture and that Ocean Feast and Indigo must share in the joint venture's losses under Louisiana law.[84]  Third-Party Defendants assert that Count Four should be dismissed because neither the law, the facts alleged, nor the terms of the Joint Venture Agreement support Louisiana Newpack's allegations.[85]  While Third-Party Defendants do not contest Louisiana Newpack's assertion that Longhai shipped crabmeat to Indigo in May and August of 2019, Third-Party Defendants argue that the crabmeat is not the same crabmeat for which Longhai claims it has not been paid, which was purchased and shipped in late 2018.[86]  Third-Party Defendants contend that, consistent with the parties' obligations under the Joint Venture Agreement,

---

[84] R. Doc. 34 at ¶¶ 83-84 in the *Longhai* matter.
[85] R. Doc. 85-1 at p. 14.
[86] *Id*.

Louisiana Newpack has historically purchased and paid for multiple lots of crabmeat from Longhai for the joint venture, and that Louisiana Newpack even paid Longhai $370,600.00 for the crabmeat at issue.[87]

Third-Party Defendants further argue that Louisiana Newpack's allegations in Count Four conflate the joint venture's losses with the debt Louisiana Newpack owes to Longhai. Third-Party Defendants point out that the debt owed to Longhai is not a "loss" of the joint venture – it is a debt owed to a supplier for which the Joint Venture Agreement makes Louisiana Newpack responsible. [88] Third-Party Defendants claim that losses of the joint venture are determined by liquidating all of the joint venture's assets and settling all of the debts. Because Louisiana Newpack asserts that there is a "significant" amount of crabmeat in inventory, Third-Party Defendants claim there are insufficient facts alleged to show that the joint venture's debts exceed the value of its assets in inventory, thus creating losses for which Ocean Feast and Indigo could be liable.[89] Third-Party Defendants assert that the amount of such losses, if any, is completely unknown without a liquidation and an accurate accounting. As such, Third-Party Defendants claim that Louisiana Newpack's claim is, at best, premature. Nonetheless, Third-Party Defendants maintain that the debt owed to Longhai is not a loss of the joint venture that should be shared among its members, and that Louisiana Newpack should be solely responsible for paying the debt under the terms of the Joint Venture Agreement.

---

[87] *Id*. at p. 15 (*citing* R. Doc. 1 at ¶¶ 6-7 in the *Longhai* case).
[88] R. Doc. 85-1 at p. 15.
[89] R. Doc. 85-1 at p. 15.

Louisiana Newpack maintains that because the Joint Venture Agreement states that the joint venture's net profits are to be divided equally between Indigo and Ocean Feast and is silent as to their apportionment of the losses, they must also share equally in the joint venture's losses under La. Civ. Code art. 2804, including the outstanding debt owed to Longhai.[90]  Louisiana Newpack contends that Ocean Feast and Indigo cite no law to support their position that they are not liable for any debts because debts are not synonymous with losses, and that their speculative argument is insufficient to warrant dismissal at the Rule 12(b)(6) stage and contradicts the Joint Venture Agreement.[91]  Louisiana Newpack argues that Third-Party Defendants' suggestion that it had an obligation to provide unlimited amounts of money as the financier is absurd, as is the notion that Louisiana Newpack is solely responsible for the debt owed to Longhai.

In response, Third-Party Defendants assert that Louisiana Newpack fails to explain how the money owed to Longhai is a loss of the joint venture, rather than a debt owed to a supplier.[92]  Third-Party Defendants argue that Louisiana Newpack's obligation to pay suppliers like Longhai is not absurd because the Joint Venture Agreement provides that Louisiana Newpack is the financier of the joint venture and responsible for paying crabmeat suppliers.  Third-Party Defendants claim the parties operated under this framework for nearly two years until Louisiana Newpack failed

---

[90] R. Doc. 87 at pp. 14-15.
[91] *Id*. at p. 15 (citing *Arcement Boat Rentals v. Good*, 2001-1860 (La. App. 4 Cir. 5/29/02), 820 So.2d 615).
[92] R. Doc. 91 at p. 8.

to pay for the crabmeat ordered in November and December 2018.[93]  Third-Party Defendants claim the only absurdity is Louisiana Newpack's attempt to foist its debt upon them in the face of uncontested documentary evidence, the joint venture's historical operations, under which Louisiana Newpack always paid suppliers, and Louisiana Newpack's President's acknowledgment of the debt and assurances that he/Louisiana Newpack would pay it.[94]

The Court agrees with Third-Party Defendants that Count Four of the Third-Party Demand fails to allege sufficient facts to state a plausible claim for recovery against Ocean Feast and Indigo.  According to the Louisiana Supreme Court, joint ventures are generally governed by partnership law.[95]  "Louisiana partnership law provides that each partner participates equally in profits, commercial benefits and losses of the partnership, unless the partners have agreed otherwise."[96]  As Louisiana Newpack points out, Louisiana law further provides that:

> If a partnership agreement establishes the extent of participation by partners in only one category of either profits, commercial benefits, losses, or the distribution of assets other than capital contributions, partners participate to that extent in each category unless the agreement itself or the nature of the participation indicates the partners intended otherwise.[97]

The parties agree that the Joint Venture Agreement specifies that Indigo and Ocean Feast will share the net profits equally, but is silent regarding the apportionment of

---

[93] *Id*. at p. 9.

[94] *Id*.

[95] *Tedeton v. Tedeton*, 46,901 (La. 2/8/12), 87 So.3d 914, 924; *Riddle v. Simmons*, 40,000 (La. App. 2 Cir. 2/16/06), 922 So.2d 1267; *Payne v. Forest River, Inc.*, Civ. A. No. 3:13-cv-679-JWD-RLB, 2015 WL 7013506, at *7 (M.D. La. Nov. 12, 2015) (citations omitted).

[96] *Dhaliwal v. Dhaliwal*, 48,034, p.16 (La. App. 2 Cir. 9/11/13), 124 So.3d 470, 480 (*citing* La. Code Civ. P. art. 2803); *Payne*, Civ. A. No. 3:13-cv-679-JWD-RLB, 2015 WL 7013506 at *6 (citations omitted).

[97] La. Civ. Code art. 2804.

the joint venture's losses.  The parties disagree, however, regarding whether the debt owed to Longhai constitutes "losses" of the joint venture.

The Court agrees with Third-Party Defendants that Louisiana Newpack has conflated the debt owed to Longhai with the joint venture's "losses."  Louisiana Newpack has failed to allege any factual support for its assertion that the debt owed to Longhai, one of the joint venture's crabmeat suppliers, constitutes a joint venture "loss" for which Ocean Feast and Indigo could potentially be liable.[98]  Moreover, although not addressed by the parties, the Joint Venture Agreement includes a sample "Joint Venture Pro-forma Profit and Loss" statement, which indicates that the costs of goods sold, along with other debts and expenses of the joint venture, is deducted from the net sales to calculate the joint venture's gross profits.[99]  This supports Third-Party Defendants' position that the amount owed to Longhai is a debt owed to a supplier for which the Joint Venture Agreement makes Louisiana Newpack responsible, and not a "loss" of the joint venture.[100]  Additionally, Louisiana Newpack alleges in its Third-Party Demand that the joint venture "has aging inventory in warehouses that continues to accrue costs and interest."[101]  Louisiana Newpack has not alleged any facts to demonstrate that the debt owed to Longhai, coupled with any other debts or expenses of the joint venture, exceeds the value of the joint venture's assets to create a "loss" for which the joint venturers may be responsible.[102]  The

[98] The Court does not address whether Ocean Feast and Indigo must share equally in the joint venture's losses under Louisiana law, as alleged by Louisiana Newpack.  That issue is not properly before the Court on a Rule 12(b)(6) motion to dismiss.
[99] R. Doc. 29-1 at pp. 2-3.
[100] R. Doc. 85-1 at p. 15.
[101] R. Doc. 34 at ¶ 39 in the *Longhai* matter.
[102] *See*, R. Doc. 91 at p. 8.

Court further finds that nothing in the Joint Venture Agreement makes Ocean Feast or Indigo responsible for paying suppliers.[103]  As such, the Court finds that Louisiana Newpack's allegations are insufficient to state a plausible claim for recovery against Ocean Feast and Indigo, and that Count Four of the Third-Party Demand must be dismissed.

### D. Leave to Amend.

The Court notes that neither in its Opposition brief nor in any other motion has Louisiana Newpack requested leave to amend the allegations in its Third-Party Demand to cure any deficiencies found by the Court.[104]  While the Court will "freely give leave [to amend] when justice so requires,"[105] leave to amend "is by no means automatic."[106]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[107]

The Court finds that Louisiana Newpack should be granted leave to amend its Third-Party Demand with respect to Counts Three and Four to address the deficiencies raised in the instant Motion.  The Court notes that Louisiana Newpack filed its Third-Party Demand on May 26, 2020, three days before the case was

---

[103] *See, generally*, R. Doc. 34-1 in the *Longhai* matter.
[104] *See, generally*, R. Doc. 34 in the *Longhai* case.
[105] Fed. R. Civ. P. 15(a).
[106] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[107] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

consolidated with the *Louisiana Newpack* case,[108] and that Third-Party Defendants filed the instant Motion to Dismiss on August 17, 2020.[109]  Although the Motion to Dismiss was filed over six months ago, the factors considered in determining whether to grant leave to amend weigh in Louisiana Newpack's favor.  There is no evidence before the Court to suggest undue delay, bad faith, or dilatory motive on Louisiana Newpack's part or that the amendment would be futile, would prejudice Third-Party Defendants or that Louisiana Newpack has repeatedly failed to cure the deficiencies at issue.  Thus, Louisiana Newpack shall have fourteen days from the date of this Order to amend its Third-Party Demand to cure the deficiencies in Counts Three and Four of the Third-Party Demand.

The Court further finds that the foregoing factors weigh against granting Louisiana Newpack leave to amend Count One of the Third-Party Demand.  As previously noted, the conspiracy claim alleged in Count One is nearly identical to the conspiracy claim that Louisiana Newpack alleged against the defendants in Count Fourteen of its Amended Complaint filed in the *Louisiana Newpack* case.[110]  For the same reasons set forth in the Court's February 9, 2021 Order and Reasons, wherein the Court dismissed with prejudice Louisiana Newpack's conspiracy claim without granting leave to amend, the Court finds that Louisiana Newpack has repeatedly failed to cure the deficiencies in its conspiracy claim and that allowing amendment would cause undue delay in this matter.  Accordingly, exercising the discretion

---

[108] R. Doc. 36 in the *Longhai* case.
[109] R. Doc. 85.
[110] *See*, R. Doc. 34 at ¶¶41-56 in the *Longhai* case; R. Doc. 29 at ¶¶ 149-155.

afforded under Fed. R. Civ. P. 15 and pertinent jurisprudence, Louisiana Newpack will not be granted leave to amend Count One of the Third-Party Demand.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Third-Party Defendants' Motion to Dismiss Third-Party Demand[111] is **GRANTED.**  The Motion is **GRANTED** to the extent that Third-Party Defendants seek dismissal of Count One of the Third-Party Demand, which is **DISMISSED WITH PREJUDICE.**  The Motion is also **GRANTED** to the extent that Third-Party Defendants seek dismissal of Counts Three and Four of the Third-Party Demand, which are **DISMISSED WITHOUT PREJUDICE.**  However, pursuant to the Court's discretion under Fed. R. Civ. P. 15(a), Louisiana Newpack shall have fourteen (14) days from the date of this Order to cure the deficiencies in Counts Three and Four of its Third-Party Demand.

New Orleans, Louisiana, March 2, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[111] R. Doc. 85.