MINUTE ENTRY
ROBY, C.M.J.
5/13/2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948 c/w 20-782 and 21-3** |
| **INDIGO SEAFOOD PARTNERS, INC.** | **SECTION: "D" (4)** |

LAW CLERK:              Destinee N. Andrews
COURT REPORTER:   Nichelle Drake

Appearances:    **Lauren Courtney Mastio** for Louisiana Newpack Shrimp, Inc.
**Frank Wolland** for Indigo Seafood Partners, Inc., Oceana Seafood Products, LLC, and Jeffrey Martinez-Malo.

## MINUTE ENTRY AND ORDER

Before the Court is **Louisiana Newpack's Motion to Compel Discovery Responses and Responsive Materials from Indigo, Oceana, and Martinez-Malo (R. Doc. 168)** filed by the Plaintiff seeking adequate answers to its interrogatories and requests for production. The motion is opposed. R. Doc. 225. The motion was heard on May 13, 2021 via videoconference.

### I.     Background

On September 24, 2019, Plaintiff Newpack filed this action against Defendants Ocean Feast of China, Ltd.; Indigo; Arthur Zeng; and Jeffrey Martinez-Malo in Louisiana state court. R. Doc. 1-1. On October 3, 2019, this action was removed to the District court. R. Doc. 1.

Newpack alleges that, on March 15, 2017, Newpack, Ocean Feast, and Indigo effectively entered into a joint venture agreement to finance, procure, and sell mutually agreed seafood products from approved high-volume seafood manufactures around the globe. R. Doc. 1-1. Newpack, owned by Lee, was the financer; Ocean Feast, owned by Zeng, was the procurer and

MJSTAR: 01:04

quality assurance; and Indigo, owned by Martinez-Malo, operated as the sales division. *Id.* Newpack also alleges that the trio orally agreed to no side deals, commissions, or kickbacks. *Id.* Historically, Longhai Desheng Seafood Stuff Co., Ltd ("Longhai") served as the joint venture's largest supplier, supplying thee joint venture with crab meat. *Id.*

Newpack alleges that Ocean Feast and Indigo began to sell product to the benefit of themselves, generating profit solely for Ocean Feast and Indigo, without Newpack's knowledge, and circumventing the joint venture agreement. *Id.* Newpack alleges that this has hurt the joint venture where it currently has significant amounts of crab in inventory, and Ocean Feast's and Indigo's acts have diverted customers from purchasing from the joint venture product resulting in aging perishable inventory. *Id.* As such, Newpack seeks damages for breach of contract, breach of fiduciary duties, unfair trade practices, tortious interference with contract, unjust enrichment, conspiracy, and open account. Newpack also seeks to pierce the corporate veil and hold Zeng liable for Ocean Feast's acts or omissions and Martinez-Malo liable for Indigo's acts or omissions. *Id.*

Indigo contends that Newpack actually converted $4.1 million in inventory and sold high end crabmeat for low quality crab meat prices at less than fair market value. Indigo also contends that Newpack improperly used the money from the sales to payback investors, his children's companies, before paying off other joint venture creditors. Ultimately, Indigo argues, despite the abundance in inventory quantity, that Lee was running out of money as financier and stopped making purchases. Indigo states this prompted Indigo and Ocean Feast to purchase additional inventory outside the joint venture so it would not default on its contracts with "program members".

On March 6, 2020, Longhai sued Newpack for outstanding payments, in the amount $998,188.03, on purchases placed for crabmeat that Newpack purchased from Longhai. *See*

*Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp, Inc. et al* (2:20-cv-00782-WBV-KWR) (R. Doc. 1). That matter has since been consolidated with this action.

In addition, on January 4, 2021, Oceana Seafood Products, LLC ("Oceana") sued Newpack alleging that Newpack's actions hurt and damaged its brand. *See Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Company et al* (2:21-cv-00003-WBV-KWR) (R. Doc. 1). Allegedly, Oceana obtained rights by assignment from Indigo to buy and sell seafood products in general and particular crabmeat. *Id.* In addition, Indigo volunteered to let the joint venture sell Oceana branded product. *Id.* Oceana contends that Newpack has damaged its business reputation, has been selling inventory outside the joint venture causing it loss profit, and now has imitated the color and design of Oceana's unique product label. Oceana seeks damages for unfair competition, conspiracy, tortious interference with a business relationship, unpaid royalties, and trademark infringement. *Id.* That matter has since been consolidated with this action.

In connection with this motion, Louisiana Newpack complains that the Defendants' discovery responses generally lack substance. R. Doc. 168-1, pp. 1-5. Louisiana Newpack also complains the Defendants do not respond to each request individually, produce documents responsive to the discovery requests directed to them, or refer to particular bates labeled documents produced by other parties. *Id.* Louisiana Newpack also complains that Indigo intentionally excluded critical and damaging documents, later produced by Ocean Feast, to include communications regarding an audit conducted by Indigo's self-proclaimed largest customer, Bloomin' Brands, Inc. ("Bloomin' Brands"), of Longhai whereby numerous deficiencies were noted. *Id.*

In opposition, Defendants complain that Martinez-Malo is not a defendant in this case, although they admit that Martinez-Malo is a third-party defendant in a consolidated action (21-

3

03) involving the same parties, therefore, he should not need to respond individually to each discovery request. R. Doc. 225. Defendants also state that they are still compiling the certain requested information. *Id.* Defendants also contend that the District Judge in this matter has found that the contract did not contain an exclusivity provision or non-compete clause, and, therefore, found the joint venture agreement non-exclusive and dismissed those claims. *See* R. Doc. 129, pp. 11-12. As such, Defendants contend their sales to others is not relevant. *Id.* Defendants finally contend that their objections of proportionality and overbreadth should be sustained. R. Doc. 225.

Plaintiff contends that even though the District Judge found that the agreement did not contain an exclusivity clause that information pertaining to the sales outside the joint venture are still relevant to its claims that Defendants breach their fiduciary duty to the joint venture. Plaintiff contends that Defendants did not act reasonable by importing product to circumvent the joint venture and diverting sales from the joint venture. Instead, Defendants chose to act outside the joint venture to further their own interest of selling the crab meat product at a better margin for a better profit.

**II.     Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

### III. Analysis

#### A. Discovery Requests Propounded to Indigo

##### i. *"Committed" Joint Venture Product:*

The first set of discovery requests, Interrogatories Nos. 5-7 and Request for Production Nos. 17, 18, and 31, seek information and documents related to the joint venture product commitments where the Defendants maintained certain joint venture crab meat was not sold as it was committed to certain buyers.

In the hearing, Defendants explained that seventy percent (70%) of product was sold through a "program" and thirty percent (30%) of the joint venture product was sold outside the

5

"program". The program consisted of five major customers—Bloomin' Brands, PFG Roma New Jersey, PFG Empire Miami, Royal Caribbean Cruise Lines (RCCL), and Ben E. Keith. Defendants explained that they would allocate seventy percent (70%) of the joint venture product to the program irrespective of how much the program customers actually bought so to always maintain an availability of product for the program customers. Defendants state that while they can give the percentage break down of the amount of product allocated to the program customers, it cannot give a precise poundage break down of product allotted to the program.

Defendants further explained that while there was a contract with quantity commitments with Bloomin' Brands, the remaining program customers were acquired through email exchanges and informal exclusivity agreements. Defendants maintain then that no documents exist that would show the exact commitments beyond the contract with Bloomin' Brands, which has already been produced. Defendants also contends that Louisiana Newpack is in control of the invoices and inventory lists, which include customer purchase orders, and can figure out for themselves how much of the product actually went to the program members.

Here, it is clear to the Court, that even though Defendants complained that the words "committed" and "program" were not defined, that Defendants knew exactly what the Plaintiffs were requesting and could add their own definition. The Court finds that Defendants need to update their interrogatory responses to reflect the explanation given on the record today. The Defendants should also produce the contract and email chains between program members that are responsive to these requests. The interrogatory responses must also be verified. The requests, however, are to be limited temporally to the relevant time period of January 2019 to September 2019. As such, the Court grants Plaintiff's motion with respect to Interrogatories Nos. 5-7 and Requests for Production Nos. 17, 18, and 31.

### ii. Contracts and Agreements with Purchasers of Joint Venture Crabmeat

The next set of discovery requests, Interrogatories Nos. 8-9, seek Defendants identify the contracts and agreements with purchasers of joint venture crabmeat. While here there is much overlap with the documents produced in response to Requests for Production Nos. 17, 18, and 31, these requests also seek contracts for sales outside of the program members as well. The Court finds this information relevant. Defendants shall supplement their written response, as temporally limited to the relevant time period of January 2019 to September 2019. If the same documents are responsive, then Defendants shall specifically refer to the documents produced by Bates Stamp number in the discovery response. Again, the interrogatories must be verified. As such, the Court grants Plaintiff's motion with respect to Interrogatories Nos. 8-9.

### iii. Sale of Crabmeat by Oceana

Requests for Production Nos. 9-10 seek information regarding correspondence between Oceana and Indigo relating to the purchase or sale of crabmeat as well as the joint venture.

During the hearing, Defendants clarified that they have produced documents responsive, but Plaintiff appear to be looking for a specific contract. Defendants stated that there is no contract between Oceana and Indigo relating to crabmeat sales or the joint venture. The Court finds that the discovery response should be updated to state that no written contracts between the two on such topics exists. Defendants shall supplement these discovery responses. As such, the Court grants Plaintiff's motion with respect to Requests for Production Nos. 9-10.

### iv. Sale of Crabmeat by Indigo

Requests for Production Nos. 20-23 seek information, communications, and documents related to Indigo's sale of crabmeat both as part of the joint venture and separate from the joint venture. Plaintiff contends these discovery requests are intended to encompass how much Indigo

7

made outside the joint venture and if Indigo sold any non-joint venture product to joint venture customers. Plaintiff also states these requests are intended to elicit information about two 2019 meetings between Indigo and Longhai. Plaintiff specifically states there is some sort of consulting agreement between the two entities to sell product outside the joint venture. In addition, Plaintiff contends that this could relate to whether Oceana branded product was sold outside the joint venture.

Notwithstanding, after reading the wording of the requests, the Court does not find that the requests seek this information. While Plaintiff's counsel may have sought to craft these requests largely, the Federal Rules of Civil Procedure do not support such overbreadth. The Court, therefore, finds that the requests are overbroad and will not compel further production. As such, the Court denies Plaintiff's motion with respect to Requests for Production Nos. 20-23.

Still, given the proximity to trial, the Court will allow Plaintiff to craft two additional requests for production that more specifically elicit this sort of information. The first discovery request should specifically request information and documentation about sales outside the joint venture made to customers of the joint venture, or common customers. The second discovery request should specifically request information and documentation regarding the 2019 meeting between Indigo and Longhai.

   v. *Internal Communications*

Plaintiff next requests internal communications as well as documents related to sales by Indigo prior to the formation of the joint venture. After reviewing the requests, the Court finds the requests are overbroad and seek information not relevant to the claims or defenses in this case. As such, the Court denies Plaintiff's motion with respect to Requests for Production Nos. 32 and 35.

### vi. *Documents Listed in Defendants' Initial Disclosures*

Requests for Production Nos. 37-40 seek the specific documents identified in Defendants' initial disclosures. Defendants argues it listed some settlement documents in their initial disclosures, which should be protected. However, if Defendants wanted to protect those documents, it should have never listed them in their initial disclosures as the purpose of initial disclosures it to identify documents which are beneficial to the case and supportive of the party's position. At the hearing, Defendants' counsel admitted that he had not yet read the initial disclosures, which were drafted by Defendants' previous counsel. The Court urges him to do so now. The Court will compel production of the documents identified in the Defendants' initial disclosures. As such, the Court grants Plaintiff's motion with respect Requests for Production Nos. 37-40.

### vii. *Bloomin' Brands' Audit*

Plaintiff's next request, Request for Production No. 49, seeks information related to customer complaints. Plaintiff complains that Martinez-Malo did not produce any documents or emails related to an audit performed by Bloomin' Brands of Longhai that identified multiple compliance issues, which Plaintiff maintains is the real reason Bloomin' Brands did not purchase the committed products.

Here, the Court has a hard time finding that a request about customer complaints should in anyway indicate to Defendants that they should respond with audit material. During the hearing, the Court asked if there were any customer complaints. Defendants stated they believe that only once in the joint venture's history has there been a single returned product. The Court will order the Defendants to produce the material on the return in response to this request. As such, the Court

grants Plaintiff's motion with respect to Request for Production No. 49 as limited to documents concerning the return of product.

However, as Bloomin' Brands is technically a customer of the joint venture, the Court will also order the letter from Bloomin' Brands identifying the problem also be produced. No further documents need to be produced in response to this request.

### viii.    Tax Information

Request for Production No. 68 seeks Indigo's tax return information. Defendants contend this is not relevant because the Plaintiffs have the invoices. The Court finds this argument tenuous at best where just last week in hearing Defendants' motion to compel, Defendants asked for Plaintiff's tax return information stating that the invoices were not enough. *See* R. Doc. 221. Here, what is good for the goose is good for the gander. The Court will compel the tax return information as temporally limited to the tax return years 2019 and 2020 as it did in its previous order. As such, the Court will grant Plaintiff's motion with respect to Request for Production No. 68 as temporally limited.

## B.    Discovery Requests Propounded to Oceana and Martinez-Malo

Plaintiff next contends that no documents have been produced by Oceana or Martinez-Malo. Instead, Oceana and Martinez-Malo's discovery responses generally refers Louisiana Newpack to documents produced by its co-defendants. No other written responses were provided, nor additional documents produced.

Here, the Court is confounded. All Defendants, even if they have the same counsel, must craft individual responses to discovery. If documents have already been produced that are responsive to those request, Defendants' counsel will correlate those documents through their Bates Stamp number in the individual discovery responses. As this Court has previously noted,

10

while initially counsel may have had an agreement to produce uncorrelated discovery documents, going forward parties are to categorize, Bates Stamp, and correlate their documents to their discovery responses.

### C. Discovery Deadline

Finally, the parties complain that they do not have enough time to finish the discovery necessary as the discovery deadline has lapsed as of today. The Court will extend parties' discovery deadline an additional thirty (30) days, until June 14, 2021.

### D. Attorneys' Fees

Finally, Louisiana Newpack seeks an award attorneys' fees and costs associated with the filing of this motion. Given the mixed disposition of the motion, however, the Court declines to award fees and costs at this time.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Louisiana Newpack's Motion to Compel Discovery Responses and Responsive Materials from Indigo, Oceana, and Martinez-Malo (R. Doc. 168)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with respect to Interrogatories Nos. 5-7 and Request for Production Nos. 17, 18, and 31 as temporally limited; Interrogatories Nos. 8-9 as temporally limited; Requests for Production Nos. 9-10; Requests for Production Nos. 37-40; Request for Production No. 49 as limited to documents concerning the return of product and the letter by Bloomin' Brands identifying the compliance problem; and Request for Production No. 68 as temporally limited.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to Requests for Production Nos. 20-23, Requests for Production Nos. 32 and 35, as well as to the extent Louisiana Newpack seeks an award of attorneys' fees.

**IT IS FURTHER ORDERED** that Defendants Indigo, Oceana, and Martinez-Malo shall provide supplemental answers to Louisiana Newpack's Interrogatories and Requests for Production **no later than fourteen (14) days** from the signing of this order.

**IT IS FURTHER ORDERED** that Plaintiff Louisiana Newpack shall craft and propound two discovery requests related to (1) the sale of crabmeat by Indigo outside the joint venture to joint venture customers and (2) the 2019 meetings between Longhai and Indigo **no later than Wednesday, May 19, 2021**. Indigo shall respond **no later than June 9, 2021**.

**IT IS FURTHER ORDERED** that deadlines as set forth in the December 4, 2020 **Scheduling Order (R. Doc. 119)** shall be *amended* as follows:

- Depositions for trial use shall be taken and all discovery shall be completed **no later than Monday, June 14, 2021**.

New Orleans, Louisiana, this 14th day of May 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**