**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION NO:** |
| **VERSUS** | **19-12948 c/w 20-782 and 21-3** |
| **INDIGO SEAFOOD PARTNERS, INC., ET AL.** | **SECTION: "D" (4)** |

**ORDER**

Before the Court is **Motion for Protective Order and Request for Attorney's Fees (R. Doc. 222)** filed by Defendants Indigo Seafood Partners, Inc.; Oceana Seafood Products, LLC; and Jeffrey Martinez-Malo seeking the Court issue a Protective order and quash a subpoena duces tecum issued by Plaintiff Louisiana Newpack Shrimp, Inc. and directed to Bank of America Corp. Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack") opposes this motion. R. Doc. 252. This motion was set for submission on May 26, 2021 and heard on the briefs.

### I.   Background

On September 24, 2019, Plaintiff Newpack filed this action against Defendants Ocean Feast of China, Ltd.; Indigo; Arthur Zeng; and Jeffrey Martinez-Malo in Louisiana state court. R. Doc. 1-1. On October 3, 2019, this action was removed to the District court. R. Doc. 1.

Newpack alleges that, on March 15, 2017, Newpack, Ocean Feast, and Indigo effectively entered into a joint venture agreement to finance, procure, and sell mutually agreed seafood products from approved high-volume seafood manufactures around the globe. R. Doc. 1-1. Newpack, owned by Lee, was the financer; Ocean Feast, owned by Zeng, was the procurer and quality assurance; and Indigo, owned by Martinez-Malo, operated as the sales division. *Id.* Newpack also alleges that the trio orally agreed to no side deals, commissions, or kickbacks. *Id.* Historically, Longhai Desheng Seafood Stuff Co., Ltd ("Longhai") served as the joint venture's largest supplier, supplying thee joint venture with crab meat. *Id.*

Newpack alleges that Ocean Feast and Indigo began to sell product to the benefit of themselves, generating profit solely for Ocean Feast and Indigo, without Newpack's knowledge, and circumventing the joint venture agreement. *Id.* Newpack alleges that this has hurt the joint venture where it currently has significant amounts of crab in inventory, and Ocean Feast's and Indigo's acts have diverted customers from purchasing from the joint venture product resulting in aging perishable inventory. *Id.* As such, Newpack seeks damages for breach of contract, breach of fiduciary duties, unfair trade practices, tortious interference with contract, unjust enrichment, conspiracy, and open account. Newpack also seeks to pierce the corporate veil and hold Zeng liable for Ocean Feast's acts or omissions and Martinez-Malo liable for Indigo's acts or omissions. *Id.*

Indigo contends that Newpack actually converted $4.1 million in inventory and sold high end crabmeat for low quality crab meat prices at less than fair market value. Indigo also contends that Newpack improperly used the money from the sales to payback investors, his children's companies, before paying off other joint venture creditors. Ultimately, Indigo argues, despite the abundance in inventory quantity, that Lee was running out of money as financier and stopped making purchases. Indigo states this prompted Indigo and Ocean Feast to purchase additional inventory outside the joint venture so it would not default on its contracts with "program members".

On March 6, 2020, Longhai sued Newpack for outstanding payments, in the amount $998,188.03, on purchases placed for crabmeat that Newpack purchased from Longhai. *See Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp, Inc. et al* (2:20-cv-00782-WBV-KWR) (R. Doc. 1). That matter has since been consolidated with this action.

In addition, on January 4, 2021, Oceana Seafood Products, LLC ("Oceana") sued Newpack alleging that Newpack's actions hurt and damaged its brand. *See Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Company et al* (2:21-cv-00003-WBV-KWR) (R. Doc. 1). Allegedly,

Oceana obtained rights by assignment from Indigo to buy and sell seafood products in general and particular crabmeat. *Id.* In addition, Indigo volunteered to let the joint venture sell Oceana branded product. *Id.* Oceana contends that Newpack has damaged its business reputation, has been selling inventory outside the joint venture causing it loss profit, and now has imitated the color and design of Oceana's unique product label. Oceana seeks damages for unfair competition, conspiracy, tortious interference with a business relationship, unpaid royalties, and trademark infringement. *Id.* That matter has since been consolidated with this action.

In connection with this motion, on April 27, 2021, Plaintiff Louisiana Newpack issued a subpoena duces tecum to third-party Bank of America Corp. ("Bank of America"). R. Doc. 222-1, pp. 1-2. The subpoena seeks a wide array of financial documents and bank account information relating to both entities that are named Defendants in the suit as well as other entities associated with Martinez-Malo. *Id.* Defendants contends the subpoena duces tecum is overbroad and will not lead to admissible or relevant evidence in this case. R. Doc. 222-1, p. 4. Defendants also contend that the issuance is disproportionate to the needs of the case where it has produced many financial documents in possession of the named Defendants that concern the Joint Venture. R. Doc. 222-1, p. 5. Defendants, therefore, seek the subpoena be quashed as well as attorney's fees incurred in filing this motion. *Id.*

Plaintiff Louisiana Newpack contends that the documents are relevant to the case and they need the sale of crabmeat outside the Joint Venture in order to show Indigo's breach of fiduciary duty. R. Doc. 252, p. 3. Louisiana Newpack also claims that these documents will show the infringement on their trademark. R. Doc. 252, p. 4. Finally, Louisiana Newpack contends that Defendants have no standing to object to documents sought from Bank of America Corp. R. Doc. 252, pp. 4-5. Plaintiff ultimately seeks an order from the Court denying Defendants' motion. *Id.*

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Subpoenas issued under Rule 45 may be served upon both party and nonparties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014).  "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

### III.    <u>Analysis</u>

#### A.    *Standing to Object*

The Court first addresses Plaintiff's argument that Indigo, Ocean Seafood, and Martinez-Malo have no standing to object to the subpoena duces tecum issued to Bank of America Corp. seeking personal and business financial records.

"[F]ederal courts differ on whether a person has a privilege in or a right to bank records held by his bank and whether this right is sufficient to provide standing to challenge a subpoena issued to the bank." *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011).

This Court has before held that a party has standing to object to a subpoena duces tecum issued to his/her bank seeking their personal and business financial information. *See Glob. Oil Tools, Inc. v. Barnhill*, No. CIV.A. 12-1507, 2012 WL 6021331, at *3 (Roby, M.J.) (E.D. La. Dec. 3, 2012); *see also Michael G. Stag, LLC v. Stuart H. Smith, LLC*, No. CV 18-3425, 2019 WL 4918050, at *3 (Wilkinson, M.J.) (E.D. La. Oct. 4, 2019) (party "clearly has standing to challenge subject subpoena" which consists of their own banking records); *Terwillegar v. Offshore Energy Servs., Inc.*, No. CIV.A. 07-01376, 2008 WL 2277879, at *3 (Roby, M.J.) (E.D. La. May 29, 2008) (". . . while [party] is not the person to whom which the subpoena was directed, the Court finds that she has standing to challenge the subpoenas because she has a personal right regarding her financial information that is in the possession of [the] Banks.").

However, in those situations the Court notes the claimed legitimate privacy interest in the requested records. *Old Towne Dev. Grp., L.L.C. v. Matthews*, No. CIV. A. 09-224-B-M2, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009). The Fifth Circuit is clear that in order to confer standing the party objecting to the subpoenaed material must allege a "personal right or privilege with respect to the material subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). The only bases for challenging the subpoenas issued to a non-party are relevance and undue burden. *See Keybank*, 2011 WL 90108, at *3 (finding neither of these bases "is sufficient to confer standing upon Defendants."); *see also Flex Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, No. 6:09-CV-1815, 2011 WL 2434095, at *5 (W.D. La. June 13, 2011).

In this situation, Defendants have not asserted a confidentiality/privacy right over the subpoenaed material. Defendants only object on the ground of relevance and over breadth. Because Defendants have not claimed a personal privacy interest but only object to the subpoenaed material on the grounds of relevance and overbreadth, the Court finds that the Defendants do not have standing to object to the subpoenaed material. Therefore, the Court denies the motion to quash.

## IV.   <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion for Protective Order and Request for Attorney's Fees (R. Doc. 222)** is **DENIED.**

New Orleans, Louisiana, this 2nd day of June 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**