UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | CIVIL ACTION |
| **VERSUS** | NO. 19-12948-WBV-KWR |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | SECTION: D (4) |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | CIVIL ACTION |
| **VERSUS** | NO. 20-782-WBV-KWR |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | SECTION: D (4) |

*Consolidated with*

| | |
|---|---|
| **OCEANA SEAFOOD PRODUCTS, LLC** | CIVIL ACTION |
| **VERSUS** | NO. 21-00003-WBV-KWR |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | SECTION: D (4) |

**ORDER and REASONS**[1]

Before the Court is Louisiana Newpack's Rule 59(E) Motion for Reconsideration in Part of the Court [sic] February 9, 2021 Order and Reasons.[2] Ocean Feast Co., Ltd. opposes the Motion.[3]

After careful consideration of the parties' memoranda and the applicable law, Plaintiff's Motion for Reconsideration is **GRANTED in part** and **DENIED in part.**

---

[1] All of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 141.
[3] R. Doc. 166.

I. **LEGAL STANDARD**

"The general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[4] "A motion to alter or amend a judgment filed pursuant to Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[5] A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[6] "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[7] The Court is mindful that, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[8]

II. **ANALYSIS**

Louisiana Newpack Shrimp ("Louisiana Newpack") alleges that the Court committed manifest errors of law and fact by dismissing Counts 1, 2, 6, and 13 of the

---

[4] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (citing authority).
[5] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).
[6] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[7] *Namer*, 314 F.R.D. at 395 (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *See, Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
[8] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

First Amended Complaint in the Court's February 9, 2021 Order and Reasons,[9] and that the dismissal of these claims will result in a manifest injustice to Louisiana Newpack.[10] Louisiana Newpack argues that in dismissing these claims, the Court did not accept its factual allegations as true or view them in the light most favorable to Louisiana Newpack.[11] As to Counts 1, 2, and 6, Louisiana Newpack claims that the Court rejected its allegations that "the Joint Venture partners agreed both orally and in writing as to the exclusive nature of the Joint Venture, specifically agreeing that no side deals, 'commissions or kickbacks' would take place," and instead weighed the evidence and accepted as true the defendants' arguments.[12] To support these allegations, Louisiana Newpack submitted a copy of an email thread between Arthur Zeng, Edward Lee, and Jeffrey Martinez-Malo, dated June 17, 2017, which Louisiana Newpack contends is "evidence that the Joint Venture was to be exclusive."[13]

As to Count 13, Louisiana Newpack likewise claims that the Court ignored certain allegations, located elsewhere in its First Amended Complaint, that Jeffrey Martinez-Malo "disregarded corporate and statutory formalities, created shell companies and is effectively one-and-the-same with Indigo and Oceana Seafood," such that its veil-piercing claim in Count 13 should not have been dismissed.[14] Louisiana Newpack also asserts that reconsideration is required to prevent manifest injustice because the Court made statements in its February 23, 2021 Order and

---

[9] R. Doc. 129.
[10] R. Doc. 141 at pp. 1-4; 10-16.
[11] *Id.* at pp. 11-12 & 13-14.
[12] *Id.* at p. 11 (*quoting* R. Doc. 29 at ¶ 17); R. Doc. 141-1 at pp. 1-2.
[13] R. Doc. 141-1 at pp. 2 & 12-13 (*citing* R. Doc. 141-3).
[14] R. Doc. 141-1 at p. 13.

Reasons denying Oceana Seafood's Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer, recognizing a substantial interrelationship between Oceana Seafood Products, LLC ("Oceana Seafood"), Indigo Seafood Partners, Inc. ("Indigo"), and Jeffrey Martinez-Malo ("Martinez-Malo").[15]

The Court finds that Louisiana Newpack's arguments are insufficient to justify reconsideration of the Court's February 9, 2021 Order with respect to the dismissal of the breach of contract claims asserted in Counts 1, 2, and 6 in Louisiana Newpack's First Amended Complaint.[16] In the prior Order, the Court explicitly found that the First Amended Complaint was "devoid of any factual allegations to support" Louisiana Newpack's assertion that, "the Joint Venture partners agreed both orally and in writing as to the exclusive nature of the Joint Venture."[17] That remains true. While the Court must accept all well-pleaded facts as true, as it did, the Court is not bound to accept as true conclusory allegations,[18] such as the foregoing assertion. The Court further finds that the evidence submitted with Louisiana Newpack's Motion does not show that reconsideration is necessary to prevent a manifest injustice. Louisiana Newpack offers no explanation for its failure to attach the 2017 email thread to its original Complaint[19] or its First Amended Complaint,[20] nor does Louisiana Newpack assert that it only recently obtained the emails. Instead, in a

---

[15] R. Doc. 141-1 at p. 4 (*quoting* R. Doc. 133 at pp. 6 & 8).
[16] R. Doc. 129.
[17] *Id.* at pp. 11-12.
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[19] R. Doc. 1.
[20] R. Doc. 129.

footnote in the instant Motion, Louisiana Newpack claims that it did not submit the email with its Opposition brief to the prior motion to dismiss because, "Rather than introduce evidence at the Rule 12(b)(6) stage, Louisiana Newpack Shrimp relied upon its well-pleaded factual allegations."[21] The Fifth Circuit has made clear that motions for reconsideration, "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[22] Accordingly, the Court finds that Louisiana Newpack has failed to show that reconsideration of the Court's February 9, 2021 Order dismissing Counts 1, 2, and 6 is required under Fed. R. Civ. P. Rule 59(e).

The Court reaches the opposite conclusion with respect to the dismissal of Louisiana Newpack's veil-piercing claim asserted against Martinez-Malo in Count 13 of the First Amended Complaint.[23] Although not mentioned in the instant Motion, the allegations in Paragraphs 31, 32, and 33 of the First Amended Complaint – that Martinez-Malo used Indigo and Oceana Seafood in a "shell game" to exploit the OCEANA brand – are not specifically included in Count 13 of the First Amended Complaint,[24] nor did Louisiana Newpack rely upon those allegations, or even address those assertions, in opposing the prior motion to dismiss.[25] Curiously, Louisiana

---

[21] R. Doc. 141-1 at p. 2, n.1.
[22] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (internal quotation marks omitted).
[23] The Court notes that Louisiana Newpack does not seek reconsideration of the Court's decision to dismiss its veil-piercing claim asserted against Arthur Zeng in Count 13 of the First Amended Complaint. *See,* R. Doc. 129 at pp. 49, 51-53; R. Doc. 141; R. Doc. 141-1 at pp. 1, 2-3, 13-15.
[24] R. Doc. 29 at ¶¶ 31-33 & 144-148. The Court recognizes that the first paragraph of Count 13 of the First Amended Complaint states that, "Paragraphs 1-143 are incorporated by reference as if fully stated herein." *Id.* at ¶ 144.
[25] *See*, R. Doc. 129 at pp. 47-48 (*citing* R. Doc. 37).

Newpack did not even reference the allegations in Paragraphs 31, 32, and 33 in its Opposition brief. Nonetheless, accepting those allegations as true and viewing them in the light most favorable to Louisiana Newpack, the Court finds that Louisiana Newpack has alleged sufficient facts in the First Amended Complaint to state a plausible veil-piercing claim against Martinez-Malo under Florida law.[26]

As explained in the Court's February 9, 2021 Order, to pierce the corporate veil under Florida law, a plaintiff must show both: (1) that the corporation is a "mere instrumentality" or alter ego of the defendant; and (2) that the defendant engaged in "improper conduct" in the formation or use of the corporation.[27] In Paragraph 33 of the First Amended Complaint, Louisiana Newpack alleges that Martinez-Malo used Indigo to assign the OCEANA brand, which is purportedly owned by the joint venture, from Indigo to Oceana Seafood, and then used Oceana Seafood to license the OCEANA brand back to Indigo.[28] Louisiana Newpack also alleges that Martinez-Malo entered into an oral agreement with himself to license the OCEANA brand from Oceana Seafood back to Indigo, and that neither Indigo nor Oceana Seafood communicated these transactions to Louisiana Newpack or to Ocean Feast of China, Ltd.[29] The Court finds these allegations are sufficient to state a plausible veil-

---

[26] The Court explained in its February 9, 2021 Order and Reasons that Florida law applies to Louisiana Newpack's veil-piercing claim against Martinez-Malo for the debts owed by Indigo to Louisiana Newpack because Indigo was incorporated in Florida. R. Doc. 129 at pp. 49-51. The Court notes that Florida law would also apply to Louisiana Newpack's veil-piercing claim against Martinez-Malo for the debts owed by Oceana Seafood to Louisiana Newpack (R. Doc. 29 at ¶ 148) because Oceana Seafood was also incorporated in Florida. R. Doc. 29 at ¶ 6. *See*, R. Doc. 129 at p. 49.
[27] R. Doc. 129 at pp. 49-50 (citation omitted); *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120 (Fla. 1984).
[28] R. Doc. 29 at ¶ 33.
[29] *Id*.

piercing claim against Martinez-Malo under Florida law.[30]  Accordingly, the Court grants Louisiana Newpack's Motion for Reconsideration as to the Court's dismissal of Louisiana Newpack's veil-piercing claim against Martinez-Malo, and vacates that portion of its February 9, 2021 Order.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Louisiana Newpack's Rule 59(E) Motion for Reconsideration in Part of the Court [sic] February 9, 2021 Order and Reasons[31] is **GRANTED in part** and **DENIED in part.**  To the extent that Louisiana Newpack seeks reconsideration of the Court's February 9, 2021 Order dismissing its veil-piercing claim asserted against Jeffrey Martinez-Malo in Count 13 of the First Amended Complaint, the Motion is **GRANTED** and the Court's February 9, 2021 Order is **vacated** as to the dismissal of the veil-piercing claim against Martinez-Malo.  The Motion is **DENIED** to the extent that Louisiana Newpack seeks reconsideration of the Court's February 9, 2021 Order dismissing Counts 1, 2, and 6 of the First Amended Complaint.

New Orleans, Louisiana, June 11, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[30] R. Doc. 129 at pp. 49-51 (citing authority).
[31] R. Doc. 141.