UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **OCEANA SEAFOOD PRODUCTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-00003-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP COMPANY, ET AL.** | **SECTION: D (4)** |

**ORDER and REASONS**[1]

Before the Court is Longhai Desheng Seafood Stuff Co. Ltd.'s Motion to Dismiss, in which it seeks to dismiss two counterclaims asserted against it by Louisiana Newpack Shrimp Company, Inc.[2] Louisiana Newpack opposes the Motion,[3] and Longhai has filed a Reply.[4]

---

[1] Unless otherwise specified, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 157.
[3] R. Doc. 165.
[4] R. Doc. 172.

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND[5]

This consolidated matter arises from a failed joint venture between Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack"), Ocean Feast of China, Ltd. ("Ocean Feast"), and Indigo Seafood Partners, Inc. ("Indigo"), that operated between 2017 and 2019.  On June 17, 2017, Louisiana Newpack, Ocean Feast, and Indigo executed a Joint Venture Agreement, effective March 15, 2017, to purchase, import and sell seafood products from international seafood manufacturers.[6]  Edward Lee ("Lee") signed the Joint Venture Agreement as the legal representative of Louisiana Newpack, Arthur Zeng ("Zeng") signed as the legal representative of Ocean Feast, and Jeffrey G. Martinez-Malo ("Martinez-Malo") signed as the legal representative of Indigo.[7]

On or about September 24, 2019, Louisiana Newpack filed a Petition for Declaratory Judgment, Suit on Open Account and Damages in Louisiana state court, asserting eleven causes of action against Ocean Feast, Indigo, Zeng and Martinez-Malo, which was removed to this Court on October 3, 2019 (hereafter, "the *Louisiana Newpack* case").[8]  Most of the claims stem from Louisiana Newpack's allegation that Indigo and Ocean Feast breached the Joint Venture Agreement and their fiduciary

---

[5] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in several prior Orders (R. Docs. 129, 132, & 140), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[6] R. Doc. 1-1 at p. 3; R. Doc. 29 at pp. 3-4; R. Doc. 29-1.
[7] R. Doc. 29-1 at p. 5.
[8] R. Docs. 1 & 1-1.

duties owed to the joint venture by procuring, marketing and selling seafood product outside of the joint venture, despite agreeing orally and in writing to the exclusive nature of the joint venture.[9]

On March 6, 2020, Longhai filed a Complaint for Breach of Contract and Claim on Open Account in this Court against Louisiana Newpack and Lee, seeking to recover an outstanding balance of $998,188.03 allegedly owed by Louisiana Newpack for three lots of crabmeat that it purchased from Longhai in November and December of 2018 (hereafter, the "*Longhai* case").[10] On April 20, 2020, Louisiana Newpack and Lee filed a Motion to Consolidate the two cases.[11] The Court granted the motion, and the cases were consolidated on May 29, 2020.[12]

On May 26, 2020, Louisiana Newpack and Lee filed an Answer, Affirmative Defenses, Counterclaim Third Party Demand [sic] and Jury Demand (the "Original Counterclaim") in the *Longhai* case, asserting counterclaims against Longhai and asserting third-party demands against Ocean Feast, Zeng, and Indigo.[13] Without separating the counterclaims from the third-party demands, Louisiana Newpack and Lee asserted the following four claims in the Original Counterclaim: (1) a conspiracy claim against Longhai, Ocean Feast, and Indigo; (2) a claim for negligence and tortious interference with contract against Longhai, Ocean Feast, and Indigo; (3) a claim that Ocean Feast or Zeng are liable for any joint venture debts owed to Longhai;

---

[9] R. Doc. 1-1 at pp. 3-13.
[10] R. Doc. 1 in Civ. A. No. 20-782-WBV-KWR, *Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp Company, Inc., et al.*
[11] R. Doc. 16 in the *Longhai* case.
[12] R. Doc. 36 in the *Longhai* case; R. Doc. 54.
[13] R. Doc. 34 in the *Longhai* case.

and, alternatively (4) a claim that Ocean Feast or Indigo are liable for any joint venture debts owed to Longhai.[14] On March 2, 2021, the Court issued an Order and Reasons, granting a Motion to Dismiss Third-Party Demand, filed by Ocean Feast, Indigo, and Zeng, dismissing without prejudice counts one, three, and four of the Original Counterclaim as to Indigo, Ocean Feast, and Zeng, but giving Louisiana Newpack and Lee an opportunity to amend those claims to cure the deficiencies found by the Court.[15] Pursuant to that Order, Louisiana Newpack timely filed its First Amended and Restated Counterclaim, Third Party Demand and Jury Demand (hereafter, the "Amended Counterclaim") on March 17, 2021.[16] The Amended Counterclaim contains the same two counterclaims against Longhai for conspiracy and for negligence and tortious interference with contract, and asserts a third-party demand against Ocean Feast and Zeng for any joint venture debts owed to Longhai.[17]

On March 22, 2021, Longhai filed the instant Motion, seeking to dismiss the two counterclaims asserted against it in Louisiana Newpack's Amended Counterclaim.[18] According to Longhai, Louisiana Newpack has asserted a claim against Longhai, Indigo, and Ocean Feast for conspiracy, claiming that the three entities conspired with specific and malicious intent to procure, sell, and resell OCEANA branded product separate and apart from the joint venture created by Louisiana Newpack, Indigo, and Ocean Feast, effectively cutting out Louisiana

---

[14] *Id.* at pp. 13-18.
[15] R. Doc. 140.
[16] R. Doc. 155.
[17] *Id.* at pp. 8-12.
[18] R. Doc. 157.

Newpack.[19] Longhai asserts that it cannot be held liable for the alleged conspiracy because the Court has already determined that the Joint Venture Agreement entered into between Louisiana Newpack, Indigo, and Ocean Feast does not contain an exclusivity provision.[20] Longhai also asserts that it cannot be held liable for the conspiracy claim because it is not a member of the joint venture and, therefore, no fiduciary relationship exists between Longhai and Louisiana Newpack.[21] Longhai further asserts that Louisiana Newpack's counterclaim for negligence and tortious interference with a contract fails as a matter of law because Longhai was not a member of the Joint Venture Agreement and, therefore, owed no duty to Louisiana Newpack.[22]

Louisiana Newpack opposes the Motion, first asserting that it should be denied as untimely because it was filed after Longhai filed its answer to Louisiana Newpack's Original Counterclaim.[23] In doing so, however, Louisiana Newpack concedes that Longhai asserted in its original answer that the Original Counterclaim "fails to state a claim or right of action upon which relief can be granted."[24] Louisiana Newpack further recognizes that district courts in this Circuit have held that Fed. R. Civ. P. 12(c) and 12(h) permit the filing of the functional equivalent of a motion to dismiss under Rule 12(b)(6) after an answer is filed.[25] Nonetheless, Louisiana Newpack argues that the Motion should be denied as untimely because the Amended

---

[19] R. Doc. 157-1 at p. 5 (*quoting* R. Doc. 155 at ¶ 52) (internal quotation marks omitted).
[20] R. Doc. 157-1 at pp. 6-7 (*citing* R. Doc. 140).
[21] R. Doc. 157-1 at p. 7.
[22] *Id.* at pp. 7-8.
[23] R. Doc. 165 at pp. 6-8.
[24] *Id.* at p. 7, n.26.
[25] *Id.* at p. 8, n.27.

Counterclaim and Original Counterclaim are identical with respect to the counterclaims asserted against Longhai, and Longhai should have raised its defense of failure to state a claim in a motion to dismiss the Original Counterclaim.²⁶ Turning to the merits of the Motion, Louisiana Newpack argues that it has sufficiently stated a conspiracy claim against Longhai based on the underlying unlawful act of Longhai's contributory infringement of the joint venture's OCEANA branded product. ²⁷ Louisiana Newpack further asserts that it has sufficiently stated a claim against Longhai for negligence and tortious interference with a contract because Longhai owed a duty to not package and sell product under the joint venture's OCEANA brand.²⁸

In response, Longhai asserts that its defense for failure to state a claim is properly before the Court under Fed. R. Civ. P. 12(h)(2) because it raised the issue in its Answer to Louisiana Newpack's Original Counterclaim.²⁹ Longhai also claims that the failure to state a claim is not a waivable defense, and that this Court may consider Longhai's Motion under Rule 12(c) as our sister court did in *Furr v. City of Baker*.³⁰ Longhai maintains that Louisiana Newpack's counterclaim for conspiracy must be dismissed because there was no exclusivity provision in the Joint Venture Agreement, so nothing prevented Longhai from selling product on the open market and its actions were neither illegal nor tortious.³¹ Longhai argues that Louisiana

---

²⁶ *Id.* at pp. 6-7.
²⁷ *Id.* at pp. 9-10.
²⁸ *Id.* at p. 11.
²⁹ R. Doc. 172 at p. 1 (*citing* R. Doc. 64; *In Re Morrison*, 421 B.R. 381 (S.D. Tex. 2009)).
³⁰ R. Doc. 172 at pp. 1-3 (citing *Furr*, Civ. A. No. 15-426-JWD-EWD, 2017 WL 3496497, at *8 (M.D. La. Aug. 15, 2017) (deGravelles, J.).
³¹ R. Doc. 172 at p. 3.

Newpack, realizing that conspiracy is not an actionable claim under Louisiana law, argued, for the first time in its Opposition brief, that the underlying unlawful act of the conspiracy is Longhai's alleged "contributory infringement" of the joint venture's OCEANA brand. Longhai asserts that it "merely packed the crabmeat with labels ordered by its customer."[32] As such, Longhai maintains that the counterclaims should be dismissed

## II.   LAW AND ANALYSIS

### A. The Timeliness of Longhai's Rule 12(b)(6) Motion.

To quote our sister court, while Louisiana Newpack "spills much ink" arguing that Longhai waived its right to file a Rule 12(b) motion when it answered the Original Counterclaim,[33] and insists that the instant Motion is untimely, Louisiana Newpack readily concedes, albeit in footnotes, that, "Longhai conclusorily asserted in its original answer that the 'Counterclaim fails to state a claim or right of action upon which relief can be granted' (R. Doc. 64)," and that, "several district courts within the U.S. Fifth Circuit have noted that Rules 12(c) and 12(h) permit the filing of the functional equivalent of a motion to dismiss under Rule 12(b)(6) *after* an answer is filed."[34] The Court recognizes that Louisiana Newpack is correct "[f]rom a doctrinal standpoint."[35] As explained by the Middle District of Louisiana, "[T]echnically, 'a post-answer Rule 12(b)(6) motion is untimely and some other vehicle such as a motion

---

[32] R. Doc. 172 at pp. 3-4.
[33] *Furr*, Civ. A. No. 15-426-JWD-EWD, 2017 WL 3496497 at *8.
[34] R. Doc. 165 at p. 7, n.26 & p. 8, n.27 (citing authority) (emphasis in original).
[35] *Furr*, Civ. A. No. 15-426-JWD-EWD, 2017 WL 3496497 at *8.

for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief.'"[36]

Nonetheless, this Court agrees with the Middle District of Louisiana and "finds the issue to be purely academic and without bearing upon the instant motion."[37] As such, the Court "chooses 'to overlook the semantic faux pas and restyle[] the motion as a Rule 12(c).'"[38] According to the Fifth Circuit, "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."[39] When evaluating a Rule 12(c) motion for judgment on the pleadings, this Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.[40] "Thus, whether captioned as a Rule 12(b)(6) or a Rule 12(c) motion, the end result remains the same."[41]

Based on the foregoing authority, the Court will consider Longhai's Motion as seeking relief under Rule 12(c). As such, the Court rejects Louisiana Newpack's argument that the Motion is untimely.

### B. The Sufficiency of Louisiana Newpack's Counterclaim for Conspiracy.

As the Court has explained in several prior Orders issued in this consolidated matter,[42] La. Civ. Code art. 2324 provides that anyone who "conspires with another

---

[36] *Id.* (quoting *Delta Truck & Tractor, Inc. v. Navistar International Transp. Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993)).
[37] *Furr*, Civ. A. No. 15-426-JWD-EWD, 2017 WL 3496497 at *8.
[38] *Id.* (quoting *Delta Truck & Tractor, Inc.*, 833 F. Supp. at 588).
[39] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).
[40] *Johnson*, 385 F.3d at 529 (citing *Great Plains Trust Co.*, 313 F.3d at 313); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).
[41] *Furr*, Civ. A. No. 15-426-JWD-EWD, 2017 WL 3496497 at *8.
[42] *See*, R. Doc. 129 at p. 56; R. Doc. 140 at p. 11.

person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."[43] Nonetheless, "the Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law."[44] Instead, it is "the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part" that constitutes the actionable element of a conspiracy claim.[45] Thus, a conspiracy claim requires a plaintiff to allege, and prove, the existence of an agreement to commit an illegal or tortious act, which was actually committed, that resulted in the plaintiff's injury, and an agreement as to the intended outcome or result.[46]

In the Amended Counterclaim, Louisiana Newpack alleges that Longhai, Indigo, and Ocean Feast "coordinated with specific and malicious intent to procure, sell, and resell OCEANA branded product separate and apart from the Joint Venture, effectively cutting out Louisiana Newpack."[47] Louisiana Newpack also alleges that, "Longhai conspired with Ocean Feast and Indigo relative to the purchase of additional OCEANA branded product, despite its knowledge that Indigo had failed to sell certain Joint Venture inventory."[48] Louisiana Newpack further asserts that, "Longhai packaged product in OCEANA packaging paid for by Louisiana Newpack and owned by the Joint Venture, and directly sold and shipped that product to Indigo,

---

[43] La. Civ. Code art. 2324(A).
[44] *Crutcher-Tufts Resources, Inc. v. Tufts*, 07-1556, p.3 (La App. 4 Cir. 9/17/08), 992 So.2d 1091, 1094 (citing *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546).
[45] *Ross*, 2002-0299 at p.8, 828 So.2d at 552 (quoting *Butz v. Lynch*, 97-2166, p.6 (La. App. 1 Cir. 4/8/98), 710 So.2d 1171, 1174) (internal quotation marks omitted).
[46] *Crutcher-Tufts Resources, Inc.*, 07-1556 at pp. 3-4, 992 So.2d at 1094 (citing *Butz*, 97-2166, 710 So.2d at 1174).
[47] R. Doc. 155 at ¶ 52.
[48] *Id*. at ¶ 55.

without Louisiana Newpack's knowledge or consent."[49] These alleged actions by Longhai, however, are not illegal or tortious.

This Court has already determined that the Joint Venture Agreement does not contain an exclusivity provision, and has rejected Louisiana Newpack's assertion that the fiduciary obligations of the joint venturers, by their very nature, create exclusivity.[50] The Court has also rejected Louisiana Newpack's assertion regarding "the exclusive nature of the Joint Venture,"[51] and Louisiana Newpack's assertion that, "Louisiana Newpack, Indigo, and Ocean Feast agreed both orally and in writing that the Joint Venture was intended to be exclusive, specifically agreeing that no side deals, commissions or kickbacks would take place."[52] Thus, to the extent Louisiana Newpack alleges that "Longhai, Ocean Feast, and Indigo conspired to commit the unlawful acts described and alleged herein,"[53] namely procuring and selling product outside of the joint venture, such allegations are insufficient to state a plausible conspiracy claim against Longhai under La. Civ. Code art. 2324. Moreover, Louisiana Newpack's conspiracy claim against Ocean Feast and Indigo was dismissed in a prior ruling by this Court.[54] As such, Louisiana Newpack has failed to allege a plausible conspiracy claim against Longhai.[55]

---

[49] *Id.* at ¶ 56.
[50] *See,* R. Doc. 129 at pp. 11-13.
[51] R. Doc. 155 at ¶ 50.
[52] R. Doc. 165 at p. 2; *See,* R. Doc. 129 at pp. 12-13.
[53] R. Doc. 155 at ¶ 61.
[54] R. Doc. 140 at pp. 11-12.
[55] *See, Brand Coupon Network, LLC v. Catalina Marketing Corp.*, Civ. A. No. 11-0556-BAJ-RLB, 2014 WL 6674034, at *6 (M.D. La. Nov. 24, 2014) (Jackson, J.).

To the extent Louisiana Newpack alleges in its Opposition brief that the "underlying unlawful act" of its conspiracy claim against Longhai "is contributory infringement of the Joint Venture OCEANA branded product,"[56] the Court rejects that argument as meritless. The Amended Counterclaim does not allege a trademark infringement claim against Longhai. This is evident from both the plain language of the Amended Counterclaim and the fact that Louisiana Newpack subsequently attempted to amend its Amended Counterclaim to assert a trademark infringement claim against Longhai.[57] On August 6, 2021, the United States Magistrate Judge denied Louisiana Newpack's motion to amend its Amended Counterclaim.[58] Louisiana Newpack filed an Objection to the Magistrate Judge's Order,[59] which this Court denied on September 22, 2021.[60]

Accordingly, the Court finds that Louisiana Newpack has failed to state a plausible claim for conspiracy against Longhai in the Amended Counterclaim, and Louisiana Newpack's conspiracy claim must be dismissed.

### C. The sufficiency of Louisiana Newpack's Claim for Negligence and Tortious Interference With a Contract.

The Court likewise finds that Louisiana Newpack has failed to state a plausible claim against Longhai for negligence or tortious interference with a contract. Louisiana Newpack, relying upon the alleged exclusivity of the joint venture,[61]

---

[56] R. Doc. 165.
[57] R. Doc. 261; R. Doc. 261-4 at p. 7, ¶ cc.
[58] R. Doc. 317 at pp. 21-30.
[59] R. Doc. 319.
[60] R. Doc. 333.
[61] R. Doc. 155 at ¶¶ 66 & 67.

asserts in its Amended Counterclaim that, "Longhai tortiously interfered with the Joint Venture Agreement when it sold OCEANA branded product directly to Indigo, bypassing the Joint Venture so as to increase its own profits."[62]  Louisiana Newpack gives short shrift to this counterclaim in its Opposition brief, asserting that, "Furthermore, Longhai owed a duty at law not to package and sell product under the Joint Venture's brand, and at the very least, its actions were negligent and interfered with the Joint Venture, resulting in damage to Louisiana Newpack."[63]

As explained in a prior Order issued in this case,[64] the Louisiana Supreme Court has recognized a narrow cause of action for tortious interference with a contract, which requires proof of the following five elements:

> (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; [and] (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. [65]

As explained by another Section of this Court, "In *9 to 5*, the Louisiana Supreme Court adopted this tort with respect to the limited duty owed by a corporate officer to the corporation 'to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person.'"[66]  Further, Louisiana

---

[62] R. Doc. 155 at ¶ 69.
[63] R. Doc. 165 at p. 11.
[64] R. Doc. 129 at p. 31.
[65] *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989).
[66] *Morice v. Hospital Service District # 3*, 430 F. Supp. 3d 182, 212 (E.D. La. 2019) (quoting *9 to 5*, 538 So.2d at 234) (Ashe, J.).

courts have construed this cause of action narrowly and, "in the broadest of constructions, consistently require a plaintiff to 'identify a duty existing between it and the alleged tortfeasor, the violation of which would give rise to delictual liability.'"[67]

Louisiana Newpack's Amended Counterclaim does not allege sufficient facts to show that any of the foregoing elements of its tortious interference with a contract claim are met in this case. The Court further finds that the Amended Counterclaim fails to specify the actions by Longhai that purportedly constitute a breach of contract. To the extent Louisiana Newpack is alleging that Longhai caused Ocean Feast and Indigo to breach the Joint Venture Agreement, the claim fails because the Court has already determined that such allegations are insufficient to show a breach of contract because the Joint Venture Agreement does not contain an exclusivity provision.[68] To the extent Louisiana Newpack is alleging that Longhai somehow breached the Joint Venture Agreement, the claim likewise fails because Longhai could not breach a contract to which it is not a party. Further, the Court agrees with Longhai that Louisiana Newpack has alleged only a general, boilerplate negligence claim, and has failed to allege any duty owed by Longhai or a breach of that duty.[69] As such, the allegations in the Amended Counterclaim are insufficient to state a claim for negligence or tortious interference with a contract, which must be dismissed.

---

[67] *Morice*, 430 F. Supp. 3d at 212 (quoting *Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co.*, 2017-0004 (La. App. 4 Cir. 7/12/17), 224 So.3d 451, 458-60).
[68] R. Doc. 129 at p. 32; *See, Id.* at pp. 11-13.
[69] *See*, R. Doc. 157-1 at p. 8 (citing authority).

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Longhai Desheng Seafood Stuff Co. Ltd.'s Motion to Dismiss[70] is **GRANTED.** Counts One and Two in Louisiana Newpack's First Amended and Restated Counterclaim, Third Party Demand and Jury Demand,[71] asserting counterclaims against Longhai for conspiracy and for negligence and tortious interference with a contract, are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, November 1, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[70] R. Doc. 157.
[71] R. Doc. 155 at pp. 8-11.