UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **OCEANA SEAFOOD PRODUCTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-00003-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP COMPANY, ET AL.** | **SECTION: D (4)** |

### ORDER and REASONS[1]

Before the Court is Defendants' Renewed Motion to Dismiss and Request for Attorneys' Fees, filed by Louisiana Newpack Shrimp Company, Inc., Gulf Marine Products Co., Inc., A La Carte Specialty Foods, LLC, and Edward Lee (collectively, "Defendants").[2] Oceana Seafood Products, LLC ("Oceana Seafood") opposes the Motion,[3] and Defendants have filed a Reply.[4]

---

[1] Unless otherwise specified, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 143.
[3] R. Doc. 144.
[4] R. Doc. 145.

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND[5]

This consolidated matter arises from a failed joint venture between Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack"), Ocean Feast of China, Ltd. ("Ocean Feast"), and Indigo Seafood Partners, Inc. ("Indigo"), that operated between 2017 and 2019. On June 17, 2017, Louisiana Newpack, Ocean Feast, and Indigo executed a Joint Venture Agreement, effective March 15, 2017, to purchase, import, and sell seafood products from international seafood manufacturers.[6] Edward Lee ("Lee") signed the Joint Venture Agreement as the legal representative of Louisiana Newpack, Arthur Zeng ("Zeng") signed as the legal representative of Ocean Feast, and Jeffrey G. Martinez-Malo ("Martinez-Malo") signed as the legal representative of Indigo.[7]

On or about September 24, 2019, Louisiana Newpack filed a Petition for Declaratory Judgment, Suit on Open Account and Damages in Louisiana state court, asserting eleven causes of action against Ocean Feast, Indigo, Zeng and Martinez-Malo.[8] Indigo, Ocean Feast, Zeng, and Martinez-Malo filed a Notice of Removal in this Court on October 3, 2019 (hereafter, "the *Louisiana Newpack* case").[9] Most of Louisiana Newpack's claims stem from its allegation that Indigo and Ocean Feast

---

[5] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in several prior Orders (*See,* R. Docs. 129, 132, 140, 339, & 341) the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[6] R. Doc. 1-1 at p. 3; R. Doc. 29 at pp. 3-4; R. Doc. 29-1.
[7] R. Doc. 29-1 at p. 5.
[8] R. Doc. 1-1.
[9] R. Docs. 1 & 1-1.

breached the Joint Venture Agreement and their fiduciary duties owed to the joint venture by procuring, marketing, and selling seafood product outside of the joint venture, despite agreeing orally and in writing to the exclusive nature of the joint venture.[10] On March 26, 2020, Louisiana Newpack filed an Amended Complaint, naming Oceana Seafood Products, LLC ("Oceana Seafood") as an additional defendant in the case.[11]

On March 6, 2020, Longhai Desheng Seafood Stuff Co., Ltd. ("Longhai"), one of the joint venture's largest suppliers,[12] filed a Complaint for Breach of Contract and Claim on Open Account in this Court against Louisiana Newpack and Lee, seeking to recover an outstanding balance of $998,188.03 allegedly owed by Louisiana Newpack for three lots of crabmeat that it purchased from Longhai in November and December of 2018 (hereafter, the "*Longhai* case").[13] The Court consolidated the *Louisiana Newpack* case and the *Longhai* case on May 29, 2020.[14]

Unbeknownst to this Court, on February 5, 2020, Oceana Seafood filed a Complaint in the Southern District of Florida against Louisiana Newpack, Gulf Marine Products Co., Inc., A La Carte Specialty Foods, LLC, and Edward Lee (collectively, "Defendants"), asserting claims for unfair competition under federal and state law, civil conspiracy to engage in unfair competition, and tortious interference with a business relationship, all stemming from Oceana Seafood's alleged ownership

---

[10] R. Doc. 1-1 at pp. 3-13.
[11] R. Doc. 29.
[12] *See*, R. Doc. 1-1 at ¶ 22.
[13] R. Doc. 1 in Civ. A. No. 20-782-WBV-KWR, *Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp Company, Inc., et al.* (E.D. La.).
[14] R. Doc. 36 in the *Longhai* case; R. Doc. 54.

of a trademark in the OCEANA brand of seafood products (the "*Oceana Seafood* case").[15] Oceana Seafood filed its Complaint four months after Louisiana Newpack filed the *Louisiana Newpack* case[16] and four months after that case was removed to this Court by all defendants, including Jeffrey Martinez-Malo,[17] but two months before Louisiana Newpack added Oceana Seafood as a defendant in that case.[18] In its Complaint, Oceana Seafood alleges that it obtained its rights in the OCEANA mark by assignment from Indigo, "to buy and sell seafood products in general and crabmeat in particular."[19] Oceana Seafood also alleges that Indigo retained Ana Maria Gomez Sampedro in March 2017 to develop the OCEANA mark and accompanying logo "for Indigo's use."[20] According to the Complaint, Indigo volunteered to let the joint venture (created by Indigo, Ocean Fest, and Louisiana Newpack) sell "Oceana branded product."[21] Oceana Seafood alleges that Martinez-Malo provided Lee a proposed license agreement on September 27, 2017 for use of the OCEANA mark, but that no license agreement was ever signed.[22] Nonetheless, Oceana Seafood asserts that Martinez-Malo "agreed to sell branded inventory for the company pursuant to the Joint Venture Agreement."[23]

---

[15] *See*, R. Doc. 1 in Civ. A. No. 21-00003-WBV-KWR (E.D. La.), *Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Company, et al.* (E.D. La.).
[16] R. Doc. 1-1.
[17] R. Doc. 1.
[18] *See,* R. Doc. 29.
[19] *See*, R. Doc. 1 at ¶¶ 10 & 27 in the *Oceana Seafood* case.
[20] *Id*. at ¶ 14.
[21] *Id*. at ¶ 21.
[22] *Id*. at ¶¶ 22 & 23.
[23] *Id*. at ¶ 24.

Oceana Seafood alleges that despite this arrangement, Louisiana Newpack, through Lee, began selling OCEANA product at deeply discounted prices, "in a manner maliciously intended to harm Oceana's brand."[24] Oceana Seafood further alleges that Louisiana Newpack has imitated Oceana Seafood's unique product label and has developed its own product called "Boudreaux," which it is promoting along with OCEANA product "in order to create an association and steal OCEANA's goodwill."[25] Oceana Seafood claims that it only authorized the joint venture to use the OCEANA mark "through sale by Indigo."[26] Oceana Seafood alleges that Lee has been selling the OCEANA product through other companies that he owns, including Gulf Marine Products Co., Inc. and A La Carte Specialty Foods, LLC.[27] Oceana Seafood alleges that these actions were done by Lee to create confusion and diminish the value of the OCEANA brand.[28]

On December 31, 2020, the Southern District of Florida granted Defendants' motion to transfer the *Oceana Seafood* case to this Court.[29] The *Oceana Seafood* case was assigned to this Section, and was subsequently consolidated with the *Louisiana Newpack* case and the *Longhai* case on March 8, 2021 at Oceana Seafood's request.[30] On November 2, 2021, this Court granted Defendants' Motion for Summary Judgment on OSP's Claims, dismissing Oceana Seafood's claims for unfair competition under federal and state law, and civil conspiracy to engage in unfair

---

[24] *Id.* at ¶¶ 32-38.
[25] *Id.* at ¶¶ 43-44.
[26] *Id.* at ¶ 45.
[27] *Id.* at ¶¶ 47-49.
[28] *Id.* at ¶¶ 49-52.
[29] R. Doc. 122-1.
[30] *See*, R. Docs. 50 & 52 in the *Oceana Seafood* case.

competition, asserted in Counts I, II, and III in the Complaint.[31] Thus, Oceana Seafood's only remaining claim against Defendants is its claim for tortious interference with a business relationship, asserted in Count IV of its Complaint.

Defendants filed the instant Motion in this Court on March 9, 2021, seeking dismissal of Oceana Seafood's claim for tortious interference with a business relationship, and seeking an award of attorney's fees for filing the instant Motion and for filing its prior motion to transfer, which the Southern District of Florida granted.[32] Defendants argue that the claim for tortious interference with a business relationship should be dismissed because the Complaint does not show how Defendants could have known about the business relationship that they allegedly interfered with, *i.e.* the trademark license between Oceana Seafood and Indigo that Martinez-Malo, the principal of both entities, allegedly confected.[33] Defendants contend that Martinez-Malo, acting on behalf of Indigo, allegedly assigned the OCEANA trademark to Oceana Seafood and then entered into an oral agreement with himself to license the brand from Oceana Seafood back to Indigo.[34] Defendants argue that they did not know about the alleged relationship between Oceana Seafood and Indigo until they were sued by Oceana Seafood on February 5, 2020.[35] Defendants assert that the Complaint fails to show how Indigo or Oceana Seafood communicated these

---

[31] R. Doc. 341.
[32] R. Doc. 143; *See*, R. Doc. 122-1. Defendants previously filed a Motion to Dismiss, Transfer, or Stay Under Rule 12(B) and/or 28 U.S.C. § 1404(A) on March 3, 2020, while the case was pending in the Southern District of Florida. *See,* R. Doc. 5 in the *Oceana Seafood* case. The Southern District of Florida granted the Motion in part, and transferred the case to this Court without addressing Defendants' request for dismissal under Rule 12(b)(6).
[33] R. Doc. 143 at p. 3; R. Doc. 143-1 at p. 4.
[34] R. Doc. 143-1 at pp. 3, 5-6.
[35] *Id*. at p. 3.

transactions to Louisiana Newpack or the joint venture, and further claims that there is no record of any communication of Indigo's purported assignment of rights to Oceana Seafood.[36]

Defendants further assert that one of the elements of a claim for tortious interference with a business relationship under Florida law requires the defendant's knowledge of the business relationship, which is lacking in this case.[37] Defendants claim that the Complaint contains a single, conclusory paragraph regarding Defendants' knowledge of the trademark license, wherein Oceana Seafood alleges that, "The joint venturers were aware of Oceana's rights to the Mark and had reason to know of its license to Indigo and the joint venture."[38] Defendants argue that Oceana Seafood's "formulaic recitation of the elements of its claim is not sufficient," and that, "without sufficiently pleading how Defendants could have knowledge of the alleged business relationship between [Oceana Seafood] and Indigo (i.e., Martinez-Malo's oral agreement with himself on behalf of each entity), the Complaint fails to state a claim for tortious interference with a business relationship under Florida law."[39]

Defendants also seek an award of the attorney's fees they incurred in filing the instant Motion and filing their prior motion to transfer, which the Southern District of Florida granted.[40] Defendants assert that the Court should award them attorney's

---

[36] R. Doc. 143-1 at pp. 3 & 7-8.
[37] *Id.* at p. 7.
[38] *Id.* (*quoting* R. Doc. 1 at ¶ 81 in the *Oceana Seafood* case) (internal quotation marks omitted).
[39] R. Doc. 143-1 at pp. 7 & 8.
[40] *See*, R. Doc. 143 at p.3; R. Doc. 143-1 at pp. 3-4 & 8-11.

fees because Oceana Seafood and Martinez-Malo engaged in bad faith litigation practices and abused the corporate form, multiplying the litigation between the parties, and because the tortious interference claim "totally lacks merit."[41] Defendants also claim that the Court may award them attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), because this is an "exceptional case" based upon the "blatant forum-shopping and abuse of the corporate form," as well as "the corporate shell games and self-dealing by Martinez-Malo and his companies."[42]

Oceana Seafood opposes the Motion, asserting that its allegation that it filed a trademark application for the OCEANA brand in January 2019, a year before Defendants claim to have first become aware of Oceana Seafood's ownership of the brand on February 5, 2020, taken as true and construed in the light most favorable to Oceana Seafood, states a plausible claim for tortious interference with a business relationship under Florida law.[43] Oceana Seafood claims that Defendants analyzed its claim for tortious interference with a business relationship "under Louisiana law without explanation," and Oceana Seafood conducts a conflict of laws analysis under Louisiana law, and asserts that its claim is governed by Florida law.[44] Oceana Seafood argues that Defendants knew of the relationship between Indigo and Oceana Seafood because "they knew of the trademark application," further reasoning that, "Although they may not have seen the express license, they knew that there was a

---

[41] R. Doc. 143-1 at p. 9.
[42] *Id.* at pp. 9, 10, & 11.
[43] R. Doc. 144 at p. 2.
[44] *Id.* at pp. 9-12.

relationship with which they were likely interfering by taking their actions." [45] Oceana Seafood argues that its allegation that it filed a trademark application in January 2019 "sufficiently supports the facially plausible claim that Defendants had knowledge of [Oceana Seafood] and Indigo's relationship when they seized and began selling OCEANA branded crabmeat toward the end of 2019."[46]

Oceana Seafood briefly addresses Defendants' request for attorney's fees by asserting that Defendants are not entitled to attorney's fees because its claim for tortious interference with a business relationship is "reasonable and meritorious."[47] Oceana Seafood contends that Defendants' claim that it has engaged in forum shopping is disingenuous because its Complaint would not end the litigation in the *Louisiana Newpack* case or the *Longhai* case, nor would it affect the claims between the joint venture partners asserted therein.[48] Oceana Seafood claims that it brought this case in good faith in an appropriate forum where much of the product at issue is located and where the offensive actions injured Oceana Seafood.[49] Oceana Seafood further asserts that this is not an exceptional case under the Lanham Act for the purposes of an attorney fee award.[50]

In response, Defendants maintain that Oceana Seafood's claim for tortious interference with a business relationship should be dismissed as unplausible because Martinez-Malo hid the relationship between Indigo and Oceana Seafood and never

---

[45] R. Doc. 144 at p. 13.
[46] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Fed. R. Civ. P. 9(b)).
[47] R. Doc. 144 at p. 2.
[48] *Id.* at pp. 13-14.
[49] *Id.* at p. 14.
[50] *Id.* at pp. 14-16.

disclosed it to Indigo's joint venture partners or to Defendants.[51] Defendants assert that the sole basis for Oceana Seafood's conclusory assertion that they knew about the alleged transactions between Oceana Seafood and Indigo is an application that Oceana Seafood filed with the United States Patent and Trademark Office (the "Trademark Office") to register the mark OCEANA BEYOND DELICIOUS.[52] Defendants point out that the application merely identified Oceana Seafood as the applicant and did not disclose the alleged relationship – the trademark license – between Oceana Seafood and Indigo.[53] Defendants assert that nowhere in the Complaint does Oceana Seafood allege that Defendants knew of the trademark application, and further assert that an awareness of the application does not mean that Defendants knew there was a relationship between Indigo and Oceana Seafood.[54] Defendants claim that their counsel first discovered Oceana Seafood's trademark application on January 16, 2020, only three weeks before Oceana Seafood filed its Complaint on February 5, 2020, and that their counsel did not associate Oceana Seafood with Indigo.[55]

Defendants further point out that federal trademark law requires assignments to be in writing, but Oceana Seafood never recorded any assignment from Indigo to Oceana Seafood with the Trademark Office.[56] Defendants also assert that the Court should disregard the Declaration of Sampedro, attached as an exhibit to Oceana

---

[51] R. Doc. 145 at p. 1.
[52] *Id.* at p. 2 (*citing* R. Doc. 145-1).
[53] R. Doc. 145 at p. 2.
[54] *Id.* at p. 6.
[55] *Id.* at p. 7.
[56] *Id.* at p. 8.

Seafood's Opposition brief, because it is improper, irrelevant, not based upon personal knowledge, and "riddled with hearsay."[57] Defendants maintain that the Court should award them reasonable attorney's fees because Oceana Seafood's claim for tortious interference with a business relationship is a meritless claim asserted to try to create a reason to litigate in Florida.[58] As such, Defendants maintain that their Motion should be granted.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[59] To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[60] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[61] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[62] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[63] However, the factual allegations must be enough to raise a right to relief above the speculative level on the

---

[57] *Id.* at pp. 4-6.
[58] *Id.* at p. 9.
[59] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[60] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).
[61] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).
[62] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[63] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

assumption that all of the complaint's allegations are true.[64] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[65] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[66] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[67]

### III. ANALYSIS

#### A. The Sufficiency of Oceana Seafood's Claim for Tortious Interference With a Business Relationship Under Florida Law.

On November 2, 2021, this Court issued an Order and Reasons, granting Defendants' Motion for Summary Judgment and dismissing Oceana Seafood's claim for unfair competition under state and federal law, and its claim for civil conspiracy to engage in unfair competition, asserted in Counts I, II, and III of its Complaint.[68] In the Order, the Court found that these three claims, as well as Oceana Seafood's claim for tortious interference with a business relationship, stem from Oceana Seafood's alleged ownership of a trademark in the OCEANA brand of seafood

---

[64] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[65] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[66] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[67] *In re Pool Products Distribution Market Antitrust Litigation*, 988 F. Supp. 2d 696, 708-09 (E.D. La. 2013) (Vance, J.) (quoting *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013)) (internal quotation marks omitted).
[68] R. Doc. 341.

products.[69] Relying upon clear Fifth Circuit authority,[70] the Court determined that Oceana Seafood had failed to establish a genuine issue of material fact regarding the joint venture's ownership of the OCEANA mark through its initial use of the mark in commerce.[71] As such, the Court dismissed Oceana Seafood's claims for unfair competition and civil conspiracy to engage in unfair competition.[72]

For the same reasons, the Court finds that Defendants are entitled to dismissal of Oceana Seafood's claim for tortious interference with a business relationship. It is clear to the Court, from the Complaint[73] and Oceana Seafood's Opposition brief,[74] that Oceana Seafood's claim for tortious interference with a business relationship is based entirely upon its alleged ownership of the OCEANA mark and Defendants' alleged interference with Oceana Seafood's oral license of that mark to Indigo. Indeed, Oceana Seafood asserts as much in its brief by summarily stating that:

> "Plaintiff's factual allegation that Plaintiff filed its trademark application for the OCEANA brand in January 2019—at least an entire year before when Defendants claim to have first become aware of Oceana's ownership of the brand by the initiation of the present suit on February 5, 2020—taken as true and construed in the light most favorable to Plaintiff, sufficiently states a claim that is plausible on its face."[75]

Because the Court has determined that Oceana Seafood has failed to show a genuine issue of material fact regarding the joint venture's ownership of the OCEAN mark,

---

[69] *Id.* at pp. 3-4.
[70] *Id.* at pp. 12-15 (citing *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1265 (5th Cir. 1975)).
[71] R. Doc. 341 at pp. 12-13.
[72] *Id.*
[73] R. Doc. 1 at ¶¶ 9, 10, 80-83 in the *Oceana Seafood* case.
[74] R. Doc. 144 at pp. 12-13.
[75] R. Doc. 144 at p. 2.

the Court finds that Oceana Seafood has failed to state a plausible claim for tortious interference with a business relationship.

Further, even without considering the Court's November 2, 2021 Order and Reasons, the Court finds that the conclusory allegations in Oceana Seafood's Complaint and Opposition brief fail to state a plausible claim for tortious interference with a business relationship against Defendants. Despite Oceana Seafood's assertion to the contrary,[76] the parties agree that Florida law applies to the claim.[77] The elements of a claim for tortious interference with a business relationship under Florida law are: "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship and (4) damage to the plaintiff."[78]

Defendants argue in their Motion that Oceana Seafood has failed to state a plausible claim for tortious interference with a business relationship because it has failed to allege sufficient facts to show that Defendants knew about Oceana Seafood's business relationship with Indigo as it relates to the oral license granted by Oceana Seafood to Indigo to use the OCEANA mark. In the Complaint, Oceana Seafood alleges that, "The joint venturers were aware of Oceana's rights to the Mark and had reason to know of its license to Indigo and the joint venture."[79] The Complaint,

---

[76] *Id.* at p. 9.
[77] *Id.* at pp. 9-12; R. Doc. 143-1 at pp. 7-8; R. Doc. 145 at p. 3.
[78] *International Sales & Service, Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla. 1994)).
[79] *See*, R. Doc. 1 at ¶ 81 in the *Oceana Seafood* case.

however, is devoid of any factual allegations to support how Defendants, only one of which (Louisiana Newpack) is part of the joint venture referenced in the Complaint, knew about Oceana Seafood's "rights to the mark."

In its Opposition brief, Oceana Seafood argues that Defendants knew about the business relationship between Indigo and Oceana Seafood because Defendants knew about the January 2019 trademark application filed by Oceana Seafood to register the mark OCEANA BEYOND DELICIOUS.[80] Oceana Seafood asserts that, "Although [Defendants] may not have seen the express license, they knew that there was a relationship with which they were likely interfering by taking their actions."[81] Again, this is simply a conclusory statement without factual support. The Court finds that Oceana Seafood has failed to allege any facts to support this assertion that Defendants knew about the relationship between Indigo and Oceana Seafood, or the purported oral license of the OCEANA mark, based upon its trademark application in January 2019. The Court likewise rejects Oceana Seafood's assertion that its allegation that it filed a trademark application in January 2019, "taken as true and construed in the light most favorable to Plaintiff, sufficiently supports the facially plausible claim that Defendants had knowledge of Plaintiff and Indigo's relationship when they seized and began selling OCEANA branded crabmeat toward the end of 2019."[82] The Court finds that this conclusory allegation, without more, is insufficient to show that Defendants knew about Oceana Seafood's relationship with Indigo, or

---

[80] R. Doc. 144 at p. 13; *See*, R. Doc. 1 at ¶ 29 in the *Oceana Seafood* case.
[81] R. Doc. 144 at p. 13.
[82] R. Doc. 144 at p. 13 (citations omitted).

that Defendants knew about a purported oral license of the OCEANA mark from Oceana Seafood to Indigo. The Court notes that although Oceana Seafood submitted the Declarations of Ana Maria Gomez Sampedro[83] and an October 2, 2017 email from Lee to Martinez-Malo in support of its arguments, the Court can only consider documents outside the pleadings in the Rule 12(b)(6) context if they were attached to Defendants' Motion to Dismiss, referenced in Oceana Seafood's Complaint, and central to Oceana Seafood's Complaint.[84] Oceana Seafood's exhibits do not meet these requirements.

Because Oceana Seafood has failed to allege any factual support for an essential element of its claim – Defendants' knowledge of the oral license of the OCEANA mark from Oceana Seafood to Indigo – Oceana Seafood has failed to state a plausible claim for tortious interference with a business relationship. As such, the claim must be dismissed.

### B. Defendants' Request for Attorney's Fees.

As explained by the Fifth Circuit, "Federal courts have an inherent power 'to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets.'"[85] "As to the court's ability to use its inherent power to fee shift, the general rule in federal courts is that a prevailing party cannot recover attorney's fees absent specific statutory authority, a contractual right, or certain

---

[83] R. Doc. 144-1.
[84] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[85] *Terra Partners v. Rabo Agrifinance, Inc.*, 504 Fed.Appx. 288, 290 (5th Cir. 2012) (quoting *Scaife v. Associated Air Ctr., Inc.*, 100 F.3d 406, 411 (5th Cir. 1996)).

circumstances."[86] This is known as the "American Rule," but it is subject to a number of exceptions.[87] One such exception allows a court to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.[88] The Supreme Court has explained that this exception allows a court to assess attorney's fees against a party responsible for committing a fraud upon the court, a party who has defiled "the very temple of justice," or a party who has shown bad faith by delaying or disrupting the litigation.[89] According to the Supreme Court, the imposition of sanctions under this exception serves the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinancy.[90] The Fifth Circuit has further cautioned that, "The threshold for using our inherent power is high, and we must make a specific finding that the sanctioned party acted in bad faith, before imposing sanctions."[91] Additionally, the Fifth Circuit has held that the conduct required to invoke the exception to the American Rule must be "callous and recalcitrant, arbitrary, and capricious, or will-full, callous, and persistent."[92]

---

[86] *In re Pastran*, 462 B.R. 201, 209 (N.D. Tex. 2011) (citing authority).
[87] *Id.* (citing authority); *Hazeur v. Keller Industries*, Civ. A. No. 90-4861, 1992 WL 40829, at *1 (E.D. La. Feb. 25, 1992); *See, Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991).
[88] *Chambers*, 501 U.S. at 45-46, 111 S.Ct. at 2133 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975)) (internal quotation marks omitted).
[89] *Chambers*, 501 U.S. at 46, 111 S.Ct. at 2133 (internal quotations and quotation marks omitted).
[90] *Id.* (internal quotation and quotation marks omitted).
[91] *Terra Partners*, 504 Fed.Appx. at 290 (quotations and internal quotation marks omitted).
[92] *Galveston County Nav. Dist. No. 1 v. Hopson Towing Co., Inc.*, 92 F.3d 353, 358 (5th Cir. 1996).

The Court finds that the facts of this case fit under the baith faith exception as callous, arbitrary, capricious, and willful because Oceana Seafood engaged in blatant forum-shopping by filing this suit in the Southern District of Florida, despite its awareness of the related *Louisiana Newpack* case pending in this Court at that time. According to Oceana Seafood's Complaint, Martinez-Malo formed Indigo in 2016, and Martinez-Malo and Sampedro formed Oceana Seafood on January 11, 2019.[93] As previously mentioned, Louisiana Newpack sued Indigo, Ocean Feast, Zeng, and Martinez-Malo in Louisiana state court on or about September 24, 2019,[94] and Ocean Feast, Indigo, Zeng, and Martinez-Malo filed a Notice of Removal in this Court on October 3, 2019.[95] Thus, Martinez-Malo, both as a named defendant as well as the founder of another named defendant, Indigo, was clearly aware of the related litigation pending in this Court at the time Oceana Seafood, yet another entity formed by Martinez-Malo, filed its Complaint in the Southern District of Florida on February 5, 2020.[96] Indeed, Martinez-Malo and Indigo had even filed a Motion to Dismiss in the *Louisiana Newpack* case on November 7, 2019, several months before Oceana Seafood filed its Complaint in the Southern District of Florida.[97] This Court previously recognized that, "The record supports that Martinez-Malo was aware of the Louisiana litigation prior to the suit being filed in Florida."[98]

---

[93] *See*, R. Doc. 1 at ¶¶ 11 & 26 in the *Oceana Seafood* case
[94] R. Doc. 1-1.
[95] R. Doc. 1.
[96] *See,* R. Doc. 1 in the *Oceana Seafood* case.
[97] R. Doc. 9.
[98] R. Doc. 133 at p. 6.

Further, the Court is disturbed by the allegations of self-dealing by Martinez-Malo, alleged in the instant Motion and in Oceana Seafood's Complaint.  In the Complaint, Oceana Seafood alleges that Indigo, a company formed by Martinez-Malo, assigned its rights in the OCEANA mark to Oceana Seafood, another entity formed by Martinez-Malo,[99] and that Oceana Seafood subsequently "entered into an oral license with Indigo" to allow the joint venture to sell product under the OCEANA mark.[100]  Oceana Seafood, however, omits key details regarding the purported "oral license with Indigo," including who executed the agreement on behalf of each entity.  In a separate pleading, however, Martinez-Malo has represented to the Court that, "*he* licensed Indigo to continue using the OCEANA brand in sales of Joint Venture Product," and that, "Martinez-Malo simply did not see anything wrong, nor was there anything improper or illegal, with *his* conducting these transactions between Indigo and [Oceana Seafood] without informing his partners in the Joint Venture."[101]  The Court previously warned counsel that, "the Court will not tolerate gamesmanship from any party, including Oceana Seafood.  The Court previously mentioned during an August 3, 2020 telephone status conference that it was deeply troubled by the gamesmanship demonstrated by **both** Louisiana Newpack and Oceana Seafood in this case and in the Florida litigation."[102]  Oceana Seafood, however, failed to heed that warning, forcing counsel for Defendants to expend time and resources in drafting the instant Motion and the prior motion to transfer, and forcing the Court to expend

---

[99] *See*, R. Doc. 1 at ¶¶ 9-11, 27.
[100] *Id*. at ¶ 80.
[101] R. Doc. 289-1 at pp. 7-8 (emphasis added).
[102] R. Doc. 133 at p. 8.

judicial resources addressing its meritless claims. Thus, finding Oceana Seafood's conduct callous, arbitrary, willful, and capricious, and pursuant to its inherent power to sanction a party or attorney to achieve the orderly and expeditious disposition of its docket, the Court grants Defendants' request for an award of the attorney's fees they incurred in filing this Motion, and in filing a prior motion to transfer the *Oceana Case* to this Court from the Southern District of Florida, which that court granted.[103]

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Dismiss and Request for Attorneys' Fees[104] is **GRANTED** and Oceana Seafood's claim for tortious interference with a business relationship is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that Defendants seek an award of attorney's fees for the fees incurred in filing this Motion, as well as their prior motion to transfer, which the Southern District of Florida granted.[105] **IT IS FURTHER ORDERED** that Defendants shall have **14 days** from the date of this Order to file a motion to set the amount of attorney's fees.

New Orleans, Louisiana, November 5, 2021.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[103] R. Doc. 122-1.
[104] R. Doc. 143.
[105] *See*, R. Doc. 122-2.