UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUISIANA NEWPACK SHRIMP, INC.**  CIVIL ACTION

**VERSUS**  NO. 19-12948-WBV-KWR

**OCEAN FEAST OF CHINA, LTD, ET AL.**  SECTION: D (4)

*Consolidated with*

**LONGHAI DESHENG SEAFOOD STUFF CO. LTD**  CIVIL ACTION

**VERSUS**  NO. 20-782-WBV-KWR

**LOUISIANA NEWPACK SHRIMP, INC., ET AL.**  SECTION: D (4)

*Consolidated with*

**OCEANA SEAFOOD PRODUCTS, LLC**  CIVIL ACTION

**VERSUS**  NO. 21-00003-WBV-KWR

**LOUISIANA NEWPACK SHRIMP COMPANY, ET AL.**  SECTION: D (4)

## ORDER and REASONS

Before the Court is Louisiana Newpack's and Edward Lee's Rule 12(B)(6) Partial Motion to Dismiss Indigo's Counterclaims and Third-Party Claims.[1] Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack") and Edward Lee ("Lee") seek to dismiss the counterclaims and third-party demands asserted against them by Indigo Seafood Partners, Inc. ("Indigo") for conversion, tortious interference

---

[1] R. Doc. 153.

with a contract, fraud in the inducement, and corporate veil-piercing.[2] Louisiana Newpack and Lee also seek dismissal of Indigo's request for attorney's fees in each of the foregoing claims.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of April 6, 2021.[3] As of the date of this Order, no memorandum in opposition has been submitted.

Accordingly, because this Partial Motion to Dismiss is unopposed, and further, importantly, it appearing to the Court that the Motion has some merit, **IT IS HEREBY ORDERED** that Louisiana Newpack's and Edward Lee's Rule 12(B)(6) Partial Motion to Dismiss Indigo's Counterclaims and Third-Party Claims [4] is **GRANTED in part** and **DENIED in part.** The Motion is **GRANTED** to the extent that Louisiana Newpack and Lee seek dismissal of Indigo's counterclaim and third-party demand for tortious interference with a contract, asserted in Count IV of Indigo's Counterclaim Against Louisiana Newpack and Indigo's Third-Party Demand Against Lee.[5] Accepting the allegations as true and viewing them in the light most favorable to Indigo, as the Court is bound to do on a Rule 12(b)(6) motion, Indigo has failed to allege sufficient facts to state a plausible claim for tortious interference with

---

[2] *Id.* at p. 1 (*citing* R. Doc. 134 at ¶¶ 191-227).
[3] R. Doc. 153.
[4] *Id.*
[5] *See*, R. Doc. 134 at ¶¶ 199-208.

a contract under Louisiana law.[6] Thus, that claim, asserted in Count IV, is **DISMISSED WITH PREJUDICE.**

The Motion is **DENIED**, however, to the extent that Louisiana Newpack and Lee seek dismissal of Indigo's counterclaim and third-party demand against Louisiana Newpack and Lee for conversion in Count III, and seek dismissal of Indigo's third-party demands against Lee for fraud in the inducement and for corporate veil-piercing in Counts V and VI of Indigo's Counterclaim Against Louisiana Newpack and Indigo's Third-Party Demand Against Lee.[7] Accepting Indigo's allegations as true and viewing them in the light most favorable to Indigo, the Court finds that Indigo has alleged sufficient facts to state a plausible claim

---

[6] To state a claim for tortious interference with contract under Louisiana law, the claim must be asserted against a corporate officer and there must be proof of the following elements: (1) a contract between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the corporate officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the corporate officer; and (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance. *Knatt v. Hospital Service District No. 1 of East Baton Rouge Parish*, Civ. A. No. 03-442-B-M22005 WL 8155168, at *10 (M.D. La. Aug. 4, 2005) (citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989)). Based on this authority, Indigo's claim lacks facial plausibility as to Louisiana Newpack. To the extent Indigo alleges that, "Mr. Lee thereby wrongfully interfered with Indigo's contract with the joint venture," Indigo fails to allege any factual support to show that there was a contract between Indigo and the joint venture. *See,* R. Doc. 134 at ¶ 205. Thus, the claim as to Lee also lacks facial plausibility. The Court reaches the same conclusion to the extent that Indigo alleges, in the heading of Count IV, that Louisiana Newpack and Lee interfered with Louisiana Newpack's obligation to pay Longhai and to finance the joint venture, interfered with Indigo's sales function under the Joint Venture Agreement, and interfered with Louisiana Newpack's obligation to distribute funds to the joint venture members and its creditors. R. Doc. 134 at p. 26. Further, these "allegations" merely repeat the allegations of Indigo's breach of contract counterclaims and third-party demands asserted against Lee and Louisiana Newpack in Counts I and II. *Id*. at ¶¶ 177-190.

[7] R. Doc. 134 at ¶¶ 191-198 & 209-227.

against Louisiana Newpack and Lee for conversion,[8] and to state plausible claims against Lee for fraud in the inducement[9] and for piercing the corporate veil.[10]

**IT IS FURTHER ORDERED** that, for the reasons asserted by Louisiana Newpack and Lee,[11] the Motion is **GRANTED** to the extent that they seek dismissal of Indigo's request for attorney's fees in each of Counts III, IV, V, and VI of Indigo's Counterclaim Against Louisiana Newpack and Indigo's Third-Party Demand Against Lee.[12]

New Orleans, Louisiana, November 8, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[8] Specifically, the Court finds that Indigo's allegations in Paragraphs 194 and 195 are sufficient to support a plausible claim for conversion of inventory and funds against Louisiana Newpack and Lee. R. Doc. 134 at ¶¶ 194-195. The Court points out that while the Joint Venture Agreement allows Louisiana Newpack to hold inventory as security (R. Doc. 29-1 at p. 2), it does *not* authorize Louisiana Newpack to sell any inventory held as security. R. Doc. 29-1.

[9] As explained by another Section of this Court, a party asserting a claim for fraudulent inducement must show: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) that the error induced by a fraudulent act relates to a circumstance substantially influencing the victim's consent to the contract. *Envtl. Safety & Health Consulting Services v. Crest Energy Partners, L.P.*, Civ. A. No. 13-cv-5747, 2015 WL 2452458, at *4 (E.D. La. 2015) (Berrigan, J.) (citations omitted). The Court finds that Indigo's allegations in Paragraphs 214 through 218 are sufficient to state a plausible claim for fraudulent inducement.

[10] As the Court previously explained, Louisiana law applies to Indigo's veil-piercing claim because the parties have alleged that Louisiana Newpack was incorporated in Louisiana. R. Doc. 129 at p. 49. *See,* R. Doc. 1 at ¶¶ 3-4, R. Doc. 1-1 at ¶ 1, & R. Doc. 343 at p. 3. The Louisiana Supreme Court has instructed that, "the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances." *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991) (citation omitted). The Louisiana Supreme Court, however, further explained that, "Generally, that is done where the corporation is found to be simply the 'alter ego' of the shareholder. It usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation." *Id.* (citing authority). Here, Indigo has specifically alleged that Lee used Louisiana Newpack to defraud the other parties to the Joint Venture Agreement, as well as Louisiana Newpack's creditors, and that Lee co-mingled his personal funds with those of Louisiana Newpack, and diverted corporate funds to pay his personal obligations. R. Doc. 134 at ¶ 226. These allegations are sufficient to survive dismissal at the Rule 12(b)(6) stage.

[11] R. Doc. 153-1 at p. 10.

[12] *Id.* at ¶¶ 198, 208, 218, & 227.