UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **OCEANA SEAFOOD PRODUCTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-00003-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP COMPANY, ET AL.** | **SECTION: D (4)** |

### ORDER and REASONS[1]

Before the Court is a Request for Rule 54(B) Certification, filed by Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack").[2] Louisiana Newpack seeks an Order from this Court certifying the dismissal of its counterclaims against Longhai Desheng Seafood Stuff Co. Ltd. ("Longhai") in the Court's Order and Reasons dated

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 349.

November 2, 2021[3] as final and immediately appealable.[4] Longhai opposes the Motion,[5] and Louisiana Newpack responded to Longhai's opposition during the November 8, 2021 Telephone Status Conference.[6]

Also before the Court is a Motion to Stay November 15, 2021 Trial Pending Resolution of Louisiana Newpack Shrimp Company, Inc.'s Request for Rule 54(B) Certification and Any Appeal, filed by Louisiana Newpack.[7] Louisiana Newpack asserts that, "If this Court grants Louisiana Newpack's Request for Rule 54(b) Certification, a stay of the trial pending resolution of Louisiana Newpack's appeal is warranted."[8] Longhai opposes the Motion to Stay, asserting that a stay would only further delay the trial in this matter and unduly prejudice Longhai.[9]

After careful consideration of the parties' memoranda and the applicable law, both Motions are **DENIED**.

### I.     LAW AND ANALYSIS

The primary issue before the Court is whether Louisiana Newpack has demonstrated that there is no just reason to delay its appeal of the Court's November 2, 2021 Order and Reasons. Louisiana Newpack contends that there is no just reason for delay because an immediate appeal of the Court's November 2, 2021 Order and Reasons will avoid the risk of multiple trials if Louisiana Newpack prevails on

---

[3] R. Doc. 339.
[4] R. Doc. 349 at p. 1.
[5] R. Doc. 354.
[6] *See*, R. Doc. 360.
[7] R. Doc. 350.
[8] *Id*. at p. 1.
[9] R. Doc. 355.

appeal.[10]  By that logic, however, every interlocutory order dismissing fewer than all of a party's claims would meet the requirements of Fed. R. Civ. P. 54(b).  The Court finds that Louisiana Newpack's reasoning ignores Fifth Circuit law.  The Fifth Circuit has recognized that, "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[11]  The Fifth Circuit has also explained that, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[12]  Thus, Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[13]

After considering the interests of judicial economy and the equities involved to ensure that application of Rule 54(b) effectively "preserves the historic federal policy against piecemeal appeals,"[14] the Court finds that the possibility of piecemeal review in this case is strong and outweighs any potential danger of denying justice by delay.  Accordingly, Louisiana Newpack's Request for Rule 54(B) Certification is denied.

---

[10] R. Doc. 349-1 at p. 5.
[11] *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).
[12] *PYCA Indus., Inc.*, 81 F.3d at 1421 (citing *Ansam Assocs., Inc.*, 760 F.2d at 445).
[13] *Altier v. Worley Catastrophe Response, LLC*, Civ. A. Nos. 11-241, 11-242, 2012 WL 161824, at *26 (E.D. La. Jan. 18, 2012) (quoting *Fitch v. Wells Fargo Bank, N.A.*, Civ. A. Nos. 08-1639, 09-3466, 2010 WL 4552455, at *1-2 (E.D. La. Oct. 28, 2010) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421)); *See Ordemann v. Livingston*, Civ. A. No. 06-4796, 2007 WL 1651979 (E.D. La. June 7, 2007) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421) (same).
[14] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956)) (internal quotation marks omitted).

Because the Court is denying Louisiana Newpack's Request for Rule 54(B) Certification, Louisiana Newpack's Motion to Stay is also denied.

## II.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Request for Rule 54(B) Certification, filed by Louisiana Newpack Shrimp Company, Inc.,[15] is **DENIED.   IT IS FURTHER ORDERED** that the Motion to Stay November 15, 2021 Trial Pending Resolution of Louisiana Newpack Shrimp Company, Inc.'s Request for Rule 54(B) Certification and Any Appeal[16] is also **DENIED.**

New Orleans, Louisiana, November 10, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[15] R. Doc. 349.
[16] R. Doc. 350.