UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **OCEANA SEAFOOD PRODUCTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-00003-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP COMPANY, ET AL.** | **SECTION: D (4)** |

## ORDER

Before the Court is Arthur Zeng's (Third Party Defendant) Motion to Dismiss Amended Third-Party Demand.[1] Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack") opposes the Motion,[2] and Zeng has filed a Reply.[3]

Because Louisiana Newpack's Opposition brief referred to matters beyond its First Amended and Restated Counterclaim, Third Party Demand and Jury Demand

---

[1] R. Doc. 180.
[2] R. Doc. 209.
[3] R. Doc. 216.

(Louisiana Newpack's "Third-Party Demand"),[4] the Court provided notice to the parties that it may convert the Motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), and it invited the parties to submit supplemental material or argument pertinent to the Motion.[5] Both Louisiana Newpack and Zeng timely submitted supplemental briefs.[6]

The Court now converts the Motion into a motion for summary judgment. So converted, after careful consideration of the parties' memoranda and the applicable law, and for the reasons stated during the November 12, 2021 Telephone Status Conference, the Court finds that there are no genuine issues of material fact in dispute that preclude summary judgment as to Louisiana Newpack's third-party demand against Zeng. In Count Three of its Third-Party Demand,[7] Louisiana Newpack asserts that Zeng is liable for any debts owed by Louisiana Newpack to Longhai Desheng Seafood Stuff Co., Ltd. ("Longhai") for three orders of crabmeat purchased in November and December of 2018.[8] Louisiana Newpack alleges that Zeng placed the three orders "on behalf of Ocean Feast or in his individual capacity,"[9] and that neither Zeng nor Ocean Feast were authorized to contract with Longhai on behalf of Louisiana Newpack.[10]

Zeng filed the instant Motion to dismiss the claim, asserting that "not a single document exists to suggest that Arthur Zeng made a single purchase order (for

---

[4] R. Doc. 155.
[5] R. Doc. 356.
[6] R. Docs. 364 & 365.
[7] R. Doc. 155.
[8] *Id.* at ¶¶ 77-85.
[9] *Id.* at ¶ 79.
[10] *Id.* at ¶ 81.

hundreds or thousands of dollars of crab meat) under his own name or for his own personal benefit or business."[11] In its Opposition brief, Louisiana Newpack repeatedly asserts that Zeng placed the orders on behalf of the joint venture and that the debt owed to Longhai is a joint venture debt.[12] Nonetheless, Louisiana Newpack contends that Zeng may be liable for these orders in his personal capacity, potentially through a corporate veil-piercing claim, because "Arthur Zeng is Ocean Feast and Ocean Feast is Arthur Zeng."[13] Louisiana Newpack, however, fails to provide any factual support for this assertion. Moreover, the documents attached to Louisiana Newpack's Opposition brief, specifically Longhai's discovery responses, specifically provide that Zeng issued the three purchase orders in dispute, but that, "All Purchase Orders for Oceana crabmeat were placed in the name of Louisiana Newpack Shrimp Company, Inc. or Indigo Seafood. No sales were made to Ocean Feast."[14] In response, Zeng asserts, or at least implies, that the crabmeat was purchased on behalf of the joint venture.[15]

In its Supplemental Memorandum in Further Opposition to Third Party Defendants' Motion to Dismiss (R. Docs. 180, 181), Louisiana Newpack again explicitly alleges that Zeng ordered the crabmeat for the joint venture,[16] and asserts that, "all parties knew that this crabmeat was being purchased by the Joint Venture,

---

[11] R. Doc. 180 at p. 1.
[12] R. Doc. 209 at pp. 5, 6, 7, 8, & 9.
[13] *Id.* at pp. 10-11.
[14] R. Doc. 209-7 (*See*, Response to Request for Production No. 1).
[15] *See, generally,* R. Doc. 180-1; *Id.* at p. 10 ("There is no question Louisiana Newpack bears responsibility for paying Longhai for the crabmeat purchased for the Joint Venture.").
[16] R. Doc. 364 at pp. 2, 4, 5, 7, & 8.

Case 2:19-cv-12948-WBV-KWR   Document 371   Filed 11/12/21   Page 4 of 5

not by Louisiana Newpack."[17] The exhibits attached to Louisiana Newpack's Supplemental Brief support this assertion. Nonetheless, Louisiana Newpack again asserts that Zeng should be held liable individually because he is "hiding behind the veil of the Chinese company – Ocean Feast – to insulate himself from any personal liability."[18] While Louisiana Newpack asserts that, "Ocean Feast has no other officers than Zeng's sister, who notably makes no appearance in any of the thousands of documents exchanged between the parties and appears to have had no active role whatsoever in running the 'company,'" Louisiana Newpack failed to provide any summary judgment evidence to support these assertions, despite having two opportunities to do so. Zeng asserts in its Supplemental Memorandum in Support of Motion to Dismiss and/or Motion for Summary Judgment as to Amended Third-Party Demand that he is merely an employee of Ocean Feast, that Ocean Feast is owned by his adult sister, Jia Zeng, and that he has never had an ownership interest in the entity.[19] Thus, Zeng contends there's no basis to support a potential veil-piercing claim. Zeng further asserts that, pursuant to the Joint Venture Agreement, Ocean Feast, through its employee, Zeng, placed the orders at issue on behalf of the joint venture.[20]

After reviewing the memoranda and summary judgment evidence attached to the parties' Supplemental Memoranda, the Court finds that there is no genuine issue of material fact that Zeng ordered the crabmeat at issue on behalf of the joint venture

---

[17] *Id.* at p. 4.
[18] *Id.* at p. 9.
[19] R. Doc. 365 at pp. 2-4.
[20] *Id.* at pp. 4-6.

through Ocean Feast, and not in his individual capacity. The Court further finds that Louisiana Newpack has failed to present any summary judgment evidence to show that Zeng is a corporate officer of Ocean Feast or, if he is, that he has ignored the corporate form such that he can be held personally liable for Ocean Feast's apportionment of the joint venture's debts through a veil-piercing theory. Thus, there is no evidence before the Court to create a genuine dispute as to Zeng's individual liability for the three purchase orders at issue, and Zeng is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Arthur Zeng's (Third Party Defendant) Motion to Dismiss Amended Third-Party Demand[21] is **GRANTED** and Louisiana Newpack's third-party demand against Zeng, asserting that Zeng is liable for any alleged debts to Longhai, is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, November 12, 2021.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[21] R. Doc. 180.