UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS[1]

Before the Court is Longhai Desheng Seafood Stuff Co. Ltd.'s ("Longhai's") Motion *in Limine* Regarding Objections to Trial Exhibits.[2] Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack") has filed an Opposition.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED in part, DENIED as premature in part, and GRANTED in part.**

---

[1] All of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 292.
[3] R. Doc. 303.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[4]

Longhai filed a Motion *in Limine* Regarding Objections to Trial Exhibits, seeking to exclude a number of Louisiana Newpack's proposed exhibits on the grounds that they are either not relevant or constitute hearsay, and thus not admissible under the Federal Rules of Evidence.[5] In its Opposition brief, Louisiana Newpack argues that the exhibits are all relevant and admissible under various exceptions to the hearsay rule.[6]

II.    **LAW AND ANALYSIS**

   **A. Louisiana Newpack Exhibit No. 5 (July 30, 2017 email) and Louisiana Newpack Exhibit No. 94 (June 30, 2017 email)**

Longhai argues that Louisiana Newpack Exhibit Nos. 5 and 94 are irrelevant, unauthenticated email exchanges between several parties to this litigation that insinuate the Joint Venture Agreement at issue in this case may have been discussed with some of the Chinese crab meat packers. Longhai argues that the exhibits would unfairly prejudice itself and would confuse and mislead the jury, thus outweighing any probative value of the emails. In response, Louisiana Newpack argues that the emails can be authenticated under the Fed. R. Evid. 901, and further asserts that

---

[4] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in several prior Orders (*See,* R. Docs. 129, 132, 140, 339, & 341), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[5] R. Doc. 292.
[6] R. Doc. 303. Louisiana Newpack also asserts that Longhai's objections should not be entertained since it failed to object in the Pretrial Order and, thus, would be "given another bite at the apple to do so" now. The irony of Louisiana Newpack citing Longhai's late objections is not lost on this Court in light of the several late objections raised by Louisiana Newpack during the status conference held on November 15, 2021, all relating to joint proposed jury instructions and jury charges which were due and filed on July 6, 2021.

they fall under an exception to the hearsay rule as an opposing party's statement being offered against the opposing party, pursuant to Fed. R. Evid. 801(d)(2)(A).

The Court finds that the emails contained in Louisiana Newpack's Exhibit Nos. 5 and 94 are admissible under the exception set forth in Rule 801(d)(2)(A). A party "need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification."[7] Once a prima facie showing of authenticity is made, "the evidence should be admitted, and the jury has the ultimate responsibility for deciding the authenticity issue."[8] For emails, a court need not find they are necessarily what the proponent claims, only that there is evidence sufficient for the jury to make such a finding.[9] Authenticity may be satisfied through direct evidence, such as a declaration by someone with personal knowledge.[10] Here, as a recipient to the emails, Edward Lee has the requisite personal knowledge to lay the foundation needed to authenticate Exhibit Nos. 5 and 94 at trial.

Additionally, a statement is not considered hearsay under Rule 801(d)(2)(A) if it is offered against an opposing party and is the party's own statement. Here, Louisiana Newpack's Exhibit Nos. 5 and 94 involve email communications by and between the joint venture partners who have all been joined as parties to this suit. As such, these email communications fall within the hearsay exception set forth in Rule 801(d)(2)(A) and, therefore, are admissible.

---

[7] *United States v. Jardina,* 747 F.2d 945, 950 (5th Cir. 1984).
[8] *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993) (*citing United States v. Logan*, 949 F.2d 1370, 1377–78 (5th Cir. 1991)), cert. denied, 504 U.S. 925, 112 S.Ct. 1981, 118 L.Ed.2d 580 (1992).
[9] Fed.R.Evid. 901(a) (2009); *see also Weste v. U.S.,* No. SA–12–CV–919–XR, SA–07–CR–323–XR, 2013 WL 2896843, at *6 (W.D. Tex. Jun. 11, 2013).
[10] *Arce v. Louisiana*, No. 16-14003, 2017 WL 6033516, at *2 (E.D. La. Dec. 5, 2017).

Having said that, the Court withholds a determination as to the relevancy of the exhibits by Louisiana Newpack against Longhai. Louisiana Newpack acknowledges in its Opposition brief that the emails "are highly relevant to Louisiana Newpack's claims and defenses with respect to the Joint Venture partners and the benefits reaped by Ocean Feast Co, Ltd. and Indigo Seafood Partners, Inc as a result of Louisiana Newpack's participation in the Joint Venture."[11] Louisiana Newpack then states that "Ocean Feast and Indigo used the Joint Venture to gain credibility with the suppliers."[12] Louisiana Newpack makes no attempt to claim any relevance of these exhibits to Longhai's claims against Louisiana Newpack and the Court is unable at this juncture to determine any relevancy. The Court DENIES AS PREMATURE the motion as to LNP Exhibits 5 and 94 and will rule on the admissibility at trial.

### B. Louisiana Newpack Exhibit No. 80 (September 25, 2017 Record of Application for Trade Name)[13] and Louisiana Newpack Exhibit No. 200 (July 16, 2017 email)

Longhai asserts that Louisiana Newpack Exhibit No. 200 is an unauthenticated e-mail exchange between a number of the parties in this case that insinuates the "Oceana brand" needed to be owned by the joint venture. Longhai argues these exhibits are not relevant and that their admission would only serve to prejudice the other parties and confuse and mislead the jury, thus outweighing any probative value. Thus, Longhai contends they should be excluded under Fed. R. Evid.

---

[11] R. Doc. 303.
[12] *Id.*
[13] Counsel advised during a status conference on November 15, 2021 that LNP Exhibit 80 has been withdrawn and, therefore, the Motion *in Limine* as to this exhibit is moot.

402, 403, 801, and 802. In response, Louisiana Newpack argues that Exhibit Nos. 80 and 200 can be properly authenticated through direct evidence because Edward Lee has the requisite personal knowledge to lay the foundation needed to authenticate them.

For the reasons previously stated, the Court finds that Louisiana Newpack's Exhibit No. 200 can be properly authenticated through direct evidence because Edward Lee, as a recipient of the emails, has the requisite personal knowledge to lay the foundation needed to authenticate them. The Court further finds that these exhibits are relevant because they support Louisiana Newpack's position that the OCEANA brand is owned by the joint venture. Thus, Longhai's Motion is DENIED to the extent that it seeks to exclude Louisiana Newpack Exhibit No. 200.

### C. Louisiana Newpack Exhibit No. 252 (Longhai email and chart regarding observations, recommendations, and corrective actions)

Longhai next asserts that Louisiana Newpack Exhibit No. 252 is an unauthenticated e-mail chain regarding an audit of Longhai's facilities conducted by Bloomin' Brands, Inc. Longhai argues that this document has nothing to do with the present dispute and will only serve to mislead and confuse the jury and unfairly prejudice Longhai and, as such, should be excluded under Fed. R. Evid. 402, 403, 407, 801, and 802. Louisiana Newpack claims that this exhibit is highly relevant because it plans to introduce the exhibit to refute a central aspect of Indigo Seafood Partners, Inc.'s ("Indigo's") defense to Louisiana Newpack's breach of contract claim regarding Indigo's failure to sell the crabmeat product within 90 days of landing. Specifically, Louisiana Newpack contends that it intends to use the exhibit to prove that Indigo

could not sell the crabmeat due to quality control issues, not because the product was committed to Bloomin' Brands Inc, as Indigo claims. In addition, Louisiana Newpack argues that Longhai's own corporate representative, Carrie Ma (the sender of the email and creator of the remediation chart), has personal knowledge of the documents and will be able to testify about their contents at trial. The Court finds that the email exchange and accompanying document can be authenticated at trial, principally because Longhai's corporate representative, Carrie Ma, has personal knowledge of the documents due to her participation in the email exchanges and because she created the chart.

Longhai also objected to this exhibit on the grounds of relevancy. However, as pointed out by Louisiana Newpack in its opposition, it only intended to introduce the exhibit to refute Indigo's defense to Louisiana Newpack's breach of contract claim. Indeed, Louisiana Newpack forthrightly acknowledged that it "does not plan to introduce this exhibit into evidence as evidence of Longhai's culpable conduct."[14] As Indigo is no longer a party to this action, the exhibit is no longer relevant and the exhibit is excluded.[15] Longhai's motion as to LNP Exhibit 252 is GRANTED.

### D. Louisiana Newpack Exhibits Nos. 271[16], 272,[17] and 273 (Documents produced pursuant to subpoenas)

Longhai asserts that Louisiana Newpack Exhibit Nos. 271, 272, and 273 include various bank records, All Port Air and Ocean Consolidators records, and

---

[14] R. Doc. 303.
[15] Indigo Seafood Partners settled its claims prior to trial. *See* R. Doc. 374.
[16] Counsel advised during a status conference on November 15, 2021 that Exhibits 271 and 272 have been withdrawn and, therefore, the Motion *in Limine* as to these exhibits is moot.
[17] *Id.*

Bloomin' Brands, Inc. records that were all requested by Louisiana Newpack via subpoena. Together they total 4,688 documents. Longhai argues that these documents are irrelevant and should be excluded because it is highly prejudicial and unreasonable to force Longhai to review and object to all of them within four (4) working days of trial.[18] In response, Louisiana Newpack argues that it cannot control when it receives documents, and further asserts that several documents, particularly Louisiana Newpack Exhibit No. 273, are central to its ability to refute Indigo's defense that the unsold crabmeat product was committed to Bloomin' Brands, Inc. Thus, Louisiana Newpack contends the documents' probative value outweighs any prejudice to Longhai stemming from the late production. Thus, Louisiana Newpack claims the documents are relevant and admissible at trial.

Since the filing of the Motion *in Limine,* the parties have agreed to replace LNP Exhibit 271, which contained thousands of bank records, with a summary exhibit, now marked as Trial Exhibit 772. Thus, the only exhibit remaining for a determination by the Court is LNP Exhibit 273.

In its opposition brief, Louisiana Newpack asserts that LNP Exhibit 273 "are highly relevant to Louisiana Newpack's breach of contract claim against Indigo" and "are central to Louisiana Newpack's ability to refute Indigo's defense that the crabmeat product was committed to Bloomin' Brands."[19] As noted above, Indigo is no longer a party to the proceedings, having settled its claims.[20] The Court is at a loss to

---

[18] The Court notes that Longhai filed this Motion (R. Doc. 292) on July 2, 2021. At that time, the jury trial was set for July 12, 2021. *See* R. Docs. 119 & 287.
[19] R. Doc. 303.
[20] *See* R. Doc. 374.

determine the relevance of LNP Exhibit 273 based on the record before it. For those reasons, the Motion *in Limine* is DENIED as premature.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Longhai's Motion *in Limine* Regarding Objections to Trial Exhibits[21] is **DENIED in part, DENIED as premature in part, and GRANTED in part**.

New Orleans, Louisiana, November 16, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 292.