UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

**ORDER and REASONS**[1]

Before the Court is Louisiana Newpack Shrimp Company, Inc.'s ("Louisiana Newpack's") Motion In *Limine* to Exclude Certain Trial Exhibits.[2] The Motion is opposed by Longhai Desheng Seafood Stuff Co. Ltd. ("Longhai")[3] and Ocean Feast Co., Ltd. ("Ocean Feast").[4]

After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED in part, DENIED in part, DENIED in part, as moot,** and **DENIED in part, as premature.**

---

[1] Unless otherwise indicated, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 293.
[3] R. Doc. 298. Indigo Seafood Partners, Inc., Oceana Seafood Products, LLC, and Jeffrey Martinez-Malo also filed an Opposition brief to the Motion (R. Doc. 302), but subsequently reached a settlement with Louisiana Newpack. Thus, their Opposition brief is now moot.
[4] R. Doc. 309.

**I.   LOUISIANA NEWPACK'S OBJECTIONS TO LONGHAI'S EXHIBITS**

Louisiana Newpack objects to the following exhibits that Longhai intends to introduce at trial, as listed in the June 16, 2021 Joint Pretrial Order.[5]

> **1. Proposed Exhibit No. 4 – Chart in Longhai's Second Amended Complaint that Lists All the Prior Shipments – Total of 11 Shipments of Which Longhai Did Not Get Paid on Three (Excerpt of Chart from R. Doc. 137 at p. 8).**

Louisiana Newpack objects to this exhibit as hearsay, irrelevant and unauthenticated.[6] Longhai asserts that this evidence is relevant to the amount of money owed to Longhai, which is at the center of the dispute in this case.[7] Longhai contends that the probative value of the exhibit, in demonstrating that Lee and Louisiana Newpack were at fault and owe the debt, is not substantially outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury.[8] Longhai asserts that the exhibit will be properly authenticated at trial by a witness with personal knowledge to attest that the exhibit is what it claims to be.[9] Longhai argues that proposed Exhibit No. 4 was properly authenticated through Ma Chunmei's affidavit, and was included in the Second Amended Complaint and in a previously filed motion for summary judgment.[10] Longhai further asserts that

---

[5] R. Doc. 293-1 at p. 1; *See,* R. Doc. 279 at pp. 48-50. During the Status Conference held after jury selection on November 15, 2021, counsel for Louisiana Newpack advised the Court that it has withdrawn its objection to Longhai's proposed Exhibit No. 3, and that Longhai has withdrawn its proposed Exhibit No. 16, to which Louisiana Newpack had objected. *See,* R. Doc. 293-1 at p. 5. As such, Louisiana Newpack's Motion is denied in part, as moot, as to these two objections.
[6] R. Doc. 293-1 at p. 5.
[7] R. Doc. 298 at p. 3.
[8] *Id.* at p. 4.
[9] *Id.*
[10] *Id.* at p. 5 (*citing* R. Docs. 101-2 & 137).

proposed Exhibit No. 4 will be used as a demonstrative exhibit, and that it summarizes the dates, purchase orders, amounts, and payment information for the eight prior purchases/shipments and the last three unpaid purchases/shipments, which is information that will be put into the record through the testimony of Carrie Ma.[11] Longhai claims that the exhibit will be properly authenticated at trial and should be admitted.

The Court finds that this exhibit is relevant to Longhai's breach of contract and open account claims against Louisiana Newpack, and that it does not constitute hearsay. The Court also finds that Louisiana Newpack's objection as to authentication is premature. The exhibit may be used at trial subject to its authentication. As such, Longhai's proposed Exhibit No. 4 is admissible.

### 2. Proposed Exhibit No. 5 – Chart in Motion for Summary Judgment that Shows Date of Invoices and Payments Which Leaves $998,188.03 (Excerpt of Chart from R. Doc. 101 at p. 3).

Louisiana Newpack objects to this exhibit as hearsay, irrelevant and unauthenticated.[12] Longhai asserts the same arguments raised as to its proposed Exhibit No. 4 regarding the relevance and authenticity of proposed Exhibit No. 5, and also claims that it will use proposed Exhibit No. 5 as a demonstrative exhibit at trial.[13]

For the same reasons set forth above as to Longhai's proposed Exhibit No. 4, and subject to its authentication at trial, the Court finds that Longhai's proposed

---

[11] R. Doc. 298 at p. 5.
[12] R. Doc. 293-1 at p. 5.
[13] R. Doc. 298 at pp. 2-5 & 7-8.

Exhibit No. 5 is admissible at trial. The Court further reminds the parties that the jury will be given a limiting instruction on the use of demonstrative aids, summaries, and spreadsheets.

### 3. Proposed Exhibit No. 15 – Letter from Edward Lee to Longhai Dated July 11, 2019 Acknowledging Debt to Longhai.

Louisiana Newpack objects to this exhibit as hearsay, irrelevant and unauthenticated.[14] Louisiana Newpack asserts that this exhibit should either be excluded in its entirety or be presented along with its associated emails, as "testimony has confirmed that Louisiana Newpack did not send the July 11, 2019 letter to Longhai."[15] Longhai asserts that this exhibit is relevant because Lee explains that the missed payments to Longhai are his fault and he accepts full responsibility for the outstanding payments.[16] Longhai contends that the probative value of the exhibit in illustrating that Lee and Louisiana Newpack were at fault and owe the debt is not substantially outweighed by the risk of unfair prejudice, and that the exhibit will be properly authenticated at trial by Carrie Ma, who received the letter from Lee.[17] Longhai further asserts that the exhibit is not hearsay because it is an opposing party's statement offered against the opposing party under Fed. R. Evid. 801(d)(2)(A).[18] Alternatively, if the Court determines that this exhibit constitutes hearsay, Longhai asserts that it is still admissible under Fed. R. Evid. 803(3) because it reflects Lee's mental and emotional condition regarding the outstanding debt owed

---

[14] R. Doc. 293-1 at p. 5.
[15] *Id.* at p. 4.
[16] R. Doc. 298 at p. 3.
[17] *Id.* at pp. 4 & 5.
[18] *Id.* at pp. 5 & 6-7

by Louisiana Newpack.[19] In the further alternative, Longhai claims that it is not opposed to presenting the letter with the emails attached as Exhibits A and B to Louisiana Newpack's Motion.[20]

The Court finds this exhibit relevant to Longhai's breach of contract and suit on open account claims against Louisiana Newpack and Lee, and that it falls under the exception to the hearsay rule set forth in Fed. R. Evid. 801(d)(2)(A) for opposing party statements. Subject to its authentication at trial, this exhibit is admissible, but only if it is introduced with the email thread that provides contextual information regarding the letter, as provided by Louisiana Newpack[21] As such, the Motion is denied to the extent Louisiana Newpack seeks to exclude proposed Exhibit No. 15 from trial.

### 4. Proposed Exhibit No. 17 – Declaration Against Perjury of Arthur Zeng (R. Doc. 108-4, Longhai Reply in Support of Motion for Summary Judgment Exh. A).

Louisiana Newpack objects to this exhibit as hearsay, irrelevant and unauthenticated.[22] Unlike its response its other proposed exhibits, Longhai does not assert that its proposed Exhibit No. 17 is relevant, but claims that it is not hearsay because it is an opposing party's statement offered against the opposing party under Fed. R. Evid. 801(d)(2)(A).[23]

---

[19] *Id.* at p. 7.
[20] *Id.* (*citing* R. Docs. 293-2 & 293-2).
[21] *See*, R. Docs. 293-2 & 293-3).
[22] R. Doc. 293-1 at p. 5.
[23] R. Doc. 298 at pp.5 & 6-7.

Although not addressed in-depth by the parties, the Court questions the relevance of this document. Accordingly, the Motion is denied as premature to the extent that Louisiana Newpack seeks to exclude proposed Exhibit No. 17 from trial.

### 5. Proposed Exhibit No. 18 – Declaration of Jeffery Martinez-Malo Dated July 23, 2020 (R. Doc. 78-2, Motion for Writ of Sequestration Exh. A.).

Louisiana Newpack objects to this exhibit as hearsay, irrelevant and unauthenticated.[24] As with proposed Exhibit No. 17, Longhai does not assert that proposed Exhibit No. 18 is relevant, but claims that it is not hearsay because it is an opposing party's statement offered against the opposing party under Fed. R. Evid. 801(d)(2)(A).[25]

As with proposed Exhibit No. 17, the Court questions the relevance of this document. Accordingly, the Motion is denied as premature to the extent that Louisiana Newpack seeks to exclude Longhai's proposed Exhibit No. 18 from trial.

### II. LOUISIANA NEWPACK'S OBJECTIONS TO THE PROPOSED EXHIBITS OF INDIGO, MARTINEZ-MALO, AND OCEANA SEAFOOD

During the Status Conference held after jury selection on November 15, 2021, counsel for Louisiana Newpack advised the Court that the portion of its Motion seeking to exclude the proposed exhibits of Indigo, Martinez-Malo and Oceana Seafood[26] is now moot in light of the settlement reached between those parties. As such, Louisiana Newpack's Motion is denied as moot to the extent that it seeks to

---

[24] R. Doc. 293-1 at p. 5.
[25] R. Doc. 298 at pp.5-7.
[26] R. Doc. 293-1 at pp. 5-8.

exclude the proposed exhibits of Indigo, Martinez-Malo, and Oceana Seafood, who are no longer parties in this litigation.[27]

### III. LOUISIANA NEWPACK'S OBJECTIONS TO THE PROPOSED EXHIBITS OF OCEAN FEAST AND ARTHUR ZENG

Louisiana Newpack objects to several exhibits proposed by Ocean Feast and Zeng, listed in the June 16, 2021 Joint Pretrial Order, on the basis that they are hearsay, irrelevant, and unauthenticated.[28] In its Opposition brief, Ocean Feast asserts that several of the exhibits at issue have been or will be withdrawn, including its Exhibit Nos. 4, 100, 153, 159, and 320.[29] During the November 15, 2021 post-jury selection Status Conference, counsel for Louisiana Newpack advised the Court that its Motion is now moot as to its request to exclude the foregoing exhibits. As such, the Court will only address the remaining proposed exhibits to which Louisiana Newpack has objected.

#### 1. Proposed Exhibit No. 191 – January 22, 2019 Crab Meat Wire Transfer Instructions.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay.[30] Ocean Feast asserts that this exhibit is a "Schedule attached to emails," that the author of the document, Arthur Zeng, is testifying at trial, and that the document falls under the business record and recorded recollection exceptions to the hearsay rule.[31]

---

[27] *See,* R. Doc. 374.
[28] R. Doc. 293-1 at pp. 8-9.
[29] R. Doc. 309 at p. 1.
[30] R. Doc. 293-1 at p. 9.
[31] R. Doc. 309 at p. 2 (*citing* Fed. R. Evid. 803(6) and 803(5)).

The Court first notes that the emails to which this document was purportedly attached are not part of Ocean Feast's proposed Exhibit No. 191. Nonetheless, the Court finds that the exhibit may fall under the business record exception of Fed. R. Evid. 803(6), and be admissible at trial, if a custodian testifies at trial to confirm that exhibit satisfies the requirements of Rule 803(6). As such, the Motion is denied as premature as to Louisiana Newpack's request to exclude proposed Exhibit No. 191.

### 2. Proposed Exhibit No. 235 – March 31, 2019 Ocean Company Income Statement For the Three Months Ending March 31, 2019.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay.[32] Ocean Feast asserts that this is a Louisiana Newpack "accounting document," and that it is not hearsay because it is a statement by a party opponent under Fed. R. Evid. 801(d)(2)(A).[33] Ocean Feast also asserts that the exhibit falls under the business record exception to the hearsay rule in Fed. R. Evid. 803(6).[34]

It is not clear to the Court who prepared this document and the parties have failed to provide the Court with any context regarding this document. To the extent that this exhibit was prepared by Lee on behalf of Louisiana Newpack, the exhibit may not be hearsay under Rule 801(d)(2)(A). The exhibit may also fall under the business record exception of Rule 803(6) if a custodian testifies at trial to confirm that exhibit satisfies the requirements of Rule 803(6). As such, the Motion is denied as premature to the extent Louisiana Newpack seeks to exclude Ocean Feast's proposed Exhibit No. 235.

---

[32] R. Doc. 293-1 at p. 9.
[33] R. Doc. 309 at pp. 2 & 3.
[34] *Id.*

### 3. Proposed Exhibit No. 265 – July 4, 2019 Email re: Pending Payments.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay.[35] Ocean Feast asserts that these emails between Lee and Zeng constitute a statement by a party opponent, which is not hearsay.[36] Ocean Fest further asserts that the email falls under the business record and recorded recollection exceptions to the hearsay rule.[37]

The Court finds that the email contained in Ocean Feast's proposed Exhibit No. 265 is admissible under the hearsay exception set forth in Fed. R. Evid. 801(d)(2)(A), as an opposing party's statement offered against the opposing party, subject to its authentication at trial. As the author of the emails, Lee has the requisite personal knowledge to lay the foundation needed to authenticate proposed Exhibit No. 265 at trial. Additionally, this exhibit is an email communication by and between Lee and Zeng, two of the joint venture partners, both of whom will be testifying at trial. As such, this exhibit falls within the hearsay exception set forth in Rule 801(d)(2)(A) and, therefore, is admissible at trial.

### 4. Proposed Exhibit No. 273 – July 11, 2019 Email re: Account Status.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay and because "the exhibit has not been properly identified."[38] Ocean Feast asserts that the email is not hearsay under Fed. R. Evid. 801(d)(2)(A) because it is an

---

[35] R. Doc. 293-1 at p. 9.
[36] R. Doc. 298 at pp. 2 & 3.
[37] *Id.*
[38] R. Doc. 293-1 at p. 9.

opposing party's statement offered against the opposing party. Ocean Feast further asserts that Lee testified during his deposition that he wrote the letter.[39]

Because the Court has already addressed the admissibility of the July 11, 2019 letter, as well as the email thread between the joint venture partners regarding the letter, proposed Exhibit No. 273 appears duplicative. Accordingly, the Motion is granted to the extent that Louisiana Newpack seeks to exclude Exhibit No. 273.

### 5. Proposed Exhibit No. 283 – July 12, 2019 Email from Ocean Feast to Longhai.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay and because it is an incomplete document.[40] Ocean Feast asserts that this exhibit is an "Email with E. Lee letter," which constitutes a statement by a party opponent and, therefore, is not hearsay.[41] Ocean Fest further asserts that the exhibit falls under the business record and recorded recollection exceptions to the hearsay rule.[42]

Because the Court has already twice addressed the admissibility of the July 11, 2019 letter and the email thread within which the letter was discussed by the joint venture appears, this exhibit seems duplicative. As such, the Motion is granted to the extent that Louisiana Newpack seeks to exclude proposed Exhibit No. 283.

---

[39] R. Doc. 298 at pp. 2 & 3.
[40] R. Doc. 293-1 at p. 9.
[41] R. Doc. 298 at pp. 2 & 3.
[42] *Id.*

### 6. Proposed Exhibit No. 334 – October 15, 2019 Email Regarding Supreme Crab Sales.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay and because it is irrelevant.[43] Ocean Feast asserts that this exhibit is an email from a Louisiana Newpack/A La Cart Specialty Foods, LLC sales representative and, as such, is not hearsay under Fed. R. Evid. 801(d)(2)(A) because it is a statement by a party opponent offered against the opposing party.[44] Ocean Feast also asserts that the exhibit falls under the business record exception to the hearsay rule.

The Court first questions the relevance of this exhibit, which neither party has articulated to the Court. The Court further finds that Ocean Feast has not explained how it intends to authenticate this exhibit at trial. For these reasons, the Motion is denied as premature to the extent Louisiana Newpack seeks to exclude Ocean Feast's proposed Exhibit No. 334.

### 7. Proposed Exhibit No. 352 – November 25, 2019 Email Regarding Sales of Red Swimming Crab.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay and because it is not relevant.[45] Ocean Feast asserts that this is an email from a Louisiana Newpack sales representation, which constitutes a statement by a party opponent under Rule 801(d)(2)(A).[46] Ocean Feast also asserts that the email falls under the business records exception to the hearsay rule.[47]

---

[43] R. Doc. 293-1 at p. 9.
[44] R. Doc. 298 at pp. 2 & 3.
[45] R. Doc. 293-1 at p. 9.
[46] R. Doc. 298 at pp. 2 & 3.
[47] *Id.* at p. 3.

The Court, again, questions the relevance of this exhibit, which neither party has articulated to the Court. The Court further finds that Ocean Feast has not explained how it intends to authenticate this exhibit at trial. For these reasons, the Motion is denied as premature to the extent Louisiana Newpack seeks to exclude Ocean Feast's proposed Exhibit No. 352.

### 8. Proposed Exhibit Nos. 361 & 391 – Louisiana Newpack's Tax Returns from 2019 and 2020.

Louisiana Newpack asserts that these exhibits should be excluded because they are not relevant.[48] Ocean Feast asserts that these documents are relevant because Louisiana Newpack has claimed losses and expenses due to the actions and alleged breaches of the Joint Venture Agreement by the defendants in this case, and that these documents provide evidence regarding such claimed expenses and losses.[49] Ocean Feast also asserts that Louisiana Newpack's "accounting and charges to Joint Venture are in contention in the case."[50]

The Court finds that this proposed exhibit is relevant to Louisiana Newpack's claims in this case, including its claim against Ocean Feast for breach of the duties to share in the joint venture losses. As such, the evidence is admissible.

### 9. Proposed Exhibit No. 398 – May 10, 2021 American National Bank Loan Documents.

Louisiana Newpack asserts that this exhibit should be excluded as hearsay and because it is not relevant.[51] Ocean Feast asserts that this exhibit contains the

---

[48] R. Doc. 293-1 at p. 9.
[49] R. Doc. 298 at p. 3.
[50] *Id.*
[51] R. Doc. 293-1 at p. 9.

underlying loan documents that Louisiana Newpack and Lee used to fund the joint venture, which is highly relevant to Louisiana Newpack's role of financier and its alleged bank issues.[52] Ocean Feast also asserts that the exhibit falls under the business record exception to the hearsay rule in Fed. R. Evid. 803(6).[53]

The Court finds that these documents are relevant to Ocean Feast's counterclaims against Louisiana Newpack. As such, and subject to their authentication at trial as records kept "in the course of a regularly conducted activity of a business," namely Louisiana Newpack, this exhibit is admissible at trial.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Louisiana Newpack Shrimp Company, Inc.'s Motion In *Limine* to Exclude Certain Trial Exhibits[54] is **GRANTED in part, DENIED in part, DENIED in part as moot,** and **DENIED in part, as premature.**

The Motion is **GRANTED** to the extent Louisiana Newpack seeks to exclude Ocean Feast's proposed Exhibit Nos. 273 and 283.

The Motion is **DENIED** to the extent that Louisiana Newpack seeks to exclude Longhai's proposed Exhibit Nos. 4, 5, and 15, and seeks to exclude Ocean Feast's proposed Exhibit Nos. 265, 361, 391, and 398.

The Motion is **DENIED as moot** to the extent that Louisiana Newpack seeks to exclude: (1) Longhai's proposed Exhibit Nos. 3 and 16; (2) all of the proposed

---

[52] R. Doc. 298 at p. 3.
[53] *Id.*
[54] R. Doc. 293.

exhibits of Indigo, Jeffrey Martinez-Malo, and Oceana Seafood, as those parties have been dismissed from this litigation; and (3) Ocean Feast's proposed Exhibit Nos. 4, 100, 153, 159, and 320, which exhibits were withdrawn by Ocean Feast.

Finally, the Motion is **DENIED as premature** to the extent Louisiana Newpack seeks to exclude Longhai's proposed Exhibit Nos. 17 and 18, and seeks to exclude Ocean Feast's proposed Exhibit Nos. 191, 235, 334, and 352.

New Orleans, Louisiana, November 17, 2021.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**