UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948-WBV-KWR** |
| **OCEAN FEAST OF CHINA, LTD, ET AL.** | **SECTION: D (4)** |

*Consolidated with*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782-WBV-KWR** |
| **LOUISIANA NEWPACK SHRIMP, INC., ET AL.** | **SECTION: D (4)** |

**ORDER and REASONS**[1]

Before the Court is a Motion for a Temporary Stay of Enforcement of Judgment, filed by Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack").[2] Longhai Desheng Seafood Stuff Co. Ltd. ("Longhai") opposes the Motion,[3] and Louisiana Newpack has filed a Reply.[4]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

---

[1] Unless otherwise specified, all of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948.
[2] R. Doc. 397.
[3] R. Doc. 403.
[4] R. Doc. 411.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[5]

On November 22, 2021, after a five-day jury trial and several hours of deliberation, a jury returned a verdict in this case, awarding Louisiana Newpack $598,188.03 in damages against Ocean Feast Co., Ltd. ("Ocean Feast") for breaching its fiduciary duties, awarding Louisiana Newpack $400,000.00 in damages against Ocean Feast for breaching its duties to share in joint venture losses, awarding Ocean Feast $134,180.25 in damages against Louisiana Newpack for breaching its fiduciary duties, and awarding Longhai $332,729.34 in damages against Louisiana Newpack for its open account claim, but finding that Ocean Feast was liable for the $332,729.34 owed to Longhai.[6] The Court issued a Judgment on November 24, 2021, in accordance with the jury verdict.[7]

On December 17, 2021, Louisiana Newpack filed the instant Motion for a Temporary Stay of Enforcement of Judgment, seeking to stay enforcement of the Judgment under Fed. R. Civ. P. 62(f) "pending resolution of Louisiana Newpack's post-judgment motion pursuant to Federal of Rule [sic] 59, which it plans to file within the 28-day time period set forth in Rule 59."[8] Louisiana Newpack asserts that the Court should grant a stay without additional security because "a *supersedeas* bond is unnecessary and should be waived in this case."[9] Louisiana Newpack argues that no judgment should have been entered against it on Longhai's open account

---

[5] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in several prior Orders (R. Docs. 129, 132, 140, 339, 341, 347), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[6] R. Docs. 387 & 389 through 389-6.
[7] R. Doc. 393.
[8] R. Doc. 397.
[9] *Id.*

claim because the jury reduced any possible recovery by Longhai against Louisiana Newpack by $665,458.69 and then "further reduced any possible recovery by Longhai *against Louisiana Newpack* by $332,729.34. These two amounts, combined, total $998,188.03, reducing the amount awarded by the jury in answering Question #4 ($998,188.03) to ZERO."[10]  Louisiana Newpack claims that it intends to file a post-judgment motion under Fed. R. Civ. P. 59 to amend and/or correct the Court's November 24, 2021 Judgment, "seeking to eliminate any damages owed by Louisiana Newpack to Longhai and seeking to include pre-judgment interest in the affirmative award to Louisiana Newpack."[11]  Louisiana Newpack argues that it is entitled to a stay of execution of the Court's Judgment under Rule 62(f) until 30 days after the Court rules on its post-trial motion because the Judgment created a lien on all of Louisiana Newpack's property located in Louisiana under 28 U.S.C. § 1962, and Louisiana Newpack would have been entitled to the stay under La. Code Civ. P. arts. 2252 and 2213.[12]

Longhai opposes the Motion, but only to the extent that Louisiana Newpack "erroneously asserts that it is entitled to a stay without the need for any security."[13]  After seemingly acknowledging the applicability of Fed. R. Civ. P. 62(f) to this case, Longhai asserts that Rule 62(f) does not dispose of the requirement to post a

---

[10] R. Doc. 397-1 at pp. 1-2 (emphasis in original).
[11] *Id*. at p. 2.
[12] *Id*. at pp. 3-4.  The Court notes that the Louisiana Code of Civil Procedure does not contain an article 2213.  This appears to be a typographical error, as Louisiana Newpack references La. Code Civ. P. art. 2123(A)(2) elsewhere in its Motion.  R. Doc. 397-1 at p. 3.
[13] R. Doc. 403 at p. 1.

*supersedeas* bond.[14] Relying upon Rule 62(d) and several cases from within this Circuit, Longhai argues that this Court has the discretion to waive the requirement of a *supersedeas* bond only in "extraordinary circumstances" and if Louisiana Newpack demonstrates a financial ability to pay the Judgment or shows that posting a full bond would impose an undue financial burden.[15] Longhai contends that Louisiana Newpack has made no showing to satisfy this "heavy burden," instead offering only a conclusory statement that "a *supersedeas* bond is unnecessary and should be waived in this case."[16] Longhai asserts that it would be severely prejudiced if it were precluded from executing the Judgment against Louisiana Newpack without any security. Longhai contends that this case involves a simple money judgment in its favor against Louisiana Newpack, and that any attempt to delay execution of the Judgment should be supported by the requisite security to protect Longhai's interest and prevent irreparable prejudice.[17] Thus, Longhai asserts that the Motion should be denied.

In response, Louisiana Newpack contends that Longhai has acknowledged the applicability of Rule 62(f) and the stay of execution that applies as a matter of law.[18] Louisiana Newpack disputes Longhai's assertion that it should be required to post security to obtain a stay, arguing that it does not need to post a bond because it would

---

[14] *Id.* at p. 2 (quoting *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14), 149 So.3d 805, 817) (internal quotation marks omitted).
[15] R. Doc. 403 at pp. 1-4 (citing *Latiolais v. Griffith*, Civ. A. No. 09-00018, 2015 WL 13022875, at *1-2 (W.D. La. Mar. 20, 2015); *Politz*, 49,242, 149 So.3d at 817; *Cambridge Toxicology v. Exnicios*, Civ. A. No. 02-1469, 2006 WL 8455995, at *1 (E.D. La. Apr. 18, 2006); *Arce v. Louisiana State*, Civ. A. No. 16-14003, 2019 WL 3554226, at *1-2 (E.D. La. Aug. 5, 2019)).
[16] R. Doc. 403 at p. 4.
[17] *Id.*
[18] R. Doc. 411 at p. 2.

not be required a post a bond under state law.[19] Louisiana Newpack avers that Longhai's argument regarding posting security "misses the mark," and further asserts that the cases cited by Longhai are not on point because they involve parties seeking a stay pending appeal.[20] Louisiana Newpack claims that it is not seeking a stay *per se*, but rather recognition that the Court's Judgment is not executable under Rule 62(f) until 30 days after the Court rules on Louisiana Newpack's post-trial motion, which it has since filed.[21] According to Louisiana Newpack, it is seeking an express recognition by the Court of Rule 62(f)'s application, such that the Judgment is not executable until the delay for a suspensive appeal has elapsed under La. Code Civ. P. art. 2252.[22] As such, Louisiana Newpack maintains that its Motion should be granted.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 62(f) entitles a judgment debtor to the same stay of execution of judgment as the judgment debtor would have received in state court.[23] According to the Fifth Circuit, "Rule 62(f)'s 'obvious purpose . . . is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum.'"[24] The purpose of Rule 62(f), however, "is qualified by the requirement that the state forum treat judgments as a lien, or

---

[19] *Id.*
[20] *Id.* at p. 3 (citations omitted).
[21] *Id.* at pp. 2-3.  *See*, R. Doc. 401.
[22] R. Doc. 411 at pp. 1-2.
[23] *Cajun Services Unlimited, LLC v. Benton Energy Service Company*, Civ. A. No. 17-0491 c/w 18-5630 and 18-5932, 2020 WL 3188991, at *43 (E.D. La. June 15, 2020).
[24] *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 3034 (5th Cir. 2014) (quoting *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993)).

encumbrance, on the property of judgment debtors."[25] "[I]n Louisiana, the filing of a judgment with the recorder of mortgages creates a judicial mortgage that burdens certain real and immovable property."[26] As recognized by another Section of this Court, "No other steps must be taken to create this judicial mortgage."[27]

Louisiana Code of Civil Procedure article 2252 provides that a judgment creditor may proceed with the execution of a judgment only after the delay for filing a suspensive appeal has elapsed.[28] According to La. Code Civ. P. art. 2123, a suspensive appeal must be filed within 30 days of "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict . . . ."[29]

At the outset, the Court notes that the instant Motion was premature at the time it was filed, as Louisiana Newpack made the unusual decision "out of an abundance of caution"[30] to file this Motion prior to filing a post-trial motion pursuant to Fed. R. Civ. P. 59.[31] Nonetheless, because Louisiana Newpack filed a timely Rule 59 Motion to Amend the Judgment and/or for New Trial on December 22, 2021,[32] the

---

[25] *MM Steel, L.P.*, 771 F.3d at 303-04 (quoting *Castillo*, 999 F.2d at 942).
[26] *MM Steel, L.P.*, 771 F.3d at 304 (quoting *Castillo*, 999 F.2d at 942) (internal quotation marks omitted).
[27] *Cajun Services Unlimited, LLC*, Civ. A. No. 17-0491 c/w 18-5630 and 18-5932, 2020 WL 3188991 at *43 (citation omitted); *See*, *El Paso Ind. Sch. Dist. v. Richard R.*, 599 F. Supp. 2d 759, 764 (W.D. Tex. 2008) (noting that under Louisiana law, "Once filed, the judgment itself creates the lien, and this Court is aware of no other requirements with which the judgment creditor must comply.")
[28] La. Code Civ. P. art. 2252.
[29] La. Code Civ. P. art. 2123(A)(2).
[30] R. Doc. 411 at p. 1.
[31] *See*, R. Docs. 397 & 401. *See also*, *Cajun Servs. Unlimited, LLC*, 17-0491 c/w 18-5630 and 18-5932, 2020 WL 3188991 (motion to stay execution of judgment was filed after post-trial motions); *Waganfeald v. City of New Orleans*, Civ. A. No. 06-5036, 2010 WL 5185003 (E.D. La. Dec. 14, 2010) (post-trial motion filed before motion to stay).
[31] Fed. R. Civ. P. 62(f).
[32] R. Doc. 401.

instant Motion is now ripe for determination. The Court further notes that in its Supporting Memorandum, Louisiana Newpack implies that it is seeking an extension of the automatic stay provided by Fed. R. Civ. P. 62(a), asserting that it seeks a temporary stay "pursuant to Federal Rule of Civil Procedure 62(b)," and that, "Extension of the stay provided in Rule 62(a) is proper under Rule 62(f) without the need of security."[33] Rule 62(f), however, is not the proper procedural mechanism by which to seek an extension of Rule 62(a)'s automatic stay. At any rate, reading the Motion and Reply brief together, it appears that this was likely a typographical error, and that Louisiana Newpack is not seeking to extend the automatic stay provided by Rule 62(a). Instead, Louisiana Newpack is asking the Court to recognize that the November 24, 2021 Judgment "*is not executable* under Rule 62(f) until its Rule 59 Motion to Amend the Judgment and/or for New Trial is decided and the delay for a suspensive appeal has run."[34] Thus, the Court must determine whether Louisiana Newpack is entitled to a stay of execution of the Judgment under Rule 62(f).

The Court finds that under Rule 62(f) and Louisiana law, Louisiana Newpack is entitled to a 30-day stay of execution of this Court's Judgment, to commence from the date that the Court rules on Louisiana Newpack's Rule 59 Motion to Amend the Judgment and/or for New Trial.[35] While Longhai claims that it will be prejudiced if the Court grants a stay without requiring Louisiana Newpack to post security, the

---

[33] R. Doc. 397-1 at pp. 1 & 2.
[34] R. Doc. 411 at pp. 2-3 (emphasis in original).
[35] *See,* R. Doc. 401; *Cajun Servs. Unlimited, LLC*, 17-0491 c/w 18-5630 and 18-5932, 2020 WL 3188991 at *43 (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, Civ. A. No. 02-1469 c/w 04-2044, 2005 WL 8173873, at *1 (E.D. La. Apr. 7, 2005)).

Court finds that "this ignores that federal and Louisiana law deem the judicial mortgage on [Louisiana Newpack's] immovable property to be adequate security."[36] Further, Rule 62(f) and La. Code Civ. P. art. 2252 "work together to provide a stay of execution of judgment (without qualification), with the judicial mortgage, which attaches only to [Louisiana Newpack's] immovable property, providing an interim security."[37] The Court agrees with Louisiana Newpack that the cases relied upon by Longhai are distinguishable from the facts of this case, especially since Longhai quotes extensively from cases in which courts addressed a different provision of Rule 62 – Rule 62(d) – which is not at issue in the instant Motion.[38] Accordingly, the Court grants Louisiana Newpack's request for a stay of execution of the November 24, 2021 Judgment, limited by law to 30 days from the Court's ruling on Louisiana Newpack's Rule 59 Motion to Amend the Judgment and/or for New Trial,[39] without the need to post security.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Louisiana Newpack's Motion for a Temporary Stay of Enforcement of Judgment [40] is **GRANTED.**  Execution of the Court's November 24, 2021 Judgment is **stayed**

---

[36] *Cajun Servs. Unlimited, LLC*, 17-0491 c/w 18-5630 and 18-5932, 2020 WL 3188991 at *43.
[37] *Id.*
[38] R. Doc. 403 at pp. 3-4.
[39] R. Doc. 401.
[40] R. Doc. 397.

through 30 days from the entry of this Court's ruling on Louisiana Newpack's Rule 59 Motion to Amend the Judgment and/or for New Trial.[41]

New Orleans, Louisiana, January 14, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[41] R. Doc. 401.