## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA NEWPACK SHRIMP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12948** |
| **OCEAN FEAST OF CHINA, LTD., ET AL.** | **SECTION: D (4)** |

### *Consolidated With*

| | |
|---|---|
| **LONGHAI DESHENG SEAFOOD STUFF CO. LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-782** |
| **LOUISIANA NEWPACK SHRIMP, INC.** | **SECTION: D (4)** |

### ORDER AND REASONS[1]

Before the Court is a Motion For Award of Attorneys' Fees, Cost [sic], and Pre-Judgment Interest, filed by Longhai Desheng Seafood Stuff Co. Ltd. ("Longhai").[2]  In the Motion, Longhai seeks an award of $475,495.75 in attorney's fees, $11,696.50 in costs, and prejudgment interest of $52,168.37 pursuant to Louisiana's Open Account Statute, La. R.S. 9:2781, as the prevailing party on its open account claim.[3]  Louisiana Newpack Shrimp Company, Inc. ("Louisiana Newpack"), opposes the Motion,[4] and Longhai has filed a Reply.[5]  Longhai has also filed two supplemental memoranda in support of its Motion, clarifying that it is seeking $459,062.25 in "trial-level attorneys' fees . . . plus attorneys' fees on appeal," $15,495.00 in costs, $52,168.37 in

---

[1] All of the citations to the record in this Order refer to documents filed in the master file of this consolidated matter, 19-cv-12948, hereafter referred to as the "*Louisiana Newpack* matter."
[2] R. Doc. 394.
[3] *Id.*
[4] R. Doc. 415.
[5] R. Doc. 418.

prejudgment interest, and postjudgment interest.[6]  Louisiana Newpack has likewise filed a supplemental memorandum in support of its Opposition brief.[7]

The Court referred the Motion to the assigned United States Magistrate Judge for hearing and submission of a Report and Recommendation.[8]  On May 23, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion be granted in part and denied in part.[9]  The Magistrate Judge recommended that Louisiana Newpack be ordered to pay $236,403.97 in attorney's fees, that Longhai's request for costs be denied as moot, and that Longhai's request for prejudgment interest be denied.[10]  Louisiana Newpack and Longhai both filed objections to the Report and Recommendation,[11] and Louisiana Newpack filed an Opposition to Longhai's objections.[12]

After careful consideration of the pleadings and the applicable law, the Report and Recommendation is **ADOPTED in part and MODIFIED in part,** as set forth herein.  Accordingly, the Motion is **GRANTED in part, as modified, and DENIED in part.**

---

[6] R. Doc. 414; R. Doc. 470 at p. 3.
[7] R. Doc. 474.
[8] R. Doc. 395.
[9] R. Doc. 492.
[10] R. Doc. 492.
[11] R. Docs. 493 & 494.
[12] R. Doc. 495.

# I.    FACTUAL AND PROCEDURAL BACKGROUND[13]

This consolidated matter arises from a failed joint venture between Louisiana Newpack, Ocean Feast of China, Ltd. ("Ocean Feast"), and Indigo Seafood Partners, Inc. ("Indigo"), that operated between 2017 and 2019 to purchase, import, and sell seafood products from international seafood manufacturers.[14]  Louisiana Newpack sued Ocean Feast, Indigo, and their respective legal representatives, Arthur Zeng ("Zeng")[15] and Jeffrey Martinez-Malo ("Martinez-Malo"), in September 2019 alleging that Indigo and Ocean Feast breached the joint venture agreement and breached their fiduciary duties owed to the joint venture by procuring, marketing, and selling seafood product outside of the joint venture.[16]  In March 2020, Longhai, one of the joint venture's largest suppliers, sued Louisiana Newpack and its president and legal representative, Edward Lee, for breach of contract and asserted an open account claim seeking to recover an outstanding balance of $998,188.03 allegedly owed by Louisiana Newpack for three lots of crabmeat that it purchased in November and December of 2018.[17]  The two matters were consolidated on May 29, 2020.[18]

Unbeknownst to this Court, a third lawsuit was filed by Oceana Seafood Products, LLC ("Oceana Seafood") against Louisiana Newpack and several other

---

[13] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in several prior Orders (*See* R. Docs. 129, 132, 140, 339, 341, & 426) the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

[14] R. Doc. 1-1 at p. 3; R. Doc. 29 at pp. 3–4; R. Doc. 29-1.

[15] *See* R. Doc. 279 at p. 21 ("Mr. Zeng is an employee of Ocean Feast (not the owner).").

[16] R. Doc. 1-1 at pp. 3–13; R. Doc. 29 at pp. 3–24.

[17] R. Doc. 1 in Civ. A. No. 20-782-WBV-KWR, *Longhai Desheng Seafood Stuff Co. Ltd. v. Louisiana Newpack Shrimp Company, Inc., et al.* (E.D. La.) (hereafter "the *Longhai* matter").  *See* R. Doc. 1-1 at ¶ 22.  According to the parties, Edward Lee is the principal of Louisiana Newpack.  R. Doc. 279 at p. 11, *approved and adopted by the Court in* R. Doc. 287.

[18] R. Doc. 54.

defendants in the Southern District of Florida on February 5, 2020, which was transferred to this Court on January 5, 2021 and consolidated with the two foregoing cases.[19] That matter was deconsolidated and dismissed without prejudice on November 15, 2021.[20]

After extensive motion practice, the consolidated matter went to trial before a jury on November 15, 2021.[21] After a four-and-a-half day trial, the jury found that Longhai failed to prove that it had a contract with Louisiana Newpack,[22] but found that Longhai had proved: (1) that Longhai had an open account with Louisiana Newpack; (2) that Longhai had sent a written demand for payment to Louisiana Newpack for the amount owed; (3) that Louisiana Newpack failed to pay the open account within 30 days; and (4) that Longhai is owed an outstanding balance of $998,188.03 on the open account from Louisiana Newpack.[23] While the jury did not find that Longhai had "unclean hands," which would have precluded recovery, the jury found that Longhai's recovery should be reduced by $665,458.69 "due to its own conduct or fault."[24] The jury further found Ocean Feast liable for the $332,729.34 debt owed to Longhai.[25] This Court issued a Judgment in accordance with the jury's findings on November 24, 2021.[26]

---

[19] *See* R. Docs. 1, 32, 33, 36, & 52 in Civ. A. No. 21-00003, *Oceana Seafood Products, LLC v. Louisiana Newpack Shrimp Company, et al.* (E.D. La.) (hereafter, "the *Oceana Seafood* matter").
[20] R. Doc. 374; *See* R. Doc. 369. *See also* R. Doc. 53 in the *Oceana Seafood* matter.
[21] R. Doc. 374.
[22] R. Doc. 389-5.
[23] R. Doc. 389-6 at pp. 1–2.
[24] *Id.* at pp. 2–3.
[25] *Id.* at p. 3.
[26] R. Doc. 393.

Louisiana Newpack subsequently filed a Motion to Amend the Judgment and/or for New Trial, seeking, among other things, a judgment in its favor on Longhai's open account claim because the jury found that no contract existed between Louisiana Newpack and Longhai.[27] This Court granted the motion in part,[28] issued an Amended Judgment in favor of Louisiana Newpack, and dismissed all of Longhai's claims against it with prejudice.[29] Longhai appealed the Amended Judgment,[30] and the Fifth Circuit reversed the Amended Judgment and reinstated the original Judgment.[31]

In the instant Motion, Longhai seeks an award of attorney's fees, costs, and prejudgment interest pursuant to La. R.S. 9:2781 and the reinstated original Judgment because it prevailed on its open account claim against Louisiana Newpack.[32] Longhai claims that Louisiana courts consider ten factors in determining the reasonableness of attorney's fees on an open account claim and, without addressing the factors directly, asserts that the attorney's fees sought are reasonable.[33] Longhai originally sought $475,495.75 in attorney's fees, $11,696.50 in costs, and $52,168.37 in prejudgment interest.[34] In its first Supplemental Memorandum, Longhai clarified that it is only seeking $459,062.25 in attorney's fees,

---

[27] R. Doc. 401.
[28] R. Doc. 426.
[29] R. Doc. 427.
[30] R. Doc. 429.
[31] R. Doc. 460.
[32] R. Doc. 394.
[33] R. Doc. 394-1 at pp. 2–5 (citing *CPI Card Grp.-Nevada, Inc. v. Traffic Jam Events, LLC*, Civ. A. No. 11-2873, 2013 WL 3561383, at *2–3 (E.D. La. July 11, 2013) (Vance, J.) (citing *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992))).
[34] R. Doc. 394.

$12,246.50 in costs, and $52,168.37 in prejudgment interest.[35]   In its Second Supplemental Memorandum, however, Longhai seeks $459,062.25 in attorney's fees plus an unspecified amount of its attorney's fees on appeal, $15,495 in costs, $52,168.37 in prejudgment interest, and post-judgment interest.[36]

Louisiana Newpack argues that the Motion should be denied and that the fees and costs sought are improper and subject to substantial reduction because Longhai's claims were rejected by the jury.[37]   Louisiana Newpack claims that Longhai's recovery on its open account claims was reduced to zero when the jury found that Longhai's recovery should be reduced by $665,458.69 and further found that the remaining balance of $332,729.34 was owed by Ocean Feast.[38]   Alternatively, Louisiana Newpack asserts that the fees requested by Longhai are excessive because Longhai only succeeded on half of its claims, as the jury rejected its breach of contract claim, and because Longhai's recovery on its open account claim was reduced by 67% due to Longhai's own fault.[39]   As such, Louisiana Newpack asserts that, at best, Longhai succeeded on only 16.5% of its claims, and that Longhai should only be awarded 16.5% of its fees, which should be further reduced based on the unreasonably high rate of one of its attorneys and other unrelated fee entries.[40]   Louisiana Newpack further asserts that Longhai has failed to show that it is entitled to recover costs and

---

[35] R. Doc. 414 at pp. 1–2.
[36] R. Doc. 470.
[37] R. Doc. 415.
[38] *Id*. at pp. 1–2 & n.2.
[39] *Id*. at p. 2.
[40] *Id*. at pp. 2, 7–15, &18.

expenses, and claims that Longhai is not entitled to prejudgment interest because the original Judgment did not include an award of interest.[41]

In response, Longhai maintains that it was the prevailing party on its open account claim against Louisiana Newpack[42] and that is entitled to the reasonable fees and costs sought.[43] Longhai further claims that Louisiana Newpack's "delay tactics turned this simple collection case into a 'costly endeavor,' requiring substantial work on the part of counsel, much more than is typically necessary in a simple open account case."[44] Longhai maintains that it is entitled to costs under Fed. R. Civ. P. 54 and La. Code Civ. P. art. 1920, and that it sought prejudgment interest in its Complaint and in its Motion for Attorney's Fees.[45]

On May 23, 2024, the assigned Magistrate Judge issued a Report and Recommendation, recommending that the Motion be granted in part and denied in part.[46] Specifically, the Magistrate Judge recommended that the Motion be granted to the extent Longhai sought attorney's fees and recommended that Longhai be awarded $236,403.97 in attorney's fees, but recommended that the Motion be denied with respect to Longhai's request for costs and prejudgment interest.[47] Concluding that Longhai was the prevailing party on its open account claim, the Magistrate Judge considered the ten factors set forth in *State of Louisiana Department of*

---

[41] *Id.* at pp. 15–17.
[42] R. Doc. 418 at pp. 1–3.
[43] *Id.* at pp. 3–7.
[44] *Id.* at p. 7.
[45] *Id.*
[46] R. Doc. 492.
[47] *Id.* at p. 45. The Court notes that the Report and Recommendation does not mention or address Longhai's one-sentence request for post-judgment interest, included at the end of Longhai's Second Supplemental Memorandum in Support of its Motion for Attorney's Fees. *See* R. Doc. 470 at p. 3.

*Transportation and Development v. Williamson*,[48] and determined that $352,841.75 constitutes a reasonable fee for Longhai.[49]   In reaching that conclusion, the Magistrate Judge addressed specific categories of billing entries challenged by Louisiana Newpack, including entries pertaining to: (1) Longhai's claims against Edward Lee; (2) communications with counsel for Indigo and Ocean Feast; (3) claims asserted by other parties or against Longhai, including Louisiana Newpack's counterclaim and/or third-party demand; (4) the tariff refund; (5) legal research and writing in pursuit of legal theories or claims unrelated to the open account claim; (6) preparation for depositions and examinations of witnesses unrelated to Longhai's open account claim; and (7) vague, excessive, or duplicative entries.[50]

After determining that Longhai could recover a reasonable fee of $352,841.75, the Magistrate Judge found that the fee award should be reduced "by 33% consistent with the recovery obtained in this matter."[51]   Applying a 33% reduction to the fee award based upon "the reduction in recovery due to [Longhai's] own fault," the Magistrate Judge concluded that $236,403.98 was a reasonable fee award for Longhai.[52]  The Magistrate Judge further found that Longhai's request for $15,495.00 in costs should be denied as moot because Longhai filed a Bill of Costs on December 29, 2021, seeking $24,301.55 in costs, and the Clerk of Court awarded Longhai $18,456.35 in costs on September 29, 2022.[53]  Finally, the Magistrate Judge found

---

[48] R. Doc. 492 at p. 9 (citing *Williamson*, 597 So.2d 439, 442 (La. 1992)).
[49] R. Doc. 492 at pp. 8–40.
[50] *Id*. at pp. 18–39.  *See* R. Doc. 474 at pp. 8–12.
[51] R. Doc. 492 at p. 17.
[52] *Id*. at p. 40.
[53] *Id*. at pp. 41–43 (*citing* R. Docs. 402-1 & 428).

that Longhai's request for prejudgment interest should be denied as untimely because Longhai never sought an amendment of the original Judgment or the Reinstated Judgment to include an award of prejudgment interest.[54]

Longhai and Louisiana Newpack both filed objections to the Report and Recommendation.[55] Longhai asserts that the Magistrate Judge erred in reducing its fee award, while Louisiana Newpack asserts that the Magistrate Judge erred by not reducing Longhai's fee award even further.[56] Louisiana Newpack also filed an Opposition to Longhai's objections, arguing that Longhai's objections should be overruled.[57]

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), the district court may refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[58] Pursuant to Fed. R. Civ. P. 54(d)(2)(D), a district court may refer a motion for attorney's fees to a magistrate judge "as if it were a dispositive pretrial matter."[59] The district court must review *de novo* those portions of the report and recommendations to which a specific objection is made.[60] The Court reviews all other portions of the report and recommendations for plain error.[61]

---

[54] R. Doc. 492 at pp. 43–45.
[55] *See* R. Docs. 493 & 494.
[56] R. Docs. 493 & 494.
[57] R. Doc. 495.
[58] 28 U.S.C. § 636(b)(1)(C).
[59] Fed. R. Civ. P. 54(d)(2)(D).
[60] 28 U.S.C. § 636(b)(1).
[61] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b) (Advisory Committee Notes, 1983 Addition); 28 U.S.C. § 636(b)(1)(A).

Here, Longhai and Louisiana Newpack both object to the 33% reduction applied by the Magistrate Judge to the reasonable attorney fee award of $352,841.75, albeit for different reasons.  Longhai also objects to the Magistrate Judge's denial of its request for prejudgment interest.  Louisiana Newpack further objects, seemingly in the alternative, to the Magistrate Judge's calculation of the reasonable fee award to the extent that it includes fees for work related to Longhai's breach of contract claim and Longhai's defense of Louisiana Newpack's conspiracy claim.  As such, the Court must conduct a *de novo* review of those determinations.  The remainder of the Report and Recommendation will be reviewed for plain error.

## III.   ANALYSIS

### A. Attorney's Fees

#### 1.   The *Williamson* Factors

Louisiana's Open Account Statute, La. R.S. 9:2781, allows for the recovery of "reasonable attorney fees."  The Fifth Circuit has held that, "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."[62]  In determining a reasonable award of attorney's fees under La. R.S. 9:2781, Louisiana courts generally consider the following ten factors: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorney; (7) the number of appearances made; (8) the intricacies of facts involved; (9) the diligence

---

[62] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

and skill of counsel; and (10) the court's own knowledge.[63]  These factors are derived

from Rule 1.5(a) of the Louisiana Rules of Professional Conduct.[64]  The Fifth Circuit

has held that these factors "are permissive and that consideration of them all is not

mandatory."[65]  According to Louisiana courts, "A trial judge has great discretion in

arriving at an award of attorney fees, and the exercise of this discretion will not be

reversed on appeal without a showing of clear abuse of this discretion."[66]

      The Court recognizes that the Fifth Circuit applies the lodestar method to

calculate reasonable attorney's fees.[67]  "The lodestar is computed by multiplying 'the

reasonable number of hours expended on the litigation' by 'the reasonable hourly

rates for the participating lawyers.'"[68]  The lodestar method "is presumed to yield a

---

[63] *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992).  The Court notes that some Louisiana courts also consider the liable party's ability to pay.  *See Action Oilfield Services, Inc. v. Energy Mgmt. Co.*, 2018-1146, p.7 (La. App. 1 Cir. 4/17/19), 276 So.3d 538, 544 (citing *Law Offices of Fred L. Herman, APLC v. Helmer*, 2013-235, p.6 (La. App. 5 Cir. 10/9/13), 128 So.3d 310, 313).

[64] *Williamson*, 597 So.2d at 442, n.9.  Rule 1.5(a) sets forth the following factors for courts to determine the reasonableness of a lawyer's fee: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer of lawyers performing the services; and (8) whether the fee is fixed or contingent.

[65] *See Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988) (*citing* Rule 1.5(a) of the Louisiana Rules of Professional Conduct).  The Court recognizes that one magistrate judge from this Court has applied the lodestar method to determine reasonable fees in state law cases, finding that the factors in Rule 1.5(a) of the Louisiana Rules of Professional Conduct are similar to those considered under the federal lodestar analysis, which were set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  *See Silver Dream, LLC v. 3MC, Inc.*, Civ. A. No. 10-3658, 2011 WL 5875142, at *3 (E.D. La. Oct. 31, 2011) (Wilkinson, M.J.); *King v. Univ. Healthcare Sys., L.C.*, Civ. A. No. 08-1060, 2009 WL 3740640, at *6 (E.D. La. Nov. 4, 2009), *aff'd in part, vacated in part, reversed in part on other grounds by King .v Univ. Healthcare Sys., L.C.*, 645 F.3d 713 (5th Cir. 2011)).

[66] *Action Oilfield Servs., Inc. v. Energy Mgmt. Co.*, 2018-1146, p.7 (La. App. 1 Cir. 4/17/19), 276 So.3d 538, 544 (citing *Burford v. Burford*, 1995-2318, p.5 (La. App. 1 Cir. 6/28/96), 677 So.2d 722, 725).

[67] *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).

[68] *ADB Com. Constr. (Louisiana) LLC v. St. Charles Housing LP*, Civ. A. No. 2:22-CV-01083, 2023 WL 8263433, at *1 (W.D. La. Nov. 29, 2023) (Cain, J.) (quoting *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

reasonable fee but may be adjusted up or down if the twelve *Johnson* factors show exceptional circumstances warranting a departure."[69]  The Fifth Circuit has held that, "of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."[70]  The Fifth Circuit, however, has also held that four of the *Johnson* factors, including the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained, are presumably fully reflected and subsumed in the lodestar amount and can only be used to support an upward adjustment in "rare and exceptional cases."[71]

While not addressed by the parties or the Magistrate Judge, there does not seem to be a clear consensus regarding whether the *Williamson* factors or the lodestar method should be used to calculate a reasonable attorney fee award on an open account claim brought under Louisiana law.  At least two Sections of this Court have

---

[69] *ADB Com. Constr.*, Civ. A. No. 2:22-CV-01083, 2023 WL 8263433 at *1 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).  *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (listing the following factors to be considered when setting a reasonable fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

[70] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Von Clark v. Butler,* 916 F.2d 255, 258 (5th Cir. 1990)).

[71] *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) (citation omitted); *Heidtman v. Cnty. Of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986)) (internal quotation marks omitted).  *See Cajun Services Unlimited, LLC v. Benton Energy Service Co.*, Civ. A. No. 17-491 c/w 18-5630 and 18-5932, 2020 WL 375596, at *8 (E.D. La. Jan. 23, 2020) (Ashe, J.) (citing authority).

applied the *Williamson* factors in assessing the reasonableness of attorney's fees sought in an open account case,[72] but several Sections of this Court and one of our sister courts have instead applied the lodestar method to make that determination.[73] At least one Section of this Court has recognized that, "An accepted method with which to begin a calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable."[74] Similarly, two Sections of this Court have recognized that some of the *Williamson* factors are the same as the twelve *Johnson* factors.[75] The Court agrees that several of the

---

[72] *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, Civ. A. Nos. 10-1483, 10-1786, 2014 WL 4186457, at *1–2 (E.D. La. Aug. 22, 2014) (Zainey, J.); *CPI Card Group-Nevada, Inc. v. Traffic Jam Events, LLC*, Civ. A. No. 11-2873, 2013 WL 3561383, at *2–3 (E.D. La. July 11, 2013) (Vance, J.). *See also Receivables Exchange, LLC v. Advanced Technology Servs., Inc.*, Civ. A. No. 14-668, 2015 WL 2372434, at *2 (E.D. La. May 18, 2015) (Milazzo, J.) (finding that, in a breach of contract case based upon diversity jurisdiction, state law controls the award of and the reasonableness of attorney's fees awarded and the court applied the ten *Williamson* factors to calculate a reasonable fee); *GMAC Com. Mortg. Corp. ex rel. LaSalle Nat. Bank v. Chateau Deville Apartments P'ship*, Civ. A. No. 02-1845, 2003 WL 21674467, at *1 (E.D. La. July 16, 2003) (Vance, J.) (applying the *Williamson* factors to determine the reasonableness of attorney's fees after finding that, "because this Court is sitting in diversity and plaintiff's right to attorneys' fees is set forth by contract, Louisiana law governs plaintiff's motion for attorneys' fees").

[73] *See Ferguson Enter., LLC v. GH Mech. And Servs. LLC*, Civ. A. No. 23-00511, 2024 WL 493302, at *3 (E.D. La. Feb. 8, 2024) (Milazzo, J.) (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)) (finding that plaintiff was entitled to reasonable attorney's fees on its open account claim, and that, "To calculate an attorneys' fees award, the district court first calculates the 'lodestar.'"); *CovidScan, LLC v. Barr*, Civ. A. No. 22-5411, 2024 WL 167158, at *1–2 (E.D. La. Jan. 16, 2024) (Fallon, J.) (reviewing the number of hours billed and the hourly rates of the attorneys in determining the reasonableness of the attorney's fees sought on the open account claim); *ADB Com. Constr. (Louisiana) LLC v. St. Charles Housing LP*, civ. A. No. 2:22-CV-01083, 2023 WL 8263433, at *1 (W.D. La. Nov. 29, 2023) (Cain, J.) (finding defendant "liable for breach of contract . . . plus costs and reasonable attorney fees under La. R.S. 9:2781" and applying the lodestar method to determine an award of reasonable attorney fees); *Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC*, Civ. A. No. 3:21-00981, 2021 WL 9274368, at *1–2 (W.D. La. July 29, 2021) (Doughty, J.) (applying the lodestar method to calculate reasonable attorney's fees for open account claim); *Action Oilfield Servs., Inc. v. Mantle Oil & Gas, LLC*, Civ. A. No. 13-4866, 2014 WL 2465310, at *1 (E.D. La. June 2, 2014) (Barbier, J.) (granting a motion for attorney's fees and applying the lodestar method to calculate reasonable attorney's fees for an open account claim).

[74] *GMAC Com. Mortg. Corp.*, Civ. A. No. 02-1845, 2003 WL 21674467 at *2 (citing *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988)).

[75] *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, Civ. A. No. 02-2103-HGB-SS, 2007 WL 782193, at *2 n.2 (E.D. La. Mar. 11, 2007) (Berrigan, J.). *See Silver Dream, LLC v. 3MC, Inc.*, Civ. A. No. 10-3658, 2011 WL 5875142, at *3 (E.D. La. Oct. 31, 2011) (Wilkinson, M.J.), *report and*

*Williamson* factors overlap with the *Johnson* factors, and that an analysis using either the *Williamson* factors or the lodestar method and the *Johnson* factors is likely to yield similar results.

Here, the Magistrate Judge applied the *Williamson* factors to determine a reasonable fee award.[76]  Grouping several of the factors together, the Magistrate Judge considered: (1) counsel's legal knowledge, customary fees, diligence, and skill (factors six and nine); (2) the results obtained and the amount of money involved (factors one and four); (3) the character of the work and intricacy of fact (factors five and eight); (4) the legal knowledge, attainment, skill, and diligence of counsel (factors six and nine); (5) the number of appearances made and the length of professional relationship (factor seven);[77] and (6) the court's own knowledge (factor ten).[78]  The only two factors that the Magistrate Judge did not consider are factors two and three,

---

*recommendation adopted* by *Silver Dream, LLC v. 3MC, Inc., et al.*, Civ. A. No. 10-3658 (E.D. La. Nov. 23, 2011) (Feldman, J.) ("The factors in Rule 1.5(a) of the Louisiana Rules of Professional Conduct are essentially similar to those considered under the federal lodestar analysis, which were originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).").  *See* also *King v. Univ. Healthcare Sys., L.C.*, Civ. A. No. 08-1060, 2009 WL 3740640, at *5–6 & 9–12 (E.D. La. Nov. 4, 2009) (Wilkinson, M.J.), *aff'd in part, vacated in part, reversed in part on other grounds by King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713 (5th Cir. 2011) (applying the lodestar method to determine a reasonable attorney fee award after finding "Louisiana law governs the award of reasonable attorney's fees based on a contract").

[76] R. Doc. 492 at pp. 9–16.

[77] The Court notes that "the length of the professional relationship with the client" is not one of the *Williamson* factors, and is actually one of the *Johnson* factors.  *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[78] R. Doc. 492 at pp. 10–16.  The Court notes that while it appears that the Magistrate Judge considered the extent of counsel's diligence and skill twice, the Magistrate Judge considered the experience and customary fees of Longhai's attorneys in considering "Counsel's Legal Knowledge, Customary Fees, Diligence, and Skill."  R. Doc. 492 at pp. 10–13.  In contrast, the Magistrate Judge found that Longhai's counsel failed to present evidence of their "knowledge attainment," but that "the results of the proceedings in this matter are illustrative of the Lugenbuhl attorneys' legal knowledge, attainment, skill, and diligence" in considering the "Legal Knowledge, Attainment, Skill, and Diligence of Counsel."  R. Doc. 492 at pp. 15 –16.

the responsibility incurred and the importance of the litigation.[79]  The Court will review each of these categories in turn.

### a. The results obtained and the amount of money involved

Considering these two factors together, the Magistrate Judge focused on the success of Longhai's two claims for breach of contract and suit on open account.[80]  The Magistrate Judge found that Longhai asserted a breach of contract claim against Louisiana Newpack regarding the sale of three lots of crabmeat "for the purchase price of $1,368,788.03," as well as an open account claim.[81]  The Magistrate Judge found that of its two claims, Longhai prevailed on its open account claim but not on its breach of contract claim, and "therefore prevailed on fifty percent (50%) of its claims."[82]

Longhai objects to the Magistrate Judge's conclusion that it succeeded on only 50% of its claims.  Longhai claims that it asserted two alternative theories of recovery – breach of contract and suit on open account – for the same outstanding balance of $998,188.03 owed for the three lots of crabmeat, and that it could only succeed on one of the claims.[83]  Thus, Longhai asserts that nothing was lost by only recovering under one theory of liability.[84]  Longhai further asserts that reducing its attorney fee award on the basis that it was only 50% successful would also result in an impermissible double reduction of Longhai's recovery.[85]  While not a model of clarity, Louisiana

---

[79] *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992).
[80] R. Doc. 492 at pp. 13–14.
[81] R. Doc. 492 at p. 14 (*citing* R. Doc. 1 in the *Longhai* matter).
[82] R. Doc. 492 at p. 14 (*citing* R. Doc. 389-6).
[83] R. Doc. 494 at p. 2.
[84] *Id.*
[85] *Id.* at pp. 3–6.

Newpack seems to assert, in the alternative,[86] that the Magistrate Judge erred because Longhai was only successful on one of three claims – the open account claim, the breach of contract claim, and Longhai's defense of Louisiana Newpack's conspiracy claim.[87]  As such, Louisiana Newpack asserts that the Magistrate Judge should have first reduced Longhai's fee request by 67% to exclude any fees Longhai incurred in bringing its breach of contract claim and in defending against Louisiana Newpack's conspiracy claim, and that the Magistrate Judge should have further reduced that amount by 67% to reflect the jury's reduction in damages awarded on the open account claim, for a total of $49,991.99.[88]

Reviewing the Magistrate Judge's finding *de novo,* the Court agrees that Longhai was successful on half of its claims.  The Court recognizes that Longhai could not have recovered under both its breach of contract claim and its open account claim, since Longhai sought the same recovery in both—the outstanding balance of $998,188.03.[89]  However, Longhai was successful on only one of the two claims that it asserted against Louisiana Newpack.  Despite Longhai's assertion to the contrary,[90] Longhai did not assert its open account claim in the alternative to its breach of contract claim.  That is evident from Longhai's Complaint[91] and the Jury

---

[86] *See* R. Doc. 493 at p. 1; R. Doc. 493-1 at pp. 1, 2, & 16 (referencing its "alternative" request).

[87] R. Doc. 493 at p. 1; R. Doc. 493-1 at pp. 1, 2, 11–12, & 16.

[88] R. Doc. 493-1 at pp. 2, 4–5, & 11–12 & 16.

[89] R. Doc. 494 at p. 2.  *See* R. Doc. 1 at ¶¶ 16 & 24 & Prayer for Relief, in the *Longhai* matter.

[90] *See* R. Doc. 494 at p 2 ("Given this distinction, Longhai necessarily would succeed on only one of the *alternative* claims presented. . . . Accordingly, under the current reasoning set forth in the Report and Recommendation, Longhai would never be able to recover its full attorneys' fees because it would always be 'unsuccessful' as to one of the *alternative* claims.  Importantly, Longhai's recovery under either *alternative* claim would be the same.") (emphasis added).

[91] R. Doc. 1 at ¶¶ 11-25, in the *Longhai* matter.  *See Id.* at the Prayer for Relief (Longhai asks the Court to "Enter Judgment against Louisiana Newpack and Edward Lee for breach of contract *and*

Verdict Form,[92] which both demonstrate that these were two independent claims. Other Sections of this Court have also recognized that, "Louisiana courts have noted that an open-account claim is not synonymous with a breach of contract claim."[93]

Moreover, as the Fifth Circuit explained on appeal in this case, the jury was provided with two sets of jury instructions and, per the instructions, "the jury *separately* considered Longhai's breach of contract and open account claims. That is, the jury *independently* assessed whether Louisiana Newpack was obliged to perform under a contract with Longhai, as well as whether the business transactions between Louisiana Newpack and Longhai gave rise to an open account."[94] The Fifth Circuit found that while the jury concluded that Longhai failed to prove that it entered into a contract with Louisiana Newpack, the jury "concluded that Longhai had shown that it and Louisiana Newpack had an open account."[95] As such, this Court finds no error in the Magistrate Judge's determination that Longhai was successful on only one of its two claims, and the Court overrules Longhai's objection to that finding by the Magistrate Judge. The Court likewise overrules Louisiana Newpack's objection to the extent that Louisiana Newpack claims Longhai was successful on only one of

---

non-payment of an open account and award Longhai damages in the amount of $998,188.03, together with interest . . . .").

[92] R. Docs. 389-5 & 389-6.

[93] *Morgan v. MEBA Medical & Benefits Plan*, Civ. A. No. 07-6252, 2007 WL 4591233, at *4 (E.D. La. Dec. 28, 2007) (Africk, J.) (citing *Tyler v. Haynes*, 1999-1921 (La. App. 3 Cir. 5/3/00), 760 So.2d 559, 562–63 ("A contract is significantly different from an open account.")). *See Congress Square Ltd. P'ship v. Polk*, Civ. A. No. 10-317, 2011 WL 837144, at *6 (E.D. La. Mar. 4, 2011) (Fallon, J.) ("The law has [thus] historically treated an open account like a contract, and a claim for breach of contract and a claim under the open account statute are considered distinct causes of action.") (quotation, internal quotation, and quotation marks omitted).

[94] *Louisiana Newpack Shrimp Co., Inc. v. Indigo Seafood Partners, Inc.*, Case No. 22-30653, 2023 WL 5316473, at *2 (5th Cir. Aug. 17, 2023) (emphasis in original).

[95] *Id.*

three substantive claims. As explained above, Longhai clearly asserted two separate claims and was successful on 50% of those claims.

Nonetheless, the Court finds that the Magistrate Judge's failure to mention the amount of money involved or the ultimate results obtained by Longhai on its open account claim – the two *Williamson* factors that she was analyzing – constitutes plain error. While the Magistrate Judge provides this information elsewhere in the Report and Recommendation,[96] she misstates the ultimate results obtained by Longhai. The Magistrate Judge repeatedly states that the jury found that Louisiana Newpack owed Longhai $998,188.03 on its open account claim, but that the jury reduced Longhai's recovery "from $998,188.03 to $665,458.69"[97] That is incorrect. The Jury Verdict Form reflects that the jury determined that Longhai had proved that it "is owed the outstanding balance of $998,188.03 on the open account from Louisiana Newpack," but further found that Longhai's recovery "should be reduced due to its own conduct or fault."[98] The jury then determined that Longhai's claim should be reduced *by* $665,458.69, or by two-thirds, "due to its own conduct or fault."[99] In other words, the jury did not reduce Longhai's recovery *to* $665,458.69; it reduced Longhai's recovery *by* $665,458.69—and to $332,729.34. The jury further found that Ocean Feast was liable for "any debt owed to Longhai."[100] Thus, the jury determined that Longhai was

---

[96] R. Doc. 492 at pp. 2–3, 7, 14, & 15.
[97] *See* R. Doc. 492 at p. 7 (*citing* R. Doc. 389-6) ("The jury therefore reduced Longhai's recovery against Louisiana Newpack from $998,188.03 to $665,458.69); R. Doc. 492 at p. 15 (*citing* R. Doc. 389-6) ("However, the jury also determined that Longhai's recovery should be reduced to $665,458.69, which is 67% of the amount it originally sought, due to its own fault.").
[98] R. Doc. 389-6 at p. 2.
[99] *Id.* at pp. 2–3.
[100] *Id.* at p. 3.

only entitled to recover $332,729.34 on its open account claim against Louisiana Newpack and that Ocean Feast was liable for that debt.[101]

The Court finds that the amount of money involved in Longhai's open account claim was considerable, at almost one million dollars, but that "the ultimate result obtained" by Longhai was only one-third of that amount, or $332,729.34. This reduction is significant, especially since the award was reduced by the jury based upon Longhai's own fault. The Court therefore finds that while the amount of money involved weighs in favor of finding that the $459,062.25 in attorney's fees sought by Longhai is reasonable, the ultimate results obtained by Longhai weigh against a finding of reasonableness.

### b.  *The remaining* Williamson *factors*

Neither Longhai nor Louisiana Newpack object to the Magistrate Judge's determinations regarding six of the remaining eight *Williamson* factors, rendering them subject to a plain error review.[102] As to the first factor, counsel's legal knowledge, customary fees, diligence, and skill, the Magistrate Judge determined that $375 per hour was a reasonable rate for Scott Wheaton, Jr., a partner with 40 years of experience, that $275 is a reasonable rate for Destinee F. Ramos, an associate with six years of experience, that $300 is a reasonable rate for Jennifer Barriere, an associate with nine years of experience, that $225 is a reasonable rate for Jackson

---

[101] R. Doc. 389-6 at pp. 2–3.

[102] The Court is mindful that the *Williamson* factors are permissive and that the Magistrate Judge was not required to consider all of them in her analysis. *GMAC Com. Mortg. Corp. ex rel. Lasalle Nat'l Bank v. Chateau Deville Apartments P'ship*, Civ. A. No. 02-1845, 2003 WL 21674467, at *2 n.1 (E.D. La. July 16, 2003) (Vance, J.) (citing *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1998)).

Smith, an associate with three years of experience, that $90 is a reasonable hourly rate for Avery Autin and Abigail Weiland, two summer law clerks, and that $110 is a reasonable rate for Farahana Burke, a paralegal with 20 years of experience.[103] The Court finds no error in these determinations, including the Magistrate Judge's reduction of Ramos' reasonable rate from $300 to $275 based upon her years of experience. Accordingly, the Court adopts the findings of the Magistrate Judge as it pertains to the reasonable hourly rate of Longhai's counsel.

The Court further finds no error in the Magistrate Judge's determination that neither Longhai nor Louisiana Newpack addressed the character of work or the intricacies of the facts involved.[104] The Court, however, agrees with Longhai that the consolidation of its breach of contract and open account claims against Louisiana Newpack with Louisiana Newpack's suit against its joint venture partners turned a simple dispute into more complex litigation involving a trademark dispute and corporate veil-piercing claims, among others.[105] The Court also agrees with Longhai that Louisiana Newpack has engaged in tactics meant to delay this litigation,[106] seeking several stays, appealing a ruling of the Magistrate Judge, and seeking certification to appeal one of this Court's rulings, all of which were denied by this Court.[107] The Court further finds no error in the Magistrate Judge's determination that Longhai failed to present evidence of its counsel's knowledge or skill, but that

---

[103] R. Doc. 492 at p. 13.
[104] R. Doc. 492 at pp. 14–15 (*citing* R. Docs. 394 & 415).
[105] R. Doc. 394-1 at p. 4; R. Doc. 418 at p. 6.
[106] R. Doc. 394-1 at p. 4; R. Doc. 414 at p. 4; R. Doc. 418 at pp. 6–7.
[107] *See* R. Docs. 106, 115, 319, 333, 349, & 350.

the outcome of the trial illustrates counsel's legal knowledge, skill, and diligence in this matter.[108]    The Court likewise finds no error in the Magistrate Judge's determination that Longhai's counsel made at least 46 appearances on the record since the filing of this suit in 2020, and that there was no information provided regarding the length of counsel's professional relationship with Longhai.[109]  As to the Court's own knowledge of the case, the Court finds no error in the Magistrate Judge noting that this case was hotly contested, with extensive motion practice leading up to a week-long jury trial.[110]  Indeed, the Court, without exaggeration, confirms this finding.

Based on the foregoing, the Court finds no error in the Magistrate Judge's analysis of these six *Williamson* factors.

### 2.  The Billing Categories Challenged by Louisiana Newpack

After reviewing the *Williamson* factors, the Magistrate Judge determined that because Longhai "prevailed on only 50% of its claim, namely the open account claim, . . . it would be unreasonable to award fees for work that was not successful."[111]  As a result, the Magistrate Judge concluded that, "in addition to reviewing the billing entries the Court will reduce the remaining award by 33% consistent with the recovery obtained in this matter."[112]  The Magistrate Judge then calculated a reasonable fee award by reviewing the billing entries challenged by Louisiana

---

[108] R. Doc. 492 at pp. 15–16.
[109] *Id.* at p. 16.
[110] *Id.*
[111] *Id.* at p. 17.
[112] *Id.*

Newpack in its Opposition briefs.[113]  At the outset, the Magistrate Judge noted that Longhai originally sought $475,495.75 for 1,415.35 hours of work performed, but that Longhai amended its claim to seek "$466,062.25 in attorneys' fees."[114]  That is incorrect.  While Longhai originally sought $475,495.75 in attorney's fees,[115] Longhai amended its request to seek only $459,062.25.  This oversight does not appear to have impacted the Magistrate Judge's calculation of the reasonable fee award, as she later correctly recognizes that Longhai sought only $459,062.25 in attorney's fees.[116]

According to the Magistrate Judge, Longhai sought attorney's fees for time spent pursuing its open account claim and for defending against Louisiana Newpack's counterclaims,[117] and Louisiana Newpack argued that any fees incurred for work unrelated to the open account claim should be excluded.[118]  Louisiana Newpack briefly asserted in its Opposition brief that Longhai should not be allowed to recover fees for pursuing its breach of contract claim, which was rejected, and should not be allowed to recover fees relating to: (1) Longhai's dismissed claims against Edward Lee;[119] (2) time spent communicating with counsel for other parties or for time spent reviewing other party's pleadings related to matters other than the open account claim;[120] (3) Longhai's defense of Louisiana Newpack's counterclaim and third party demand; (4) obtaining a tariff refund for the joint venture; (5) drafts of pleadings

---

[113] *Id*. at pp. 17–40.  *See* R. Docs. 415 & 474.
[114] R. Doc. 492 at p. 17 (*citing* R. Docs. 394 & 414-1).
[115] R. Doc. 394.
[116] R. Doc. 394 at p. 40.
[117] *Id*. at p. 17 (*citing* R. Doc. 418).
[118] R. Doc. 394 at pp. 17–18 (*citing* R. Docs. 415 & 414-1).
[119] R. Doc. 415 at p. 9 (*citing* R. Doc. 414-1 at pp. 2 & 3); R. Doc. 474 at p. 9 (*citing* R. Doc. 414-1 at pp. 2 & 3).
[120] R. Doc. 415 at p. 10 (*citing* R. Doc. 414-1 at p. 37); R. Doc. 474 at p. 9 (*citing* R. Doc. 414-1 at p. 37).

never filed or pursued; and (6) vague, excessive, or duplicative billing entries.[121] Louisiana Newpack provided a color-coded copy of Longhai's invoices to show which billing entries it challenged within each of these categories.[122]

The Magistrate Judge then reviewed the billing entries challenged in each of these categories and excluded some of the billing entries as unrelated to Longhai's open account claim, but allowed Longhai to recover some of the fees related to Longhai's breach of contract claim and its defense of Louisiana Newpack's conspiracy claim.[123]  Longhai does not object to the Magistrate Judge's findings as to these billing entries.[124]  Louisiana Newpack, however, objects to the Magistrate Judge's determination that Longhai could recover fees relating to its breach of contract claim and relating to its defense of Louisiana Newpack's conspiracy counterclaim.[125]  Since Louisiana Newpack fails to specify which billing entries it believes the Magistrate Judge erroneously included in the reasonable fee calculation,[126] and because it is also unclear to the Court which billing entries within each of these categories were

---

[121] R. Doc. 415 at pp. 10–12.  *See* R. Doc. 474 at pp. 10–12.
[122] *See* R. Docs. 415-1 & 474-1.  The Court notes that the two sets of color-coded invoices submitted by Louisiana Newpack are identical.
[123] R. Doc. 492 at pp. 17–40.
[124] R. Doc. 494.
[125] R. Doc. 493-1 at pp. 11–16.
[126] *See Id*. at pp. 14–16.

included in or excluded from the Magistrate Judge's reasonable fee calculation,[127] the Court must review *de novo* each billing category challenged by Louisiana Newpack.[128]

### a. Fees relating to Longhai's dismissed claims against Edward Lee

As previously mentioned, Longhai filed a Complaint against Louisiana Newpack and its president, Edward Lee, asserting breach of contract and open account claims against both defendants.[129]  Longhai's case was later consolidated with the case filed by Louisiana Newpack against Ocean Feast, Indigo, Zeng, and Martinez-Malo.[130]  After extensive motion practice in the consolidated matter, Longhai and Lee filed a Joint Motion to Dismiss on November 16, 2021, after the first day of the jury trial,[131] asking the Court to dismiss Lee from the matter with prejudice.[132]  The Court granted the Joint Motion on November 17, 2021, before beginning the second day of the trial.[133]  Because Longhai's claims against Lee were not pursued at trial, the Court finds that those claims had no bearing on the success of Longhai's open account claim.  The Court further finds that any time billed for

---

[127] *See* R. Doc. 492 at pp. 18–34.  Specifically, the Magistrate Judge states the hours billed concerning Longhai's claims against Edward Lee, but does not specify whether Longhai can recover the fees for those hours.  *Id.* at pp. 18–19.  In contrast, the Magistrate Judge specifies that the time billed for communications with other counsel "are not recoverable, as they are not a part of Longhai's open account claims."  *Id.* at pp. 19–21.  The Magistrate Judge likewise determined that Longhai could not recover the time billed concerning a "counterclaim and third-party demand" that did not apply to Longhai.  *Id.* at pp. 21–23.  The Magistrate Judge determined that Longhai could not recover fees incurred regarding a motion to dismiss filed by Ocean Feast (*Id.* at pp. 23–24), but fails to specify whether Longhai could recover the time billed "for work related to the third-party defendants' pleadings" or for time billed concerning various discovery matters.  *Id.* at pp. 24–34.

[128] In undertaking this review, the Court will reference the color-coded invoices that are in the record at R. Doc. 474-1.

[129] *See* R. Doc. 1 in the *Longhai* matter.

[130] R. Doc. 54.

[131] *See* R. Doc. 374.

[132] R. Doc. 376.

[133] R. Doc. 380.

work regarding Longhai's claims against Lee must be excluded from the calculation of Longhai's reasonable attorney's fees. Thus, Longhai may not recover the fees it incurred for the 3.00 hours billed by Wheaton or the 9.50 hours billed by Ramos that concern Longhai's claims against Edward Lee.[134]

### b. Fees related to communications with counsel for other parties

Turning next to the hours billed by Longhai's counsel for communicating with counsel for other parties, the Court finds that Longhai has failed to show that such time is related to the pursuit of its open account claim.[135] As such, that time must be excluded from the reasonable fee calculation. Specially, Longhai cannot recover the fees incurred it incurred for the 5.95 hours billed by Wheaton for communications with Thomas McEachin, former counsel for Indigo, Ocean Feast, Oceana Seafood,

---

[134] *See* R. Doc. 474-1 at p. 2 (DFR billed 0.60 hours to "Analyze case law and procedure in furtherance of service of process on Edward Lee given gated community") (highlighted red); *Id.* at p. 3 (SRW billed 1.00 hour for "Preparation of Summons to Edward Lee and Louisiana Newpack Shrimp;" DFR billed 0.10 hours for "Receipt and review of Summons issued for Mr. Lee and Louisiana Newpack from Court;" DFR billed 0.20 hours for "Reviewing correspondence with Court regarding service executed on Louisiana Newpack and Edward Lee;" SRW billed 0.50 hours for "Receipt and review of Notice of Collateral Proceeding of Louisiana Newpack Shrimp and Edward Lee; Discussion with Destinee Ramos, re: opposition") (highlighted red); *Id.* at p. 8 (DFR billed 1.60 hours for "Begin analysis of case law regarding individual liability of Mr. Lee in furtherance of drafting opposition to Motion for Partial Dismissal;" DFR billed 2.00 hours for "Continue analysis of case law regarding individual liability of Mr. Lee in furtherance of drafting opposition to Motion for Partial Dismissal") (highlighted red); *Id.* at p. 12 (DFR billed 1.30 hours for "Begin draft of Interrogatories and Requests for Production to Louisiana Newpack and Mr. Lee;" SRW billed 1.00 hour for "Review draft Interrogatories; E-mail to Destinee Ramos, re: same, Request for Production of Documents;" DFR billed 0.60 hours for "Review and revise First Set of Interrogatories to Louisiana Newpack and Edward Lee 853-925;" DFR billed 1.50 hours for "Draft Requests for Production of Documents to Louisiana Newpack and Edward Lee;" DFR billed 1.10 hours for "Revise Interrogatories to Louisiana Newpack and Edward Lee") (highlighted red); *Id.* at p. 114 (SRW billed 0.50 hours for "Receipt and review of Motion to Dismiss Edward Lee") (highlighted yellow); *Id.* at p. 115 (DFR billed 0.50 hours to "Review Motion to Dismiss") (highlighted yellow).

[135] *See Jackson v. Host Intern., Inc.*, 426 Fed.Appx. 215, 225 (5th Cir. 2011) (citation omitted) ("The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement.").

Zeng, and Martinez-Malo,[136] the 6.10 hours billed by Wheaton for communications with Jamie Berger, counsel for Indigo, Zeng, Martinez-Malo, Ocean Feast, and Oceana Seafood,[137] or the 0.70 hours billed by Ramos for communications with counsel for Ocean Feast and Indigo.[138] Longhai also cannot recover the fees it incurred for the 3.95 hours billed by Wheaton for communications with Frank Wolland, counsel for Oceana Seafood, Indigo, and Martinez-Malo,[139] the 0.50 hours

---

[136] *See* R. Doc. 474-1 at pp. 2, 3, 4, 7, & 12 (highlighted orange).  McEachin withdrew as counsel of record for Indigo, Ocean Feast, Oceana, Zeng, and Martinez-Malo on May 29, 2020.  R. Docs. 47 & 53.

[137] *See* R. Doc. 474-1 at p. 17 (SRW billed 0.70 hours for "Telephone discussion with Jamie Berger, re: representation of Ocean Feast and Indigo") (highlighted orange); *Id.* at p. 19 (SRW billed 0.25 hours for "Exchange e-mails with Jamie Berger;" SRW billed 0.75 hours for "Telephone discussion with Jamie Berger, re: [redacted]") (highlighted orange); *Id.* at p. 24 (SRW billed 0.50 hours for "Telephone discussion with Jamie Berger") (highlighted orange); *Id.* at p. 28 (SRW billed 0.50 hours for "Telephone discussion with Jamie Berger") (highlighted orange); *Id.* at p. 29 (SRW billed 0.20 hours for "Telephone discussion with Jamie Berger;" SRW billed 0.50 hours for "Telephone discussion with Jamie Berger regarding options") (highlighted orange); *Id.* at p. 33 (SRW billed 0.30 hours for "Telephone discussion with Ocean Feast's counsel;" SRW billed 0.50 hours for "Exchange e-mails with Jamie Berger regarding dates of FDA release") (highlighted orange); *Id.* at p. 37 (SRW billed 0.20 hours for "E-mail to Jamie Berger regarding Motion for Summary judgment;" SRW billed 0.20 hours for "Receipt and review of e-mail from Jamie Berger regarding [redacted]") (highlighted orange); *Id.* at p. 41 (SRW billed 0.75 hours for "Exchange e-mails with Jamie Berger regarding [redacted]") (highlighted orange); *Id.* at p. 43 (SRW billed 0.25 hours for "Exchange e-mails with Jamie Berger regarding Louisiana Newpack's request for continuance;" SRW billed 0.50 hours for "Exchange e-mails with Jamie Berger regarding Longhai's opposition to motion to continue trial") (highlighted orange).

[138] R. Doc. 474-1 at p. 41 (DFR billed 0.10 hours for "Receipt and review of correspondence with counsel for Ocean Feast regarding [redacted]") (highlighted orange); *Id.* at p. 95 (DFR billed 0.60 hours for "Telephone conference with counsel for Indigo and Ocean Feast regarding strategy [redacted]") (highlighted orange).

[139] R. Doc. 474-1 at p. 57 (SRW billed 0.50 hours for "Telephone discussion with Frank Wolland regarding deposition dates, future handling;" SRW billed 0.20 hours for "Receipt and review of e-mail from Frank Wolland regarding available deposition dates") (highlighted orange); *Id.* at p. 64 (SRW billed 0.25 hours for "Telephone discussion with Frank Wolland") (highlighted orange); *Id.* at p. 81 (SRW billed 0.50 hours for "Telephone discussion with Frank Wolland") (highlighted orange); *Id.* at p. 84 (SRW billed 0.50 hours for "Receipt and review of [redacted] from Frank Wolland;" SRW billed 0.20 hours for "Telephone discussion with Frank Wolland") (highlighted orange); *Id.* at p. 107 (SRW billed 0.50 hours for "Telephone discussion with Frank Wolland") (highlighted orange); *Id.* at p. 108 (SRW billed 0.50 hours for "Telephone discussion with Frank Wolland") (highlighted orange); *Id.* at p. 109 (SRW billed 0.50 hours for "Telephone discussion with Frank Wolland re: [redacted]") (highlighted orange); *Id.* at p. 113 (SRW billed 0.30 hours for "Telephone discussion with Frank Wolland re: status") (highlighted orange).  The Court notes that Wolland also represented Ana Marie Gomez Sampedro, who was not a party to this matter.  *See* R. Docs. 176, 177, & 186.

billed by Ramos for communications with Wolland,[140] the 6.00 hours billed by Wheaton for communications with Eric Nowak, counsel for Ocean Feast and Zeng,[141] or the 0.50 hours billed by Wheaton for communications with Nowak and Wolland.[142] Longhai also cannot recover the fees incurred for the 0.40 hours billed by Ramos for a telephone discussion with Eli Poupko regarding a redacted subject.[143] The Court agrees with the Magistrate Judge that these billing entries fail to explain the nature of the communications or their relation, if any, to Longhai's open account claim.[144]

Accordingly, the Court finds that the following time billed by Longhai for communications with counsel representing parties other than Louisiana Newpack

---

[140] R. Doc. 474-1 at p. 77 (DFR billed 0.20 hours for "Correspondence with Mr. Wolland and Mr. Wheaton regarding [redacted]") (highlighted orange); *Id.* at p. 81 (DFR billed 0.30 hours for "Telephone call with Frank Wolland regarding [redacted]") (highlighted orange).

[141] R. Doc. 474-1 at p. 66 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak re: document production") (highlighted orange); *Id.* at p. 68 (SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: Louisiana Newpack's 30(b)(6) deposition;" SRW billed 0.5 hours for "Telephone discussion with Eric Nowak") (highlighted orange); *Id.* at p. 69 (SRW billed 0.20 hours for "E-mail to Eric Nowak re: Longhai's discovery responses") (highlighted orange); *Id.* at p. 74 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak re: [redacted]") (highlighted orange); *Id.* at p. 82 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak") (highlighted orange); *Id.* at p. 84 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak;" SRW billed 0.30 hours for "Telephone discussion with Eric Nowak") (highlighted orange); *Id.* at p. 93 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak") (highlighted orange); *Id.* at p. 108 (SRW billed 0.50 hours for "Telephone discussion with Eric Nowak") (highlighted orange); *Id.* at p. 109 (SRW billed 0.30 hours for "Exchange e-mails with Eric Nowak re: [redacted]") (highlighted orange); *Id.* at p. 112 (SRW billed 0.50 hours for "Various telephone discussions with Eric Nowak re: settlement options") (highlighted orange); *Id.* at p. 113 (SRW billed 1.00 hour for "Telephone discussion with Eric Nowak re: [redacted]") (highlighted orange).

[142] *See* R. Doc. 474-1 at p. 57 (SRW billed 0.50 hours for "Exchange e-mails with Eric Nowak and Frank Wolland regarding Oceana Seafood's intent to file Motion to Consolidate Related Cases; Review draft Motion to Consolidate") (highlighted orange).

[143] R. Doc. 474-1 at p. 109 (highlighted orange). Neither the Motion for Attorney's Fees (R. Doc. 394) nor the Report and Recommendation (R. Doc. 492) provide information regarding Poupko. While Poupko was never formally enrolled as counsel of record in this matter, Longhai's billing invoices indicate that Poupko was associated with counsel for Indigo. *See* R. Doc. 474-1 at p. 92 (SRW billed 0.20 hours for "Receipt and review of Indigo's draft changes to jury instructions from Eli Poupko") (highlighted yellow).

[144] R. Doc. 492 at pp. 20–21.

must be excluded from the reasonable fee award: (1) the 22.50 hours billed by Wheaton; and (2) the 1.60 hours billed by Ramos.

### c. Fees related to claims asserted by other parties or against Longhai

The next category of fees that Louisiana Newpack seeks to exclude from Longhai's reasonable fee award is time billed "related to claims asserted by other parties or against Longhai, including, but not limited to, Louisiana Newpack's counterclaim and/or third party demand."[145] The Magistrate Judge's analysis of the fees incurred by Longhai that concern "other party claims" spans 14 pages,[146] but as previously noted it is unclear to the Court whether many of the fees discussed were excluded from the Magistrate Judge's reasonable fee calculation.[147] The Court has divided this category into three subcategories: (1) time pertaining to Louisiana Newpack's counterclaims against Longhai; (2) time pertaining to the *Louisiana Newpack* matter (Civ. A. No. 19-12948); and (3) time pertaining to the *Oceana Seafood* matter (Civ. A. No. 21-00003). The Court will address each subcategory in turn.

### i. Time pertaining to Louisiana Newpack's counterclaims against Longhai

In the Report and Recommendation, the Magistrate Judge excluded fees incurred by Longhai in defending against a counterclaim and third-party demand asserted by Louisiana Newpack,[148] as well as fees related to "the third-party

---

[145] R. Doc. 415 at pp. 10 & 11; R. Doc. 474 at pp. 9 & 11.
[146] R. Doc. 492 at pp. 21–34.
[147] *Id.* at pp. 24–34.
[148] *Id.* at pp. 21–24.

defendants' pleadings"[149] and discovery issues that did not concern the open account claim.[150]  Louisiana Newpack specifically objects to the Magistrate Judge allowing Longhai to recover the attorney's fees it incurred in defending Louisiana Newpack's conspiracy counterclaim.[151]

At the outset, the Court finds that in considering the time billed by Longhai in defense of Louisiana Newpack's "counterclaim and third-party demand," the Magistrate Judge reviewed the wrong pleading.[152]  The Magistrate Judge asserts that Louisiana Newpack filed a counterclaim and third-party demand against Martinez-Malo, Indigo, and Oceana Seafood, "not Longhai," and cites "R. Doc. 146" as the pleading containing those claims.[153]  The Magistrate Judge is correct that this pleading does not reference Longhai.  That is because R. Doc. 146, filed on March 9, 2021, is the "Answer, Affirmative Defenses, Counterclaim and Third Party Demand" filed by Louisiana Newpack, Gulf Marine Products Co., Inc., A La Carte Specialty Foods, LLC, and Edward Lee "*in response to the Complaint, ECF No. 1 in Civil Action No. 21-00003*, filed by the plaintiff Oceana Seafood Products, LLC ('OSP')."[154]  As the Magistrate Judge correctly points out, R. Doc. 146 contains Louisiana Newpack's counterclaim against Oceana Seafood, Indigo, and Martinez-Malo for trademark infringement and unfair competition,[155] as well as a third-party claim against Indigo

---

[149] *Id*. at pp. 24–26.
[150] *Id*. at pp. 26–34.
[151] R. Doc. 493-1 at pp. 11–13 & 14–16.
[152] *See* R. Doc. 492 at pp. 21–23 (*citing* R. Doc. 146).
[153] R. Doc. 492 at pp. 21–22.
[154] R. Doc. 146 at p. 1 (emphasis added).
[155] *Id*. at p. 13, ¶¶ 8 & 11–21.

and Martinez-Malo for trademark infringement.[156]  However, the Magistrate Judge faults Longhai for filing an answer to a pleading that does not concern Longhai, citing "R. Doc. 64."[157]  Record Document 64 is Longhai's "Answer and Affirmative Defenses to Counterclaim and Third-Party Demand" filed in the *Longhai* matter, Civ. A. No. 20-782, on June 16, 2020.[158]

The Court points out that in R. Doc. 64, Longhai specifies that the pleading was filed in response to Louisiana Newpack's "Counterclaim and Third-Party Demand (R. Doc. 34)."[159]  Further, R. Doc. 34 is an "Answer, Affirmative Defenses, Counterclaim Third Party Demand [sic] and Jury Demand" filed by Louisiana Newpack and Lee in the *Longhai* matter on May 26, 2020,[160] before the case was consolidated with the *Louisiana Newpack* matter on May 29, 2020.[161]  While Louisiana Newpack's Opposition briefs only vaguely reference the billing entries related to "Louisiana Newpack's counterclaim and/or third party demand,"[162] the Court finds that Louisiana Newpack was challenging the billing entries pertaining to its counterclaim against Longhai set forth in R. Doc. 34.  This is evident from Louisiana Newpack's objections to the Report and Recommendation, wherein Louisiana Newpack asserts that the Magistrate Judge "erred in awarding fees in connection with Longhai's defense of Louisiana Newpack's affirmative claim against

---

[156] R. Doc. 146 at pp. 12 & 15–16, ¶¶ 6, 7, & 22–26.
[157] R. Doc. 492 at p. 22 (*citing* R. Doc. 64).
[158] R. Doc. 64.  *See Id.* at heading ("REF: 2:20-cv-00782").
[159] R. Doc. 64 at p. 1.
[160] *See* R. Doc. 34 in the *Longhai* matter.
[161] R. Doc. 54.
[162] *See* R. Doc. 415 at pp. 10 & 11; R. Doc. 474 at pp. 9 & 11.

Longhai for its alleged conspiracy."[163]  As such, the Magistrate Judge erred by relying on R. Doc. 146 to conclude that Longhai is not entitled to recover any fees incurred in defending against a counterclaim/third-party demand that does not involve Longhai. The Court further notes that in excluding the fees incurred by Longhai in connection with R. Doc. 146, the Magistrate Judge cites time billed by Longhai on June 9, 10, and 11, 2020,[164] *nine months* before Louisiana Newpack filed R. Doc. 146 on March 9, 2021.[165]

The Court now turns to the question of whether Longhai can recover the fees it incurred in defending against the counterclaims asserted against it by Louisiana Newpack.[166]  Louisiana Newpack asserted two counterclaims against Longhai for conspiracy and negligence and tortious interference with contract,[167] and asserted the same claims against Ocean Feast and Indigo in the form of third-party demands.[168] Specifically, Louisiana Newpack alleged that Longhai, Ocean Feast, and Indigo conspired to procure and sell OCEANA branded crabmeat outside of the joint venture, "effectively cutting out Louisiana Newpack."[169]  Louisiana Newpack also asserted a third-party demand against Ocean Feast and Arthur Zeng, asserting that either Ocean Feast or Zeng was liable for any alleged debt owed by Louisiana Newpack to

---

[163] R. Doc. 493-1 at p. 15.

[164] R. Doc. 492 at p. 23, n.14.  *See* R. Doc. 474-1 at p. 18 (highlighted yellow).

[165] R. Doc. 146.

[166] The Court notes that while the Answer was filed by Louisiana Newpack and Lee (*See* R. Doc. 34 at p. 1, Introductory Paragraph in the *Longhai* matter), and the affirmative defenses therein are asserted by both Louisiana Newpack and Lee (*Id*. at p. 4), the counterclaims and third party-demands are asserted only by Louisiana Newpack (*Id*. at pp. 6–18).

[167] *See* R. Doc. 34 at ¶¶ 41–69 in the *Longhai* matter.

[168] *Id*.

[169] *Id*. at ¶¶ 45 & 62.

Longhai.[170]  In the alternative, Louisiana Newpack asserted a third-party demand against Ocean Feast and Indigo, claiming that they were liable for any alleged debt owed by Louisiana Newpack to Longhai.[171]

In addition to its counterclaims and third-party demands, Louisiana Newpack and Lee asserted several affirmative defenses to Longhai's open account and breach of contract claims, including that, "If liability is established and Plaintiff establishes it is entitled to payment, Defendants are not liable for the debt(s) alleged, as such debt(s) were incurred by Ocean Feast or Arthur Zeng and are to be borne by Ocean Feast or Arthur Zeng."[172]  Louisiana Newpack and Lee also asserted as an affirmative defense that, "Plaintiff's alleged damages are limited or barred as a result of its own conduct," and that, "Plaintiff's claims, in whole or in part, are barred by waiver, estoppel, laches, and/or the unclean hands doctrine."[173]

The Court subsequently granted a motion to dismiss the third-party claims that was filed by Ocean Feast, Indigo, and Zeng, dismissing with prejudice Louisiana Newpack's third-party claim for conspiracy, dismissing without prejudice Louisiana Newpack's third-party claim that Ocean Feast or Zeng is liable for any amounts owed to Longhai, and dismissing without prejudice Louisiana Newpack's alternative claim that Ocean Feast and Indigo are liable for any debts owed to Longhai.[174]  The Court further found that Louisiana Newpack's third-party demand against Indigo and

---

[170] *Id*. at ¶¶ 70–75.
[171] *Id*. at ¶¶ 76–90.
[172] *Id*. at p. 5.
[173] *Id*. at p. 6.
[174] R. Doc. 140.

Ocean Feast for negligence and tortious interference with a contract did not include any allegations of interference by Indigo or Ocean Feast, and so the Court construed the claim "as part of Louisiana Newpack's counterclaim against Longhai, since Louisiana Newpack combined its counterclaim and third-party demand in its Answer."[175]  The Court, however, gave Louisiana Newpack two weeks to file an amended answer to address the deficiencies in the third-party demands regarding liability for any debts owed by Louisiana Newpack to Longhai.[176]

Pursuant to that Order, Louisiana Newpack filed a First Amended and Restated Counterclaim, Third Party Demand and Jury Demand on March 17, 2021.[177] Louisiana Newpack maintained its counterclaims against Longhai as well as its third-party demand against Ocean Feast and Indigo for negligence and tortious interference with a contract,[178] amended its third-party demand that Ocean Feast or Zeng is liable for any debts owed by Louisiana Newpack to Longhai, and omitted its alternative third-party demand previously asserted against Ocean Feast and Indigo.[179]  The Court subsequently granted Longhai's motion to dismiss Louisiana Newpack's counterclaims on November 2, 2021, dismissing both of the counterclaims with prejudice approximately two weeks before trial.[180]  The Court also granted Zeng's motion to dismiss Louisiana Newpack's amended third-party demands and dismissed without prejudice Louisiana Newpack's third-party demands against

---

[175] *Id*. at p. 13, n.60 (*citing* R. Doc. 34 at pp. 6–18).
[176] R. Doc. 140 at p. 26.
[177] R. Doc. 155.
[178] *Id*. at p. 11, ¶ 76.  The Court notes that Indigo is not listed as a third-party defendant in the amended pleading.  *Id*. at pp. 1–2, ¶¶ 1–4.
[179] R. Doc. 155.  *See* R. Docs. 151 & 154.
[180] R. Doc. 339.

Zeng.[181]  The Court, however, denied Ocean Feast's motion to dismiss Louisiana Newpack's amended third-party demands against it for negligence and tortious interference with contract and for Ocean Feast's liability for any alleged debts owed by Louisiana Newpack to Longhai.[182]  While those motions to dismiss were pending, Louisiana Newpack filed a Motion for Leave to File Second Amended and Supplemental Counterclaim as to Counts One and Two to the First Amended Counterclaim, seeking to include additional information in its counterclaims against Longhai.[183]  After extensive motion practice and oral argument, the Magistrate Judge denied Louisiana Newpack's Motion for Leave.[184]  Louisiana Newpack then sought review of the Magistrate Judge's ruling,[185] which this Court denied.[186]

While Louisiana Newpack's counterclaims against Longhai for conspiracy and negligence and tortious interference with a contract were ultimately dismissed before trial, the Court finds that Longhai can recover the attorney's fees it incurred to defend against those counterclaims because Longhai was still forced to litigate those claims at trial in the context of Louisiana Newpack's affirmative defenses to the open account claim.[187]  This is evident from both the jury instructions on the unclean hands

---

[181] R. Doc. 371.

[182] R. Doc. 372.

[183] *See* R. Docs. 261.

[184] *See* R. Docs. 266, 268, 270, 273, 274, 275, 276, 291, 299, 316, & 317.

[185] R. Doc. 319.

[186] R. Doc. 333.

[187] *See KF Indus., Inc. v. Tech. Control Sys., Inc.*, 89 Fed.Appx. 881, 885 (5th Cir. 2004) (allowing plaintiff who brought open account claim to recover attorney's fees incurred in defending against counterclaims of breach of contract and unfair trade practices because the "counterclaims raised the same issues as the defense of set-off and thus forced KF, the open account claimant, to litigate the counterclaims.").

doctrine[188] and the Jury Verdict Form, which asked the jurors whether Longhai's recovery on its open account claim should be reduced based upon "its own conduct or fault" or because Longhai had "unclean hands" or had "participated in the inequitable conduct underlying their claims against Louisiana Newpack."[189]  It is also evident from the fact that the jury decreased Longhai's recovery on its open account claim by $665,458.69, or by two-thirds, due to Longhai's "own conduct or fault,"[190] and further found that Ocean Feast was liable for the $332,729.34 debt owed by Louisiana Newpack to Longhai.[191]

As such, the Court finds that Longhai can recover the attorney's fees it incurred relating to Louisiana Newpack's counterclaims asserted in the *Longhai* matter,[192] which includes the fees pertaining to Longhai's Answer and Affirmative Defenses to Louisiana Newpack's counterclaims, [193] Louisiana Newpack's First

---

[188] R. Doc. 387-1 at p. 49.
[189] R. Doc. 389-6 at p. 2.
[190] *Id.* at pp. 2–3.
[191] *Id.* at p. 3.
[192] *See* R. Doc. 34 in the *Longhai* matter.
[193] R. Doc. 64.  *See* R. Doc. 474-1 at p. 18 (SRW billed 0.50 hours billed for "Discussion with Destinee Ramos, re: defendants' counterclaim, amended complaint;" DFR billed 1.90 hours for "Begin draft of Answer to Counterclaim by Louisiana Newpack and Edward Lee;" DFR billed 1.10 hours for "Begin draft of Affirmative Defenses to Counterclaim by Louisiana Newpack and Edward Lee;" DFR billed 0.90 hours for "Continue draft of Affirmative Defenses to Defendants' Counterclaim;" DFR billed 0.40 hours for "Begin analysis of case law regarding personal jurisdiction and limitation on Defendants' recovery in relation to Counterclaim;" DFR billed 1.00 hour for "Review and revise of Answer and Affirmative Defenses in furtherance of filling the same;" DFR billed 0.10 hours for "Receipt and review of correspondence from Client regarding additional allegations by Louisiana Newpack and documentation strategy") (highlighted yellow); *Id.* at p. 19 (SRW billed 3.00 hours for "Work on Answer to Counterclaim and Third-Party Demand;" SRW billed 0.20 hours for "Review jurisdiction research memo;" DFR billed 0.80 hours for "Revise and finalize Answer and Affirmative Defenses to Counterclaim and Third-Party Demand;" DFR billed 1.10 hours for "Analyze case law regarding personal jurisdiction in relation to Defendants' Counterclaim") (highlighted yellow).

Amended and Restated Counterclaim, Third Party Demand and Jury Demand,[194]

Longhai's Motion to Dismiss Louisiana Newpack's First Amended and Restated

Counterclaim,[195] Louisiana Newpack's Motion for Leave to File Second Amended and

Supplemental Counterclaim as to Counts One and Two to the First Amended

---

[194] R. Docs. 151, 154, & 155. *See* R. Doc. 474-1 at p. 58 (SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's Ex Parte Motion for Leave to File First Amended and Restated Counterclaim, Third Party Demand and Jury Demand") (highlighted yellow).

[195] R. Docs. 157, 165, 170, 171, 172, & 339. *See* R. Doc. 474-1 at p. 53 (SRW billed 0.50 hours for "Correspondence to Lauren Mastio regarding request to dismiss claims against Longhai; Receipt and review of e-mail from Lauren Mastio regarding same") (highlighted yellow); *Id.* at p. 57 (SRW billed 0.25 hours for "Receipt and review of e-mail from Lauren Mastio regarding Louisiana Newpack will not voluntarily dismiss Longhai; E-mail to clients regarding same;" JEB billed 0.20 hours for "Review email from opposing counsel as to Rodger Wheaton's request to dismiss counterclaim;" JEB billed 0.30 hours for "Discussion with Rodger Wheaton as to order and reasons issued as to third party demand, and opposing counsel's response to Longhai's request to dismiss counterclaim") (highlighted yellow); *Id.* at p. 58 (JEB billed 2.80 hours for "Continue to revise and edit memorandum in support of motion to dismiss; draft section seeking to dismiss tortious interference with a contract;" JEB billed 1.50 hours for "Revise and edit memorandum in support of motion to dismiss; add section regarding dismissal of tortious interference with a contract") (highlighted yellow); *Id.* at p. 59 (JEB billed 0.20 hours for "Revise memorandum in support of motion to dismiss to address new counterclaim;" SRW billed 2.50 hours to "Revise and finalize Motion to Dismiss; Discussion with Jennifer Barriere regarding same; E-mail Motion to clients;" JEB billed 0.80 hours for "Revise and edit memorandum in support of motion to dismiss to confirm to amended counterclaim; draft email to Rodger Wheaton for review;" JEB billed 0.30 hours to "Revise motion in support of motion to dismiss based on meeting with Rodger Wheaton") (highlighted yellow); *Id.* at p. 60 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack's Opposition to Longhai's Motion to Dismiss;" SRW billed 0.50 hours for "Correspondence to Andy Liang and Carrie Ma attaching Louisiana Newpack's Opposition to Motion to Dismiss;" SRW billed 0.30 hours for "Memo to Jennifer Barriere regarding reply to Louisiana Newpack's opposition;" JEB billed 0.30 hours for "Telephone call with Rodger Wheaton to discuss strategy in filing reply memorandum to LA. Newpack's opposition;" JEB billed 0.60 hours to "Review and analyze Louisiana Newpack's opposition to the motion to dismiss;" JEB billed 0.20 hours to "Review internal memorandum from Rodger Wheaton regarding strategy to include in reply memorandum;" SRW billed 3.5 hours to "Review and revise Reply Memorandum in Further Support of Motion to Dismiss;" JEB billed 2.60 hours to "Draft reply memorandum in further support of motion to dismiss") (highlighted yellow); *Id.* at p. 61 (JEB billed 0.40 hours to "Draft Motion for Leave to file reply memorandum and attached order") (highlighted yellow); *Id.* at p. 64 (JEB billed 0.10 hours billed for "Review order granting motion for leave to file reply brief into the record in further support of motion to dismiss"); *Id.* at p. 109 (SRW billed 0.50 hours for "Receipt and review of Order and Reasons granting Longhai's Motion to Dismiss Louisiana Newpack's claims for conspiracy and for negligence and tortious interference") (highlighted yellow).

Counterclaim,[196] and Louisiana Newpack's Rule 72 Motion to Object-In-Part to Order

by Magistrate Judge [ECF No. 317].[197]

---

[196] R. Docs. 261, 266, 268, 270, 273, 274, 275, 276, 291, 299, 316, & 317. *See* R. Doc. 474-1 at p. 77 (SRW billed 0.75 hours for "Receipt and review of e-mail from Etienne Balart with draft Second Amended Counterclaim; Receipt and review of e-mail from Destinee Ramos re: comments on same;" SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Second Amended and Supplemental Counterclaim against Longhai;" JEB billed 0.30 hours for "Review email from opposing counsel seeking leave to consent to file second amended motion; review response to same; review filing request motion for leave to file;" SRW billed 0.50 hours for "Telephone discussion with Destinee Ramos re: supplemental document production, objection to Second Amended and Supplemental Counterclaim") (highlighted yellow); *Id.* at p. 81 (DFR billed 1.0 hour for "Begin review and analysis of case law in furtherance of drafting opposition to Second Amended Complaint") (highlighted yellow). The Court believes this is a typographical error, meant to reference Louisiana Newpack's Motion for Leave to File Second Amended and Supplemental Counterclaim (R. Doc. 261), as Louisiana Newpack did not file a "second amended complaint." *See* R. Doc. 474-1 at p. 81 (DFR billed 3.5 hours to "Continue review and analysis of federal case law and procedural rules in furtherance of drafting opposition to Motion for Leave to Amend Counterclaim as to Counts One and Two") (highlighted yellow); *Id.* at p. 82 (DFR billed 1.50 hours to "Continue analysis of case law in furtherance of drafting Opposition to Motion to File Second Amended Counterclaim;" DFR billed 3.80 hours to "Draft Opposition to Motion to File Second Amended Counterclaim;" DFR billed 1.20 hours to "Review and finalize Opposition to Motion to File Second Amended Counterclaim;" SRW billed 1.00 hour to "Revise and finalize Opposition to Louisiana Newpack's Motion for Leave to File Second Amended and Supplemental Counterclaim") (highlighted yellow); *Id.* at p. 83 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply Memorandum to Longhai's Opposition to Motion for Leave to File Second Amended and Supplemental Counterclaim;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Reply Memorandum on Motion for Leave to File Second Amended Complaint as to Longhai") (highlighted yellow); *Id.* at p. 84 (SRW billed 0.50 hours for "Discussion with Destinee Ramos re: supplemental memorandum in opposition to Louisiana Newpack's motion for leave to file second amended and supplemental counterclaim; Review pleadings;" SRW billed 0.50 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply to Longhai's Opposition to Motion for Leave to File Second Amended and Supplemental Counterclaim and Reply Memorandum;" SRW billed 0.50 hours for "Receipt and review of order granting Longhai leave to file Supplemental Opposition to Louisiana Newpack's Motion for Leave to File Second Amended and Supplemental Counterclaim and Supplemental memorandum;" DFR billed 1.00 hour to "Draft Supplemental Memorandum in Opposition to Motion for Leave to File Second Amended Counterclaim;" DFR billed 0.50 hours to "Draft Motion for Leave and Memorandum in Support of Leave to file Supplemental Memorandum in Opposition to Motion for Leave to File Second Amended Counterclaim") (highlighted yellow); *Id.* at p. 90 (SRW billed 0.50 hours for "Receipt and review of Order granting Louisiana Newpack leave to file Second Amended and Supplemental Counterclaim") (highlighted yellow); *Id.* at p. 91 (DFR billed 0.50 hours to "Begin work in furtherance of strategy for Oral Argument on Motion for Leave to File Second Amended Counterclaim") (highlighted yellow); *Id.* at p. 94 (DFR billed 0.70 hours for "Draft Request for Judicial Notice in furtherance of Hearing on Second Amended Complaint;" DFR billed 0.60 hours for "Analyze Federal Rules of Evidence regarding Judicial Notice;" DFR billed 0.90 hours for "Prepare for Oral Argument on Second Amended Complaint") (highlighted yellow). Again, the Court believes this to be a typographical error, as oral argument was scheduled for Louisiana Newpack's Motion for Leave to File Second Amended Counterclaim. *See* R. Doc. 291. R. Doc. 474-1 at p. 94 (SRW billed 5.00 hours to "Prepare for oral argument; Argue La. Newpack's motion for leave to file second amended and supplemental counterclaim before Judge Roby;" DFR billed 1.40 hours to "Prepare for hearing on

Longhai, however, cannot recover the fees it incurred regarding the Motion to Dismiss Third-Party Demand filed by Ocean Feast, Indigo, and Zeng,[198] as Longhai did not file a responsive pleading to the motion and Longhai has not shown that the outcome of the motion impacted its open account claim. For the same reason, Longhai

Second Amended Counterclaim;" DFR billed 1.50 hours to "Attend hearing on Second Amended Counterclaim") (highlighted yellow); *Id.* at p. 95 (DFR billed 0.20 hours for "Telephone conference with Louisiana Newpack Counsel following hearing on Second Amended Counterclaim;" DFR billed 0.10 hours for "Receipt and review of correspondence from counsel for LNP regarding claims against Longhai following hearing on Second Amended Complaint") (highlighted yellow); *Id.* at p. 99 (SRW billed 0.50 hours for "Receipt and review of Order denying Louisiana Newpack's Motion for Leave to File Second Amended and Supplemental Counterclaim against Longhai;" DFR billed 0.20 hours for "Receipt and review of correspondence from Court with Order denying motion for leave to file second amended and supplemental counterclaim by LNP") (highlighted yellow).

[197] R. Docs. 319, 329, 330, & 333. *See* R. Doc. 474-1 at p. 99 (SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's Motion to Object-in-Part to Order by Magistrate Judge or, in the Alternative, to Vacate Order as Moot;" DFR billed 4.00 hours for "Draft Memorandum in Opposition to Objection to Magistrate's Order;" DFR billed 2.90 hours to "Analyze case law in furtherance of drafting Memorandum in Opposition to Objection to Magistrate's Order;" DFR billed 0.20 hours for "Work on strategy in furtherance of filing opposition to Objection to Objection to Magistrate's Order;" SRW billed 3.00 hours for "Working on Opposition to Louisiana Newpack's appeal of Magistrate's Order") (highlighted yellow); *Id.* at p. 103 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply Memorandum to Longhai's Opposition to Louisiana Newpack's Motion to Object-in-Part to Order by Magistrate Judge;" SRW billed 0.50 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply to Longhai's Opposition to La. Newpack's Motion to Object-in-Part to Order by Magistrate Judge and Reply Memorandum;" SRW billed 0.25 hours for "Receipt and review of Order granting Longhai leave to file opposition to La. Newpack's Motion to Object-in-Part to Order by Magistrate Judge;" SRW billed 0.25 hours for "Receipt and review of Order and Reasons denying Louisiana Newpack's Motion to Object-in-Part by Magistrate Judge") (highlighted yellow); *Id.* at p. 103 (DFR billed 0.30 hours for "Receipt and review of correspondence from Court with orders on Motion Appealing Magistrate Order and Motion for Leave to Renew Motion for Summary Judgment") (highlighted pink).

[198] R. Docs. 85, 87, 89, 90, 91, & 140. *See* R. Doc. 474-1 at p. 29 (SRW billed 1.00 hour for "Receipt and review of Ocean Feast, Indigo Seafood, and Arthur Zeng's Motion to Dismiss Third-Party Demand of Louisiana Newpack") (highlighted yellow); *Id.* at p. 33 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Opposition to Ocean Feast, Indigo, and Arthur Zeng's Motion to Dismiss Third-Party Demand; Forward same to clients;" DFR billed 1.20 hours for "Review Louisiana Newpack's Opposition to Third-Party Defendant's Motion to Dismiss and file material in furtherance of strategy [redacted];" SRW billed 0.50 hours for "Receipt and review of Ocean Feast, Indigo, and Arthur Zeng's Motion for Leave to File Reply in Support of Motion to Dismiss Third-Party Demand;" SRW billed 0.30 hours for "Receipt and review of Order granting Ocean Feast, Indigo Seafood, and Arthur Zeng's Motion for Leave to File Reply and Reply Memorandum in Support of Motion to Dismiss Third-Party Demand;" DFR billed 0.30 hours for "Review Third-Party Defendants' Reply Memorandum in Support of Motion to Dismiss") (highlighted yellow); *Id.* at p. 57 (SRW billed 0.60 hours for "Receipt and review of Order and Reasons granting Ocean Feast, Indigo Seafood, and Arthur Zeng's Motion to Dismiss Third-Party Demand;" JEB billed 0.40 hours for "Review and analyze Order and Reasons issued by Judge Vitter in response to the motion to dismiss third party demand filed by Indigo and Ocean Feast") (highlighted yellow).

cannot recover the fees it incurred regarding: (1) Ocean Feast, Zeng, and Indigo's Motion For Extension of Time to respond to Louisiana Newpack's third-party demands;[199] (2) Zeng's Motion to Dismiss Amended Third-Party Demand;[200] and (3) Ocean Feast's Motion to Dismiss Amended Third-Party Demand.[201]  Finally, Longhai cannot recover the fees its counsel incurred for reviewing the initial disclosures filed

---

[199] R. Docs. 75 & 76.  *See* R. Doc. 474-1 at p. 23 (SRW billed 0.20 hours for "Receipt and review of Ocean Feast, Arthur Zeng, and Indigo Seafood's Motion for Extension of Time") (highlighted yellow); *Id.* at p. 24 (SRW billed 0.20 hours for "Receipt and review of Order granting Ocean Feast, Arthur Zeng, and Indigo Seafood extension of time to file responsive pleadings to Louisiana Newpack's third party demand;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court re filing of Motion for Extension of Time to Answer Louisiana Newpack Shrimp Company, Inc.'s Third-Party Demand by Indigo Seafood Partners, Inc., Ocean Feast Co., Ltd., Arthur Zeng and Order on the same") (highlighted yellow).

[200] R. Docs. 180, 209, 213, 215, 216, 217, 219, 356, 364, 365, & 371.  *See* R. Doc. 474-1 at p. 57 (JEB billed 1.40 hours for "Review and analyze Counterclaim in anticipation of drafting motion to dismiss; review motion to dismiss filed by Indigo for same;" JEB billed 2.80 hours to "Continue to draft memorandum in support of motion to dismiss;" JEB billed 1.80 hours for "Revise and edit memorandum in support of motion to dismiss") (highlighted yellow); *Id.* at p. 65 (SRW billed 0.50 hours for "Receipt and review of Arthur Zeng's Motion to Dismiss Amended Third-Party Demand of Louisiana Newpack;" JEB billed 0.30 hours to "Review and analyze motion to dismiss third party demand filed by Zeng") (highlighted yellow); *Id.* at p. 68 (SRW billed 0.50 hours billed for "Receipt and review of Louisiana Newpack's Opposition to Second Motion to Dismiss") (highlighted yellow); *Id.* at p. 73 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Surreply in Opposition to Motion to Dismiss;" SRW billed 0.50 hours for "Receipt and review of Arthur Zeng's Reply Memorandum in Support of Motion to Dismiss Amended Third-Party Demand;" JEB billed 0.40 hours to "Review and analyze reply memorandum filed by Arthur Zeng in support of Motion to Dismiss;" SRW billed 0.20 hours for "Receipt and review of Order denying Louisiana Newpack's Motion for Leave to File Surreply") (highlighted yellow); *Id.* at p. 74 (JEB billed 0.30 hours for "Review Louisiana Newpack's request for leave to file reply memorandum to motion to dismiss; and reply memorandum;" JEB billed 0.10 hours for "Review order denying Motion for Leave filed by LA Newpack") (highlighted yellow); *Id.* at p. 112 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Supplemental Memorandum in Further Opposition to Arthur Zeng and Ocean Feast's Motions to Dismiss;" SRW billed 0.50 hours for "Receipt and review of Arthur Zeng and Ocean Feast's Supplemental Memorandum in Support of Motion to Dismiss and/or Motion for Summary Judgment as to Amended Third-Party Demand") (highlighted yellow); *Id.* at p. 113 (SRW billed 0.50 hours for "Receipt and review of Order granting Arthur Zeng's Motion to Dismiss Amended Third-Party Demand and dismissing Louisiana Newpack's third party demand against Zeng") (highlighted yellow).

[201] R. Docs. 181, 209, 356, 364, 365, & 372.  *See* R. Doc. 474-1 at p. 64 (SRW billed 0.50 hours for "Receipt and review of Ocean Feast's Motion to Dismiss Amended Third-Party Demand of Louisiana Newpack") (highlighted yellow); *Id.* at p. 65 (JEB billed 0.30 hours for "Review and analyze motion to dismiss third party demand filed by Oceana") (highlighted yellow).  The Court notes that this appears to be a typographical error in the invoice, intended to reference "Ocean Feast."  R. Doc. 474-1 at p. 113 (SRW billed 0.50 hours for "Receipt and review of Order denying Ocean Feast's Motion to Dismiss Amended Third-Party Demand") (highlighted yellow).

by Ocean Feast, Indigo, and Zeng in response to Louisiana Newpack's third-party demands,[202] or the fees incurred for reviewing discovery related to Louisiana Newpack's third-party demands against Ocean Feast, Indigo, and Zeng.[203] Longhai has failed to carry its burden of proving that these fees relate to its open account claim. Accordingly, Longhai cannot recover the fees it incurred for the following time billed by its counsel on these unrelated matters: (1) the 10.75 hours billed by Wheaton; (2) the 6.30 hours billed by Ramos; and (3) the 7.80 hours billed by Barriere.

### ii. Time pertaining to the *Louisiana Newpack* matter, Civ. A. No. 19-12948

The Court further finds that Longhai cannot recover the fees it incurred for its counsel to review pleadings and orders that pertain only to the *Louisiana Newpack* matter, Civ. A. No. 19-12948, as the claims asserted in that matter do not concern Longhai's open account claim.[204] Thus, Longhai cannot recover the fees it incurred

---

[202] R. Doc. 474-1 at p. 23 (SRW billed 1.00 hour for "Receipt and review of Defendants Ocean Feast, et al Rule 26(a)(1) Initial Pre-Trial Disclosures from Jamie Berger;" DFR billed 0.10 hours for "Receipt and review of Ocean Feast and Indigo's Initial Disclosures;" DFR billed 0.20 hours for "Receipt and review of correspondence from opposing counsel regarding Initial Disclosures by Indigo, Ocean Feast and Mr. Zeng") (highlighted yellow).

[203] R. Doc. 474-1 at p. 23 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack's First Set of Interrogatories and Requests for Production of Documents to Indigo Seafood Partners from Lauren Mastio") (highlighted yellow); *Id.* at p. 28 (SRW billed 1.00 hour for "Receipt and review of Indigo Seafood Partners' Responses to Louisiana Newpack Shrimp Company's First Set of Interrogatories and Requests for Production of Documents from Jamie Berger") (highlighted yellow); *Id.* at p. 29 (SRW billed 0.30 hours for "E-mail draft Motion for Summary Judgment and Indigo Seafood's Responses to Louisiana Newpack Shrimp's First Set of Discovery to clients;" DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel with Indigo's Discovery Responses to Louisiana Newpack;" DFR billed 0.50 hours for "Review Indigo's responses to discovery requests from Louisiana Newpack;" DFR billed 1.30 hours for "Review pages 1 through 227 of Indigo's document production to Louisiana Newpack;" DFR billed 2.50 hours for "Continue review of pages 228 through 454 of Indigo's document production to Louisiana Newpack") (highlighted yellow).

[204] R. Doc. 474-1 at p. 52 (SRW billed 1.00 hour for "Receipt and review of Order and Reasons granting and denying in part defendants' Motion to Dismiss;" JEB billed 1.60 hours for "Review and analyze 59 page order by Judge Vitter as to the motion to dismiss filed by Ocean Feast;" JEB billed 1.20 hours for "Review and analyze 56 page order issued by J. Vitter regarding partial dismiss of claims, as to Louisiana Newpack's complaint") (highlighted yellow); *See* R. Doc. 129. R. Doc. 474-1 at p. 53 (SRW

billed 1.50 hours for "Receipt and review of Indigo Seafood Partners and Oceana Seafood's Answer to First Amended Complaint and Indigo's Counterclaim Against Louisiana Newpack and Third Party Claim Against Edward Lee; E-mail same to clients;" SRW billed 1.00 hour for "Receipt and review of Ocean Feast's Answer and Counterclaim Against Louisiana Newpack;" JEB billed 0.40 hours for "Review of answer and counterclaim filed by Indigo and Oceana;" JEB billed 0.40 hours for "Finish review of the answer filed by Indigo") (highlighted yellow); *See* R. Docs. 134 & 136. R. Doc. 474-1 at p. 58 (JEB billed 0.50 hours for "Review and analyze Motion to Reconsider order granting Indigo's Motion to Dismiss") (highlighted yellow); *See* R. Doc. 141. R. Doc. 474-1 at p. 59 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Rule 12(b)(6) Partial Motion to Dismiss Ocean Feast's Counterclaim;" SRW billed 1.50 hours for "Draft report and review of allegations;" JEB billed 0.40 hours for "Review Motion to Dismiss filed by LA Newpack against counterclaim filed by Ocean Feast") (highlighted yellow); *See* R. Doc. 156. R. Doc. 474-1 at p. 60 (SRW billed 0.70 hours for "Receipt and review of Oceana Seafood's Answer to Counterclaim of Louisiana Newpack;" JEB billed 0.30 hours for "Review and analyze Answer to Counterclaim filed by Oceana") (highlighted yellow); *See* R. Doc. 158. R. Doc. 474-1 at p. 60 (SRW billed 0.50 hours for "Receipt and review of Ocean Feast's Opposition to Louisiana Newpack's Motion for Reconsideration") (highlighted yellow); *See* R. Doc. 166. R. Doc. 474-1 at p. 61 (JEB billed 0.30 hours for "Review opposition to motion to reconsider filed by Ocean Feast") (highlighted yellow); *See* R. Doc. 166. R. Doc. 474-1 at p. 64 (SRW billed 0.50 hours for "Receipt and review of Ocean Feast's Opposition to Louisiana Newpack's 12(b)(6) Motion to Dismiss") (highlighted yellow); *See* R. Doc. 179. R. Doc. 474-1 at p. 65 (SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply to Ocean Feast's Opposition to Motion to Dismiss for Failure to State a Claim;" JEB billed 0.30 hours for "Review reply memorandum in further support of motion to dismiss filed by Ocean Feast;" SRW billed 0.50 hours for "Receipt and review of Indigo Seafood's Motion to Compel Louisiana Newpack") (highlighted yellow); *See* R. Docs. 182, 185, & 187. R. Doc. 474-1 at p. 66 (JEB billed 0.30 hours for "Review Indigo's Ex Parte Motion to Compel discovery against Louisiana Newpack and supporting exhibits;" SRW billed 0.25 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's Motion for Extension of Time to Respond to Moton to Compel;" SRW billed 0.25 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's Motion to Request Oral Argument re: Motion to Compel;" SRW billed 0.25 hours for "Receipt and review of Louisiana Newpack's Opposition to Motion for Extension and Request for Oral Argument;" JEB billed 0.20 hours for "Review and analyze LA Newpack opposition to Indigo's request for more time to file reply to motion to compel and opposition to oral argument") (highlighted yellow); *See* R. Docs. 185, 190, 191, & 192. R. Doc. 474-1 at p. 67 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Opposition to Indigo's Motion to Compel") (highlighted yellow); *See* R. Doc. 199. R. Doc. 474-1 at p. 68 (SRW billed 0.30 hours for "Receipt and review of Indigo, Oceana, and Martinez-Malo's Motion for Leave to File Late Response to Motion to Compel;" SRW billed 0.25 hours for "Receipt and review of Order setting Indigo Seafood's Motion to Compel Discovery for hearing") (highlighted yellow); *See* R. Docs. 203, 208. R. Doc. 474-1 at p. 73 (SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Motion to Strike Indigo Seafood's Rebuttal Expert Report;" SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack and Edward Lee's Motion for Partial Summary Judgment against Indigo Seafood Partners;" SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Motion for Partial Summary Judgment against Ocean Feast of China") (highlighted yellow); *See* R. Docs. 210, 211 & 212. R. Doc. 474-1 at p. 74 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood's Opposition to Louisiana Newpack's Motion to Strike Rebuttal Expert Report") (highlighted yellow); *See* R. Doc. 223. R. Doc. 474-1 at p. 75 (SRW billed 0.20 hours for "Receipt and review of Ocean Feast's Opposition to Louisiana Newpack's Motion for Partial Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Oceana Seafood and Indigo's Motion for Extension of Time to respond to Motions for Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack, et al Response to Motion for Extension of Time of Oceana Seafood and Indigo to respond to Motions for Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Order granting Oceana Seafood and Indigo Seafood extension of time to file responses to Motion for Partial Summary

Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply to Ocean Feast's Opposition to Motion for Partial Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply to Indigo's Motion to Strike Rebuttal Expert Report;" JEB billed 0.30 hours for "Review and analyze Exparte [sic] Motion for Leave to file reply memorandum to Indigo's Opposition to Motion to Strike Rebuttal expert report;" JEB billed 0.30 hours for "Review Reply Memorandum to Ocean Feast's Opposition to Motion for Partial Summary Judgment filed by LA Newpack;" SRW billed 0.20 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply and Reply to Indigo's Opposition to Motion to Strike Rebuttal Expert Report;" SRW billed 0.20 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply and Reply to Ocean Feast's Opposition to Motion for Partial Summary Judgment;" SRW billed 0.30 hours for "Receipt and review of Oceana Seafood's Opposition to Louisiana Newpack, Gulf Marine, A La Carte Specialty Foods, and Edward Lee's Motion for Summary Judgment") (highlighted yellow); *See* R. Docs. 211, 212, 214, 226, 227, 228, 230, 231, 232, 233, 235, 236, 237, & 238. R. Doc. 474-1 at p. 76 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood's Opposition to Louisiana Newpack and Edward Lee's Motion for Partial Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply to Oceana Seafood's Opposition to Motion for Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to File Reply to Indigo's Opposition to Motion for Partial Summary Judgment;" SRW billed 0.10 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply and Reply Memorandum in Support of Motion for Summary Judgment on OSP's Claims;" SRW billed 0.10 hours for "Receipt and review of Order granting Louisiana Newpack leave to file reply and Reply Memorandum to Indigo's Opposition to Motion for Partial Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion for Leave to Supplement Partial Summary Judgment Record;" SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack, Gulf Marine, A La Carte Specialty Foods, and Edward Lee's Motion for Leave to Supplement Summary Judgment Record on OPS's [sic] Claims;" SRW billed 0.20 hours for "Receipt and review of Ocean Feast's Motion for Leave to Supplement the Record – Opposition to Partial Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Oceana Seafood's Motion for Leave to File Response Memorandum to Louisiana Newpack's Reply to Opposition to Motion for Summary Judgment;" SRW billed 0.20 hours for "Receipt and review of Order granting motions for leave to supplement;" JEB billed 0.30 hours for "Review Motion to exchange exhibits to partial summary judgment; review order granting same;" SRW billed 0.20 hours for "Receipt and review of Order denying Oceana Seafood's Motion for Leave to File Sur-Reply") (highlighted yellow); *See* R. Docs. 234, 242, 243, 245, 246, 249, 250, 251, 253, 254, & 256. R. Doc. 474-1 at p. 83 (SRW billed 0.30 hours for "Receipt and review of Order and Reasons re: Louisiana Newpack's Motion for Reconsideration") (highlighted yellow); *See* R. Doc. 267. R. Doc. 474-1 at p. 85 (SRW billed 0.20 hours for "Receipt and review of Jeffrey Martinez-Malo's Answer to Count 13 of La. Newpack's First Amended Complaint;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Answer and Motion for Summary Judgment by Martinez-Malo;" SRW billed 0.20 hours for "Receipt and review of Jeffrey-Martinez Malo's Motion for Leave to File Late Motion for Summary Judgment") (highlighted yellow); *See* R. Docs. 283, 284, & 285. R. Doc. 474-1 at p. 86 (DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding filing of Pre-Trial Memorandum by Indigo;" SRW billed 0.25 hours for "Receipt and review of Order and Reasons denying Louisiana Newpack's Motion for Partial Summary Judgment against Ocean Feast of China") (highlighted yellow); *See* R. Doc. 290. R. Doc. 474-1 at p. 92 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Opposition to Jeffrey Martinez-Malo, Indigo Seafood, and Oceana Seafood's Motion for Partial Summary Judgment") (highlighted yellow); *See* R. Doc. 294. R. Doc. 474-1 at p. 109 (SRW billed 0.40 hours for "Receipt and review of Order and Reasons granting Louisiana Newpack, et al's Motion for Summary Judgment on OSP's claims") (highlighted yellow); *See* R. Doc. 341. R. Doc. 474-1 at p. 110 (SRW billed 0.25 hours for "Receipt and review of Order and Reasons denying Jeffrey Martinez-Malo's Motion for Partial Summary Judgment as to Louisiana Newpack's veil-piercing claim") (highlighted yellow); *See* R. Doc. 346. R. Doc. 474-1 at p. 111 (SRW billed 0.75

concerning Louisiana Newpack's claim for trademark infringement against Oceana

Seafood,[205] the Motion for Writ of Sequestration filed by Indigo, Martinez-Mao, Ocean

Feast, and Zeng and the Court's Order for Writ of Sequestration concerning tariff

reimbursements paid or due to be paid to Louisiana Newpack,[206] and Oceana

hours for "Receipt and review of Order and Reasons granting in part and denying in part Louisiana Newpack and Edward Lee's Partial Motion to Dismiss Indigo's Counterclaims and Third-Party Claims") (highlighted yellow); *See* R. Doc. 357.  R. Doc. 474-1 at p. 112 (SRW billed 0.30 hours for "Receipt and review of Order and Reasons denying Louisiana Newpack's Rule 12(b)(6) Partial Motion to Dismiss Ocean Feast's Counterclaims;" SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Answer to Ocean Feast's Counterclaim;" SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack and Edward Lee's Answer to Indigo Seafood's Ocean Feast's Counterclaim and Third Party Demand;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding filing of Answer by Louisiana Newpack and Lee") (highlighted yellow); *See* R. Docs. 359, 361, & 362.

[205] R. Doc. 29 at ¶¶ 135–143; R. Doc. 286.  *See* R. Doc. 474-1 at p. 85 (SRW billed 0.50 hours for "Receipt and review of Supplemental Pretrial Memo by Indigo and Oceana Seafood Regarding Motion to Dismiss Louisiana Newpack's Trademark Infringement Claim") (highlighted yellow); *Id.* at p. 91 (SRW billed 0.50 hours for "E-mail to Frank Wolland and Eric Nowak re: trademark issue;" SRW billed 0.30 hours for "Receipt and review of e-mail from Frank Wolland re: Louisiana Newpack's trademark claims") (highlighted yellow); *Id.* at p. 93 (SRW billed 0.30 hours for "Correspondence to Andy Liang re: Louisiana Newpack's claim for trademark infringement") (highlighted yellow).  R. Doc. 474-1 at p. 90 (AEA billed 0.70 hours for "Researched trademark infringement law for jury charges;" AEA billed 3.50 hours for "Analyzed trademark infringement law and drafted jury charges accordingly") (highlighted light blue).

[206] R. Docs. 78, 79, 81, 82, 83, 84, 86, & 88.  *See* R. Doc. 474-1 at p. 4 (SRW billed 0.50 hours for "Memo to Destinee Ramos, re: research on garnishment and sequestration") (highlighted light blue).  R. Doc. 474-1 at p. 4 (DFR billed 0.40 hours for "Begin analysis of strategy in furtherance of obtaining potential refund of tariff to Joint Venture") (highlighted green).  R. Doc. 474-1 at p. 7 (DFR billed 1.00 hour for "Begin analysis of statutory law regarding potential garnishment or sequestration of assets coming to Joint Venture from refund tariffs;" DFR billed 1.00 hour for "Continue analysis of statutory law in furtherance of strategy regarding potential attachment or sequestration of tariff refund to Joint Venture;" DFR billed 2.40 hours for "Begin analysis of case law in furtherance of strategy regarding potential attachment of tariff refund to Joint Venture;" DFR billed 0.90 hours for "Begin analysis of case law in furtherance of sequestration of tariff refund to Joint Venture;" DFR billed 1.50 hours for "Begin analysis of secondary sources in furtherance of strategy regarding potential attachment or sequestration of tariff refund to Joint Venture;" DFR billed 1.50 hours for "Continue analysis of law in furtherance of strategy regarding potential attachment or sequestration of tariff refund to Joint Venture;" DFR billed 1.20 hours for "Begin draft of memorandum regarding analysis of law on potential attachment of tariff refund;" DFR billed 1.40 hours for "Begin draft of memorandum regarding general requirements and sequestrations in furtherance of potential attachment or sequestration of tariff refund;" DFR billed 2.00 hours for "Continue draft of memorandum regarding analysis of law on potential attachment of tariff refund;" DFR billed 1.30 hours for "Continue draft of memorandum regarding analysis of law on potential sequestration of tariff refund;" DFR billed 1.00 hour for "Analyze potentially applicable federal statutes in furtherance of drafting memorandum regarding potential attachment or sequestration of tariff refund;" SRW billed 1.00 hour for "Review research memo on potential attachment or sequestration of the tariff refund assets;" DFR billed 1.30 hours for "Revise and finalize memorandum regarding analysis of law on potential attachment or

Seafood's failed attempt to have the case transferred or dismissed for improper venue.[207]  Thus, the following time must be excluded from the reasonable fee award:

---

sequestration of tariff refund") (highlighted green).  R. Doc. 474-1 at p. 24 (SRW billed 0.50 hours for "Correspondence to Andy Liang and Carrie Ma, re: motion for issuance of writ of sequestration;" SRW billed 0.25 hours for "Memo to Destinee Ramos, re: memo in support of motion for issuance of writ of sequestration;" DFR billed 0.50 hours for "Receipt and review of correspondence from Client and work on strategy regarding filing motion in support of sequestration;" DFR billed 1.60 hours for "Draft Memorandum in Support of Sequestration;" SRW billed 0.50 hours for "Review draft Memorandum in Support of Defendants' Motion for Issuance of Writ of Sequestration;" DFR billed 0.40 hours for "Review and revise Memorandum in Support of Motion for Writ of Sequestration") (highlighted dark blue).  R. Doc. 474-1 at p. 24 (SRW billed 1.00 hour for "Receipt and review of Ocean Feast, Indigo Seafood, Arthur Zeng, and Jeffrey Martinez-Malo's Motion for Issuance of Writ of Sequestration;" SRW billed 2.00 hours for "Review of supporting documents and declarations;" DFR billed 0.10 hours for "Reviewing correspondence from Court regarding filing of Motion for Writ of Sequestration by Indigo Seafood Partners, Inc., Jeffrey Martinez-Malo, Ocean Feast Co., Ltd. and Arthur Zeng;" SRW billed 2.00 hours for "Review of Ocean Feast/Indigo Seafood documents filed in support") (highlighted yellow).  R. Doc. 474-1 at p. 28 (SRW billed 1.00 hour for "Work on Memorandum in Support of Motion for Issuance of Writ of Sequestration;" SRW billed 1.00 hour for "Revise and finalize Memorandum in Support of Motion for Issuance of Writ of Sequestration") (highlighted light blue).  R. Doc. 474-1 at p. 28 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Opposition to Motion for Issuance of Writ of Sequestration;" DFR billed 0.50 hours for "Receipt and review of Memorandum in Opposition to Defendants' Motion for Sequestration;" SRW billed 1.00 hours for "Receipt and review of Ocean Feast, Indigo Seafood, Arthur Zeng, and Jeffrey Martinez-Malo's Motion for Leave to File Reply Memorandum in Support of Motion for Issuance of Writ of Sequestration;" SRW billed 0.50 hours for "Receipt and review of Order granting Ocean Feast, Indigo Seafood, Arthur Zeng, and Jeffrey Martinez-Malo Leave to File Reply Memorandum in Support of Motion for Issuance of Writ of Sequestration, Reply Memorandum;" DFR billed 0.10 hours for "Continue review of Reply Memorandum in furtherance of Motion for Sequestration") (highlighted yellow).  R. Doc. 474-1 at p. 29 (SRW billed 1.00 hour for "Receipt and review of Order and Reasons granting Defendants' Motion for Issuance of Writ of Sequestration; E-mail same to clients;" DFR billed 0.20 hours for "Review Order and Reasons granting Writ of Sequestration") (highlighted yellow).  R. Doc. 474-1 at p. 33 (SRW billed 0.50 hours for "Receipt and review of Order for Writ of Sequestration signed by Judge Vitter; Forward same to clients") (highlighted yellow).    R. Doc. 474-1 at p. 33 (SRW billed 0.50 hours for "Correspondence to Andy Liang and Carrie Ma requesting authority to proceed with drafting motion to request an accounting and a disgorgement of the U.S. Customs funds") (highlighted light blue).  R. Doc. 474-1 at p. 33 (DFR billed 0.10 hours for "Receipt and review of correspondence to client regarding strategy on motion for accounting and disgorgement of tariff refunds already received by Louisiana Newpack;" DFR billed 2.20 hours for "Begin draft of Motion for Accounting, Disgorgement, and Sequestration of Funds;" DFR billed 2.00 hours for "Begin analysis of case law in furtherance of drafting Motion for Accounting, Disgorgement, and Sequestration of Funds;" SRW billed 2.00 hours for "Review draft Motion and Memorandum in Support of Motion for Accounting, Disgorgement, and Sequestration of Funds;" DFR billed 0.20 hours for "Receipt and review of correspondence from client regarding strategy in furtherance of Motion for Summary Judgment and Motion for Sequestration of remaining tariff refunds") (highlighted green).  R. Doc. 474-1 at p. 82 (DFR billed 0.20 hours for "Analyze Declarations regarding tariffs in furtherance of Pre-Trial Order Inserts") (highlighted yellow).

[207] R. Docs. 65, 71, 72, 73, 74, 133.  *See* R. Doc. 474-1 at p. 19 (SRW billed 1.00 hour for "Receipt and review of Oceana Seafood Products' Motion to Dismiss for Improper Venue or Motion to Transfer;" DFR billed 0.30 hours for "Receipt and review of correspondence from Court regarding Oceana's

(1) 41.05 hours billed by Wheaton; (2) 26.30 hours billed by Ramos; (3) 6.80 hours billed by Barriere; and (4) 4.20 hours billed by Autin.

### iii. Time pertaining to the Oceana Seafood matter, Civ. A. No. 21-00003

Longhai likewise cannot recover fees incurred related to pleadings filed in the *Oceana Seafood* matter, Civ. A. No. 21-00003, to which Longhai was not a party.[208]

---

Motion to Dismiss") (highlighted yellow); *Id.* at p. 23 (SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's Opposition to Oceana Seafood's Motion to Dismiss for Improper Venue or Motion to Transfer Venue;" DFR billed 0.50 hours for "Review Defendant's opposition to Oceana's Motion to Dismiss or Transfer Venue;" SRW billed 1.00 hour for "Receipt and review of Oceana Seafood's Motion for Leave to File Reply Memorandum in Support of Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court re filing of Motion for Leave to File Reply in support of Motion to Dismiss by Oceana;" SRW billed 0.20 hours for "Receipt and review of Order granting Oceana Seafood leave to file reply memo;" SRW billed 0.75 hours for "Receipt and review of Oceana Seafood's Reply Memorandum in Support of Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court allowing Reply Brief in furtherance of Oceana's Motion to Dismiss") (highlighted yellow); *Id.* at p. 53 (SRW billed 0.50 hours for "Receipt and review of Order and Reasons denying Oceana Seafood's Motion to Dismiss for Improper Venue or Motion to Transfer") (highlighted yellow).

[208] R. Doc. 474-1 at p. 48 (SRW billed 0.25 hours for "Receipt and review of Louisiana Newpack and Edward Lee's Notice of Transfer of Collateral Proceeding to the United States District Court, Eastern District of Louisiana;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding filing of Notice by Edward Lee, Louisiana Newpack Shrimp Company, Inc. of Transfer of Collateral Proceeding to the United States District Court for the Eastern District of Louisiana") (highlighted yellow); *See* R. Doc. 122. R. Doc. 474-1 at p. 57 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack, Gulf Marine Products, A La Carte Specialty Foods, and Edward Lee's Renewed Motion to Dismiss and Request for Attorneys' Fees regarding claims by Oceana Seafood Products;" SRW billed 0.50 hours for "Receipt and review of Oceana Seafood's Response and Memorandum in Opposition to Louisiana Newpack, Gulf Marine Products, A La Carte Specialty Foods, and Edward Lee's Renewed Motion to Dismiss;" SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack, Gulf Marine Products, A La Carte Specialty Foods, and Edward Lee's Reply Memorandum in Support of Motion to Dismiss and Request for Attorneys' Fees") (highlighted yellow); *See* R. Docs. 143, 144, 145. R. Doc. 474-1 at p. 58 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack, Gulf Marine Products, A La Carte Specialty Foods, and Edward Lee's Answer, Counterclaim and Third Party Demand;" JEB billed 0.40 hours for "Review and analyze Oceana's response to LA Newpack's Renewed Motion to Dismiss;" JEB billed 0.40 hours for "Review and analyze Louisiana Newpack's renewed motion to dismiss and attorney fees;" JEB billed 0.40 hours for "Review and analyze answer and counterclaim filed by LA Newpack against Oceana;" JEB billed 0.10 hours for "Review electronic notice issuing summons to Indigo") (highlighted yellow); *See* R. Docs. 143, 144, 146, & 150. R. Doc. 474-1 at p. 65 (SRW billed 0.30 hours for "Receipt and review of Oceana Seafood's Answer to Counterclaim of Louisiana Newpack") (highlighted yellow); *Id.* at p. 66 (JEB billed 0.30 hours for "Review Answer to Third Party Complaint filed by Oceana") (highlighted yellow); *Id.* at p. 73 (JEB billed 0.40 hours for "Review and analyze Motion for Summary Judgment filed by LA Newpack against Oceana;" JEB billed 0.40 hours for "Review and analyze motion for summary judgment filed

As such, the following time pertaining to the *Oceana Seafood* matter is excluded from the reasonable fee award: (1) 4.85 hours billed by Wheaton; (2) 0.10 hours billed by Ramos; and (3) 2.40 hours billed by Barriere.

### d. Time related to Longhai's open account claim

The Court finds that Longhai can recover the attorney's fees challenged by Louisiana Newpack that concern Longhai's open account claim. That includes the fees incurred for discovery matters pertaining to Longhai's open account claim,[209] status conferences held by the Court,[210] Longhai's Motion in Limine to Limit the

---

by Ala carte [sic] Specialty and LA Newpack foods against Oceana") (highlighted yellow); *See* R. Doc. 214. R. Doc. 474-1 at p. 75 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood and Jeffrey Martinez-Malo's Motion to Dismiss Third Party Demand of Louisiana Newpack") (highlighted yellow); *See* R. Doc. 239. R. Doc. 474-1 at p. 77 (SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Opposition to Indigo Seafood and Jeffrey Martinez-Malo's Motion to Dismiss;" SRW billed 0.20 hours for "Receipt and review of Indigo Seafood and Jeffrey Martinez-Malo's Motion for Leave to File Reply to Louisiana Newpack's Opposition to Motion to Dismiss and Order Granting same") (highlighted yellow); *See* R. Docs. 257 & 258. R. Doc. 474-1 at p. 81 (SRW billed 0.50 hours for "Receipt and review of Indigo Seafood and Jeffrey Martinez-Malo's Reply Memorandum to Louisiana Newpack's Opposition to Motion to Dismiss") (highlighted yellow); *See* R. Doc. 262. R. Doc. 474-1 at p. 93 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion in Limine to Exclude the 'Supplemental Damage Report' of Jeffrey Martinez-Malo and Related Opinion Testimony") (highlighted yellow); *See* R. Docs. 300 & 374. R. Doc. 474-1 at p. 95 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood's Opposition to Louisiana Newpack's Motion in Limine to Exclude 'Supplemental Damage Report' of Jeffrey Martinez-Malo and Related Opinion Testimony") (highlighted yellow).

[209] R. Doc. 474-1 at p. 42 (DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding filing of Protective Order and from opposing counsel with First Set of Discovery Requests to Louisiana Newpack Shrimp, Inc. and Edward Lee;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Status Conference regarding Protective Order") (highlighted yellow); *See* R. Docs. 107 & 118.

[210] R. Doc. 474-1 at p. 24 (SRW billed 0.30 hours for "Receipt and review of Ocean Feast, Indigo Seafood, Arthur Zeng, Jeffrey Martinez-Malo, and Oceana Seafood's Status Report from Jamie Berger;" SRW billed 0.25 hours for "E-mail Louisiana Newpack's and Ocean Feast, et al's status reports to Andy Liang and Carrie Ma") (highlighted yellow); *See* R. Doc. 80. R. Doc. 474-1 at p. 112 (DFR billed 0.20 hours for "Receipt and review of correspondence from Court regarding telephone status conference and Order on Partial Motion to Dismiss by LNP") (highlighted yellow); *See* R. Docs. 359 & 360.

Testimony of Expert Witness Holly Sharp,[211] and Louisiana Newpack's Motion in Limine to Exclude Certain Trial Exhibits.[212]  Longhai can also recover the attorney's fees that it incurred in connection with the Rule 12(b)(6) Partial Motion to Dismiss filed by Louisiana Newpack and Lee, which sought the dismissal of Longhai's open account and breach of contract claims, and the Court's Order and Reasons granting in part and denying in part the motion.[213]  Longhai can also recover the fees it

---

[211] R. Docs. 295, 315, & 375.  *See* R. Doc. 474-1 at p. 41 (SRW billed 1.00 hour for "Receipt and review of expert reports of Mark Chatry and Holly Sharp from Lauren Mastio") (highlighted yellow); *Id*. at p. 53 (SRW billed 1.00 hour for "Receipt and review of supplemental expert report of Holly Sharp from Lauren Mastio") (highlighted yellow); *Id*. at p. 90 (SRW billed 0.75 hours for "Receipt and review of supplemental expert report of Holly Sharp from Lauren Mastio;" SRW billed 0.50 hours for "Exchange e-mails with Etienne Balart re: objection to Holly Sharp's supplemental report, Carrie's attendance at trial;" SRW billed 0.50 hours for "Review Holly Sharp's previous expert reports") (highlighted yellow); *Id*. at p. 91 (DFR billed 0.60 hours for "Begin work on strategy in furtherance of objecting to Second Supplemental Report by Holly Sharp;" SRW billed 1.00 hour for "Discussion with Destinee Ramos re: research on expert discovery; Receipt and review of research memo on expert discovery;" SRW billed 0.20 hours for "Receipt and review of e-mail from Destinee Ramos re: Holly Sharp's testimony;" SRW billed 1.00 hour for "E-mail to Lauren Mastio re: objection to Holly Sharp's latest expert report, request for documents;" DFR billed 2.00 hours for "Analyze case law and statutory law regarding expert disclosure;" DFR billed 2.10 hours for "Draft memorandum regarding analysis of case law and statutory law regarding expert disclosures;" DFR billed 0.70 hours for "Analyze presentation of Holly Sharp in furtherance of expert disclosures and Motion in Limine;" DFR billed 0.20 hours for "Receipt and review of correspondence with all counsel regarding deposition of Bloomin Brands and Holly Sharp's Supplemental Report;" SRW billed 0.20 hours for "Exchange e-mails with Destinee Ramos re: research on expert discovery") (highlighted yellow); *Id*. at p. 92 (SRW billed 0.30 hours for "Receipt and review of e-mail from Etienne Balart re: discoverable documents from Holly Sharp;" DFR billed 1.70 hours for "Analyze case law and statutory provisions in furtherance of Motion in Limine re Holly Sharp's Second Supplemental Report;" DFR billed 2.00 hours for "Draft Motion in Limine regarding Holly Sharp's Second Supplemental Report") (highlighted yellow); *Id*. at p. 93 (SRW billed 0.50 hours for "Review and revise Motion in Limine to Limit Testimony of Expert Witness Holly Sharp;" DFR billed 0.80 hours for "Revise Motion in Limine to limit testimony of Holly Sharp") (highlighted yellow); *Id*. at p. 95 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Opposition to Longhai's Motion in Limine to Limit Testimony of Expert Witness Holly Sharp") (highlighted yellow).

[212] R. Docs. 293, 298, 302, 309, 379.  *See* R. Doc. 474-1 at p. 94 (SRW billed 0.50 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's Opposition to Louisiana Newpack's Motion in Limine to Exclude Certain Trial Exhibits") (highlighted yellow).

[213] R. Docs. 55, 59, 61, 62, 63, & 132.  *See* R. Doc. 474-1 at p. 52 (SRW billed 1.00 hour for "Receipt and review of Order and Reasons granting and denying in part Louisiana Newpack's Motion to Dismiss") (highlighted yellow).

incurred for its counsel to review witness and exhibit lists prior to trial,[214] fees relating to discovery propounded in the *Longhai* matter,[215] fees related to the

---

[214] R. Doc. 474-1 at p. 60 (SRW billed 0.30 hours for "Receipt and review of Ocean Feast's Witness and Exhibit List;" JEB billed 0.30 hours for "Review witness list of Ocean Feast;" JEB billed 0.20 hours to "Review and analyze witness [sic] filed by Indigo") (highlighted yellow); *See* R. Docs. 161 & 163. R. Doc. 474-1 at p. 60 (SRW billed 0.25 hours for "Receipt and review of e-mail from Frank Wolland regarding witness and exhibit list") (highlighted orange); *Id.* at p. 82 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood Partners, Oceana Seafood Products, and Jeffrey Martinez-Malo's Motion for Leave to File Amended Witness and Exhibit List") (highlighted yellow); *See* R. Doc. 265. R. Doc. 474-1 at p. 83 (SRW billed 0.50 hours for "Receipt and review of exhibit list from Frank Wolland;" SRW billed 0.50 hours for "Receipt and review of Ocean Feast's draft exhibit list from Eric Nowak") (highlighted orange); *Id.* at p. 83 (SRW billed 1.50 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's updated exhibit list, exhibits, and pre-trial inserts from Frank Wolland") (highlighted yellow); *Id.* at p. 84 (SRW billed 0.20 hours for "Receipt and review of Order granting Indigo, Oceana, and Jeffrey Martinez-Malo leave to file reply to Louisiana Newpack's Opposition to Motion for Leave to Amend Witness and Exhibit List and Reply Memorandum") (highlighted yellow); *See* R. Docs. 277 & 281. R. Doc. 474-1 at p. 86 (SRW billed 0.25 hours for "Receipt and review of Amended Witness and Exhibit list of indigo Seafood Partners, Oceana Seafood Products, and Jeffrey Martinez-Malo;" SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: his clients to appear at trial through deposition") (highlighted yellow); *See* R. Doc. 288. R. Doc. 474-1 at p. 93 (SRW billed 0.20 hours for "Receipt and review of Ocean Feast's Witness List") (highlighted yellow); *Id.* at p. 94 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack, Gulf Marine, A La Carte Specialty, and Edward Lee's First Amended Final Will Call Witness List") (highlighted yellow); *Id.* at p. 109 (SRW billed 0.30 hours for "Receipt and review of e-mail from Eli Poupko with draft Motion to Amend Exhibit List in Joint Pretrial Order and to Amend Joint Trial Exhibit List;" SRW billed 1.00 hour for "Work on exhibit lists and telephone discussion with Frank Wolland") (highlighted orange).

[215] R. Doc. 474-1 at p. 68 (SRW billed 3.50 hours for "Preparation of Longhai's Responses to Louisiana Newpack's First Set of Discovery Requests; Assemble documents; E-mail to all parties") (highlighted yellow).

preparation of the proposed Pretrial Order,[216] fees related to trial preparation,[217] and

fees related to Louisiana Newpack's motion to amend the judgment.[218]

Longhai, however, cannot recover the fees its counsel incurred for reviewing

motions to enroll and withdraw counsel filed by other parties in the case,[219] the fees

---

[216] R. Doc. 474-1 at p. 83 (SRW billed 0.50 hours for "Receipt and review of Ocean Feast and Arthur Zeng's insert for brief summary section from Eric Nowak;" SRW billed 0.50 hours for "Receipt and review of Ocean Feast's inserts from Eric Nowak;" SRW billed 0.50 hours for "Receipt and review of additional inserts for Indigo, Jeffrey Martinez-Malo, and Oceana Seafood from Frank Wolland") (highlighted yellow); *Id.* at p. 94 (DFR billed 0.20 hours for "Correspondence with opposing counsel regarding Longhai pleading inserts") (highlighted yellow).

[217] R. Doc. 474-1 at p. 85 (SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: Arthur Zeng's attendance at trial") (highlighted yellow); *Id.* at p. 90 (SRW billed 0.30 hours for "Receipt and review of e-mails from Eric Nowak and Lauren Mastio re: Arthur Zeng's testimony at trial") (highlighted yellow); *Id.* at p. 92 (SRW billed 0.20 hours for "Receipt and review of Indigo's draft changes to jury instructions from Eli Poupko;" DFR billed 0.20 hours for "Correspondence with Indigo counsel in furtherance of obtaining can for demonstrative exhibit") (highlighted yellow); *Id.* at p. 92 (SRW billed 0.30 hours for "E-mail Longhai's draft Jury Instructions to Eric Nowak and Frank Wolland") (highlighted orange); *Id.* at p. 93 (SRW billed 0.10 hours for "Receipt and review of e-mail from Eric Nowak re: objection to proposed jury verdict form;" SRW billed 0.50 hours for "Receipt and review of proposed revision of Joint Statement of the Case from Eric Nowak; Receipt and review of e-mail from Etienne Balart re: same;" SRW billed 0.20 hours for "Receipt and review of Indigo's latest revision of Jury Instructions from Eli Poupko;" SRW billed 0.20 hours for "Receipt and review of Indigo Seafood, Jeffrey Martinez-Malo, and Oceana Seafood's Witness List") (highlighted yellow); *Id.* at p. 94 (DFR billed 0.50 hours for "Revise Special Jury Voir Dire;" SRW billed 1.00 hour for "Telephone conference with Eric Nowak, Frank Wolland, Eli Poupko, and Louis Butler re: strategy, future handling") (highlighted yellow); *Id.* at p. 94 (DFR billed 0.30 hours for "Revise Jury Interrogatories, research regarding tortious interference") (highlighted light blue); *Id.* at p. 109 (SRW billed 0.50 hours for "Receipt and review of e-mail from Eli Poupko re: Oceana branded crabmeat can as exhibit; Exchange e-mails with Destinee Ramos re: same") (highlighted orange); *Id.* at p. 113 (DFR billed 1.00 hour for "Strategy in furtherance of [redacted]") (highlighted pink); *Id.* at p. 114 (DFR billed 3.70 hours for "Continue preparations of exhibits and examinations of witness in furtherance of trial") (highlighted pink); *Id.* at p. 116 (SRW billed 0.50 hours for "Receipt and review of Ocean Feast's Memorandum and Objections to the Court's Proposed Jury Instructions from Eric Nowak") (highlighted yellow).

[218] R. Docs. 401, 404, 408, 410, 412, & 426. *See* R. Doc. 474-1 at p. 120 (SRW billed 0.50 hours for "Exchange e-mails with Taylor Wimberly re: objection to Rule 59(e) motion") (highlighted yellow).

[219] R. Doc. 474-1 at p. 37 (SRW billed 0.20 hours for "Receipt and review of Plaintiff's Motion to Enroll Additional Counsel (Micah Fincher);" SRW billed 0.20 hours for "Receipt and review of Order enrolling Micah Fincher as additional counsel for Louisiana Newpack") (highlighted pink); *See* R. Docs. 92 & 93. R. Doc. 474-1 at p. 52 (SRW billed 0.30 hours for "Receipt and review of Joint Motion of Defendants to Withdraw and Substitute Counsel of Record;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Motion to Substitute Attorney;" SRW billed 0.25 hours for "Receipt and review of Order withdrawing and substituting counsel of record for Ocean Feast and Arthur Zeng;" SRW billed 0.50 hours for "Receipt and review of Indigo, Martinez-Malo, and Oceana's Motion to Withdraw and Substitute Counsel of Record;" SRW billed 0.25 hours for "Receipt and review of Order granting Indigo Seafood, Jeffrey Martinez-Malo, and Oceana Seafood's Motion to Withdraw and Substitute Counsel of Record") (highlighted yellow); *See* R. Docs. 123, 125, 126, 128.

incurred concerning Louisiana Newpack's Motion for Bill of Costs,[220] the fees incurred regarding its Motion for Summary Judgment,[221] which was denied,[222] or the fees incurred concerning its request to file a renewed motion for summary judgment, which the Court also denied.[223] Thus, the following time must be excluded from Longhai's reasonable fee award: (1) the 4.20 hours billed by Wheaton; and (2) the 2.30 hours billed by Ramos.

### e. Time pertaining to discovery matters

The Court further finds that Longhai is not entitled to recover the fees it incurred reviewing the discovery exchanged between Louisiana Newpack and Oceana Seafood, as Oceana Seafood is not involved in Longhai's open account claim.[224] Longhai also cannot recover the fees its counsel incurred that pertain to discovery or discovery disputes where it is unclear to the Court from the billing entries whether

---

[220] R. Doc. 402. *See* R. Doc. 474-1 at p. 121 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Motion for Taxation of Costs") (highlighted yellow).

[221] R. Doc. 101. *See* R. Doc. 474-1 at p. 38 (DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding filing of Motion to Continue Submission Date of Motion for Summary Judgment and from opposing counsel with Subpoena Duces Tecum to Crustacea Seafood Company, Inc.") (highlighted yellow).

[222] R. Doc. 115.

[223] R. Docs. 320 & 334. *See* R. Doc. 474-1 at p. 99 (SRW billed 2.00 hours for "Working on response to Louisiana Newpack's opposition to Longhai's Motion for Leave to File Renewed Motion for Summary Judgment;" DFR billed 2.10 hours to "Draft Motion for Leave documents and file Opposition to Objection to Magistrate's Order") (highlighted yellow).

[224] *See* R. Doc. 474-1 at p. 37 (SRW billed 1.00 hours for "Receipt and review of Louisiana Newpack's First Set of Discovery Requests for Jeffrey Martinez-Malo and Oceana Seafood Products from Lauren Mastio;" DFR billed 0.10 hours for "Receipt and review of correspondence from Louisiana Newpack's counsel with discovery requests to Martinez-Malo and Oceana") (highlighted yellow); *Id.* at p. 58 (JEB billed 0.20 hours for "Review subpoenas to Oceana requested by LA Newpack") (highlighted yellow); *Id.* at p. 64 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack's First Set of Interrogatories and Second Set of Request for Production of Documents to Oceana Seafood and Second Set of Interrogatories and Fourth Set of Request for Production of Documents to Indigo Seafood from Lauren Mastio") (highlighted yellow); *Id.* at p. 66 (SRW billed 0.50 hours for "Receipt and review of Indigo Seafood and Oceana Seafood's Second Discovery Request to Louisiana Newpack and Edward Lee") (highlighted yellow).

the discovery concerns Longhai's open account claim or Longhai's defense to
Louisiana Newpack's counterclaims filed in the *Longhai* matter.[225]  Finally, Longhai

---

[225] *See* R. Doc. 474-1 at p. 37 (DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel regarding Meet and Confer on Indigo's responses to discovery;" SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's First Set of Discovery Requests for Ocean Feast and Second Set of Requests for Production of Documents and First Set of Requests for Admission to Indigo Seafood from Micah Fincher;" DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel with Louisiana Newpack's discovery requests to Indigo and Ocean Feast") (highlighted yellow); *Id.* at p. 38 (SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Notice of Subpoena Duces Tecum to Crustacea Seafood from Micah Fincher") (highlighted yellow); *Id.* at p. 41 (SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's Second Set of Discovery Requests to Jeffrey Martinez-Malo and Third Set of Requests for Production of Documents to Indigo Seafood from Micah Fincher;" DFR billed 0.20 hours for "Receipt and review of correspondence from opposing counsel with additional discovery requests to Indigo and Martinez-Malo;" DFR billed 0.20 hours for "Receipt and review of correspondence from opposing counsel regarding Motion for Contempt and Sanctions as to subpoena issued to Crustacea Seafood Company, Inc.;" DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel with Plaintiff's expert reports") (highlighted yellow); *Id.* at p. 42 (SRW billed 1.00 hour for "Receipt and review of Defendants' First Set of Discovery Requests to Louisiana Newpack and Edward Lee from Jamie Berger") (highlighted yellow); *Id.* at p. 48 (SRW billed 0.75 hours for "Receipt and review of Louisiana Newpack's Responses to Ocean Feast, Indigo, Oceana Seafood, Jeffrey Martinez-Malo, and Arthur Zeng's First Set of Discovery Requests from Micah Fincher;" DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel with discovery responses by Louisiana Newpack;" SRW billed 1.00 hour for "Receipt and review of Louisiana Newpack's supplemental document production from Micah Fincher;" DFR billed 0.10 hours for "Receipt and review of correspondence from opposing counsel with Louisiana Newpack's third document production") (highlighted yellow); *Id.* at p. 52 (SRW billed 1.00 hour for "Receipt and review of e-mail from Micah Fincher with documents produced by Crustacea Seafood in response to subpoena") (highlighted yellow); *Id.* at p. 58 (SRW billed 0.20 hours for "Receipt and review of e-mail from Lauren Mastio regarding depositions") (highlighted yellow); *Id.* at p. 59 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Second Set of Discovery Requests to Ocean Feast from Lauren Mastio") (highlighted yellow); *Id.* at p. 64 (SRW billed 0.20 hours for "Receipt and review of e-mail from Lauren Mastio re: bank deposition") (highlighted yellow); *Id.* at p. 64 (SRW billed 1.00 hour for "Receipt and review of supplemental document production from Lauren Mastio;" SRW billed 0.30 hours for "Receipt and review of Notice of Subpoenas Duces Tecum to Gidney and Company, CPAs and Kappa Laboratories from Lauren Mastio;" SRW billed 0.25 hours for "Receipt and review of Notice of Deposition of Edward Lee from Frank Wolland") (highlighted yellow); *Id.* at p. 66 (SRW billed 2.50 hours for "Receipt and review of LNP's supplemental document production from Lauren Mastio;" SRW billed 2.00 hours for "Receipt and review of Ocean Feast and Arthur Zeng's document production from Eric Nowak;" SRW billed 0.50 hours for "Receipt and review of e-mails from Eric Womac [sic] and Frank Wolland re: LNP's document production") (highlighted yellow); *Id.* at p. 67 (SRW billed 1.00 hour for "Receipt and review of Ocean Feast's Responses to Louisiana Newpack's Second Set of Discovery Requests from Eric Nowak;" SRW billed 2.00 hours for "Review Ocean Feast's document production") (highlighted yellow); *Id.* at p. 68 (SRW billed 0.50 hours for "Receipt and review of Notice of Subpoenas Duces Tecum and Subpoenas to Supreme Crab & Seafood and Godady.com from Lauren Mastio;" SRW billed 0.75 hours for "Receipt and review of Indigo's supplemental document production from Frank Wolland") (highlighted yellow); *Id.* at p. 69 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Notice of Subpoenas and Subpoenas Duces Tecum to Bank of America and JP Morgan Chase from Lauren Mastio") (highlighted yellow); *Id.* at p. 74 (SRW billed 0.20 hours for "Receipt and review of Louisiana

cannot recover the fees it incurred regarding discovery and discovery disputes that

clearly do not concern the open account claim.[226]  Thus, Longhai cannot recover the

---

Newpack's Notice of Subpoena Duces Tecum and Subpoena to National Fisheries Institute from Taylor Wimberly;" SRW billed 0.30 hours for "Receipt and review of e-mail from Lauren Mastio re: objection to deposition of American First National Bank; Receipt and review of e-mail from Eric Nowak re: same") (highlighted yellow); *See* R. Doc. 222.  R. Doc. 474-1 at p. 74 (SRW billed 0.30 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's Motion for Protective Order and Request for Attorney's Fees") (highlighted yellow); *See* R. Doc. 222.  R. Doc. 474-1 at p. 75 ("SRW billed 0.30 hours for "Receipt and review of e-mail from Lauren Mastio with supplemental document production re: American First National Bank documents;" SRW billed 0.50 hours for "Receipt and review of Indigo's Responses to Louisiana Newpack's Second Set of Interrogatories and Fourth Set of Requests for Production of Documents from Frank Wolland;" JEB billed 0.30 hours for "Review interoffice memorandum from Rodger Wheaton in anticipation of deposition of defendant's banker;" JEB billed 0.30 hours for "Review multiple emails between the parties as to LA Newpack objection over deposing its bank") (highlighted yellow); *Id*. at p. 76 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Response to Motion for Protective Order and Request for Attorney's Fees;" SRW billed 0.20 hours for "Receipt and review of AFNB's Response to Ocean Feast's Subpoena from Pete Mai;" JEB billed 0.30 hours for "Review email from bank's counsel providing responsive documents to subpoena deuces tecum in preparation for meeting") (highlighted yellow); *See* R. Doc. 252.  R. Doc. 474-1 at p. 77 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Fifth Set of Request for Production of Documents to Indigo Seafood from Lauren Mastio;" SRW billed 0.40 hours for "Receipt and review of e-mail from Lauren Mastio following up on additional document production; E-mail to Andy Liang and Carrie Ma re: same;" DFR billed 0.20 hours for "Compare additional documents to requests from opposing counsel") (highlighted yellow)l *Id*. at p. 81 (SRW billed 0.20 hours for "Receipt and review of Order denying Indigo Seafood, Oceana Seafood, and Jeffrey Martinez-Malo's Motion for Protective Order and Request for Attorney's Fees") (highlighted yellow); *See* R. Doc. 263.  R. Doc. 474-1 at p. 82 (SRW billed 0.75 hours for "Receipt and review of Indigo Seafood Partners' Supplemental Discovery Responses to Louisiana Newpack from Frank Wolland;" SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Notice of Subpoena Duces Tecum and Subpoena to All Ports Transport of Florida from Lauren Mastio") (highlighted yellow); *Id*. at p. 85 (SRW billed 0.50 hours for "Receipt and review of subpoena responses of Chase, Bank of America, and National Fisheries Institute from Lauren Mastio") (highlighted yellow); *Id*. at p. 92 ("SRW billed 0.20 hours for "Receipt and review of supplemental damage expert report of Jeffrey Martinez-Malo from Frank Wolland;" SRW billed "0.30 hours for "Receipt and review of certified translation of Longhai Sinosure policy from Etienne Balart") (highlighted yellow); *Id*. at p. 93 (DFR billed 0.10 hours for "Receipt and review of correspondence from LNP Counsel re translated version of Sinosure policy;" SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: objection to certified translation of Longhai Sinosure policy; Exchange e-mails with all counsel re: same") (highlighted yellow); *Id*. at p. 95 (SRW billed 0.50 hours for "Receipt and review of e-mails from Eli Poupko and Etienne Balart re: expert report") (highlighted yellow).

[226] R. Doc. 474-1 at p. 37 (SRW billed 0.50 hours for "Receipt and review of Louisiana Newpack's Motion to Compel Indigo;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Motion to Compel by Louisiana Newpack against Indigo") (highlighted yellow); *Id*. at p. 38 (SRW billed 0.25 hours for "Receipt and review of Order continuing Louisiana Newpack's Motion to Compel;" SRW billed 0.20 hours for "Receipt and review of Order denying Louisiana Newpack's Motion to Compel Indigo as moot;" DFR billed 0.10 hours for "Receipt and review of correspondence from Court regarding Order denying Motion to Compel by Louisiana Newpack against Indigo as moot") (highlighted yellow); *See* R. Docs. 94, 100, & 102.  R. Doc. 474-1 at p. 60 (SRW billed 0.20 hours for "Receipt and review of Louisiana Newpack's Motion to Compel from Indigo, Oceana, and Martinez-

following fees incurred concerning discovery matters and discovery disputes that are unrelated to the open account claim: (1) the 28.30 hours billed by Wheaton; (2) the 1.50 hours billed by Ramos; and (3) the 1.70 hours billed by Barriere.

### f.  Time preparing for and taking depositions

The next category of time entries that Louisiana Newpack seeks to exclude from the reasonable fee award pertains to "Time spent preparing for depositions and examinations of witnesses unrelated to Longhai's affirmative open account claim"[227] As previously discussed, Louisiana Newpack asserted two counterclaims against Longhai in response to Longhai's breach of contract and open account claims.[228] Louisiana Newpack alleged that Longhai conspired with Ocean Feast and Indigo "to procure, sell, and resell OCEANA branded product separate and apart from the Joint Venture, effectively cutting out Louisiana Newpack," and also alleged that Longhai "tortiously interfered with the Joint Venture Agreement when it sold OCEANA branded product directly to Indigo, bypassing the Joint Venture so as to increase its

---

Malo") (highlighted yellow); *See* R. Doc. 168.  R. Doc. 474-1 at p. 66 (JEB billed 0.10 hours for "Review Indigo's request for oral argument on motion to dismiss") (highlighted yellow).  The Court believes this to be a typographical error in the invoice, meant to reference the request for oral argument on two motions to compel.  *See* R. Doc. 191.  R. Doc. 474-1 at p. 77 (JEB billed 0.20 hours for "Review order denying Indigo's request for additional time to respond to Motion to Compel;" JEB billed 0.20 hours for "Review Indigo's response to Motion to Compel by LA Newpack") (highlighted yellow); *See* R. Docs. 195 & 196.  R. Doc. 474-1 at p. 68 (SRW billed 0.50 hours for "Receipt and review of Indigo Seafood, Oceana Seafood, and Jeffery Martinez-Malo's Preliminary Response to Louisiana Newpack's Motion to Compel") (highlighted yellow); *See* R. Doc. 200.  R. Doc. 474-1 at p. 74 (SRW billed 0.20 hours for "Receipt and review of Order granting Indigo Seafood, Ocean Seafood, and Jeffrey Martinez-Malo leave to file late response to Louisiana Newpack's Motion to Compel Discovery and Response to Motion to Compel Discovery;" JEB billed 0.10 hours for "Review email setting hearing on motion to compel Indigo's responses") (highlighted yellow); *See* R. Doc. 224.  R. Doc. 474-1 at p. 76 (SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Supplemental Responses to Defendants' First Set of Discovery Requests from Lauren Mastio;" SRW billed 0.40 hours for "Receipt and review of Louisiana Newpack and Edward Lee's Objections and Responses to Oceana Seafood and Indigo Seafood's Second Set of Requests for Production from Lauren Mastio") (highlighted yellow).
[227] R. Doc. 474 at p. 11.
[228] *See* R. Doc. 34 in the *Longhai* matter; R. Doc. 155.

own profits."[229]   While Louisiana Newpack's counterclaims against Longhai were ultimately dismissed on November 2, 2021, about two weeks before trial, Longhai's counsel's invoices show that the depositions of Ana Maria Sampedro,[230] Rhonda Breaux,[231] Edward Lee, Jeffrey Martinez-Malo, Stanley Su,[232] Tim Chuang,[233] Arthur Zeng, and Carrie Ma[234] were taken while the counterclaims were still pending.[235]   Further, Louisiana Newpack called Edward Lee, Stanley Su, Arthur Zeng, Jeffrey Martinez-Malo, Rhonda Breaux, Carrie Ma, and Dan Lasic[236] as witnesses at trial, and Longhai cross examined Lee, Su, Zeng, Martinez-Malo, and Breaux.[237]   Longhai also called Carrie Ma as a witness at trial through her perpetuation deposition.[238]   As such, the Court finds that Longhai can recover the

---

[229] R. Doc. 155 at ¶¶ 48–76.

[230] At the time of her deposition, Sampedro was a manager at Oceana Seafood.  *See* R. Doc. 186. According to the parties, Sampedro is also the wife of Martinez-Malo.  *See* R. Doc. 343 at p. 3.

[231] According to the parties, Breaux is an office manager and bookkeeper for Louisiana Newpack.  *See* R. Doc. 343 at pp. 90–91.

[232] According to the parties, Su is a manager of Louisiana Newpack.  *See* R. Doc. 343 at p. 90.

[233] According to the parties, Chuang "is the loan officer for Louisiana Newpack who was responsible for managing the accounts used by Louisiana Newpack to fulfill its obligations as financier of the Joint Venture, including loan applications and approvals, management, and issuance of letters of credit." *See* R. Doc. 343 at p. 93.

[234] According to the parties, Ma is a representative of Longhai.  *See* R. Doc. 343 at p. 91.

[235] *See* R. Doc. 474-1 at pp. 65, 67, 68, 69, 73, 74, 75, 76, 77, 91, 93, 94, 107, 108, 110, 112, 113, & 114 (highlighted purple).

[236] According to the trial transcript, Mladen Lasic, who goes by Dan Lasic, is a global food safety manager for Bloomin' Brands.  *See* R. Doc. 434 at p. 41.

[237] *See* R. Docs. 380, 383, & 385.

[238] R. Doc. 385.

fees it incurred pertaining to the depositions of Edward Lee,[239] Stanley Su,[240] Arthur

Zeng,[241] Jeffrey Martinez-Malo,[242] Rhonda Breaux,[243] and Carrie Ma,[244] which were

relevant to Longhai's open account claim.

[239] R. Doc. 474-1 at p. 67 (SRW billed 3.00 hours for "Work on questions and documents for Mr. Lee's deposition;" JEB billed 0.20 hours for "Telephone conference with Rodger Wheaton to discuss deposition strategy as to taking of Edward Lee's deposition;" JEB billed 0.10 hours for "Review cross notice deposition of Edward Lee;" SRW billed 0.70 hours for "Final preparation of documents for deposition of Edward Lee;" SRW billed 8.50 hours to "Attend Edward Lee's deposition") (highlighted red); *Id.* at p. 90 (SRW billed 2.50 hours for "Receipt and review of deposition transcript of Edward Lee") (highlighted red); *Id.* at p. 94 (DFR billed 0.60 hours for "Begin review of deposition of Edward Lee in furtherance of trial strategy, impeachment, and cross-examination") (highlighted purple); *Id.* at p. 107 (DFR billed 0.40 hours for "Begin strategy in furtherance of cross examinations of Edward Lee, Stanley Su, and Rhonda Breaux;" DFR billed 2.20 hours for "Begin review deposition transcript of Edward Lee in furtherance of drafting cross-examination;" DFR billed 1.10 hours for "Continue review of Edward Lee deposition in furtherance of drafting cross examination;" DFR billed 1.10 hours for "Continue review of Edward Lee deposition in furtherance of drafting cross examination") (highlighted purple). The Court notes that this does not appear to be a duplicate entry, as there are two different billing dates associated with these billing entries. R. Doc. 474-1 at p. 108 (SRW billed 3.00 hours for "Work on trial preparation for examination of Mr. Lee;" SRW billed 3.00 hours for "Review of Pre-Trial Order and depositions of Edward Lee and Rhonda Breaux") (highlighted purple); *Id.* at p. 110 (DFR billed 0.70 hours for "Draft cross examination of Edward Lee") (highlighted purple); *Id.* at p. 112 (DFR billed 0.60 hours for "Continue draft cross examination of Edward Lee;" SRW billed 2.50 hours for "Trial preparation – review draft cross examination of Edward Lee;" DFR billed 1.90 hours for "Continue draft of cross exam of Edward Lee") (highlighted purple); *Id.* at p. 113 (DFR billed 1.00 hour for "Revise cross examination of Edward Lee;" SRW billed 2.00 hours for "Review deposition of Mr. Lee;" DFR billed 1.00 hour for "Revise cross examination of Edward Lee") (highlighted purple). The Court notes that this does not appear to be a duplicate entry, as there are two different dates on these entries.

[240] R. Doc. 474-1 at p. 69 (JEB billed 0.30 hours for "Review correspondence from Rodger Wheaton to client regarding Su's deposition;" SRW billed 1.25 hours for "Prepare for deposition of Stanley Su - - prepare questions for Stanley Su;" SRW billed 8.00 hours for "Attend deposition of Stanley Su via Zoom;" SRW billed 0.75 hours for "Correspondence to Andy Liang and Carrie Ma re: Stanley Su's deposition;" SRW billed 0.25 hours for "Receipt and review of e-mail from Andy Liang confirming deposition of Carrie Ma, Stanley Su's testimony") (highlighted purple); *Id.* at p. 93 (SRW billed 1.00 hour for "Receipt and review of deposition transcript of Stanley Su") (highlighted purple); *Id.* at p. 112 (DFR billed 2.50 hours for "Draft cross examination of Stanley Su;" DFR billed 2.00 hours for "Work on exhibits for cross examination of Stanley Su") (highlighted purple); *Id.* at p. 113 (DFR billed 1.00 hour for "Continue draft of cross examination of Stanley Su;" DFR billed 1.00 hour for "Revise cross examination of Stanley Su") (highlighted purple).

[241] R. Doc. 474-1 at p. 65 (SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: Arthur Zeng's deposition") (highlighted orange); *Id.* (SRW billed 0.20 hours for "Receipt and review of e-mails from Lauren Mastio and Eric Nowak re: Arthur Zeng's deposition") (highlighted yellow); *Id.* at p. 66 (SRW billed 0.20 hours for "Exchange e-mails re: Arthur Zeng's deposition") (highlighted yellow); *Id.* at p. 69 (SRW billed 13.00 hours for "Prepare for and attend Arthur Zeng's deposition via Zoom.") (highlighted purple); *Id.* at p. 73 (SRW billed 0.50 hours for "Receipt and review of Excerpts from Transcript of Arthur Zeng's deposition") (highlighted purple); *Id.* at p. 76 (SRW billed 0.30 hours for "Receipt and review of deposition transcript of Arthur Zeng") (highlighted purple); *Id.* at p. 108 (SRW billed 3.50 hours for "Review of Arthur Zeng's testimony and Stanley Su's testimony re: status

The Court further finds that Longhai cannot recover the attorney's fees it incurred concerning the deposition of Ana Marie Sampedro,[245] as she was not called

---

conference") (highlighted purple); *Id*. at p. 113 (DFR billed 1.60 hours for "Work on Zeng deposition designations;" SRW billed 3.00 hours for "Work on cross examination of Messrs. Zeng and Martinez-Malo;" DFR billed 2.90 hours for "Work on deposition designations of Arthur Zeng") (highlighted purple); *Id*. at p. 114 (DFR billed 1.40 hours for "Continue draft examination of Arthur Zeng;" SRW billed 7.50 hours for "Trial preparation – work on exhibits, examination of Arthur Zeng, draft questions, review deposition of Edward Lee; Preparation of summary of crabmeat shipments;" SRW billed 1.00 hour for "Zoom conference with Andy Liang, Arthur Zeng, and Eric Nowak") (highlighted purple).

[242] R. Doc. 474-1 at p. 66 (SRW billed 0.30 hours for "Receipt and review of Notices of Deposition of Arthur Zeng and Jeffrey Martinez-Malo from Lauren Mastio") (highlighted yellow); *Id*. at p. 67 (SRW billed 9.00 hours for "Prepare for and attend deposition of Jeffrey Martinez-Malo (via Zoom);" SRW billed 0.50 hours for "Discussion with Jennifer Barriere re: Jeffrey Martinez-Malo's deposition;" JEB billed 3.80 hours for "Attend deposition of Jeffrey Martinez-Malo;" JEB billed 0.30 hours for "Email exchange with Rodger Wheaton in follow-up to the deposition of Jeffrey Martinez-Malo") (highlighted purple); *Id*. at p. 74 (SRW billed 0.30 hours for "Receipt and review of e-mail from Lauren Mastio re: continuation of Jeffrey Martinez-Malo's deposition; Receipt and review of e-mails from Eric Nowak and Frank Wolland re: same") (highlighted purple); *Id*. at p. 75 (SRW billed 0.20 hours for "Receipt and review of Notice of Continuation Deposition of Jeffrey Martinez-Malo from Lauren Mastio") (highlighted purple); *Id*. at p. 76 (JEB billed 7.30 hours for "Attend deposition of Jeffrey Martinez-Malo") (highlighted purple); *Id*. at p. 91 (SRW billed 3.00 hours for "Receipt and review of deposition transcripts of Jeffrey Martinez-Malo") (highlighted purple); *Id*. at p. 114 (DFR billed 1.30 hours for "Continue draft of examination of Jeffery Martinez-Malo") (highlighted purple).

[243] R. Doc. 474-1 at p. 67 (SRW billed 0.30 hours for "Exchange e-mails with Lauren Mastio re: Ms. Breaux's deposition") (highlighted yellow); *Id*. (SRW billed 0.20 hours for "Receipt and review of e-mail from Frank Wolland re: Ms. Breaux's deposition") (highlighted orange); *Id*. (JEB billed 0.10 hours for "Review email exchange regarding upcoming deposition of Ms. Breaux") (highlighted purple); *Id*. at p. 68 (SRW billed 3.50 hours for "Prepare for and attend Rhonda Breaux's deposition (via Zoom); Review documents produced by Rhonda Breaux") (highlighted purple); *Id*. at p. 77 (SRW billed 0.50 hours for "Receipt and review of transcript of deposition of Rhonda Breaux") (highlighted purple); *Id*. at p. 112 (SRW billed 3.50 hours for "Trial preparation; Discussions with Destinee Ramos; Work on questions for cross examination of Mr. Lee, Stanley Su, and Rhonda Breaux") (highlighted purple); *Id*. at p. 113 (DFR billed 1.50 hours for "Draft cross examination of Rhonda Breaux;" DFR billed 0.70 hours for "Revise cross examination of Rhonda Breaux") (highlighted purple).

[244] The Court notes that Louisiana Newpack only challenges one billing entry concerning Carrie Ma's deposition (*See* R. Doc. 474-1 at p. 69, highlighted purple), which the Court addresses in footnote 241, *supra*.

[245] R. Doc. 474-1 at p. 64 (SRW billed 0.25 hours for "Receipt and review of Notice of Deposition of Ana Maria Gomez Sampedro from Lauren Mastio;" SRW billed 0.30 hours for "Receipt and review of Indigo Seafood's Motion for Protective Order, Memorandum in Support, and proposed Order and Reasons;" SRW billed 0.20 hours for "Receipt and review of Ana Maria Gomez Sampedro's Motion for Protective Order;" SRW billed 0.30 hours for "Receipt and review of Louisiana Newpack's Response to Motion for Protective Order;" JEB billed 0.40 hours for "Review and analyze motion for protective order as to the deposition of Ana Marie Sanpedro [sic];" JEB billed 0.10 hours for "Review email providing proposed order to motion to seek order (not in compliance with local rules);" JEB billed 0.20 hours for "Review Louisiana Newpack's response to motion for protective order;" SRW billed 0.25 hours for "Receipt and review of Re-Notice of Deposition of Ana Maria Gomez Sampedro from Lauren Mastio;" JEB billed 0.10 hours for "Review electronic notice from Court as to deficient document filed by Indigo Feast [sic]

to testify at trial. Longhai also cannot recover the fees it incurred regarding the deposition of Tim Chuang, since only a portion of his deposition testimony was read into the record at trial by Ocean Feast[246] and Longhai has not offered any information regarding the relevance of Chuang's deposition testimony to its open account claim. Longhai likewise cannot recover the fees it incurred for preparing deposition designations where Longhai has failed to provide any information regarding the depositions for which the work was performed.[247] The Court further finds that Longhai cannot recover the fees it incurred concerning the deposition of Candice Ramirez, who did not testify at trial.[248] Longhai likewise cannot recover the fees it

---

as to motion for protective order") (highlighted yellow); *See* R. Docs. 173, 174, 175, 176, 177, 178. R. Doc. 474-1 at p. 65 (SRW billed 0.20 hours for "Receipt and review of e-mail from Lauren Mastio with exhibits to Ana Maria Sampedro's deposition") (highlighted yellow); *Id.* (SRW billed 10.50 hours to "Prepare for and attend deposition of Ana Maria Sampedro via Zoom") (highlighted purple); *Id.* at p. 73 (SRW billed 0.50 hours for "Receipt and review of deposition transcript of Ana Sampedro") (highlighted purple).

[246] R. Doc. 385 at p. 1. *See* R. Doc. 434 at pp. 76–109. R. Doc. 474-1 at p. 60 (SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak regarding dates for banker's deposition") (highlighted orange); *Id.* at p. 74 (SRW billed 0.20 hours for "Receipt and review of e-mail from Eric Nowak re: Tim Cheung's deposition;" JEB billed 0.20 hours for "Email exchange setting deposition on May 14, 2021 of a banker, and possible continuation of Jeffrey Martinez-Malo;" JEB billed 0.20 hours for "Review various emails and objections to the deposition of the defendants bank;" SRW billed 0.20 hours for "Receipt and review of Notice of Deposition of Tim Chuang and subpoena from Eric Nowak;" JEB billed 0.20 hours for "Review emails setting deposition of banker; and continuation of deposition of Jeffrey Martinez-Malo;" SRW billed 0.50 hours for "Memo to Jennifer Barriere re: strategy for the bank's deposition") (highlighted purple); *Id.* at p. 75 (SRW billed 0.25 hours for "Receipt and review of e-mails from Lauren Mastio and Eric Nowak re: bank deposition;" SRW billed 0.30 hours for "Receipt and review of update on Tim Chuang's deposition from Jennifer Barriere; Telephone discussion with Jennifer Barriere re: same") (highlighted purple); *Id.* at p. 76 (SRW billed 0.30 hours for "Receipt and review of deposition exhibits for Tim Chuang's deposition from Eric Nowak;" JEB billed 2.80 hours for "Attend deposition with American First Bank;" JEB billed 0.30 hours for "Telephone call with Rodger Wheaton to discuss deposition of Tim Cheung from bank") (highlighted purple).

[247] R. Doc. 474-1 at p. 114 (DFR billed 1.40 hours "Work in furtherance of preparations [sic] examination deposition designations and exhibit annotations") (highlighted purple).

[248] *See* R. Docs. 374, 380, 383, 385, & 387. R. Doc. 474-1 at p. 91 (SRW billed 0.25 hours for "Receipt and review of e-mail from Lauren Mastio re: coordinating date to depose Candice Ramirez") (highlighted yellow); *Id.* at p. 94 (SRW billed 0.30 hours for "Receipt and review of e-mail from Eli Poupko re: cancelling Candice Ramirez's deposition; Receipt and review of Notice of Cancellation of Deposition of Candice Ramirez from Eli Poupko") (highlighted yellow); *Id.* at p. 104 (SRW billed 0.50 hours for "Exchange e-mails with counsel re: deposition of Candice Ramirez") (highlighted yellow); *Id.* at p. 107 (SRW billed 0.25 hours for "Receipt and review of e-mails from Lauren Mastio, Frank Wolland

incurred regarding the deposition of Dan Lasic, as Longhai did not cross-examine Lasic at trial.[249]

Thus, Longhai cannot recover the attorney's fees it incurred for the following time billed by its counsel concerning the preparation for and taking of depositions that are unrelated to its open account claim: (1) 17.30 hours billed by Wheaton; (2) 1.40 hours billed by Ramos; and (3) 4.50 hours billed by Barriere.

### g. Vague, Excessive, or Duplicative Time Entries

Louisiana Newpack next challenges several billing entries as vague, excessive or duplicative.[250]  The Court agrees that Longhai cannot recover the attorney's fees it incurred that are based upon vague, excessive, or duplicative billing entries, many of which contain redacted material.[251]  Notably, while Louisiana Newpack specified

re: Candice Ramirez's deposition;" SRW billed 0.30 hours for "Receipt and review of Notice of Trial Deposition and subpoena of Candice Ramirez from Lauren Mastio") (highlighted yellow); *Id.* at p. 108 (SRW billed 0.25 hours for "Receipt and review of e-mail from Jennifer Brickman cancelling Candice Ramirez's deposition") (highlighted yellow).

[249] R. Doc. 385.  *See* R. Doc. 474-1 at p. 59 (SRW billed 0.30 hours for "Receipt and review of Notice of Subpoena Duces Tecum and Subpoena to Bloomin' Brands from Lauren Mastio") (highlighted yellow); *Id.* at p. 91 (SRW billed 0.20 hours for "E-mail to Lauren Mastio re: La. Newpack's request to depose Bloomin Brands") (highlighted yellow); *Id.* at p. 104 (SRW billed 0.25 hours for "Receipt and review of e-mail from Lauren Mastio re: Bloomin Brand's Dan Lasic to testify via Zoom at trial") (highlighted yellow); *Id.* at p. 107 (SRW billed 0.25 hours for "Receipt and review of e-mails from Lauren Mastio re: scheduling deposition of Dan Lasic of Bloomin' Brands, status conference") (highlighted yellow).

[250] R. Doc. 474 at pp. 10 & 11.

[251] *See* R. Doc. 474-1 at p. 2 (SRW billed 0.30 hours for "Exchange e-mails with Andy Liang;" SRW billed 1.00 hour for "Preparation of engagement letter; Correspondence to Andy Liang") (highlighted pink); *Id.* at p. 52 (SRW billed 1.00 hour for "E-mail to Andy Liang and Carrie Ma regarding [redacted]") (highlighted pink); *Id.* at p. 58 (JEB billed 2.10 hours for "Evaluate and analyze applicable caselaw regarding [redacted];" JEB billed 1.00 hour for "Review and analyze applicable caselaw regarding [redacted]") (highlighted pink); *Id.* at p. 60 (JEB billed 0.30 hours for "Strategize with Rodger Wheaton regarding [redacted];" JEB billed 0.40 hours for "Review and analyze applicable caselaw regarding [redacted]") (highlighted pink); *Id.* at p. 65 (SRW billed 3.00 hours for "Review of document production;" JEB billed 2.00 hours for "Review and analyze applicable law regarding [redacted];" SRW billed 0.50 hours for "Review research memo on [redacted]") (highlighted pink); *Id.* at p. 68 (SRW billed 1.50 hours for "Review of [redacted] to prepare for conference call") (highlighted pink); *Id.* at p. 85 (DFR billed 0.30 hours for "Work on strategy regarding [redacted]") (highlighted pink); *Id.* at p. 86 (DFR billed 1.90 hours for "Review subpoena responses in furtherance of trial preparations") (highlighted pink); *Id.* at p. 90 (SRW billed 0.25 hours for "Memo to Destinee Ramos re:

which entries it challenged as vague, excessive, or duplicative in its Opposition brief to the Motion for Attorney's Fees,[252] Longhai failed to address those fees in its Reply brief[253] or in its Supplemental Memorandum filed in support of its Motion for Attorney's Fees.[254]  The Court further finds that Longhai cannot recover the fees it incurred for an additional billing entry that is so vague that it is unclear to the Court whether the time billed relates to Longhai's open account claim.[255]

Accordingly, the Court finds that Longhai cannot recover attorney's fees for the following time billed by its attorneys in vague, excessive, or duplicative billing entries: (1) the 8.55 hours billed by Wheaton; (2) the 7.20 hours billed by Ramos; and (3) the 5.80 hours billed by Barriere.

### h. Time billed for legal research and writing in pursuit of legal theories or claims unrelated to Longhai's open account claim

The Court further agrees with Louisiana Newpack that Longhai cannot recover the legal fees it incurred that concern legal research and writing in pursuit of legal theories or claims unrelated to the open account claim.  As such, the following

---

[redacted]") (highlighted pink); *Id*. at p. 91 (DFR billed 0.80 hours for "Analyze statutory provisions in furtherance of revising [redacted]") (highlighted pink); *Id*. at p. 92 (SRW billed 0.25 hours for "Memo to Destinee Ramos re: [redacted]") (highlighted pink); *Id*. at p. 107 (DFR billed 0.20 hours for "Work in furtherance of [redacted]") (highlighted pink); *Id*. at p. 108 (DFR billed 0.40 hours for "Work on strategy in furtherance of [redacted]") (highlighted pink); *Id*. at p. 109 (DFR billed 0.10 hours for "Receipt and review of correspondence from regarding [sic] strategy in furtherance of [redacted]") (highlighted pink); *Id*. at p. 110 (DFR billed 0.20 hours for "Receipt and review of correspondence from [sic] re [redacted]") (highlighted pink); *Id*. at p. 113 (DFR billed 1.00 hour for "Strategy in furtherance of [redacted]") (highlighted pink); *Id*. at p. 114 (DFR billed 0.70 hours for "Begin analysis of case law in furtherance of [redacted];" DFR billed 1.10 hours for "Continue analysis of case law in furtherance of [redacted]") (highlighted pink); *Id*. at p. 121 (DFR billed 0.50 hours for "Draft summary of analysis of case law re: [redacted]") (highlighted pink).

[252] *See* R. Doc. 415 at pp. 10–12 & R. Doc. 474 at pp. 10 & 11.

[253] *See, generally,* R. Doc. 418.

[254] *See, generally,* R. Doc. 470.

[255] R. Doc. 474-1 at p. 67 (SRW billed 0.75 hours for "Receipt and review of e-mail from Lauren Mastio with Oceana Inventory Valuation Report as of Sept. 30, 2019") (highlighted yellow).

time must be excluded from Longhai's reasonable attorney fee award: (1) 0.50 hours billed by Wheaton; and (2) 5.50 hours billed by Ramos.[256]

### 3.  Calculation of the Attorney's Fees Attributable to Longhai's Open Account Claim

To support its original request for $475,495.75 in attorney's fees, Longhai submitted an Affidavit from its lead counsel, Scott Wheaton, that states the total number of hours billed by each of Longhai's attorneys, paralegals, and summer law clerks in this matter.[257]  According to the Affidavit, Wheaton spent 827.75 hours on this matter, Ramos spent 492.10 hours on this matter, Barriere spent 73.20 hours on this matter, Smith spent 3.50 hours on this matter, law clerks Autin and Weiland spent a combined 17.80 hours on this matter, and Burke spent a total of 1.00 hour on this matter.[258]

When Longhai filed its Supplemental Memorandum clarifying that it is only seeking to recover $459,062.25 in attorney's fees, it did not provide any information regarding the revised total number of hours billed by each of its attorneys, paralegals, and summer law clerks.[259]  Instead, Longhai merely submitted a Supplemental Affidavit from Wheaton stating the revised amounts that Longhai is seeking in

---

[256] R. Doc. 474-1 at p. 17 (DFR billed 1.90 hours to "Analyze case law regarding diversity jurisdiction and crossclaim by defendants;" DFR billed 0.80 hours to "Begin analysis of case law regarding potential for damages after availing oneself to jurisdiction;" SRW billed 0.50 hours to "Review research memo on diversity jurisdiction;" DFR billed 1.40 hours to "Draft summary regarding analysis of case law regarding diversity jurisdiction and counterclaim") (highlighted light blue); *Id.* at p. 42 (DFR billed 1.40 hours to "Analyze case law regarding offset of liquidated and non-liquidated claims") (highlighted light blue).
[257] R. Doc. 394-2 at ¶¶ 5, 9, 13, 17, 19, 21, & 22.
[258] *Id.*
[259] *See* R. Doc. 414.

attorney's fees and costs.[260]  As a result, the Court was forced to sift through the 123-page exhibit containing Longhai's billing entries and calculate the total number of hours billed by each member of Longhai's legal team.[261]  The Court feels compelled to remind Longhai that, as the Seventh Circuit so memorably put it, "[j]udges are not like pigs, hunting for truffles buried [in the record]."[262]

As calculated by the Court, the following table contains the total number of hours billed by each person on Longhai's legal team in this matter, as set forth in the invoices attached to Longhai's Supplemental Memorandum in Support of its Motion for Attorney's Fees:[263]

| Invoice No. | SRW | DFR | JEB | AEA | AJW | FRB | JMS |
|---|---|---|---|---|---|---|---|
| 226016 | 22.85 | 18.70 | | | | | |
| 227430 | 22.50 | 42.60 | | | | | |
| 228862 | 27.05 | 14.00 | | | | | |
| 230288 | 26.25 | 28.60 | | | | | |
| 231739 | 22.65 | 11.80 | | | | | |
| 233198 | 15.70 | 13.70 | | | | | |
| 234648 | 24.10 | 8.10 | | | | | |
| 236212 | 9.25 | 1.80 | | | | | |
| 237673 | 25.05 | 16.20 | | | | | |
| 240545 | 8.00 | 6.30 | | | | | |
| 242019 | 19.90 | 0.10 | 13.50 | | | | |
| 243579 | 34.25 | | 27.30 | | | | |
| 245171 | 115.45 | | 16.00 | | | | |
| 246856 | 37.25 | 2.60 | 16.40 | | | | |
| 249273 | 70.00 | 48.60 | | | | | |
| 250300 | 57.30 | 47.80 | | 11.80 | 6.00 | | |
| 252041 | 16.00 | 27.70 | | | | 1.00 | |
| 253724 | 14.80 | 4.10 | | | | | |
| 257188 | 204.55 | 176.50 | | | | | 0.50 |

---

[260] *See* R. Doc. 414-2.
[261] *See* R. Doc. 414-1 at pp. 4, 9, 14, 20, 25, 29, 34, 38, 44, 48, 54, 61, 69 78, 87, 95, 100, 104, 117, & 122.
[262] *Gross v. Cicero*, 619 F.3d 697, 702 (2010) (internal quotation marks omitted).
[263] R. Doc. 414-1.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 258891 | 9.75 | 26.60 | | | | 0.40 | |
| **TOTAL** | **782.65** | **495.80** | **73.20** | **11.80** | **6.00** | **1.40** | **0.50** |

Having determined the total number of hours billed by each individual, the Court must next determine the number of hours for which Longhai can recover attorney's fees by removing the hours billed that the Court has determined are unrelated to Longhai's open account claim. The table below sets forth the hours billed by Longhai's counsel, the hours disallowed by the Court, the corresponding hours allowed, and the hourly rate of each member of Longhai's legal team. Thus, the following table sets forth the total amount of attorney's fees incurred by Longhai that pertain to its open account claim:

| | Hours Billed | Hours Disallowed | Hours Allowed | Hourly Rate | Total for hours allowed |
|---|---|---|---|---|---|
| Wheaton | 782.65 | 141.00 | 641.65 | $375.00 | $240,618.75 |
| Ramos | 495.80 | 61.70 | 434.10 | $275.00 | $119,377.50 |
| Barriere | 73.20 | 29.00 | 44.20 | $300.00 | $13,260.00 |
| Autin | 11.80 | 4.20 | 7.60 | $90.00 | $684.00 |
| Weiland | 6.00 | 0.00 | 6.00 | $90.00 | $540.00 |
| Burke | 1.40 | 0.00 | 1.40 | $110.00 | $154.00 |
| Smith | 0.50 | 0.00 | 0.50 | $225.00 | $112.50 |
| **Total** | 1371.35 | 235.90 | 1,135.45 | | **$374,746.75** |

After reviewing the invoices submitted by Longhai to support its request for $459,062.25 in attorney's fees, [264] as well as the billing entries challenged by Louisiana Newpack, [265] the Court finds that Longhai incurred $374,746.75 in attorney's fees to successfully litigate its open account claim. However, that is not the end of the inquiry, as Longhai is only entitled to an award of *reasonable* attorney fees under Louisiana's Open Account Statute.[266]

### 4. <u>Calculation of a Reasonable Attorney Fee Award</u>

The Magistrate Judge, after reviewing the *Williamson* factors and the billing entries challenged by Louisiana Newpack, determined that $352,841.75 was a reasonable fee award. [267] The Magistrate Judge then concluded that, "Having determined that $352,841.75 is a reasonable fee before adjusting for the reduction in recovery due to its own fault, the fee award should be reduced by 33% (-$116,437.77). Therefore the reasonable fee awarded is $236,403.98."[268] Longhai and Louisiana Newpack both object to the Magistrate Judge's 33% reduction of the reasonable attorney fee award. Longhai argues that the reasonable fee should not have been reduced by 33% on the basis that it was successful on half of its claims, and that the 33% reduction constitutes an impermissible double reduction of Longhai's recovery. [269] In contrast, Louisiana Newpack argues that the Magistrate Judge

---

[264] *See* R. Doc. 414 at pp. 1–2; R. Doc. 414-1.
[265] R. Doc. 474-1.
[266] *See* La. R.S. 9:2781.
[267] R. Doc. 492 at pp. 17–40.
[268] *Id*. at p. 40.
[269] R. Doc. 494 at pp. 1–6.

should have applied a 67% reduction based upon the jury's 67% reduction in Longhai's recovery on its open account claim.[270]

The Court finds that the Magistrate Judge clearly erred by reducing Longhai's reasonable attorney fee "by 33% consistent with the recovery obtained in this matter."[271]  As previously discussed, the Jury Verdict Form shows that the jury reduced Longhai's recovery by two-thirds, or about 67%, not 33%.[272]  The Court agrees with Louisiana Newpack that the Magistrate Judge appears to have misread the Jury Verdict Form when she found that the jury "reduced Longhai's recovery against Louisiana Newpack from $998,188.03 to $665,458.69."[273]  While the jury found that Longhai proved that Louisiana Newpack owed an outstanding balance of $998,188.03 on its open account claim, the jury reduced Longhai's recovery by $665,458.60 due to Longhai's "own conduct or fault."[274]  The jury did not reduce Longhai's recovery *to* $665,458.69; it reduced Longhai's recovery *by* $665,458.69— and to $332,729.34.  Although not spelled out in the Jury Verdict Form, the jury reduced Longhai's recovery by two-thirds to $332,729.34, and further found that Ocean Feast was liable for that debt.[275]  Thus, to the extent the Magistrate Judge reduced Longhai's reasonable fee award by 33% based solely upon a

---

[270] R. Doc. 493-1 at p. 10.

[271] R. Doc. 492 at p. 17.

[272] R. Doc. 389-6 at pp. 2–3.

[273] R. Doc. 492 at p. 7 (*citing* R. Doc. 389-6).  *See* R. Doc. 492 at p. 15 (*citing* R. Doc. 389-6) ("However, the jury also determined that Longhai's recovery should be reduced to $665,458.69, which is 67% of the amount it originally sought, due to its own fault.").

[274] R. Doc. 389-6 at pp. 2–3.

[275] *Id*. at p. 3.

misinterpretation of the Jury Verdict Form, that determination was clearly erroneous and the Court sustains both party's objection to the 33% reduction.

To the extent the Magistrate Judge attempted to reduce Longhai's attorney fee award in direct proportion to the jury's reduction of Longhai's damage award, the Court finds that the Magistrate Judge erred. The Report and Recommendation states, "Having determined that $352,841.75 is a reasonable fee before adjusting for the reduction in recovery due to its own fault, the fee award should be reduced by 33% (-$116,437.77)."[276] The Magistrate Judge fails to cite any legal authority to support reducing an attorney fee award based solely upon the percentage by which a jury reduced a damage award. While the Fifth Circuit has held that proportionality between the attorney fee award and the actual damages recovered is an appropriate consideration in assessing a fee award "in the typical case,"[277] it has also "consistently emphasized that there is no *per se* requirement of proportionality in an award of attorney fees."[278] The Fifth Circuit has also "made clear that 'while a low damages award is one factor which a district court may consider in setting the amount of

---

[276] R. Doc. 492 at p. 40.

[277] *Hernandez v. Hill Country Telephone Co-op, Inc.*, 849 F.2d 139, 144 (5th Cir. 1988). *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018) (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 802 & n.42 (5th Cir. 2006)) (finding that proportionality is an appropriate consideration in assessing a fee award in the context of a claim brought under the Fair Labor Standards Act).

[278] *Gurule*, 912 F.3d at 259 (quoting *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 396 (5th Cir. 2016)) (internal quotation marks omitted). *See Saizan*, 448 F.3d at 802 ("It remains true that there is no *per se* proportionality rule. However, the District Court had ample reason to reduce the fee award, not relying solely on the low settlement amount but also on Plaintiffs' failure to establish billing judgment and inability to prove any element of the case.") (citing authority); *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 354-55 (5th Cir. 2001) (sustaining an attorney fee award that was more than three times the trebled damages award and more than nine times the actual damages, concluding that, "Such disproportion alone does not render the award of attorneys' fees excessive."). *But see Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991) ("there is no *per se* requirement of proportionality in an award of attorney's fees in the civil rights context, but that proportionality is an appropriate consideration in the typical case.").

attorney's fees, *this factor alone should not lead the district court to reduce a fee award.*"[279] Here, it appears that the Magistrate Judge reduced Longhai's fee award by 33% based solely upon the percentage by which the Magistrate Judge erroneously believed the jury had reduced Longhai's damage award.    The Report and Recommendation does not specify that any other *Williamson* factor supported the 33% reduction applied to Longhai's attorney fee award.    As such, the Court finds that it was error to reduce Longhai's attorney fee award by 33% based solely upon the jury's reduction of Longhai's damage award.

The Court also rejects Louisiana Newpack's suggestion that in this case, "disproportion between the fees awarded and the result obtained is 'eyebrow raising.'"[280]    In the case cited by Louisiana Newpack, the trial court calculated attorney's fees using the lodestar method and applied a 60% reduction, resulting in an attorney fee award of $25,089.30 which was "*thirty-three* times" the party's net recovery of $745.21.[281]    While finding this disparity "eyebrow-raising," the Fifth Circuit nonetheless affirmed the attorney fee award, rejecting the defendants' argument "that the fee award was an abuse of discretion solely due to the disproportion between the award and the plaintiff's actual recovery."[282]    The facts of

---

[279] *Singer v. City of Waco*, 324 F.3d 813, 830 (5th Cir. 2003) (quoting *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)) (emphasis added); *accord Gurule*, 912 F.3d at 257–58; *Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Cir. 1987) ("In the absence of other *Johnson* factors justifying a reduction in a fee award, a district court should not reduce the fee award solely because of a low damages award.").

[280] R. Doc. 493-1 at pp. 8–9 (quoting *Gurule*, 912 F.3d at 259).

[281] *Gurule*, 912 F.3d at 259 (emphasis in original).

[282] *Id.* (citing *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) ("[W]hile the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce [the] attorney's fee award solely on the basis of the amount of damages obtained.")).

this case are vastly different, as the Magistrate Judge determined that $352,841.75 was a reasonable attorney fee award. That amount is only $20,000.00 more than Longhai's net recovery of $332,729.34. To the extent Louisiana Newpack is suggesting that the *reduced* award of $236,403.98 is "eyebrow raising," the Court finds that argument even less persuasive since the award is almost $100,000 *less than* the amount recovered by Longhai.

The Court further finds that, unlike in *Gurule,* where the Fifth Circuit affirmed the trial court's 60% reduction to the reasonable attorney fee based upon the limited success obtained by the plaintiff or "the chasm between what Gurule sought and what little she recovered,"[283] Longhai successfully proved its open account claim. After a four-and-a-half-day jury trial, the jury found that Longhai had proved that it had an open account with Louisiana Newpack, that Longhai sent Louisiana Newpack a written demand for payment in the amount owed for the purchased crabmeat, that Louisiana Newpack failed to pay the open account within 30 days of receiving the written demand, and that Louisiana Newpack owes Longhai the outstanding balance of $998,188.03 on the open account.[284] While the jury ultimately reduced that amount to $332,729.34 due to Longhai's "own conduct or fault,"[285] the Court finds that, unlike in *Gurule,* there is not a "chasm" between what Longhai sought and what it recovered.[286] Additionally, Longhai could not have recovered more than $998,188.03

---

[283] *Gurule*, 912 F.3d at 259.
[284] R. Doc. 389-6 at pp. 1–2.
[285] *Id*. at p. 2.
[286] *See Gurule*, 912 F.3d at 259 ("We have a different story here. Instead of overlooking Gurule's relative lack of success, the district court emphasized it. Among other things, the court pointed out the chasm between what Gurule sought and what little she recovered and, as a result, reduced the lodestar by 60 percent.").

if it had also been successful on its breach of contract claim,[287] so Longhai's lack of

success on that claim did not impact Longhai's recovery on its open account claim.  As

such, the Court overrules Louisiana Newpack's objection that the Magistrate Judge

erred in not reducing Longhai's reasonable fee award by 67% in proportion to the

reduction in damages imposed by the jury, as there is no such proportionality rule in

this Circuit and the Court finds, upon consideration of all of the *Williamson* factors,

that it is not warranted.

To the extent Louisiana Newpack asserts that, "plaintiffs who have prevailed

in their actions on an open account have frequently been found to be entitled to a

***maximum allowance of twenty-five percent*** of the amount recovered for attorney

fees pursuant to La. R.S. § 9:2781,"[288] Louisiana Newpack mischaracterizes the cases

relied upon to support its position.  In *Hoskins v. Ziegler*, the Louisiana appellate

court found no abuse of discretion in the trial court awarding $2,500 in attorney's

fees, or 25% of the $10,000 recovered on an open account claim.[289]  Notably, the

appellate court pointed out that the trial court "erred in suggesting that . . . the case

law required him to grant a percentage of the claim as attorney fees."[290]  In *Cardinal*

*Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, another Louisiana appellate

court concluded that "an allowance of twenty-five percent for attorney fees is

reasonable" under the open account statute.[291]  Importantly, neither case held, or

---

[287] *See* R. Doc. 389-5 at p. 1; R. Doc. 389-6 at p. 2.
[288] R. Doc. 493-1 at p. 9 (citing *Hoskins v. Ziegler*, 506 So.2d 146 (La. App. 4 Cir. 1987); *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419 (La. App. 1 Cir. 1983)) (emphasis in original).
[289] 506 So.2d at 149.
[290] *Id.*
[291] 432 So.2d at 422.

even implied, that a court can *only* award attorney's fees in an amount equal to 25% of the amount recovered on an open account claim. Instead, these courts merely determined that 25% was a reasonable fee award based upon the facts of each case. The Court recognizes that other Sections of this Court have observed that, "Louisiana courts have routinely upheld contingency fees of 25% as reasonable in open account cases,"[292] and have awarded attorney's fees equal to 25% of the damage award based upon such contingency fee agreements.[293] However, there is no evidence before the Court that Longhai had a contingency fee arrangement with its counsel for the open account claim. Moreover, Louisiana jurisprudence shows that there is no such 25% cap placed on attorney fee awards in open account cases, as courts have awarded fees that nearly equal, or even exceed the damages recovered by the open account claimant.[294]

[292] *Mid-South Control Line, LLC v. Diconelci Int'l, LLC*, Civ. A. No. 23-1820, 2023 WL 5751140, at *3 (E.D. La. Sept. 6, 2023) (Africk, J.) (citing *Midland Funding, LLC v. Urrutia*, 13-459 (La. App. 5 Cir. 12/19/13), 131 So.3d 474, 475; *Cardinal Wholesale Supply, Inc.*, 432 So.2d 419, 422 (La. App. 1 Cir. 1983); *Monlezun v. Fontenot*, 379 So.2d 43, 46 (La. App. 3 Cir. 1979)). *See San Francisco Estates, S.A. v. Westfeldt Bros., Inc.*, Civ. A. No. 97-1102, 1998 WL 290206, at *5 (E.D. La. June 1, 1998) (Vance, J.) ("The Court therefore finds that San Francisco's agreement with its counsel to seek attorneys' fees in the amount of 25% is not unreasonable."). *See also Indus. Screw & Supply Co., Inc. v. WPS, Inc.*, 2005-1188 (La. App. 3 Cir. 4/5/06), 926 So.2d 134, 138 (finding no error in the trial court awarding 25% of the unpaid account balance in attorney's fees based upon litigant's agreement with counsel that attorney fees for suits on open account would be 25% of the principal amount paid by a debtor).
[293] *Mid-South Control Line, LLC*, Civ. A. No. 23-1820, 2023 WL 5751140 at *3; *San Francisco Estates, S.A.*, Civ. A. No. 97-1102, 1998 WL 290206 at *4–5.
[294] *See Scofield, Gerard, Singletary & Pohorelsky, LLC v. Barr*, 2010-1347 (La. App. 3 Cir. 3/9/11), 58 So.3d 1127 (affirming award of $15,000 in attorney's fees where plaintiff recovered $16,665.57 on its open account claim); *Troth Corp. v. Deutsch, Kerrigan & Stiles, LLP*, 2006-0457 (La. App. 4 Cir. 1/24/07), 951 So.2d 1162 (affirming award of $31,595.90 in attorney's fees and costs where plaintiff was awarded $33,000 on open account claim); *S. Jackson & Son, Inc. v. Aljoma Lumber, Inc.*, 93-2531 (La. App. 4 Cir. 5/26/94), 637 So.2d 1311 (finding that an award of $750 in attorney's fees for a $540 debt on open account was not excessive).

The Court acknowledges that the amount of attorney's fees awarded pursuant to Louisiana Open Account Statute "is left to the sound discretion of the trial court."[295] Nonetheless, the Louisiana Supreme Court has cautioned that the Louisiana Open Account Statute must be construed strictly "because the award of attorney fees is exceptional and penal in nature."[296]  Additionally, a party seeking attorney's fees is "charged with the burden of showing the reasonableness of the hours billed and, therefore, [is] also charged with proving that they exercised billing judgment."[297] According to the Fifth Circuit, "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[298] Moreover, "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment."[299]  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off."[300]

Here, Longhai did not submit attorney billing records in support of its original Motion for Attorney's Fees.[301]  Instead, Longhai submitted an Affidavit from its lead counsel stating the total number of hours each person on Longhai's legal team billed

---

[295] *Scofield, Gerard, Singletary & Pohorelsky, LLC v. Barr*, 2010-1347 (La. App. 3 Cir. 3/9/11), 58 So.3d 1127, 1130.
[296] *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015–16 (La. 1984) (citing authority).
[297] *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)).
[298] *Saizan*, 448 F.3d at 799 (citations omitted).
[299] *Id.* (citing *Walker*, 313 F.3d at 251).
[300] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990)).
[301] *See, generally*, R. Doc. 394.

in this matter,[302] and provided summary invoices showing the total fees billed by the law firm Lugenbuhl, Wheaton, Peck, Rankin & Hubbard for each month from March 2020 through November 2021.[303]  Longhai did not provide the Court with a copy of its counsel's billing records until it filed its Supplemental Memorandum in support of its Motion.[304]  While the Supplemental Memorandum states that, "the October and November bills were combined and partially written-off in an exercise of billing judgment prior upon [sic] issuance,"[305] which appears to reference time billed in 2021, Longhai fails to provide any documentation showing what time was expressly written off as duplicative or excessive.  After reviewing the billing records, it appears that Longhai's counsel originally billed Longhai $25,721.25 in attorney's fees for October 2021 and billed $132,161.25 for November 2021,[306] for a total of $157,882.50.  In the billing records submitted with Longhai's Supplemental Memorandum, Longhai's counsel only billed a total of $129,768.75 for October and November 2021.[307]  The difference between these two totals is $28,113.75.  However, the difference between the amount of attorney's fees sought in Longhai's original Motion ($475,495.75) and the amount sought in its Supplemental Memorandum ($459,062.25) is only $16,433.50.  While Longhai does not explain this discrepancy, the Court has surmised that this difference is due to the fact that the invoices submitted with the Supplemental Memorandum show that Longhai's counsel billed $11,680.25 in

---

[302] R. Doc. 394-1.
[303] R. Doc. 394-3.
[304] R. Doc. 414-1.
[305] R. Doc. 414 at pp. 1–2.
[306] R. Doc. 394-3 at pp. 20–21.
[307] R. Doc. 414-1 at p. 106, 117, & 118.

attorney's fees for December 2021.[308]  Upon review, the Court notes that the summary invoices submitted with Longhai's original Motion and its Supplemental Memorandum are otherwise identical for March 2020 through September 2021.[309]

Based on the foregoing, the Court finds that Longhai has failed to present evidence to demonstrate that it exercised billing judgment in this matter.  The Court therefore finds that a reduction in the amount of attorney's fees awarded to Longhai is appropriate for its failure to exercise billing judgment.[310]  Further, this Court has determined that one of the *Williamson* factors, the ultimate results obtained, weighs against a finding that the attorney's fees sought by Longhai are reasonable.  As such, the Court finds that a total reduction of 25% is appropriate under the facts of this case.  Applying that 25% reduction to the $374,746.75 that Longhai incurred in attorney's fees to successfully litigate its open account claim, the Court concludes that Longhai is entitled to a reasonable attorney fee award of $281,060.06.

---

[308] R. Doc. 414-1 at p. 119.

[309] *Compare* R. Doc. 394-3 at pp. 1–19 *to* R. Doc. 414-1 at pp. 1, 6, 11, 16, 22, 27, 32, 36, 40, 46, 51, 56, 63, 72, 80, 89, 98, 102, & 105.

[310] *See Saizan v. Delta Concrete Products Co.,* 448 F.3d 795 (5th Cir. 2006) (per curiam) (affirming a 10% reduction in the lodestar amount for plaintiff's failure to provide evidence of billing judgment); *Walker v. U.S. Dept. of Housing and Urban Dev.,* 99 F.3d 761, 770 (5th Cir. 1996) (reduced plaintiffs' requested fees by 15% "to substitute for the exercise of billing judgment" of the plaintiff's attorney); *Leroy v. City of Houston,* 831 F.2d 576, 585–86 (5th Cir.1987) (imposing a 13% reduction to the lodestar amount for failure to exercise billing judgment); *Hamdan v. Tiger Bros. Food Mart Inc.*, Civ. A. No. 15-412-BAJ-EWD, 2018 WL 3029991, at *13 (M.D. La. May 22, 2018) (Wilder-Doomes, M.J.), *report and recommendation adopted* 2018 WL 3028943 (M.D. La. June 18, 2018) (Jackson, C.J.) (imposing a 20% reduction to the lodestar amount for failure to exercise billing judgment); *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (finding that a voluntary reduction of attorney's fees by 20% "is consistent with amounts reduced by courts when applicants have failed to provide evidence of their billing judgment.").

## B. Prejudgment Interest

Longhai further objects to the Magistrate Judge's denial of its request for prejudgment interest on the basis that Longhai failed to file a motion to alter or amend the Judgment to include an award of prejudgment interest within the time allowed in Federal Rule of Civil Procedure 59(e).[311]  Longhai asserts that the Magistrate Judge erred by looking at the form, rather than the substance, of its Motion for Attorney's Fees, which included a request for prejudgment interest.[312] Longhai asserts that, to the extent its request for prejudgment interest is considered a Rule 59 motion, it was timely-filed within 28 days after entry of the original Judgment, thereby entitling Longhai to $52,068.37 in prejudgment interest.[313] Longhai fails to cite any legal authority to support its position that a motion for attorney's fees can be construed as a Rule 59(e) motion to alter or amend a judgment.

Rule 59(e) of the Federal Rules of Civil Procedure provides that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  In contrast, Rule 60(a) authorizes a court, on motion or on its own, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."  According to the Fifth Circuit, "The scope of Rule 60(a) is, as we have noted, very limited."[314]  "To be correctable under Rule 60(a), the mistake must not be one of judgment or even of misidentification, but merely of

---

[311] Rule 59(e) provides that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[312] R. Doc. 494 at p. 7.

[313] *Id.*

[314] *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert denied sub nom.,* 479 U.S. 930, 107 S.Ct. 398 (1986).

recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."[315]  Further, Rule 60(a) "does not provide for the correction of the deliberate choice of the district judge, even where that deliberate choice is based on a mistake of law.  Rather, Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another."[316]  The Fifth Circuit has held that, "a change to a judgment that affects the substantive rights of the parties is beyond the scope of [Rule] 60(a)."[317]  "An amendment to a judgment affects the substantive rights of the parties if it expands the scope or modifies the content of the court's adjudication."[318]  Thus, the relevant inquiry under Rule 60(a) is "whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication."[319]

Both this Court and the Fifth Circuit have held that a post-judgment motion for prejudgment interest is governed by Rule 59(e).  In *Heck v. Triche,* the Fifth Circuit recognized that, "prejudgment interest is an element of [a] plaintiff's complete compensation and a district court, in deciding whether to award prejudgment interest (and how much), must examine matters encompassed within the merits of the underlying action."[320]  The Fifth Circuit explained, "For this reason, the Supreme

---

[315] *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193–94 (5th Cir. 2011) (quotation and internal quotation marks omitted).
[316] *Id*. at 195–96 (quotations and internal quotation marks omitted).
[317] *Id*. at 198–99 (quotation and internal quotation marks omitted).
[318] *Id*. at 199.
[319] *Id*.
[320] 775 F.3d 265, 276 (5th Cir. 2014) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)) (internal quotation marks omitted).

Court has held that a postjudgment [sic] motion for discretionary *or mandatory* prejudgment interest is a Rule 59(e) motion that tolls the time for appeal."[321]  The Fifth Circuit in *Heck* concluded that, "contrary to plaintiffs' contention that their motion for prejudgment interest did not require an amendment to the June 22, 2011 Judgment, the court's award was a substantive alteration to the judgment and thus had precisely that effect."[322]

The Fifth Circuit reached the same conclusion in *Rutherford v. Harris County*, finding that Rule 60(a) was not the proper vehicle for amending a judgment to include back pay and prejudgment interest that was not included in the original findings of fact and conclusions of law.[323]  The Fifth Circuit held that, because the original findings of fact and conclusions of law did not include findings that the plaintiff was entitled to back pay or prejudgment interest, the failure to include those awards in the original judgment was not clerical and was instead an error in substantive judgment that is outside the reach of Rule 60(a).[324]  At least one other Section of this Court has similarly held that a Rule 59(e) motion is the appropriate vehicle to seek an amended judgment to provide for the recovery of prejudgment interest.[325]

---

[321] *Heck*, 775 F.3d at 276–77 (citing *Osterneck*, 489 U.S. at 176 & n.3, 109 S.Ct. 987) (emphasis in original).  *See Crowe v. Bolduc*, 365 F.3d 86, 92–93 (1st Cir. 2004) ("Following *Osterneck*'s lead, we conclude that Rule 59(e) is the proper procedural vehicle for motions seeking to revise a judgment to include an initial award of prejudgment interest (whether mandatory or discretionary).  This holding aligns us with the three other courts of appeals that have addressed the question post-*Osterneck*.").

[322] *Heck*, 775 F.3d at 277.

[323] 197 F.3d 173, 178 (5th Cir. 1999).

[324] *Id*. at 190.

[325] *LaShip, LLC v. Hayward Baker Inc.*, Civ. A. No. 11-546, 2015 WL 13306348, at *6 (E.D. La. Dec. 11, 2015) (Brown, J.).

As in *Heck* and *Rutherford*, the Court finds that Longhai's request for prejudgment interest would require an amendment to the Court's November 24, 2021 Judgment[326] and the Court's October 4, 2023 Reinstated Judgment.[327]  Although not mentioned by Longhai in its briefing,[328] both judgments are silent as to any award of prejudgment interest.  Notably, Longhai never requested an amendment or alteration to the Court's Judgment to reflect an award of prejudgment interest.[329]  The Court further points out that Longhai filed its Motion for Attorney Fees pursuant to Fed. R. Civ. P. 54, which does not authorize the recovery of prejudgment interest.[330]  For all of these reasons, the Court finds no error in the Magistrate Judge's determination that Longhai's request for prejudgment interest should be denied as untimely.  The Court therefore overrules Longhai's objection to the Magistrate Judge's determination that Longhai's request for prejudgment interest should be denied.

## C. Costs

In the Report and Recommendation, the Magistrate Judge found that Longhai originally sought costs of $11,696.50, revised its request to $12,246.50, and then subsequently revised its request to $15,495 to include appeal costs.[331]  The

---

[326] R. Doc. 393.

[327] R. Doc. 467.

[328] *See* R. Docs. 394-1 at pp. 5–6; R. Doc. 414-1 at p. 5; R. Doc. 418 at p. 7; R. Doc. 470.

[329] *See* R. Docs. 394, 414, 418, & 470.

[330] R. Doc. 394 at p. 1.  *See* Fed. R. Civ. P. 54.

[331] R. Doc. 492 at pp. 41–42 (*citing* R. Docs. 394, 414, 418, & 474).  While the Magistrate Judge cited R. Doc. 474 for Longhai's request for $15,495 in costs (R. Doc. 492 at p. 42), the Court believes this to be a typographical error, since R. Doc. 474 is Louisiana Newpack's Supplemental Memorandum in Opposition to Longhai's Motion for Award of Attorneys' Fees, Costs, and Prejudgment Interest.  The Court believes that the Magistrate Judge intended to reference R. Doc. 470, which is Longhai's Second Supplemental Memorandum in Support of Motion for Award of Attorneys' Fees, Costs, and Pre-Judgment Interest.

Magistrate judge, however, found a discrepancy between the $15,495 sought by Longhai, the "cost exhibits submitted by Longhai [totaling] $19,370.51," and "the invoices submitted by Longhai [that] amount to $24,367.51."[332]  The Magistrate Judge then found that Longhai filed a Bill of Costs on December 29, 2021, seeking costs of $24,301,[333] and that the Clerk of Court awarded Longhai costs of $18,456.35 on September 29, 2022.[334]  As such, the Magistrate Judge concluded that Longhai's request for costs "is moot and is consequently denied."[335]  Neither party filed an objection to this determination.

While the Court agrees that Longhai's request for costs must be denied, the Court finds that the Magistrate Judge erred in denying Longhai's request for costs based upon a "Bill of Costs" purportedly filed by Longhai.  The Bill of Costs cited by the Magistrate Judge was actually filed by *Louisiana Newpack* on December 29, 2021, after the Court's original November 24, 2021 Judgment,[336] wherein Louisiana Newpack sought to recover costs of $24,301.55 as the prevailing party in this matter.[337]  The Bill of Costs issued by the Clerk of Court on September 29, 2022, also cited by the Magistrate Judge, awarded *Louisiana Newpack* $18,456.35 in costs.[338]

---

[332] R. Doc. 492 at p. 42.  The Court notes that the Magistrate Judge did not cite the record documents that purportedly demonstrate these discrepancies.  It appears that the "cost exhibits" cited by the Magistrate Judge can be found in R. Doc. 414-3.  It also appears that the Magistrate Judge found that "the actual costs associated with Longhai's appeal total $4,997.00" based upon R. Doc. 470-1.  *See* R. Doc. 492 at p. 42.  The Court further notes that the summary invoices attached to Longhai's Supplemental Memorandum appear to show that Longhai incurred $20,079.90 in costs and expenses between March 2020 and December 2021.  *See* R. Doc. 474-1 at pp. 1, 6, 11, 16, 22, 27, 32, 36, 40, 46, 51, 56, 63, 72, 80, 89, 98, 102, 106, & 119.
[333] R. Doc. 492 at pp. 42–43 (*citing* R. Doc. 402-1).
[334] R. Doc. 492 at p. 43 (*citing* R. Doc. 428).
[335] R. Doc. 492 at p. 43.
[336] R. Doc. 393.
[337] R. Doc. 402.
[338] R. Doc. 428.

Thus, the two pleadings relied upon by the Magistrate Judge do not support her decision to deny Longhai's request for costs.

That said, the Magistrate Judge correctly pointed out that this Court's Local Rules require a prevailing party seeking costs to "serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred."[339]  Title 28, United States Code, Section 1920, similarly provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> *A bill of costs shall be filed in the case* and, upon allowance, included in the judgment or decree.[340]

A review of the record shows that Longhai never filed a bill of costs requesting to tax Louisiana Newpack with its costs in litigating the open account claim in this Court. The Court notes that the Fifth Circuit issued a Bill of Costs on September 15, 2023,

---

[339] Local Civil Rules of the United States District Court for the Eastern District of Louisiana, Rule 54.3.  *See* R. Doc. 492 at p. 41.
[340] 28 U.S.C. § 1920 (emphasis added).

awarding Longhai $735.26 in appeal costs.[341]  The Court finds that because Longhai never filed a bill of costs in this Court, as required by the Local Rules, Longhai's request for costs is appropriately denied.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion For Award of Attorneys' Fees, Cost, and Pre-Judgment Interest, filed by Longhai Desheng Seafood Stuff Co. Ltd. ("Longhai")[342] is **GRANTED in part, as modified,** and **DENIED in part.**  The Motion is **GRANTED, as modified,** to the extent that Louisiana Newpack seeks reasonable attorney's fees, and Louisiana Newpack is ordered to pay Longhai reasonable attorney's fees in the amount of $281,060.06.  The Motion is **DENIED** to the extent that Longhai seeks an award of $15,495.00 in costs and **DENIED** to the extent that Longhai seeks an award of $52,168.37 in prejudgment interest.

New Orleans, Louisiana, February 21, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[341] R. Doc. 460.
[342] R. Doc. 394.